UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC a/k/a | ) |
| RAMSEY SOLUTIONS, | ) Jury Demand |
| Defendant. | ) |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES & JURY DEMAND

Defendant, The Lampo Group, LLC d/b/a Ramsey Solutions,[1] by and through the undersigned counsel, files its Answer, Affirmative Defenses & Jury Demand in response to the Complaint (Doc. #1) filed by Plaintiff, Caitlin O'Connor.

## Answer

1. Defendant admits that Plaintiff is a former employee and worked for Defendant at its location in Franklin, Tennessee. Defendant does not have sufficient information to admit or deny the remaining allegations of Paragraph 1 of the Complaint.

2. Defendant does not have sufficient information to either admit or deny that it is "an employer…under state law." Defendant admits the remaining allegations of Paragraph 2 of the Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Complaint.

---

[1] Plaintiff has improperly identified Defendant as "The Lampo Group, LLC a/k/a Ramsey Solutions." Ramsey Solutions is an assumed name of The Lampo Group, LLC, which has been registered with the Tennessee Secretary of State.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant admits that Plaintiff sent an e-mail to Armando Lopez on June 18, 2020, informing Mr. Lopez that she was 12 weeks pregnant. Defendant denies the remaining allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff received a phone call from a board member on June 19, 2020. Defendant denies the remaining allegations of Paragraph 12 of the Complaint as characterized.

13. Defendant admits that Plaintiff met with two board members on June 23, 2020. Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14. Defendant admits that it terminated Plaintiff's employment on June 25, 2020. Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegations of Paragraph 15 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant admits the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant reasserts its answers to Paragraphs 1 through 20 of the Complaint.

22. Defendant admits that Plaintiff was an eligible employee under the FMLA, 29 U.S.C. §2611(2)(A)(i)(ii). Defendant denies all remaining allegations of Paragraph 22 of the Complaint.

23. Defendant admits the allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant reassert its answers to Paragraphs 1 through 29 of the Complaint.

31. Defendant denies the allegations of Paragraph 31 of the Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant reasserts its answers to Paragraphs 1 through 36 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Complaint.

45. Defendant reasserts its answers to Paragraphs 1 through 44 of the Complaint.

46. Defendant admits the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant asserts its answers to Paragraphs 1 through 52 of the Complaint.

54. Defendant admits the allegations of Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff's employment was terminated because she engaged in premarital sex. Defendant denies the remaining allegations of Paragraph 55 of the Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. If Defendant has not answered any allegations of the Complaint to which an answer is required, those allegations are denied.

## Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant would have terminated Plaintiff's employment for violating workplace rules, regardless of whether she requested or took FMLA or TMLA leave.

3. Defendant would have terminated Plaintiff's employment for violating workplace rules, regardless of whether she had an actual or perceived disability.

## Jury Demand

Defendant demands a trial by jury of all claims filed by Plaintiff in this case.

Respectfully submitted,

/s/Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on August 12, 2020, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
7000 Executive Center Drive
Suite 320
Brentwood, TN 37027

*Attorneys for Plaintiff*

/s/Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*