IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, ) | |
|     Plaintiff, ) | |
| ) | **Civil Action No. 3:20-cv-00628** |
| v. ) | **Judge Richardson/Frensley** |
| ) | **Jury Demand** |
| ) | |
| THE LAMPO GROUP, LLC a/k/a ) | |
| RAMSEY SOLUTIONS, ) | |
|     Defendant. ) | |

## INITIAL CASE MANAGEMENT ORDER

**A.** **JURISDICTION:** The court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391. Jurisdiction and venue are not disputed.

**B.** **BRIEF THEORIES OF THE PARTIES**

**1) PLAINTIFF:** After working for The Lampo Group, a/k/a Ramsey Solutions ("Ramsey Solutions") for over four years, Caitlin O'Connor notified Ramsey Solutions she was pregnant; however instead of it being a joyful time she was terminated from her job because of her pregnancy. Ms. O'Connor requested FMLA paperwork for the birth of her child and requested ADA paperwork since her pregnancy is considered a geriatric pregnancy. Subsequently, Ms. O'Connor received a phone call from a board member informing her she would have a meeting with a board member the next week. During this meeting, Ms. O'Connor met with two board members who informed her Ramsey Solutions was still deciding the best way to proceed. Ms. O'Connor finally had a meeting with the Head of Human Resources and the board members and was informed she was being terminated due to her pregnancy and for a violation of "Company Conduct," because she is not married to her partner, the baby's father. Ramsey contends that her committed relationship and her

pregnancy are a violation of its "righteous living" policy. Accordingly, Ms. O'Connor filed claims for violations of the Family and Medical Leave Act, Tennessee Human Rights Act, the Tennessee Maternity Leave Act, and the Tennessee Disability Act. Ms. O'Connor also has filed a charge with the EEOC. Once that charge has been administratively exhausted, she will amend to add claims under Title VII and the ADA.

      **2)**     **DEFENDANT:** Defendant's Core Values prohibit employees from engaging in premarital sex. This applies evenly to all employees, regardless of their membership in any protected class. Like all of Defendant's employees, Plaintiff was made aware of this at the time that she was hired, reminded of it throughout her employment, and chose to violate it anyway. This was the sole reason that Defendant terminated Plaintiff's employment.

    **C.**     **ISSUES RESOLVED:** Jurisdiction and venue.

    **D.**     **ISSUES STILL IN DISPUTE:** Liability and damages.

    **E.**     **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **October 20, 2020.**

    **F.**     **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** By no later than **March 5, 2021**, the parties shall jointly discuss a resolution of this case and the feasibility of mediation. The parties must have conducted enough discovery prior to this date to substantively evaluate and discuss settlement. By no later than **March 19, 2021**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The parties shall file a joint report on or before **July 14, 2021**, being fourteen days after the conclusion of fact discovery. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their

proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

**G. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **June 30, 2021**. Written discovery should proceed promptly (unless otherwise provided for herein). Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **July 14, 2021**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as

the case may be.

      **H.**     **MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **February 5, 2021**. Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

      **I.**     **DISCLOSURE OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 30, 2021**. The defendant shall identify and disclose all expert witnesses and reports on or before **June 27, 2021**. Expert depositions shall be completed by **September 30, 2021**. The parties agree that rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. *See* Local Rule 39.01(c)(5)C).

      **J.**     **TELEPHONE STATUS CONFERENCE.** A status conference shall be held telephonically on **May 17, 2021 at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-877-336-1831 at the appointed time, and when prompted for the access code, enter 7039387# to participate in the Conference.

      **K.**     **DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **October 22, 2021**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive

motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

**L.    ELECTRONIC DISCOVERY:** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174-1 need not apply to this case.

**M.    MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven **(7) days** in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extension should also detail the moving party's efforts and diligently complying with the originally scheduled deadlines and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

**N.    ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The parties

expect the jury trial to last approximately **3-4 days**. The Parties request a trial date no earlier than **April 5, 2022**.

      **IT IS SO ORDERED.**

                                                              _____
                                                              **JEFFERY S. FRENSLEY**
                                                              **United States Magistrate Judge**