UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
|     Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Frensley |
| | ) |
|     Defendant. | ) Jury Demand |

**DEFENDANT'S MOTION TO DISMISS
COUNT V OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss Count V of the Amended Complaint (Doc. #18) filed by Plaintiff, Caitlin O'Connor.

**I.    Introduction**

This is an employment case. Defendant employed Plaintiff as an Administrative Assistant from February 22, 2016 to June 25, 2020. Defendant, a purveyor of biblically based educational resources, prohibits employees from engaging in premarital sex. Plaintiff's employment was terminated for violating this rule.

On July 20, 2020, Plaintiff filed her Complaint against Defendant (Doc. #1), claiming that she was terminated in violation of the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA"), as well as the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* ("FMLA"), Tennessee Maternity Leave Act, T.C.A. §4-21-408, and Tennessee Disability Act, T.C.A. §8-50-103, *et seq.*

On February 10, 2021, Plaintiff filed her Amended Complaint against Defendant, adding claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"),

and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

Now that all of Plaintiff's claims are before the Court[1], Defendant moves to dismiss the claims in Count V of Plaintiff's Amended Complaint—that Defendant discriminated and retaliated against Plaintiff based on religion, in violation of Title VII and the THRA, when it terminated her employment for engaging in premarital sex.

II. **Legal Standard**

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.
>
> In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the

---

[1] The deadline for the parties to amend pleadings was February 5, 2021. (Doc. #12)

elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 BL 410338 at *2-3 (M.D. Tenn. Nov. 6, 2018).[2]

Defendant has filed this motion under Rule 12(b)(6) because it has not yet answered or asserted affirmative defenses to the claims in Count V of Plaintiff's Amended Complaint. Alternatively, if the Court finds it more appropriate, Defendant asks for this motion to be considered under Rule 12(c). Either way, the legal standard is the same. *Id.* at *2.

### III. Background

For purposes of a motion to dismiss under Rule 12(b)(6), the Court is required to accept the truth of all of Plaintiff's well-pleaded factual allegations. Here is an outline of those allegations that are related to Count V of Plaintiff's Amended Complaint and, therefore, relevant to this motion:

- Defendant maintains a set of Core Values that govern employee conduct at and away from work;
- One of Defendant's Core Values is called Righteous Living;
- Defendant's Righteous Living Core Value is based upon the company's interpretation of Judeo-Christian values;
- Defendant considers premarital sex to be a violation of Righteous Living;
- Plaintiff engaged in premarital sex;
- Defendant discovered that Plaintiff had engaged in premarital sex; and

---

[2] Defendant has attached a copy of this unpublished case as Exhibit 1.

- Defendant terminated Plaintiff's employment for engaging in premarital sex.

(Amended Complaint at PageID #61, ¶¶ 16, 17, 18, 56, 58).

### IV. Plaintiff's Religious Discrimination and Retaliation Claims Should Be Dismissed

Count V of Plaintiff's Amended Complaint should be dismissed because she has not stated a claim for religious discrimination or retaliation under Title VII or the THRA.[3]

#### A. Religious Discrimination

Plaintiff claims that Defendant discriminated against her, based on religion, when it terminated her employment for engaging in premarital sex.[4] However, Title VII only prohibited Defendant from terminating Plaintiff's employment because of her *sincerely held religious beliefs*. *Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722, 727-28 (6th Cir. 2009).

In *Pedreira*, an employee claimed that the termination of her employment, for being a lesbian, constituted religious discrimination. *Id.* The employee alleged that she had lived openly as a lesbian, contrary to her employer's religious beliefs, and that her employment was terminated because she did not share her employer's religious belief that homosexuality is sinful. *Id.* at 727-28. The Sixth Circuit dismissed the employee's religious discrimination claim because she had "not explained how [that constituted] discrimination based on *religion.*" *Id.* at 728 (emphasis in original). The employee had not alleged that her sexual orientation was premised

---

[3] The THRA is intended to execute the polices embodied in Title VII, so courts typically analyze THRA and Title VII claims together using the Title VII framework and case law. *See, e.g., Holland v. LG Elecs. U.S.A., Inc.,* 2021 BL 13148 at *4-5 (M.D. Tenn. Jan. 12, 2021) (copy attached as Exhibit 2). Consistent with that approach, Defendant will analyze Plaintiff's Title VII and THRA claims together.

