**EXHIBIT 5**

Ambrose v. R&L Carriers Corp., No. 3:08-0672, 2008 BL 386227 (M.D. Tenn. July 31, 2008), Court Opinion

**Pagination**
\*    BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

RANDALL AMBROSE, SR., and SHARON S. AMBROSE, Plaintiffs, vs. R&L CARRIERS CORP., RALPH ROBERTS, CEO, KAREN CREGEAR, DIRECTOR HR CORP., and BERT KRELICK, TERMINAL MGR., Defendants.

CASE NO. 3:08-0672

July 31, 2008, Filed

Randall Ambrose, Sr., Petitioner, Pro se, Nashville, TN.

Sharon S. Ambrose, Petitioner, Pro se, Nashville, TN.

E. Clifton Knowles, United States Magistrate Judge.

E. Clifton Knowles

**REPORT AND RECOMMENDATION**

Judge Trauger has referred this pro se, in forma pauperis action to the undersigned "for a frivolity review under **28 U.S.C. § 1915(e)(2)(B)** ." Docket No. 9. That statute provides as follows:

> **(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>
> **(B)** The action . . .
>
> **(I)** is frivolous or malicious;

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 1

> **(ii)** fails to state a claim upon which relief may be granted; or
>
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

For the reasons that follow, the undersigned concludes that Plaintiffs have failed to state a claim upon which relief may be granted, and the undersigned recommends that this action be DISMISSED WITH PREJUDICE.

Plaintiffs have filed a "fill-in-the-blanks" Complaint, stating in part that this action arises under the "Religion and Disability Discrimination in Violation of Title I of Americans With Disabilities Act of 1990 Wrongful Termination, Religion v. State." Docket No. 1, p. 1. Plaintiffs' Complaint states, "I was discriminated against because of religion and due to a family member with a disability." *Id.* While there are two Plaintiffs in this action, the Complaint indicates that Plaintiff Randall Ambrose is claiming religious discrimination, and discrimination based upon the disability of his wife. Plaintiff Randall Ambrose described how and when Defendants discriminated against him as follows:

> 1) I was employed by R&L Carriers, Corp since 2/22/99. I was terminated on 8/17/07 after having a one-time sexual incident on 6/23/07 with another employee off the premises on my day off was disclosed to my terminal mgr. My religious beliefs were violated because being a Baptist I believe onced saved always saved and that morality does not relate to work ethics of work performance. However, my employer, Mr. Roberts & the director of HR is the opposite believing that what I did was immoral and he alone terminated me and the Human Resource director told me I was terminated because I was an "Adulterer."
>
> 2) In violation of title I of Americans with Disabilities Act of 1990 This was the reason she gave me over the phone for being terminated & refused to allow me to have a review of my peers as all other employees are given. Furthermore because my wife is disabled they felt like her on going brain surgeries were costing them greatly in benefits. The week they fired me my son who also was injured broke both of his legs.

Docket No. 1, p. 1-2.

With the Complaint, Plaintiffs have submitted a Notice of Rights from the Equal Employment Opportunity Commission. That Notice is directed solely to Randall N. Ambrose. **[*2]** Docket No. 1-1.

In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen,* 411 F.3d 712 , 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id* . A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 , 127 S.Ct. 1955 , 1965 , 167 L. Ed. 2d 929 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." Id. at 1965 , 1974 . *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545 , 548 (6th Cir. 2007).

Although the Complaint does not mention Title VII, the Court presumes that one of the claims of Plaintiff Randall Ambrose is based upon 42 U.S.C. § 2000e-2(a)(1) , which provides:

> (a) Employer practices. It shall be an unlawful employment practice for an employer -
>
> (1) to . . . discharge any individual . . . because of such individual's . . . religion . . . .

"Religion" is defined to include:

> all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business. [1]

42 U.S.C. § 2000e(j) (footnote added).

The Sixth Circuit has stated:

> To assert a successful claim of religious discrimination under Title VII, a plaintiff must either present direct evidence of discrimination or, in the absence of direct evidence, present a prima facie case of indirect discrimination by showing (1) that he was a member of a protected class, (2) that he experienced an adverse employment action, (3) that he was qualified for the position, and (4) that he was replaced by a person outside of the protected class or that he was treated differently than similarly situated employees.

*Tepper v. Potter,* 505 F.3d 508 , 515 (6th Cir. 2007) (citations omitted).

The Sixth Circuit has also, however, stated:

> The employee bears the burden of establishing a prima facie case [of religious discrimination], and sustains that burden by showing that he holds a sincere religious belief that conflicts with an employment requirement; that he has informed his employer of the conflict; and that he was discharged or disciplined for failing to comply with the conflicting requirement. . . . Once a prima facie case is established, the burden shifts to the employer to show that it could not reasonably accommodate the employee without undue hardship.

*Cooper v. Oak Rubber Co.,* 15 F.3d 1375 , 1378 (6th Cir. 1994).

