**EXHIBIT 6**

⊞ Ambrose v. R & L Carriers Corp., Civil No. 3:08-0672., 2008 BL 176599 (M.D. Tenn. Aug. 22, 2008), Court Opinion

**Pagination**
\*      BL

[**Opinion**](#) >

United States District Court, M.D. Tennessee, Nashville Division.

RANDALL AMBROSE, SR. and SHARON S. AMBROSE, Plaintiffs, v. R & L CARRIERS, CORP., RALPH ROBERTS, CEO, KAREN CREGEAR, DIRECTOR HR CORP. and BERT KRELICK, Terminal Mgr., Defendants.

Civil No. 3:08-0672.

August 22, 2008

**MEMORANDUM and ORDER**

ALETA TRAUGER, District Judge

On July 31, 2008, the Magistrate Judge issued a Report and Recommendation (Docket No. 11), to which the plaintiffs have filed timely objections. This court reviews *de novo* any portion of the Report and Recommendation to which a specific objection is made. Rule **72**(b), FED. R. CIV. P.; **28 U.S.C. 636**(b)(1)(C); *United States v. Curtis*, **237 F.3d 598**, **603** (6th Cir. 2001).

First, the plaintiffs object on the basis that the Magistrate Judge does not appear to have taken into consideration their filing made July 25, 2008 (Docket No. 10). They make this assumption because the Report and Recommendation does not reference any documents within Docket No. 10. Because the filing by the plaintiffs was made six days before the issuance of the Report and Recommendation, this court cannot presume that the Magistrate Judge did not review those documents. However, as noted in footnote 4 of the Report and Recommendation (Docket No. 11 at 7), those documents could not be used to amend the original Complaint filed June 18, 2008 (Docket No. 1) for purposes of a frivolity review, as was performed by the Magistrate Judge. Whether or not the Magistrate Judge took account of the documents in Docket No. 10, this court has reviewed those documents in order to rule upon the plaintiffs' objections.

This court has reviewed the religious discrimination claim and agrees with the Magistrate Judge that the plaintiff has not set forth sufficient facts, either in his original Complaint or in the documents filed in Docket No.

10, to establish that he was terminated because of his religion. Moreover, he has failed to allege that he was replaced by a person outside of the protected class, or that he was treated differently than similarly-situated employees of different religions. The plaintiffs simply have not met the standard for pleading a case of religious discrimination under Title VII, and the Magistrate Judge's recommendation that this claim be dismissed is appropriate and will be sustained.

As to the claim under the Americans With Disabilities Act, it appears that plaintiff Sharon S. Ambrose may, in fact, be disabled, and perhaps the minor son of the plaintiffs, is at least temporarily disabled because of injuries received in an accident. However, neither of these individuals works for the defendants, and there is no evidence that they have exhausted their administrative remedies in any case. There is no cause of action for "associating" with someone with a disability such that a violation of the Americans With Disabilities Act arises. It is certainly regrettable that Randall Ambrose's termination by the defendants caused the family to lose the health insurance furnished through the defendant employer, but the court simply sees no valid cause of action **[*2]** under the Americans With Disabilities Act in the plaintiffs' allegations.

The plaintiffs also raise a "HIPAA violation" and "wrongful termination" in their objections. No "HIPAA violation" was alleged in the original Complaint, and a new cause of action cannot be raised in these objections. The allegations of "wrongful termination" are subsumed within the causes of action alleged for religious discrimination and a violation of the American With Disabilities Act. Therefore, they have been dealt with in this ruling.

For the reasons expressed herein, the plaintiffs' Objections (Docket No. 12) are **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein and herein, it is hereby **ORDERED** that this case is **DISMISSED.**

It is so **ORDERED.**