UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| | ) Case No. 3:20-cv-00628 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES &
JURY DEMAND IN RESPONSE TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, files its Answer, Affirmative Defenses & Jury Demand in response to the Amended Complaint (Doc. #18) filed by Plaintiff, Caitlin O'Connor.

**Answer**

1. Defendant admits that Plaintiff is a former employee of Defendant and worked for Defendant at its location in Franklin, Tennessee. Defendant does not have sufficient information to admit or deny the remaining allegations of Paragraph 1 of the Amended Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Amended Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Amended Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Amended Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Amended Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Amended Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Amended Complaint.

8. As Defendant reasonably interprets Plaintiff's charge of discrimination and Amended

Complaint, Defendant admits the allegations of Paragraph 8 of the Amended Complaint.

9. Defendant admits the allegations of Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Amended Complaint.

11. Defendant admits that Plaintiff sent an e-mail to Armando Lopez on June 18, 2020, informing Mr. Lopez that she was 12 weeks pregnant. Defendant denies the remaining allegations of Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Amended Complaint.

13. Defendant admits that Plaintiff received a phone call from a board member on June 19, 2020. Defendant denies the remaining allegations of Paragraph 13 of the Amended Complaint as characterized.

14. Defendant admits that Plaintiff met with two board members on June 23, 2020. Defendant denies the remaining allegations of Paragraph 14 of the Amended Complaint.

15. Defendant admits that it terminated Plaintiff's employment on June 25, 2020. Defendant denies the remaining allegations of Paragraph 15 of the Amended Complaint.

16. Defendant admits the allegations of Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Amended Complaint.

19. Defendant admits the allegations of Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations of Paragraph 21 of the Amended Complaint.

22. Defendant reasserts its answers to Paragraphs 1 through 21 of the Amended Complaint.

23. Defendant admits that Plaintiff was an eligible employee under the FMLA. Defendant denies all remaining allegations of Paragraph 23 of the Amended Complaint.

24. Defendant admits the allegations of Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations of Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations of Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Amended Complaint.

31. Defendant reasserts its answers to Paragraphs 1 through 30 of the Amended Complaint.

32. Defendant denies the allegations of Paragraph 32 of the Amended Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Amended Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Amended Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Amended Complaint.

38. Defendant reasserts its answers to Paragraphs 1 through 37 of the Amended Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Amended Complaint.

40. Defendant admits the allegations of Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Amended Complaint.

46. Defendant reasserts its answers to Paragraphs 1 through 45 of the Amended Complaint.

47. Defendant admits the allegations of Paragraph 47 of the Amended Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Amended Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Amended Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Amended Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Amended Complaint.

54. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

55. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

56. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

57. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20).

If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

58. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

59. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

60. Defendant has filed a motion to dismiss Count V of the Amended Complaint (Doc. #20). If Defendant's motion is denied, in whole or in part, then Defendant will answer and assert affirmative defenses to the remaining allegations in Count V of the Amended Complaint as required by the Federal Rules of Civil Procedure or otherwise ordered by the Court.

61. Defendant reasserts its answers to Paragraphs 1 through 60 of the Amended Complaint.

62. Paragraph 62 of the Amended Complaint asserts a legal conclusion, which Defendant is not required to answer.

63. Defendant denies the allegations of Paragraph 63 of the Amended Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Amended Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Amended Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Amended Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Amended Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Amended Complaint.

69. Defendant reasserts its answers to Paragraphs 1 through 68 of the Amended Complaint.

70. Defendant denies the allegations of Paragraph 70 of the Amended Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Amended Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Amended Complaint.

73. Defendant denies the allegations of Paragraph 73 of the Amended Complaint.

74. Defendant denies the allegations of Paragraph 74 of the Amended Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Amended Complaint.

76. Defendant denies the allegations of Paragraph 76 of the Amended Complaint.

77. If Defendant has not answered any allegations of the Amended Complaint to which an answer is required, those allegations are denied.

## Affirmative Defenses

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant would have terminated Plaintiff's employment for violating workplace rules, regardless of whether she engaged in any protected activity.

3. Defendant would have terminated Plaintiff's employment for violating workplace rules, regardless of whether she had an actual or perceived disability.

## Jury Demand

Defendant demands a trial by jury of all claims in Plaintiff's Amended Complaint.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on February 24, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*

7