# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, ) | |
| ) | Case No. 3:20-cv-00628 |
| Plaintiff, ) | |
| ) | District Judge Richardson |
| v. ) | |
| ) | Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, ) | |
| ) | Jury Demand |
| Defendant. ) | |

## DEFENDANT'S BRIEF REGARDING DISCOVERY DISPUTE

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to the Court's Order on February 24, 2021 (Doc. #21), files the following brief regarding the parties' current discovery dispute.

This is a single-plaintiff employment case. Defendant, a purveyor of biblically based educational resources, has adopted 14 Core Values that broadly guide all aspects of business operations, including employee conduct.[1] One Core Value is Righteous Living, which Defendant explains as 'We believe that character matters. All the time." Like most employers, Defendant does not maintain an exhaustive list of conduct that can lead to employee discipline because it is neither practical nor required. However, as Defendant has encountered and addressed employee conduct over time, specific rules have developed. One is that Defendant does not allow employees to engage in premarital sex. There is no dispute that Plaintiff was aware of this rule and terminated for violating it. Like nearly all disciplinary actions, that decision was made by Defendant's Human Resources Committee ("HRC").

---

[1] Per the Court's Order on February 24, 2021 (Doc. #21), Defendant has attached a copy of the 14 Core Values as Exhibit 1.

Plaintiff has sued Defendant for sex and pregnancy discrimination.[2] (Doc. #18). The parties' current dispute concerns the scope of comparator discovery in this case. Plaintiff seeks discovery regarding all employees who have been disciplined for violating any of Defendant's Core Values since January 1, 2018. Defendant believes that discovery should be limited to all employees who have been disciplined by the HRC for premarital sex since January 1, 2016.

In disciplinary cases like this, employees are comparators if they are similar in all relevant respects *and* engaged in acts of comparable seriousness. *See, e.g., Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006); *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). In *Mitchell v. Toledo Hospital,* the Sixth Circuit provided three factors for courts to generally consider when evaluating potential comparators: (i) same supervisor, (ii) subject to the same standard, and (iii) engaged in the same conduct without differentiating or mitigating circumstances that would distinguish their conduct or the employer's response. 964 F.2d 577, 583 (6th Cir. 1992). However, those factors do not necessarily apply in every employment case, especially when their application would effectively remove an employee from the protection of the law because, for example, they held a unique position or committed a unique infraction. *Hampshire v. Henderson,* 14 Fed. Appx. 397, 400 (6th Cir. 2001); *Ercegovich* at 353. So, the Sixth Circuit has advised district courts to independently determine the relevant criteria for identifying similarly situated comparators on a case-by-case basis. *Wright* at 710. For comparator evidence to be probative of illegal discrimination, the plaintiff must be *so similar* to the comparator that the plaintiff's protected class is the *most likely reason* that they were treated differently. *Dunina v. LifeCare Hosps. of Dayton, Inc.,* 2008 BL

---

[2] Plaintiff has asserted other claims against Defendant, but we do not believe that they are relevant to this discovery dispute.

108182 at *5 (S.D. Ohio May 21, 2008).[3]

Against this standard, Defendant's proposed comparators make the most sense. For Plaintiff to prove that Defendant discriminated against her based on sex or pregnancy, she must show that a man or non-pregnant employee engaged in premarital sex and was not terminated by the HRC. *See, e.g., Peltier v. United States,* 388 F.3d 984, 987 (6th Cir. 2004). So, Defendant has voluntarily agreed to provide discovery regarding *every employee* who has been disciplined by the HRC for premarital sex since January 1, 2016, *without regard for* whether they held the same position as Plaintiff, had the same supervisor as Plaintiff, were brought before the same HRC as Plaintiff[4], or any other circumstances that may differentiate them from Plaintiff. It is very likely that Defendant will be able to exclude evidence regarding many of these comparators at trial because their circumstances are so different from Plaintiff, but for discovery purposes, Defendant is willing to concede these comparators.

The HRC has disciplined eight other employees, in addition to Plaintiff, for premarital sex since January 1, 2016. Like Plaintiff, all eight comparators were reviewed by the HRC and either terminated by the HRC or resigned before the HRC could terminate them. Among those eight comparators plus Plaintiff, there are five men and four women. Therein lies the problem for Plaintiff and, we believe, her motivation for seeking expanded discovery. Since January 1, 2016, the HRC has decided to terminate *every employee* who engaged in premarital sex and *most were men and not pregnant*.[5] That is fatal to Plaintiff's sex and pregnancy discrimination claims, so

---

[3] Defendant has attached a copy of this unpublished decision as Exhibit 2.

[4] The HRC consists of committee members who change from time to time.

