IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF COMPARATOR DISCOVERY**

COMES NOW Plaintiff Caitlin O'Connor pursuant the Court's February 24, 2021 Order regarding the discovery dispute conference held. (ECF 21). The Parties have attempted but been unable to resolve the dispute. Although Defendant did agree to provide additional information about employees who engage in extramarital sex, in addition to premarital sex, no additional information has been provided. To date Plaintiff has received only a one-page list of eight (8) other employees who were known to have engaged in premarital sex, but it is unclear if they were terminated or asked to resign for that reason. No supporting documentation from Defendant's Human Resource Committee ("HRC), no emails, or personnel files or severance agreements have been provided regarding these eight additional employees; nor have any HRC emails been provided concerning Plaintiff. Additionally, Defendant has not provided a privilege log to support any contention that documents or information is being withheld on that basis. In support of her position, Plaintiff submits the following:

**Background**

The primary issue concerns discovery of comparator information in this employment discrimination and retaliation case premised on violations of Title VII, THRA and ADA (sex/pregnancy, religion) and FMLA. In particular, Plaintiff was terminated for a violation of Defendant's "Righteous Living" Core Value, specifically that she engaged in premarital sex when she informed Defendant she was pregnant, but not married. Defendant unabashedly admits her pregnancy out of wedlock was the reason for her termination due to a violation of its Core Values.

The discovery at issue concerns Plaintiff's Interrogatories 3, 7, 11 and Request for Production 1, 11, 12, 16, 17 (Defendant's 11/13/20 responses attached, **Ex. 1**). Defendant has unilaterally limited its responses and production to other employees who engaged in premarital sex and were terminated. Plaintiff contends that any employee who has been disciplined or terminated for a violation of any Core Value, particularly, the Righteous Living value (going back to at least January 1, 2018) is relevant and discoverable. (*See* Core Values, **Ex. 2**). This discovery also includes a request for the personnel file of an employee named Chris Hogan who was known to have engaged in actions seemingly in violation of Lampo's Core Values and which are of similar seriousness.

Defendant's attorneys acknowledged during the discovery conference that there are "team" emails to the HRC team and that in an initial search there was at least one employee who was brought before the HRC for pornography.[1] Moreover, the Defendant's attorney also stated that HRC decisions are based on conduct, but not necessarily a specific core value like "righteous living." (3/3/21-3/6/21 Collins/Sanders email thread, **Ex. 3**). Thus, absent specific designation of a particular value being violated, any violation of the Core Values should be discoverable and not limited by Defendant to a particular value or terminology since there is no indication conduct is

---

[1] During the discovery conference, Defendant's counsel also complimented Defendant's IT Department. Thus, there has been no argument made with respect to proportionality or access.

2

Case 3:20-cv-00628   Document 24   Filed 03/08/21   Page 2 of 7 PageID #: 187

always identified in such a manner. Further, Defendant's attorneys also stated that Hogan was not brought before the HRC, despite Plaintiff's contention that it is well known Hogan engaged in conduct which a jury could find was of comparable seriousness. As such, even if an employee has not been brought before the HRC, there appear to be known instances that a jury could find was of comparable seriousness. Finally, Plaintiff has recently been informed that Defendant is refusing to provide severance agreements offered to the 8 employees who it has identified on the basis that information is "privileged or part of a confidential settlement agreement" and that even if Plaintiff explains why she wants it, it can only be produced "for attorney's eyes only." (3/3/21-3/6/21 Collins/Sanders email thread, **Ex. 3**).

**Analysis that Supports Plaintiff is Entitled to the Comparator Information Sought**

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

An employee may establish a prima facie case of discrimination by demonstrating "she received different treatment than a similarly situated non-protected employee." *Oliver v. St. Luke's Dialysis LLC*, 491 F. App'x 586, 587 (6th Cir. 2012); *see also, Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347-48 (6th Cir. 2012) (identifying that the fourth prong can be satisfied by showing that "[the employee] received different treatment than a similarly situated non-protected employee."). A plaintiff must only show that a comparable employee is similar "in all of the *relevant* aspects" to demonstrate whether they are similarly situated. *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008). A plaintiff is not required to demonstrate an

3

exact correlation. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). The courts look "at those factors relevant to the factual context" in order to determine whether an employee is similarly situated. *Jackson v. FedEx Corp. Servs., Inc.*, 518 F.3d 388, 396 (6th Cir. 2008). This includes examining whether a plaintiff's proposed comparators engaged in acts of comparable seriousness. *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012) (**Ex. 4**).

