# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CAITLIN O'CONNOR,                           )
                                            )  Case No. 3:20-cv-00628
    Plaintiff,                          )
                                            )  District Judge Richardson
v.                                          )
                                            )  Magistrate Judge Frensley
THE LAMPO GROUP, LLC,                       )
                                            )  Jury Demand
    Defendant.                          )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, submits the following answers to Plaintiff's First Set of Interrogatories.

1. Identify the positions Plaintiff held prior to her termination.

    **ANSWER: Administrative Assistant.**

2. Identify who replaced Plaintiff in the full-time position that she had been working in prior to her termination. In doing so, state the employee(s)' name, length of employment, and pay rate.

    **ANSWER: Plaintiff has not been replaced.**

3. Detail any and all communications or discussions you had with and regarding Plaintiff and Plaintiff's medical leave or pregnancy related leave while employed by you.

    **ANSWER: Defendant objects to this Interrogatory because it is vague and to the extent that it requests information regarding communications or discussions that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff did not request or take medical leave or pregnancy leave during her employment with Defendant and, therefore, Defendant did not have any communications or discussions about it.**

4. Explain your maternity, medical and/or FMLA and/or request for leave policy from January 1, 2018 to present, identify all documents that support or relate to your response, and identify who administered these policies during the relevant time frame and provide their contact information.

**<u>ANSWER</u>: Defendant objects to this Interrogatory because it is compound, vague, seeks information that is neither relevant nor proportional to the needs of this case, and to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Defendant provides up to 12 weeks of paid maternity leave, which is paid at employees' regular, base rate of pay plus any profit sharing for which they are eligible. Thereafter, employees may take up to an additional four weeks of maternity leave, which is unpaid except for any profit sharing for which they are eligible. Defendant's maternity leave benefit is administered by Human Resources.**

5. Explain your ADA policy from January 1, 2018 to present, identify all documents that support or relate to your response, and identify who administered these policies during the relevant time frame and provide their contact information.

**<u>ANSWER</u>: Defendant objects to this Interrogatory because it is compound, vague, seeks information that is neither relevant nor proportional to the needs of this case,**

and to the extent that it seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.

Subject to and without waiving the foregoing objections, Defendant does not have an ADA policy beyond a commitment to comply with the applicable provisions of the ADA. Requests for disability accommodations under the ADA are administered by Human Resources.

6. Explain in detail your "Core Values" policy, in particular, what the "Righteous Living" policy encompasses, from January 1, 2018 to present, identify all documents that support or relate to your response, identify who administered these policies during the relevant time frame, identify who determined the discipline for each alleged violation, and provide their contact information.

**ANSWER: Defendant objects to this Interrogatory because it is compound. In response to each subpart of this Interrogatory:**

    a. Explain in detail your "Core Values" policy, in particular, what the "Righteous Living" policy encompasses, from January 1, 2018 to present

        **ANSWER: Defendant does not have a "Core Values policy." Defendant provides biblically based, common-sense education and empowerment that give hope to everyone in every walk of life. Defendant has adopted 14 distinct Core Values that describe how the company stays aligned with and furthers its mission.**

        **Likewise, Defendant does not have a "Righteous Living policy." Righteous Living is one of Defendant's 14 Core Values, which Defendant equates to strong character, integrity, and honesty. Defendant explains**

3

Righteous Living as "We believe that character matters. All the time." So, Defendant's employees are expected to demonstrate strong character all the time.

