| From: | Leslie Sanders |
|---|---|
| To: | Heather Collins |
| Cc: | Daniel Crowell; Ashley Walter; Anne Hunter |
| Subject: | RE: Similarly Situated Comparators -- Ramsey/O"Connor |
| Date: | Saturday, March 6, 2021 8:40:08 AM |
| Attachments: | image001.png |

Heather – Here is an update on o/s discovery issues:

Supplemental Responses to Plaintiff's First Set of Interrogatories. We informed you that Plaintiff was not replaced. You were under the impression that someone had to be performing her duties. I have confirmed that after Plaintiff's employment with Defendant ended, her duties were either eliminated or absorbed by the following existing employees: Katie Myers, Ariel Davidson, Shelby Davis, Sarah Manley, and Jordan Stribling. I do not have any additional information to supplement Interrogatory 10 at this time but will provide as it becomes available.

Documents Related to Plaintiff's Termination. We have conducted the search we agreed to do. The issue is that nearly all of the documents appear to be privileged. We intend to go through each and every document with counsel before labeling all of the documents as privileged to ensure our assessment is accurate. Our intent is to finish this review next week.

Documents Related to Comparators. We have conducted a search of documents related to the termination decisions of the 8 similarly situated employees who engaged in premarital sex. To conduct the search, we determined each member of the HRC during the 2-week period leading up to the termination decision for each employee. We also determined the supervisor for each employee during the relevant time. The search included these custodians and the similarly situated employee in question. Some of the documents cannot be opened and we are working with the IT department to access these. Once we have reviewed these, we will produce the non-privileged documents related to the termination decisions/investigations/disciplinary actions for each. As I mentioned in my earlier correspondence, the phrase "righteous living" appeared in only 3 of the 8 comparator's document sample so this search term is not helpful. To clarify your email dated March 3, 2021, I did not agree to provide documents re: severance for each of the comparators but I agreed to determine if such information exists. As I anticipated (and expressed in our call), the majority of that information is privileged or part of a confidential settlement agreement. Please explain what you want and your basis for it. If we agree to produce it, we will produce for attorneys' eyes only so that your client will not have access to it or disclose it publicly.

Plaintiff's Discovery Deficiencies. I sent you a letter on February 9, 2021 describing Plaintiff's deficiencies in her discovery responses and asking for clarification. You have not yet responded. Please respond by March 10.

Leslie Goff Sanders
Webb Sanders PLLC
City Space │611 Commerce Street │Suite 3102 │Nashville, TN 37203
Office: 615.915.3300 │Direct: 615.241.9839 │Cell: 270.776.1721
lsanders@webbsanderslaw.com



*This message may contain information protected by the attorney-client privilege. If you are not the intended recipient, please reply to the sender immediately. This is not intended for the purpose of providing tax advice.*

---

**From:** Heather Collins <heather@collinshunter.com>
**Sent:** Wednesday, March 3, 2021 12:07 PM
**To:** Leslie Sanders <lsanders@webbsanderslaw.com>
**Cc:** Daniel Crowell <dcrowell@webbsanderslaw.com>; Ashley Walter <ashley@collinshunter.com>; Anne Hunter <anne@collinshunter.com>
**Subject:** RE: Similarly Situated Comparators -- Ramsey/O'Connor

Leslie,

Thanks. This is still insufficient for the reasons previously provided. In particular, that conduct need not be the exact same, per *Bobo*. As we have reiterated the scope of discovery is broad, and whether evidence is ultimately relevant at trial is not the standard. Moreover, a comparator is not just employees who engaged in the exact same conduct or similar conduct and were terminated; but also those who committed the same or similarly serious conduct and who were not terminated. So, I just don't think we are there yet and will need to move forward with the briefing. However, we do need the supplemental discovery you identified as well, in addition to the information we had previously discussed and outlined in my 2/24 email (see below).

Finally, when we initially spoke on 2/9 regarding discovery issues my notes reflect that you would supplement and provide additional information regarding the following, most by the "end of next week" which would have been 2/19:

- Interrogatory 2- information to be provided "tomorrow or Thursday" (per my notes) I do not believe we have received anything yet.
- Interrogatory 3- in your 2/2/21 letter you agreed to conduct a search of emails with the attached search terms, nothing has been provided yet
- Interrogatory 10- additional clarifying information would be provided, or that you would do a search that explains why or the basis for this policy
- RFP 12
- You would provide the pertinent emails, severance agreements, discipline and specific information about the persons listed on DEFENDANT 0078
- Clarify the HRC members since 1/1/2018 to present

---

**From:** Leslie Sanders <lsanders@webbsanderslaw.com>
**Sent:** Wednesday, March 3, 2021 11:02 AM

**To:** Heather Collins <heather@collinshunter.com>
**Cc:** Daniel Crowell <dcrowell@webbsanderslaw.com>
**Subject:** Similarly Situated Comparators -- Ramsey/O'Connor

Heather – I have confirmed with Ramsey Solutions that the Human Resource Committee (HRC) does not classify terminations by Core Value. In fact, I searched "Righteous Living" in the documents that I have gathered on the 8 pre-marital sex comparators and the phrase appeared only in 3 of the 8. Termination decisions by the HRC are prompted and made based on conduct. Based on your claim in the complaint, that Ramsey's ban on premarital sex discriminated against Ms. O'Connor based on sex/pregnancy because her male counterparts could not get pregnant, it is arguable that employees who engage in extramarital sex could be similarly situated. Thus, in addition to the information that I have provided you re: other employees who engaged in premarital sex, I am willing to provide you the HRC decisions related to employees who engaged in extramarital sex for purposes of discovery. Of course, Defendant reserves the right to object to the admission of the extramarital sex at trial. Note that the HRC did not make any decisions with respect to Chris Hogan.

In summary, this is what we are willing to provide or have already provided with respect to the interrogatories/RFPD related to the comparators:

1. A list of employees that came before the HRC in the past 5 years who engaged in premarital sex and the decision made by the HRC with respect to each one
    - As you know from the interrogatory responses, there are 8 of these (in addition to Plaintiff) – 5 males and 3 females
2. A list of employees that came before the HRC in the past 5 years who engaged in extramarital sex and the decision made by the HRC with respect to each one
    - We will supplement our interrogatory response to include that there are 2 of these –1 male and 1 female
3. Documents related to the decisions of the individuals identified in No. 1 and 2. You referenced in an e-mail that we could simply search under the HRC group e-mail. We have already done that for the 8 premarital sex comparators and will do the same for the extramarital comparators.

If you are not satisfied with this, then we will submit a brief in defense of our position to the court on Monday.

Leslie Goff Sanders
Webb Sanders PLLC
City Space │611 Commerce Street │Suite 3102 │Nashville, TN  37203
Office: 615.915.3300 │Direct: 615.241.9839 │Cell: 270.776.1721
lsanders@webbsanderslaw.com




*This message may contain information protected by the attorney-client privilege. If you are not the*

*intended recipient, please reply to the sender immediately. This is not intended for the purpose of providing tax advice.*

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.