

# Howley v. Fed. Express Corp.

United States Court of Appeals for the Sixth Circuit

March 15, 2017, Filed

File Name: 17a0162n.06

No. 16-1559

**Reporter**
682 Fed. Appx. 439 *; 2017 U.S. App. LEXIS 4760 **; 129 Fair Empl. Prac. Cas. (BNA) 1880; 2017 WL 1019063

GERARD HOWLEY, Plaintiff-Appellant, v. FEDERAL EXPRESS CORPORATION, Defendant-Appellee.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Prior History: [**1]** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN.

Howley v. Fed. Express Corp., 173 F. Supp. 3d 531, 2016 U.S. Dist. LEXIS 40898 ( E.D. Mich., 2016)

## Case Summary

**Overview**
HOLDINGS: [1]-The district court erred in granting summary judgment to an employer in an age discrimination claim under the Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., as the employee provided sufficient evidence of direct discrimination on the basis of his age and he satisfied the McDonnell Douglas test; [2]-The employee raised a genuine issue of material fact based on multiple statements with a discriminatory animus that were made in temporal proximity and tied to the decisions to discipline and terminate him, and suspicious circumstances surrounded his termination that give rise to a negative inference of age discrimination; [3]-Moreover, he raised an inference of age discrimination by being terminated in circumstances that similarly situated employees were not, and the employer's articulated reasons did not actually indicate its motivation for terminating him.

**Outcome**
Decision reversed; matter remanded for further

proceedings.

# LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > Appeals > Summary Judgment Review > Standards of Review

**HN1[ ] Standards of Review, De Novo Review**

An appellate court reviews de novo a district court's decision to grant a motion for summary judgment.

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Appropriateness

Civil Procedure > ... > Summary Judgment > Entitlement as Matter of Law > Genuine Disputes

Civil Procedure > ... > Summary Judgment > Burdens of Proof > Movant Persuasion & Proof

**HN2[ ] Entitlement as Matter of Law, Appropriateness**

Summary judgment is appropriate when the moving party can show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A court views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. The central issue is whether the evidence presents a material factual dispute sufficient to require submission of a plaintiff's claims to a jury or whether the evidence is so lacking in plaintiff's favor as to entitle a defendant to prevail as a matter of law.

Labor & Employment Law > Discrimination > Actionable Discrimination

**HN3[ ] Discrimination, Actionable Discrimination**

Under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., an employer shall not fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, race, color, national origin, age, sex, height, weight, or marital status. Mich. Comp. Laws § 37.2202(1)(a).

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

Labor & Employment Law > ... > Disparate Treatment > Evidence > Circumstantial & Direct Evidence

**HN4[ ] Evidence, Burdens of Proof**

A plaintiff may prove discrimination through either direct evidence of bias, or otherwise, when no direct evidence of impermissible bias can be located, by satisfying the framework set forth in the Supreme Court case of McDonnell Douglas.

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

Labor & Employment Law > ... > Disparate Treatment > Evidence > Circumstantial & Direct Evidence

**HN5[ ] Evidence, Burdens of Proof**

Under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., a plaintiff may produce direct evidence of unlawful bias, and thus prove unlawful discrimination in the same manner as a plaintiff in any other civil rights case. In its interpretation of the Elliot-Larson Civil Rights Act, the Michigan Supreme Court has endorsed the Sixth Circuit's definition of "direct" evidence in the analogous federal Civil Rights Act and appropriated the analysis accordingly. "Direct evidence" has been defined as evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

Labor & Employment Law > ... > Disparate Treatment > Evidence > Circumstantial & Direct Evidence

Labor & Employment Law > ... > Age Discrimination > Evidence > Direct Evidence

HN6[ ] Evidence, Burdens of Proof

There is some ambiguity over the standard that the Michigan courts use to evaluate direct evidence of age-related bias claims. Prior to the Supreme Court's decision in Gross, direct evidence was defined by the Sixth Circuit as that evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions. In Gross, however, the Supreme Court specifically held that the inquiry is whether the plaintiff has proven by a preponderance of the evidence that age was the "but-for" cause of the challenged employer decision. Subsequently, it has been held that direct evidence of bias is evidence that, if believed, requires the conclusion that age was the "but for" cause of the employment decision. Although the Michigan courts purport to follow the federal standard under the Age Discrimination in Employment Act, they have not explicitly endorsed the post-Gross standard.