[4] The Court has recognized the confusion among litigants and even other courts over the differences between religious discrimination claims and religious accommodation claims under Title VII. *See, e.g., EEOC v. Publix Super Mrkts., Inc.,* 2020 BL 317759 at *4 FN 5 (M.D. Tenn. Aug. 20, 2020) (explaining the difference) (copy attached as Exhibit 3). Plaintiff characterizes her claim in Count V as "religious discrimination", so Defendant accepts that at face value.

upon her sincerely held religious beliefs, nor that her employment had been terminated for those beliefs. *Id.* Termination for sexual orientation, alone, does not state a claim for *religious* discrimination under Title VII. *Id.* at 728.

Plaintiff's allegations in the Amended Complaint are weaker than *Pedreira*. Plaintiff acknowledges that Defendant terminated her employment for premarital sex. But premarital sex, alone, cannot form the basis of a religious discrimination claim under Title VII just as sexual orientation could not in *Pedreira*. Like the employee in *Pedreira,* Plaintiff does not allege that her sincerely held religious beliefs required or otherwise motivated her to engage in premarital sex. Nor does Plaintiff allege that Defendant terminated her employment because of her sincerely held beliefs regarding premarital sex, rather than for simply engaging in the act itself.

The standard for religious belief under Title VII helps explain why Plaintiff's religious discrimination claim fails. Title VII does not protect an employee's purely secular preferences, *Publix Super Markets*, *Inc.,* 2020 BL 317759 at *10, or even loosely held moral or ethical beliefs. *See* 29 C.F.R. §1605.1. Title VII only protects religious practices, including "moral or ethical beliefs as to what is right and wrong *which are sincerely held with the strength of traditional religious views*." 29 C.F.R. §1605.1 (emphasis added). Plaintiff has not alleged having a moral or ethical conviction regarding the *rightness* or *necessity* of premarital sex that she sincerely holds with the same strength as traditional religious views. Again, Plaintiff really does not say what she believes regarding premarital sex. The closest that she comes is in Paragraph 58 of the Amended Complaint, when referencing "employees who do not *strictly adhere to* Ramsey's interpretation of 'Judeo-Christian' values for non-work related behavior." (emphasis added). Even if the Court infers that Plaintiff is including herself among those employees and that "strictly adhere to" means "believe in" (instead of "comply with"), there are

still no allegations in the Amended Complaint that Defendant discriminated against Plaintiff because of her *religious beliefs regarding premarital sex* rather than for simply engaging in the act itself.

Given Title VII's threshold for religious belief and statutory and common law exemptions to Title VII for various religious institutions, it is not surprising to find relatively few cases on whether Title VII allows employers to prohibit premarital sex. However, federal courts have consistently held that (i) premarital sex is not a protected activity under Title VII and (ii) employer prohibitions against premarital sex are legal if they are enforced equally among men and women.[5] *See, e.g.*, *Hamilton v. Southland Christian Sch., Inc.,* 680 F.3d 1316, 1319-20 (11th Cir. 2012); *Cline v. Catholic Diocese of Toledo,* 206 F.3d 651, 658 (6th Cir. 2000); *Boyd v. Harding Acad. Of Memphis, Inc.*, 88 F.3d 410, 413-415 (6th Cir. 1996); *Richardson v. Northwest Christian Univ.*, 242 F.Supp.3d 1132, 1149 (D. Or. 2017); *Dias v. Archdiocese of* Cincinnati, 2013 BL 23460 at *5 (S.D. Ohio Jan. 30, 2013)[6]; *Ganzy v. Allen Christian Sch.,* 995 F.Supp.340, 349 (E.D.N.Y. 1998) ("[R]estrictions on sexual activity, applied equally to males and females, are not discriminatory."). The Eleventh Circuit was particularly sweeping in *Hamilton*, declaring that "Title VII does not protect *any right* to engage in premarital sex…." 680 F.3d 1316, 1319 (emphasis added). In that case, the court did not mention any of Title VII's exemptions for religious institutions and the defendant had waived the common law ministerial exemption.

*Ambrose v. R&L Carriers Corporation, et al*, is the closet case to this one that Defendant

---

[5] In Count VI of the Amended Complaint, Plaintiff claims that Defendant's prohibition against premarital sex also discriminates against women. While Defendant denies Plaintiff's sex discrimination claim based on its equal enforcement of the premarital sex prohibition, we acknowledge that it is better suited for dismissal at summary judgment.