It is apparent that Plaintiff Randall Ambrose has not set forth sufficient facts to establish a prima facie case under either standard. First, Plaintiff has not alleged that he was replaced by a person outside of the protected class or that he was treated differently than similarly situated employees. Alternatively, Plaintiff's Complaint does not establish that Mr. Ambrose has a sincere religious belief that "**[*3]** conflicts with an employment requirement"; that he informed his employer of that conflict; or that he was discharged for failing to comply with the "conflicting requirement." In this regard, Plaintiff's "sincere religious beliefs" include the propositions that "once saved always saved," and that "morality does not relate to work ethics of work performance." But those beliefs, in and of themselves, do not conflict with any "employment requirement," at least insofar as the Complaint shows. Additionally, there is nothing in the Complaint to indicate that Plaintiff Randall Ambrose informed his employer of any alleged conflict or that he was disciplined for failing to comply with the conflicting

requirement. Instead, the Complaint plainly avers that he was terminated because he had a "one-time sexual incident . . . with another employee."

Moreover, the Complaint does not aver any discrimination against Plaintiff Randall Ambrose "because of" his religion. According to the plain language of the Complaint, Plaintiff Randall Ambrose avers only that his "religious beliefs were violated" because his employer's view of morality was not the same as his own. The facts that he does not believe his conduct is "immoral," and that his employer apparently did so believe, simply do not support the conclusion that Plaintiff Randall Ambrose was terminated "because of [his] religion." Thus, Plaintiff Randall Ambrose cannot state a claim under Title VII.

Title I of the Americans With Disabilities Act ( **42 U.S.C. § 12111** , *et seq.*) provides in relevant part:

> (a) General rule. No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**42 U.S.C. § 12112(a)** . The following relevant definitions are part of the statutory scheme:

> (4) Employee. The term "employee" means an individual employed by an employer. . . .
>
> …
>
> (8) Qualified individual with a disability. The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. . . .

Plaintiff Randall Ambrose does not aver that he himself is disabled, or that he was terminated because of his own disability; instead, Plaintiff Randall Ambrose avers that he was discharged in part because his wife, and perhaps his son, were disabled. [2]**Section 12112(a)** , however, prohibits discrimination against a qualified individual with a disability "because of the disability of *such individual . . . .*" Thus, Plaintiff Randall Ambrose cannot state a claim under Title I of the Americans With Disabilities Act.

Plaintiff Sharon Ambrose is not alleged to have been an employee of Defendants and, therefore, she cannot state a claim under either Title I of the Americans With Disabilities Act or Title VII. [3]

For the foregoing reasons, the undersigned concludes that [*4] Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and the undersigned recommends that this action be DISMISSED WITH PREJUDICE pursuant to **28 U.S.C. § 1915(e)(2)(B)** . [4]

Under **Rule 72(b) of the Federal Rules of Civil Procedure** , any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

See Thomas v. Arn, 474 U.S. 140 , 106 S.Ct. 466 , 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 , 106 S. Ct. 899 , 88 L. Ed. 2d 933 (1986); 28 U.S.C. § 636(b)(1) ; Fed. R. Civ. P. 72 .

/s/ E. Clifton Knowles

E. Clifton Knowles

United States Magistrate Judge

---

fn
1

It is extremely unclear why Congress chose to put a substantive exception to the liability provided for in § 2000e-2(a)(1) in the definition of the term "religion." Read literally, the definition provides that if an employer "demonstrates that he is unable to reasonably accommodate an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business," then the term "religion" does not include "all aspects of religious observance and practice, as well as belief . . . ." The Sixth Circuit has recognized that the "reasonable accommodation" issue is essentially an affirmative defense to a charge of religious discrimination, which comes into play only after a plaintiff has initially established a prima facie case. *Goldmeier v. Allstate Ins. Co.,* 337 F.3d 629 (6th Cir. 2003)

fn
2

As discussed above, the Complaint states in part, "The week they fired me my son who also was injured broke both of his legs." The Complaint does not, however, specifically aver that this alleged "disability" had anything to do with his termination, or even that it occurred before his termination.

fn
3

Additionally, there is nothing in the record to indicate that Plaintiff Sharon Ambrose has appropriately exhausted her administrative remedies with regard to any claims that she might have. As discussed above, the "Dismissal and Notice of Rights" from the Equal Employment Opportunity Commission, is addressed solely to Randall N. Ambrose.

fn
4

A dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394 , 399 n.3, 101 S. Ct. 2424 , 69 L. Ed. 2d 103 (1981); *Pratt v. Ventas, Inc.,* 365 F.3d 514 , 522 (6th Cir. 2004). Moreover, the Court has no discretion to grant Plaintiffs leave to amend their Complaint. *See McGore v. Wrigglesworth,* 114 F.3d 601 , 612 (6th Cir. 1997), disapproved in part on other grounds by *Jones v. Bock,* 549 U.S. 199 , 127 S. Ct. 910 , 166 L. Ed. 2d 798 (2007); *In Re Prison Litig. Reform Act,* 105 F.3d 1131 , 1138 (6th Cir. 1997), disapproved in part on other grounds by *Jones v. Bock,* 549 U.S. 199 , 127 S. Ct. 910 , 166 L. Ed. 2d 798 (2007).