[5] If Defendant cutoff discovery at January 1, 2018 as Plaintiff suggests, instead of January 1, 2016, the comparator data would be even worse for her. From January 1, 2018 to the present, Defendant has terminated four men and only two women for premarital sex. Defendant has

3

she must embark on a fishing expedition to try to keep those claims alive or find new ones. The Court should not allow it. Had the HRC not terminated a man or non-pregnant employee for premarital sex or had the HRC terminated more women than men for premarital sex, we seriously doubt that Plaintiff would be seeking to expand discovery beyond premarital sex.

Defendant has already provided the names, positions, dates of hire, and termination dates of those eight comparators to Plaintiff. Defendant has also gathered the eight comparators' personnel files and e-mails and other documents regarding the HRC's decision to terminate their employment, which should all be produced to Plaintiff by Friday, March 12, 2021. Incidentally, just to produce personnel files and termination-related e-mails and other documents for those eight comparators, Defendant has reviewed thousands of pages of documents and native files.

Additionally, last week, Defendant offered to provide Plaintiff with the same discovery—names, positions, dates of hire, termination dates, personnel files, and termination-related e-mails and other documents—for the two employees (one man, one woman) who were disciplined by the HRC for extramarital sex from January 1, 2016 to the present. Although Defendant does not believe that those two employees are comparable to Plaintiff, Defendant acknowledges that premarital and extramarital sex are similar, equally capable of leading to pregnancy, and, in that regard, both have a logical nexus with Plaintiff's sex and pregnancy discrimination claims. Like the eight employees who engaged in premarital sex, the HRC terminated both employees who engaged in extramarital sex *before* Plaintiff was terminated.

Plaintiff's proposed comparators, by contrast, do not make any sense. She initially seeks discovery regarding every employee who has been disciplined for violating any of Defendant's

---

offered to provide discovery back to January 1, 2016 because we already compiled that information for the U.S. EEOC and have nothing to hide.

Core Values since January 1, 2018. Alternatively, she asks for discovery regarding every employee who has been disciplined for violating Righteous Living since January 1, 2018.

First, Defendant's Core Values are so broad that they collectively encompass every type of misconduct imaginable. This would expand discovery to reach every employee that Defendant has disciplined since January 1, 2018, regardless of the nature of their misconduct and any other circumstances that distinguish them from Plaintiff. Defendant has nearly 1,000 employees. That is clearly outside the scope of comparator discovery.

Second, Defendant does not apply or record employee discipline by Core Value. Defendant's disciplinary approach is conduct-focused. Employees are disciplined for misconduct, which incidentally violates one or more Core Values. For example, when we searched for "Righteous Living" among the termination-related e-mails and documents of the eight other employees that Defendant has terminated for premarital sex since January 1, 2016, "Righteous Living" only appeared in three of the employees' records.

Third and relatedly, discovery regarding every employee who has been disciplined for violating Righteous Living since January 1, 2018 would still be artificial and overbroad. To provide that discovery, Defendant would have to first review every disciplinary action since January 1, 2018 to determine whether and to what extent the employee's underlying misconduct was rooted in Righteous Living, because Defendant does not maintain any records like that. Even if those records were created today, they would not accurately reflect Defendant's disciplinary practices. Moreover, even if Defendant created those records, there is no reason to believe that Defendant's disciplinary response to an employee's pornography addiction, alcohol abuse, drug abuse, or whatever other behavior may be inconsistent with Righteous Living is probative of whether Defendant's termination of Plaintiff for premarital sex constituted sex or pregnancy

discrimination. Defendant either enforces its prohibition against premarital sex consistently between men and women and pregnant and non-pregnant employees or it does not. That is the central issue in this case and the answer lies with Plaintiff and the 10 other employees who have been disciplined by the HRC for engaging in premarital or extramarital sex since January 1, 2016.

Finally, throughout this discovery dispute, Plaintiff has repeatedly referenced the Sixth Circuit's decision in *Bobo v. United Parcel Service, Inc.,* 665 F.3d 741 (6th Cir. 2012) to support her position that comparator discovery in this case should be broad. Legally, *Bobo* just reiterates the Sixth Circuit's holdings in *Ercegovich* and *Wright* regarding the flexibility of the comparator analysis. This case is materially different than *Bobo* both factually and with respect to the employer's willingness and ability to engage in comparator discovery. In *Bobo*, a race discrimination and USERRA case, UPS successfully fought to keep comparator discovery cabined to a single comparator who was essentially identical to the plaintiff in every respect (including the fact that both admitted to misconduct, rather than denying it and being found guilty later) except for their protected classes. *Id.* at 747. Reversing, the Sixth Circuit emphasized the limited comparator discovery sought by the plaintiff (seven specific fellow supervisors who ultimately reported to the same management and committed the same or similar misconduct) and the fact that UPS' lone comparator had been terminated five months *after* the plaintiff was terminated, implying that UPS may have manufactured the comparator to mitigate liability. *Id.* at 751-53. Here, Defendant has offered 10 comparators, who were all terminated *before* Plaintiff, without regard for any commonalities with Plaintiff except that they were all disciplined by the HRC for premarital or extramarital sex.

6

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that, on March 8, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*