Central the current dispute is the Sixth Circuit's consistent adherence to the holding that comparators are employees who have engaged in acts of comparable seriousness. *Bobo*, 665 F.3d at 751 (6th Cir. 2012). Importantly, an employer may not unilaterally determine who is similarly situated in an employment discrimination action. *Jones v. Johnson*, 801 Fed. Appx. 338, 348 (6th Cir. 2020) (**Ex. 5**) (citing *Bobo*, 665 F. 3d at 749 "the district court improperly restricted the scope of discovery when it allowed UPS to determine unilaterally that the only Caucasian, non-military supervisor who was similarly situated to Bobo was Ronnie Wallace," and that the district court "unduly delayed its ruling on Bobo's discovery motions until after the court had already granted summary judgment for UPS. The discovery errors alone convince us that the summary judgment in favor of UPS cannot stand."). Along this same vein, the Sixth Circuit has repeatedly emphasized that "we have not required all the factual circumstances to be identical before we considered an [outside the protected class] employee to be 'similarly situated.'" *Howley v. Fed. Express Corp.*, 682 Fed. Appx. 439, 444 (6th Cir. 2017) (**Ex. 6**). Further, whether comparators are similarly situated is a jury question. *Bobo,* 665 F. 3d at 757 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

Defendant seeks to engage in the exact same unilateral determinations on discovery that the Sixth Circuit admonished in *Bobo*. *Bobo*, 665 F. 3d at 749. Bobo was a UPS supervisor, that

filed claims of race discrimination under Title VII and § 1981, and under the Uniformed Services Employment and Reemployment Rights Act (USERRA). *Id.* at 744. In response to written discovery requests, UPS identified one comparator, whom UPS considered to be similarly situated to Bobo. *Id.* at 749. UPS only provided discovery about the comparator it identified, Wallace, and refused to provide discovery about other potential comparators who engaged in acts of comparable seriousness, claiming that the discovery was not relevant. *Id.* The magistrate judge subsequently denied Bobo's discovery motions, concluding that UPS had complied with discovery requests when it provided information about Wallace. *Id*. In reversing, the Sixth Circuit stated:

> The discovery order effectively blocked Bobo from obtaining relevant and potentially admissible evidence on a critical element of his case—evidence necessary to convince a jury that there were supervisors besides Wallace who were similarly situated to Bobo in all relevant respects and yet received better treatment than Bobo because they did not take time off for military service or were of a different race.

*Id.* at 752.

Here, after many months on February 9, 2021, in response to Plaintiff's discovery issued on September 30, 2020, Defendant finally provided a list of 8 people who it unilaterally determined were the only comparators. Specifically, other employees terminated for engaging in premarital sex. Further, no supporting information has been provided because Defendant contends it may be privileged or confidential.[2] Nonetheless, Defendant has refused to provide any other information about other potential comparators who engaged in acts of comparable seriousness and who were not terminated, which is, in part, what Plaintiff seeks here. This information is relevant given the

---

[2] The Parties agreed to a Confidentiality Order already. (ECF 14, 15). Thus, any claim of "confidentiality" should not prohibit discovery. Moreover, restricting Plaintiff's attorney from discussing or showing Plaintiff documents in her own case merely because Defendant silenced other employees is specious at best, but the Confidentiality Order in place should alleviate these concerns.

5

broad scope of discovery. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (the scope of discovery under Rule 26 is "traditionally quite broad.").

More to the point, because Defendant is premising Plaintiff's termination on a "Core Value" in particular, its subjective interpretation of what is and is not "righteous living" other examples of conduct which a jury may find of comparable seriousness is relevant and discoverable. For example, in the discovery conference with the Magistrate Judge, an issue of an employee who was known to view pornography was discussed, and another example given could be that an employee who was known to have engaged in spousal abuse could likewise be of comparable seriousness. Given the breadth of the intrusion Defendant expects to have in its employees' personal lives, it is plausible there are more examples of conduct which a jury could find is of comparable seriousness, but which do not involve pregnancy or religious/faith views. However, at this point there is simply no way to know because of the unilateral constraints Defendant has placed on discovery.

WHEREFORE, Plaintiff respectfully requests that the Court require Defendant to provide responsive discovery concerning not only all HRC emails and documents regarding Plaintiff, but also documents, HRC emails and documents and severance agreements of other employees brought before the HRC or known by Defendant to have engaged in core value related conduct that arguably could be of comparable seriousness, irrespective of whether the conduct was punished.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC

7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 8th day of March 2021 to counsel of record:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

/s/ Heather Moore Collins
*Attorney for Plaintiff*