Defendant considers and treats premarital sex as inconsistent with Righteous Living.

b. Identify all documents that support or relate to your response

**ANSWER: Defendant objects to this subpart because it is vague, seeks information that is neither relevant nor proportional to the needs of this case, and seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. If Plaintiff will narrow or at least clarify the intent and scope of this subpart, Defendant will reconsider responding to it.**

c. Identify who administered these policies during the relevant time frame

**ANSWER: Defendant objects to this subpart because it is vague and seeks information that is neither relevant nor proportional to the needs of this case. This case does not implicate any of Defendant's Core Values except Righteous Living and, even then, only as it relates to premarital sex.**

**Subject to and without waiving the foregoing objections, employment decisions involving Righteous Living are made by Defendant's HR Committee, which is currently comprised of Mark Floyd, Jack Galloway, Suzanne Simms, Jennifer Sievertsen, Armando Lopez, and Sarah Sloyan.**

4

d.  Identify who determined the discipline for each alleged violation

**ANSWER: Defendant objects to this subpart because it is vague and seeks information that is neither relevant nor proportional to the needs of this case. This case does not implicate any of Defendant's Core Values except Righteous Living and, even then, only as it relates to premarital sex.**

**Subject to and without waiving the foregoing objections, employment decisions involving Righteous Living are made by Defendant's HR Committee, which is currently comprised of Mark Floyd, Jack Galloway, Suzanne Sims, Jennifer Sievertsen, Armando Lopez, and Sarah Sloyan.**

e.  Provide their contact info

**ANSWER: Members of Defendant's HR Committee can be contacted through Defendant's attorneys.**

7.  Identify all employees who have been accused of violating Lampo's Core Values from January 1, 2018 to Plaintiff's termination.  In doing so, state the employee(s)' name, job title, length of employment, sex, pay rate, the violation, disciplinary action and, if applicable, reason for termination.

**ANSWER: Defendant objects to this Interrogatory because it seeks information that is neither relevant nor proportional to the needs of this case. Other employees' pay rates have no bearing on this case. Also, Defendant terminated Plaintiff's employment for engaging in premarital sex, so discovery in this case should be limited to employees who have engaged in premarital sex.**

**Subject to and without waiving the foregoing objections, upon entry of an**

5

**appropriate confidentiality order to protect employee privacy, Defendant will**
**provide the following information for each employee who engaged in premarital sex**
**between January 1, 2018 and June 25, 2020: name, job title, dates of employment,**
**and discipline imposed for engaging in premarital sex.**

8. Identify each and every employee who supervised Plaintiff at any time during her employment with you, in doing so, state their job title, when they supervised Plaintiff, whether such employee(s) is still employed by you, and if not, state their date of termination and their contact information.

   **ANSWER: Defendant objects to this Interrogatory because it seeks information that it neither relevant nor proportional to the needs of this case.**

   **Subject to and without waiving the foregoing objections, at all times relevant to this case, Plaintiff was supervised by Michael Finney. Mr. Finney is Defendant's Chief Digital Officer and can be contacted through Defendant's attorneys.**

9. Identify all employees who have taken maternity leave or medical leave from you from January 2017 to present. In doing so, state whether such employee(s) is still employed by you, and if not, state their date of termination/separation and the reason for their termination/separation. Also, identify who has knowledge of any such event, and all documents that relate or refer to your response.

   **ANSWER: Defendant objects to this Interrogatory because it is compound. In response to each subpart of this Interrogatory:**

   a. Identify all employees who have taken maternity leave or medical leave from you from January 2017 to present. In doing so, state whether such employee(s) is still employed by you, and if not, state their date of

6

termination/separation and the reason for their termination/separation.

**ANSWER: Defendant objects to this Interrogatory because it seeks information that is neither relevant nor proportional to the needs of this case. Defendant employs nearly 1,000 people, many of whom have taken medical or maternity leave under a myriad of circumstances that have no bearing on this case. Moreover, Plaintiff never actually requested maternity or medical leave.**

**Subject to and without waiving the foregoing objections, upon entry of an appropriate confidentiality order to protect employee privacy, Defendant will provide a roster of employees who took maternity leave between January 1, 2018 and June 25, 2020. That roster will provide the employees' names, dates of maternity leave, and (if applicable) termination dates and reasons.**

b.  Identify who has knowledge of any such event, and all documents that relate or refer to your response.