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

Labor & Employment Law > ... > Disparate Treatment > Evidence > Circumstantial & Direct Evidence

HN7[ ] Evidence, Burdens of Proof

Courts generally recognize that statements about the impending retirement of employees are not, by themselves, sufficient to constitute direct evidence of discrimination. Courts similarly recognize that statements by decision makers unrelated to the decisional process itself cannot suffice to satisfy the plaintiff's burden of demonstrating animus.

Labor & Employment Law > ... > Evidence > Burdens of Proof > Burden Shifting

Labor & Employment Law > ... > Disparate Treatment > Evidence > Circumstantial & Direct Evidence

HN8[ ] Burdens of Proof, Burden Shifting

Under the framework established in McDonnell Douglas, if a plaintiff cannot prove discriminatory intent by direct evidence, he may do so by making out a prima facie case of age discrimination through indirect or circumstantial evidence. Once a prima facie case has been made, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. If a defendant comes forward with appropriate reasons for termination, the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation' as pretextual.

Labor & Employment Law > ... > Age Discrimination > Evidence > Burdens of Proof

Labor & Employment Law > ... > Disparate Treatment > Evidence > Burdens of Proof

## HN9[⬇] Evidence, Burdens of Proof

To establish a prima facie case of discrimination under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq., a plaintiff must prove four things: (1) he belonged to a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position; and (4) the adverse employment action occurred under circumstances giving rise to an inference of unlawful discrimination. The standard used to establish a prima face case under the Elliot-Larson Civil Rights Act is the same as the standard used by the Sixth Circuit in cases involving the Age Discrimination in Employment Act. A plaintiff can satisfy the fourth prong of the prima facie test by showing that he was treated differently from similarly situated employees outside the protected class.

Labor & Employment Law > ... > Age Discrimination > Evidence > Burdens of Proof

Labor & Employment Law > ... > Age Discrimination > Evidence > Circumstantial Evidence

## HN10[⬇] Evidence, Burdens of Proof

To satisfy the fourth prong of showing circumstantial evidence of age discrimination, one way an employee can make out a prima facie case is by showing that she was replaced by someone outside the protected class. However, another avenue available to the employee is to show that she received different treatment than a similarly situated non-protected employee. To satisfy the similarly situated requirement, a plaintiff must demonstrate that the comparable employee is similar in all of the relevant aspects. This does not mean that the plaintiff must demonstrate an exact correlation. Courts look at those factors relevant to the factual context in order to determine whether an employee is similarly situated. This includes examining whether a plaintiff's proposed comparators engaged in acts of comparable seriousness. But courts have not required all the factual circumstances to be identical before they considered a younger employee to be "similarly situated."

Labor & Employment Law > ... > Evidence > Burdens of Proof > Burden Shifting

Labor & Employment Law > Discrimination > Disparate Treatment > Defenses

## HN11[⬇] Burdens of Proof, Burden Shifting

A legitimate, non-discriminatory reason by an employer is one which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action. Violations of company policies, poor managerial skills, or leadership failures are legitimate, non-discriminatory reasons for disciplining or discharging an employee.

Labor & Employment Law > ... > Evidence > Burdens of Proof > Burden Shifting

## HN12[⬇] Burdens of Proof, Burden Shifting

Once the employer meets its burden under step two of McDonnell Douglas, the employee must demonstrate that the articulated reason is mere pretext for discrimination. To do so, the employee must produce sufficient evidence from which the jury may reasonably reject the employer's explanation. This requires demonstrating that the employer's given reason for its conduct had no

basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct.