[6] Defendant has attached a copy of this unpublished case as Exhibit 4.

has located in the Middle District of Tennessee. *Report & Recommendation*, 2008 BL 386227 (M.D. Tenn. July 31, 2008) (*adopted in* 2008 BL 176599 (M.D. Tenn. Aug. 22, 2008)).[7] In *Ambrose*, an employee sued his employer for religious discrimination under Title VII after he was terminated for having a "one-time sexual incident" with a co-worker, off-premises, on his day off. 2008 BL 386227 at *1-3. The employee claimed that his employer fired him because the employer considered him to be an adulterer and believed that his behavior was immoral. *Id.* The employee claimed to hold a contrary moral view regarding his behavior, citing his Baptist faith. *Id.* In dismissing the employee's religious discrimination claim, this Court explained that the employee "avers only that his 'religious beliefs were violated' because his employer's view of morality was not the same as his own. The facts that he does not believe his conduct is 'immoral', and that his employer apparently did so believe, simply do not support the conclusion that [the employee] was terminated 'because of [his] religion.' Thus, [the employee] cannot state a claim under Title VII." *Id.* at *3. That is, in a nutshell, exactly what Plaintiff is trying to do here.

Defendant is mindful that prohibitions against premarital sex are not very common, especially among private, for-profit employers, but they are not illegal. Employers are only prohibited from making employment decisions for "impermissible, discriminatory reasons." *Hartsel v. Keys,* 87 F.3d 795, 801 (6th Cir. 1996). Otherwise, "[a]s a general rule, private employers may lawfully subject their employees to morality requirements." *Richardson* at 1149. Indeed, a hallmark of at-will employment is an employer's broad authority to terminate employees, including for disagreements with their personal lifestyles. *Id.* (quoting *McGanty v. Staudenraus*, 901 P.2d 841, 852 (Or. 1995)). "The law does not require employers to make

---

[7] Defendant has attached copies of these unpublished cases as Exhibits 5 and 6.

7

perfect decisions, nor forbid them from making decisions that others may disagree with." *Hartsel* at 801. And "courts refuse to sit in judgment as super-personnel departments overseeing corporate decisions, even if some judges think the decisions to be mistaken or perplexing or silly." *Brill v. Lante Corporation,* 119 F.3d 1266, 1272 (7th Cir. 1997).

That is the backdrop against which Title VII was created and exists. Private employers can establish and enforce rules for employee conduct, religiously inspired or otherwise, that must yield only (if at all) when they conflict with an employee's sincerely held religious beliefs --not because the employee chose not to follow the employer's rule, not because the employee does not believe that the conduct proscribed by the rule is as big of a deal as the employer, and not because the employee simply disagrees with the rule. It is readily apparent from Plaintiff's Amended Complaint that she is challenging Defendant's rule regarding premarital sex simply because it is religiously inspired, which is not enough to state a claim for religious discrimination under Title VII. If successful, Plaintiff would effectively subject private employers across the United States to the Establishment Clause of the First Amendment to the U.S. Constitution.[8] That is not our law. Plaintiff's religious discrimination claims in Count V of her Amended Complaint should be dismissed.

### B. Religious Retaliation

Defendant cannot discern any basis for Plaintiff's religious-based Title VII and THRA retaliation claims in Count V of the Amended Complaint. They exist only as a heading and are

---

[8] If this motion is denied, then when Defendant answers Plaintiff's claims in Count V of the Amended Complaint, Defendant plans to assert affirmative defenses under the First Amendment of the U.S. Constitution and the Religious Freedom Restoration Act, 42 U.S.C. §2000bb, *et seq*. Count V presents unique issues in this case that diverge considerably from Plaintiff's other claims in the Amended Complaint. That is Defendant's primary reason in filing this motion to dismiss now. Once Count V of Plaintiff's Amended Complaint is dismissed, this becomes a garden variety employment case that should be resolved very quickly and efficiently.

never referenced again in the Amended Complaint.

Title VII prohibits retaliation against an employee "because [she] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. §2000e-3. To state a claim for Title VII retaliation, Plaintiff would have to allege that she (1) engaged in activity protected under Title VII, (2) Defendant learned of her protected activity, (3) Defendant subsequently took an adverse employment action against her, and (4) her protected activity was the but-for cause of Defendant's adverse employment action. *See, e.g., Holder v. AT&T Services, Inc.,* 2020 BL 417652 at *4-5 (M.D. Tenn. Oct. 28, 2020).[9]

Defendant cannot locate any factual allegations, or factual allegations from which inferences could reasonably be made, that Plaintiff has engaged in any protected activity under Title VII that is related to religion. Therefore, Plaintiff's retaliation claims in Count V of her Amended Complaint should also be dismissed.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

---

[9] Defendant has attached a copy of this unpublished case as Exhibit 7.

## CERTIFICATE OF SERVICE

I certify that, on February 23, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*

10

Case 3:20-cv-00628   Document 20   Filed 02/23/21   Page 10 of 10 PageID #: 99