**ANSWER: Defendant objects to this subpart because it is vague, seeks information that is neither relevant nor proportional to the needs of this case, and seeks information that is protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. If Plaintiff will narrow or at least clarify the intent and scope of this subpart, Defendant will reconsider responding to it.**

10. Describe Lampo's basis that premarital sex is encompassed in its Core Value policy.

**ANSWER: Defendant does not have a "Core Values policy." Defendant provides**

7

biblically based, common-sense education and empowerment that give hope to everyone in every walk of life. Defendant has adopted 14 distinct Core Values that describe how the company stays aligned with and furthers its mission.

Righteous Living is one of Defendant's 14 Core Values, which Defendant equates to strong character, integrity, and honesty. Defendant explains Righteous Living as "We believe that character matters. All the time." So, Defendant's employees are expected to demonstrate strong character all the time.

Defendant considers and treats premarital sex as inconsistent with Righteous Living.

11. Identify persons who have been disciplined or asked to separate from the company as a result of violating Lampo's Core Values, in particular the Righteous Living Policy, this request specifically includes those who were not terminated and those who were terminated or asked to resign.

**ANSWER**: **Defendant objects to this Interrogatory because it seeks information that is neither relevant nor proportional to the needs of this case. Defendant terminated Plaintiff's employment for engaging in premarital sex, so discovery in this case should be limited to employees who have engaged in premarital sex.**

**Subject to and without waiving the foregoing objections, upon entry of an appropriate confidentiality order to protect employee privacy, Defendant will provide the roster referenced in Defendant's answer to Interrogatory No. 7.**

12. Identify any investigations or searches made into Plaintiff's relationship to determine the status of her living situation and/or whether Plaintiff engaged in pre-marital sex, prior to Plaintiff's disclosure of her pregnancy.

8

**ANSWER**: Defendant objects to this Interrogatory because it is vague.

Subject to and without waiving the foregoing objection, Defendant did not investigate or search into Plaintiff's relationship prior to deciding to terminate her employment on June 23, 2020. Instead, Defendant relied on Plaintiff's own admission.

13. Identify steps Lampo takes to determine whether an employee has violated its Core Values.

**ANSWER**: Defendant objects to this Interrogatory because it seeks information that is neither relevant nor proportional to the needs of this case. Defendant terminated Plaintiff's employment for engaging in premarital sex, so discovery in this case should be limited to employees who have engaged in premarital sex.

Subject to and without waiving the foregoing objections, Defendant does not have a standard procedure for determining whether an employee has engaged in premarital sex.

14. State the number of employees employed by Defendant.

**ANSWER: 934**

15. State every reason why Plaintiff was terminated, who made or was involved in the decision to terminate Plaintiff and when the decision was made.

**ANSWER**: Defendant terminated Plaintiff's employment for engaging in premarital sex. That decision was made on June 23, 2020 by the following members of Defendant's HR Committee: Mark Floyd, Jack Galloway, Suzanne Sims, Jennifer Sievertsen, and Armando Lopez.

9

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## **VERIFICATION**

I declare, on behalf of Defendant, The Lampo Group, LLC, and under penalty of perjury, that Defendant's Answers to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief.

Executed on November _13_, 2020.

_____
Signature

_Armando Lopez_
Printed Name

_13 Nov 2020_
Date

11

**<u>CERTIFICATE OF SERVICE</u>**

I certify that, on November 13, 2020, I caused a copy of the foregoing document to be

sent by e-mail to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*

12

CAITLIN O'CONNOR,              )
                                   ) Case No. 3:20-cv-00628
       Plaintiff,            )
                                   ) District Judge Richardson
v.                         )
                                   ) Magistrate Judge Frensley
THE LAMPO GROUP, LLC,     )
                                   ) Jury Demand
       Defendant.          )

### DEFENDANT'S RESPONSES TO PLAINTIFF'S
### FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and

pursuant to Rule 34 of the Federal Rules of Civil Procedure, responds to Plaintiff's First

Requests for Production of Documents.

1. Each and every document that is responsive to or supportive of Defendant's responses to

the Interrogatories.