**Counsel:** For GERARD HOWLEY, Plaintiff - Appellant: William J. McHenry, Law Offices, Farmington Hills, MI.

For FEDERAL EXPRESS CORPORATION, Defendant For GERARD HOWLEY, Plaintiff - Appellant: William J. McHenry, Law Offices, Farmington Hills, MI. Appellee: Ellen Elizabeth Hoeppner, Clark Hill, Detroit, MI; Patrick Daniel Riederer, FedEx Corporation, Memphis, TN.

**Judges:** BEFORE: MERRITT, CLAY, and DONALD, Circuit Judges.

**Opinion by:** CLAY

# Opinion

 [*440] **BEFORE: MERRITT, CLAY, and DONALD, Circuit Judges**.

**CLAY, Circuit Judge**. Plaintiff Gerard Howley sued Defendant Federal Express Corporation ("FedEx") pursuant to Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.*, alleging that Howley was the victim of unlawful age discrimination. The district court granted summary judgment on behalf of FedEx and Howley now appeals. For the reasons set forth below, we **REVERSE** the district court's decision and remand for proceedings consistent with this opinion.

## BACKGROUND

### I. Factual background

The Federal Express Corporation ("FedEx") is an express transportation and package delivery company based in Memphis, Tennessee. It maintains an Acceptable Conduct Policy, which [**2] is outlined in an employee handbook. The policy states, in pertinent part, that the receipt of three letters of deficiency within a twelve month period may result in termination. Additionally, the handbook outlines policies and procedures, violations of which serve as potential grounds for disciplinary actions—including "leadership failure" and the use of abusive language.

Howley was employed at FedEx for twenty-one years, beginning in 1992 until his termination on November 13, 2013. At the time of his termination, FedEx employed Howley as a Dispatch Manager at its Great Lakes District Office in Novi, Michigan. Howley's responsibilities included supervising FedEx's dispatchers and performing various administrative and managerial tasks. From 2010 until his termination, Senior Manager of Dispatch Operations, Jaime Haboush was Howley's supervisor. Following Howley's termination, Haboush selected James Person, age 57, to replace Howley.

FedEx terminated Howley's employment after he received three disciplinary letters in a twelve month period. Prior to receipt of the disciplinary letters, Haboush counseled Howley on several occasions relating to his conduct and performance. In March 2013, [**3] Haboush formally disciplined Howley with a warning letter—his first offense. The discipline arose because an employee, Debra Wagner, complained to Haboush that Howley used inappropriate language towards her, including telling her that she was "pissing him off." Haboush decided to discipline Howley for his abusive language towards a subordinate because it

contravened FedEx's Acceptable Conduct Policy.

Howley received a second disciplinary warning in October 2013 for his failure to respond to a subordinate employee's e-mail regarding her request for time off pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601, *et seq.* FedEx employee Karen Robert sent Howley an e-mail informing him that she needed to take time off in order to accompany her father to an FMLA-approved medical appointment. When Howley failed to respond, Robert independently sought cover for her shift from a co-worker. Other dispatchers complained to Haboush about the [*441] coverage. Upon examining the matter, Haboush decided to issue Howley a performance reminder to reaffirm his responsibilities as a supervisor.

The third disciplinary letter was issued to Howley on November 13, 2013 for leadership failure, and resulted in his termination. [**4] On November 1, 2013, one of Howley's subordinates, Jo Thomas, was speaking to an upset customer who demanded to see a manager about a missing package. When Thomas could not reach the local manager, she asked Howley to speak with the customer. Howley refused. Thomas complained to Haboush, who investigated the matter and made the decision to issue a warning letter for leadership failure. Because this was Howley's third formal letter of deficiency within a year, Haboush terminated Howley's employment in accordance with the company's Acceptable Conduct Policy. Howley appealed his termination, and it was independently reviewed by various senior personnel in the company, all of whom upheld Haboush's decision.