**RESPONSE: Defendant objects to this Request because it is vague, seeks documents**

**that are neither relevant nor proportional to the needs of this case, and seeks**

**documents protected from disclosure by the attorney-client privilege and/or**

**attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Defendant will**

**produce any documents identified in its answers to Plaintiff's First Set of**

**Interrogatories.**

2. All emails sent or received by you about Plaintiff's FMLA, medical leave, maternity

leave, or ADA accommodations.

**RESPONSE: Defendant objects to this Request because it is vague and seeks**

**documents protected from disclosure by the attorney-client privilege and/or
attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff never
requested or received FMLA leave, medical leave, maternity leave, or an ADA
accommodation. Apart from Plaintiff's e-mail to Armando Lopez on June 18, 2020
(DEFENDANT 0031), Defendant does not have any non-privileged documents that
are responsive to this Request.**

3.  Plaintiff's personnel file, including her medical file, her employment records, documents
    that describe Plaintiff's job duties and responsibilities, documents that refer or relate to
    any jobs worked by Plaintiff, Plaintiff's payroll records, records of payment of any kind,
    benefits package, benefits package valuations or summaries, records of any sick, FMLA,
    vacation or other paid leave time, evaluations, communications and correspondence
    concerning her employment status, and all disciplinary records, including investigations
    into Plaintiff's alleged violations of Lampo's Core Values.

    **<u>RESPONSE</u>: Defendant objects to this Request because it is vague, seeks documents
    that are neither relevant nor proportional to the needs of this case, and seeks
    documents protected from disclosure by the attorney-client privilege and/or
    attorney work product doctrine.**

    **Subject to and without waiving the foregoing objections, Defendant will
    produce Plaintiff's personnel file, job description, payroll records, and benefits
    elections.**

4.  All documents described or listed in Defendant's Rule 26(a)(1) disclosures.

    **<u>RESPONSE</u>: Defendant does not possess any responsive documents.**

2

5. All documents that support or contradict the Defendant's defenses in this case.

   **RESPONSE: Defendant objects to this Request because it necessarily requires disclosure of information protected by the attorney-client privilege and/or attorney work product.**

         **Subject to and without waiving the foregoing objection, Defendant will produce any documents that it plans to introduce in support of its defense in this case.**

6. Copies of all personnel policies, employee manuals and/or forms used by Defendant that reference, pertain to or refer to sick leave and or FMLA leave from January 1, 2018 to present.

   **RESPONSE: Defendant objects to this Request because it is vague. Subject to and without waiving the foregoing objection, Defendant will produce copies of any personnel policies, employee manuals, and/or standard forms that applied to requests for FMLA leave by its employees in June 2020.**

7. A copy of your Core Values Policy, including any explanation of or training materials on the same.

   **RESPONSE: Defendant objects to this Request because it is vague and seeks documents that are neither relevant nor proportional to the needs of this case. Defendant does not have a Core Values Policy. Defendant has 14 distinct Core Values, one of which is Righteous Living. Defendant terminated Plaintiff's employment for engaging in premarital sex, which Defendant considers to be inconsistent with Righteous Living.**

         **Subject to and without waiving the foregoing objections, Defendant does not possess any training materials that specifically address premarital sex.**

3

8. All versions of personnel policies, employee manuals and/or forms that relate or refer to employee conduct, Lampo's Core Values, discipline, demotion or termination from January 1, 2018 to present.

**RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant terminated Plaintiff's employment for engaging in premarital sex and, prior to termination, Plaintiff had never been formally disciplined.**

**Subject to and without waiving the foregoing objections, Defendant will produce any forms that Defendant completed in connection with terminating Plaintiff's employment.**

9. All versions of your employee manuals, handbook or guide from January 1, 2018 to present.

**RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Defendant will produce any employee handbooks or equivalent documents that were in effect during Plaintiff's employment.**

4

10. All communications, correspondence, memoranda or records that refer or relate to Plaintiff's request for sick, medical or maternity leave, or ADA accommodation while employed by you.

**RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Plaintiff did not request sick leave, medical leave, maternity leave, or an ADA accommodation during the period of time that is relevant to this Request, June 18, 2020 to June 25, 2020, and so Defendant does not possess any non-privileged, responsive documents.**

11. All communications, correspondence, memoranda or records that refer or relate to Plaintiff's job performance or discipline while employed by you.

**RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

**Subject to and without waiving the foregoing objections, Defendant will produce any written performance evaluations or disciplinary actions issued to Plaintiff during her employment.**

5

12. All documents, communications, correspondence, memoranda or records that refer or relate to Plaintiff's alleged violations of Lampo's Core Values at any time while employed by you.

   **RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

   **Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents created from June 18, 2020 to June 25, 2020 that relate to Plaintiff engaging in premarital sex.**

13. All documents related to any investigation or search into Plaintiff's relationship to determine whether she violated Lampo's Core Values, either before or after her request for FMLA, ADA accommodation, and maternity leave information.

   **RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

   **Subject to and without waiving the foregoing objections, Defendant did not investigate or search into Plaintiff's relationship prior to deciding to terminate her employment on June 23, 2020 and, therefore, does not possess any responsive documents.**

6

14. Any and all tape recordings of meetings or phone calls you had with or that concern Plaintiff.

    **RESPONSE: Defendant does not possess any responsive documents.**

15. All documents that you submitted to or received from the Tennessee Department of Labor concerning or relating to Plaintiff.

    **RESPONSE: Defendant will produce any responsive documents.**

16. Documents relating to investigations or terminations of employees who allegedly violated Lampo's Core Value from 2018 to present.

    **RESPONSE: Defendant objects to this Request because it is vague, seeks documents that are neither relevant nor proportional to the needs of this case, and seeks documents that are protected from disclosure by the attorney-client privilege and/or attorney work product doctrine.**

    **This case does not implicate any of Defendant's Core Values except Righteous Living and, even then, only as it relates to premarital sex. Defendant terminated Plaintiff's employment for engaging in premarital sex, which Defendant considers to be inconsistent with Righteous Living. From January 1, 2018 to June 25, 2020, Defendant terminated the employment of every employee who engaged in premarital sex. So, this Request is overbroad.**

    **If Plaintiff will narrow or at least clarify the scope and intent of this Request, Defendant will reconsider responding to it.**

17. Chris Hogan's personnel file, including any documents or communications related to alleged violation of Lampo's Core Values.

    **RESPONSE: Defendant objects to this Request because it seeks documents that are**

**not relevant to this case, not proportional to the needs of this case, and protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Defendant does not believe that Chris Hogan has any bearing on this case.**

18. All documents that you submitted to or received from the EEOC concerning or relating to Plaintiff.

   **RESPONSE: Defendant will produce any responsive documents.**

19. Copies of all documents you receive in response to any third-party subpoenas.

   **RESPONSE: Defendant does not possess any responsive documents.**

20. All documents that reflect Plaintiff's job description(s) while employed by you.

   **RESPONSE: Defendant objects to this Request because it is vague. Subject to and without waiving the foregoing objection, Defendant will produce any job descriptions applicable to Plaintiff during her employment.**

21. Copy of your document and electronic data retention policy.

   **RESPONSE: Defendant does not possess any responsive documents.**

22. Plaintiff's check stubs (from payroll) from January 1, 2018 to present.

   **RESPONSE: Defendant objects to this Request because it is not proportional to the needs of this case.**

   **Subject to and without waiving the foregoing objection, Defendant will produce Plaintiff's payroll records.**

23. Payroll, benefits and retirement information that pertain to Plaintiff.

   **RESPONSE: Defendant objects to this Request because it is vague.**

   **Subject to and without waiving the foregoing objection, Defendant will produce Plaintiff's payroll records, benefits elections, and retirement information.**

8

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on November 13, 2020, I caused a copy of the foregoing document to be

sent by e-mail to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*

9