## II. Procedural History

Howley filed a complaint in the United States District Court for the Eastern District of Michigan under Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101, *et seq.*, alleging unlawful age discrimination. The district court exercised jurisdiction on the basis of diversity. At the close of discovery, FedEx moved for summary judgment. Howley then requested additional time to depose witnesses, which the district court granted, and allowed both parties to file supplemental briefs. On [**5] December 10, 2015, the district court heard oral arguments on both parties' summary judgment motions, and on March 29, 2016, issued its opinion granting FedEx's motion. Howley filed a timely notice of appeal.

## DISCUSSION

## I. Standard of Review

*HN1*[ ] This Court reviews *de novo* a district court's decision to grant a motion for summary judgment. *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 535-36 (6th Cir. 2014). *HN2*[ ] Summary judgment is appropriate when the moving party can "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The central issue is whether the evidence presents a material factual dispute sufficient to require submission of a plaintiff's claims to a jury or whether the evidence is so lacking in plaintiff's favor as to entitle a defendant to prevail as a matter of law. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 648 (6th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

## II. Analysis

*HN3*[ ] Under the Elliot-Larson Civil Rights Act, an employer shall not:

Fail or refuse to hire or recruit, discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of religion, **[\*\*6]** race, color, national origin, *age*, sex, height, weight, or marital status.

M.C.L. § 37.2202(1)(a) (emphasis added). *HN4*[⬆] A plaintiff may prove discrimination through either direct evidence of bias, or otherwise, when no direct evidence of impermissible **[\*442]** bias can be located, by satisfying the framework set forth in the Supreme Court case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See Hazle v. Ford Motor Co.*, 464 Mich. 456, 628 N.W.2d 515, 520 (2001). Howley argues that the district court erred in granting summary judgment to FedEx because he put forward sufficient evidence of direct discrimination on the basis of age and because he satisfied the *McDonnell Douglas* test. We agree, finding Howley has provided sufficient evidence of discrimination to defeat a motion for summary judgment.

### A. Direct evidence

*HN5*[⬆] Under the Elliot-Larson Civil Rights Act, a plaintiff may produce direct evidence of unlawful bias, and thus prove unlawful discrimination in the same manner as a plaintiff in any other civil rights case. *See, e.g., DeBrow v. Century 21 Great Lakes, Inc.*, 463 Mich. 534, 620 N.W.2d 836 (2001); *Matras v. Amoco Oil Co.*, 424 Mich. 675, 385 N.W.2d 586 (1986). In its interpretation of the Elliot-Larson Civil Rights Act, the Michigan Supreme Court has endorsed the Sixth Circuit's definition of "direct" evidence in the analogous federal Civil Rights Act and appropriated the analysis accordingly. *See Hazle*, 628 N.W.2d at 520; *see also Sniecinski v. Blue Cross & Blue Shield*, 469 Mich. 124, 666 N.W.2d 186, 192 (2003) ("[this Court] ha[s] previously cited with approval the **[\*\*7]** United States Court of Appeals for the Sixth Circuit's definition of 'direct evidence' as 'evidence which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'").

Howley contends that he submitted evidence of "multiple statements that are direct evidence of age-based discriminatory animus, and that those statements were made in temporal proximity to, and tied to the decision to, both discipline and terminate [Howley]." Specifically, Howley points to the following three remarks from deposition testimony as direct evidence of discrimination: (1) Haboush inquired about how much money Howley made and expressed surprise at the length of his employment with FedEx; (2) Haboush asked employees in the work group about their retirement plans and "why they were still working"; and (3) Haboush expressed concern that employees were "being old and not keeping up with technology, the fact that they were . . . still around and should have retired." (Appellant Br. at pg. 16). According to Howley's deposition, Haboush made these comments throughout Haboush's tenure as a manager. Howley believes that these three statements are sufficient **[\*\*8]** to show direct evidence of discriminatory animus.[1] While under some circumstances, this Court might be disinclined to find that these statements, by themselves, are sufficient to constitute direct evidence of age-related bias, under the circumstances presented in the instant case, we believe that an inference can be drawn that Howley was terminated based on his age.

As a threshold matter, *HN6*[⬆] there is some ambiguity over the standard that the Michigan courts use to evaluate direct evidence of age-related

---

[1] FedEx contends that Howley forfeited his argument regarding the existence of direct evidence of age discrimination on appeal by failing to present the issue before the district court. Having reviewed the briefing before the district court, we do not agree. While Howley did not explicitly state that his argument was one of direct evidence of discrimination, he properly raised the factual circumstances giving rise to a direct evidence claim; accordingly, we find that he did not waive his argument.

bias claims. Prior to **[\*443]** the Supreme Court's decision in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009), this Court defined direct evidence as that evidence "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc). In *Gross*, however, the Supreme Court specifically held that the inquiry is whether the plaintiff has proven "by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision." *Geiger v. Tower Auto.*, 579 F.3d 614, 621 (6th Cir. 2009) (explaining the Supreme Court decision in *Gross*). Subsequently, this Court has held that direct evidence of bias is evidence that, if believed, "requires the conclusion that age was the 'but for' cause of the employment **[\*\*9]** decision." *Scheick v. Tecumseh Pub. Sch.*, 766 F.3d 523, 530 (6th Cir. 2014). Although the Michigan courts purport to follow the federal standard under the Age Discrimination in Employment Act ("ADEA"), they have not explicitly endorsed the post-*Gross* standard.[2]

Under normal circumstances, the alleged remarks made by Haboush might be viewed as simply too attenuated from the termination process to constitute direct evidence of discrimination. And **HN7**[ ] we generally recognize that statements about the impending retirement of employees are not, by themselves, sufficient to constitute direct evidence of discrimination. *See Lefevers v. GAF Fiberglass Corp.*, 667 F.3d 721, 724 (6th Cir. 2012). We similarly recognize that "statements by decision makers unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden of demonstrating animus." *Geiger*, 579 F.3d at 621. However, in this case, it is not just the statements themselves that suggest a discriminatory intent on the part of FedEx.

Most significantly, there are the suspicious circumstances surrounding Howley's termination that give rise to a negative inference of age discrimination. FedEx contends that it had legitimate reasons for issuing a warning to Howley on all three occasions for which he was disciplined. However, this Court is struck by the relatively minor nature **[\*\*10]** of Howley's offenses and wonders whether any of them merited termination. In the first instant, Howley allegedly directed the term "pissed off" at a subordinate. As an initial matter, Howley disputes this account, asserting that although he used the phrase in question, he never directed the language at his subordinate. This already suggests a disputed issue of material fact. But more importantly, evidence in the record exists to show that much more egregious language than that used by Howley was regularly used in the workplace, including by Haboush himself. The infraction posed by the use of the term "pissed off," especially in light of the evidence showing that much more derogatory language was used in the workplace, appears to this Court to be rather mild, and therefore, probably not warranting discipline. The second disciplinary action also seems unjustified. Allegedly, Howley failed to respond to one subordinate's e-mail requesting time off, which purportedly led to an employee complaint. However, there is evidence in the record stating that no other employee has been subject to disciplinary action for failing to promptly respond to a single e-mail. A supervisor in Howley's position **[\*\*11]** receives dozens of e-mails **[\*444]** in a given day, and the failure to respond to one, especially one that resulted in no tangible harm to FedEx's operation, hardly merited formal disciplinary action, and eventually termination. Finally, the third disciplinary action also resulted from behavior that appears fairly innocuous. Howley allegedly failed to speak to a customer, in the absence of the responsible manager, in order to help the customer deal with a missing package that

---

[2] In the most recent Michigan Supreme Court opinion analyzing discrimination, the court noted in passing that "the best general definition of direct evidence is that it is evidence that proves impermissible discriminatory bias without additional inference or presumption." *Hecht v. Nat'l Heritage Acads., Inc.*, 499 Mich. 586, 886 N.W.2d 135, 147 (2016).

both parties concede Howley had no knowledge about or any responsibility for. Perhaps Howley could have conducted himself in a manner more befitting of a supervisor and attempted to pitch in and pacify the customer, but again there does not appear to be any significant dereliction of duty.

The innocuous nature of the conduct giving rise to Howley's termination is all the more apparent when contrasted with Howley's previous twenty-one years of employment at FedEx. The parties point to no other disciplinary action that was taken against Howley throughout his twenty-one year tenure. However, upon the appointment of Haboush as Howley's supervisor, Howley managed to accumulate three warning letters within a nine month span. [**12] Given the insubstantial nature of the incidents giving rise to the disciplinary actions, when coupled with Haboush's statements concerning age and his purported attempt to reassign Howley to an alternative position requiring Howley to take a fifty percent pay cut, this Court cannot help but come away with the conclusion that there are disputed issues of material fact regarding Howley's termination.

Accordingly, notwithstanding the evidence that Howley may have violated certain company policies, the evidence taken as a whole, and in the light most favorable to Howley, is sufficient to permit a reasonable juror to conclude that age was the but-for cause of FedEx's decision to terminate Howley's employment. Although the fact finder may ultimately determine otherwise, Howley has met his burden to avoid summary judgment and to present his case to a jury. Alternatively, we also find that Howley has made out his *prima facie* case under the *McDonnell Douglas*.

## B. Prima facie case

HN8[↑] Under the framework established in *McDonnell Douglas*, if a plaintiff cannot prove discriminatory intent by direct evidence, he may do so by making out a *prima facie* case of age discrimination through indirect or circumstantial [**13] evidence. *See Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008); *Hazle*, 628 N.W.2d at 520. Once a *prima facie* case has been made, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Lefevers*, 667 F.3d at 725. If a defendant comes forward with appropriate reasons for termination, "'the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation' as pretextual." *Martin*, 548 F.3d at 410-11 (quoting *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994)).

HN9[↑] To establish a *prima facie* case of discrimination under the Elliot-Larson Civil Rights Act, a plaintiff must prove four things: "(1) [he] belonged to a protected class, (2) [he] suffered an adverse employment action, (3) [he] was qualified for the position, and (4) [the adverse employment action] occurred under circumstances giving rise to an inference of unlawful discrimination." *Sniecinski*, 666 N.W.2d at 193. The standard used to establish a *prima face* case under the Elliot-Larson Civil Rights Act is the same as the standard used by this Circuit in cases involving the ADEA. *See Town v. Michigan Bell Tel.* [*445] *Co.*, 455 Mich. 688, 568 N.W.2d 64 (1997). FedEx does not dispute that Howley can satisfy the first three elements of his prima facie case, and instead argues that Haboush's actions do not give rise to an inference of discrimination.

A plaintiff can satisfy the fourth prong of the *prima* [**14] *facie* test by showing that he was "treated differently from similarly situated employees outside the protected class." *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004). Howley argues that he has submitted substantial evidence that similarly situated persons regularly violated FedEx policies without being terminated. This Court agrees.

As a threshold matter, FedEx contends that any inference of age discrimination is rebutted by the

fact that Howley was replaced by an older employee. While this certainly is probative evidence that Howley suffered no age-discrimination, it is not dispositive. This Court has stated that *HN10*[🔼] one way an employee can make out a *prima facie* case is by showing that she was replaced by someone outside the protected class. *See Martin*, 548 F.3d at 410. However, another avenue available to the employee is to show that "she received different treatment than a similarly situated non-protected employee." *Oliver v. St. Luke's Dialysis LLC*, 491 F. App'x 586, 587 (6th Cir. 2012); *see also, Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 347-48 (6th Cir. 2012) (identifying that the fourth prong can be satisfied by showing that "either a person outside the protected class replaced [the employee] *or* [the employee] received different treatment than a similarly situated non-protected employee.") (emphasis added). Accordingly, Howley is still entitled to make out his *prima facie* case if **[\*\*15]** he can show that his treatment differed from that of similarly situated younger employees with respect to the individual disciplinary actions that were taken against him.

The crux of this inquiry turns on the term "similarly situated." To satisfy the similarly situated requirement, a plaintiff must demonstrate that the comparable employee is similar "in all of the *relevant* aspects." *Martin*, 548 F.3d at 412. We have made clear that this does not mean that the plaintiff must demonstrate an exact correlation. *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). This Court looks "at those factors relevant to the factual context" in order to determine whether an employee is similarly situated. *Jackson v. FedEx Corp. Servs., Inc.*, 518 F.3d 388, 396 (6th Cir. 2008). This includes examining whether a plaintiff's proposed comparators engaged in acts of comparable seriousness. *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012). But we have not required all the factual circumstances to be identical before we considered a younger employee to be "similarly situated."

In examining each of the incidents at issue, this Court finds that Howley has satisfied the similarly situated requirement and made out his *prima facie* case. With respect to the first disciplinary action taken against him, Howley has come forward with testimony in the record stating that employees who were considerably **[\*\*16]** younger than him used inappropriate language in the workplace all the time. Even Haboush allegedly cursed during staff meetings. FedEx argues that the circumstances surrounding Howley's use of inappropriate language are different because Howley targeted his inflammatory language toward a subordinate. However, Howley disputes this account. On a motion for summary judgment, this Court credits Howley's version of the facts. Therefore, we find that sufficient evidence has been presented of similarly situated individuals **[\*446]** who engaged in conduct identical to Howley—cursing in the workplace—and escaped punishment. Likewise, for each of the other two disciplinary incidents, Howley has put forward evidence that no one—including younger employees—had ever been disciplined for either failing to respond to an e-mail or by declining to speak to a customer concerning a lost package. In light of this evidence, the Court concludes that Howley has satisfied his *prima facie* case of age discrimination.

According to the framework set forth in *McDonnell Douglas*, after Howley successfully establishes his *prima facie* case, the burden shifts to FedEx to articulate a legitimate, non-discriminatory reason for **[\*\*17]** the employment action. 411 U.S. at 802. With respect to each disciplinary action undertaken against Howley, FedEx presented an arguably legitimate and non-discriminatory reason. *HN11*[🔼] A legitimate, non-discriminatory reason is one "which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993). This Court has repeatedly held that violations of company policies, poor managerial skills, or leadership failures are legitimate, non-discriminatory reasons for

disciplining or discharging an employee. *See Idemudia v. J.P. Morgan Chase*, 434 F. App'x 495, 502 (6th Cir. 2011) (poor management of a branch bank office, operation issues, and failure to follow policy and procedures were legitimate nondiscriminatory reasons for terminating the employee); *Clark v. Walgreen Co.*, 424 F. App'x 467, 473 (6th Cir. 2011) (violation of company policy is a legitimate, nondiscriminatory reason for firing a plaintiff); *Bowie v. Advanced Ceramics Corp.*, 72 F. App'x 258, 263 (6th Cir. 2003) (lack of leadership skills constitute a non-discriminatory reason for terminating an employee).

*HN12*[⬆] Once the employer meets its burden under step two of *McDonnell Douglas*, Howley must demonstrate that the articulated reason is mere pretext for discrimination. *See Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012) (citing *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 615 (6th Cir. 2003). To do so, Howley must "produce sufficient evidence from which the jury may reasonably reject the [**18] employer's explanation." *Idemudia*, 434 F. App'x at 502. This requires demonstrating that "the employer's given reason for its conduct 'had no basis in fact, did not actually motivate the defendant's challenged conduct, or was insufficient to motivate the defendant's challenged conduct.'" *Lefevers*, 667 F.3d at 725 (quoting *Schoonmaker v. Spartan Graphics Leasing, LLC*, 595 F.3d 261, 269 (6th Cir. 2010)). We believe that there is a sufficient basis for a jury to conclude that FedEx's articulated reasons did not actually indicate its motivation for terminating Howley. Our conclusion rests in part upon the suspicious circumstances surrounding Howley's termination, which we have described at sufficient length in the preceding section. And our conclusion is further buttressed by the age-related comments made by Haboush toward Howley and other employees. Consequently, we find that the district court improperly entered judgment against Howley with respect to his age discrimination claim.

## CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's decision to grant summary judgment and remand for proceedings consistent with this opinion.

---

**End of Document**