# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CAITLIN O'CONNOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:20-cv-00628** |
| | ) | |
| **v.** | ) | **Judge Eli J. Richardson** |
| | ) | |
| | ) | |
| **THE LAMPO GROUP, LLC a/k/a** | ) | **Magistrate Judge Frensley** |
| **RAMSEY SOLUTIONS,** | ) | **Jury Demand** |
| | ) | |
| **Defendant.** | ) | |

## PLAINTIFF'S MOTION TO AMEND COMPLAINT

COMES NOW Plaintiff Caitlin O'Connor pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure which allows amendment as a matter of course "if the pleading is one to which a responsive pleading is required…21 days after service of a motion under Rule 12(b)" and moves the Court for an order granting Plaintiff leave to amend her Amended Complaint (ECF 16-1, 18) and file the attached Second Amended Complaint to cure any alleged deficiencies pointed out in Defendant's Motion to Dismiss. (ECF 20). This amendment is expected to cure the contentions set forth in Defendant's motion and ultimately conserve judicial resources required to consider a partial motion to dismiss.[1]

In particular, Plaintiff's amendment clearly and unequivocally sets forth not only the facts that Defendant violated Title VII and the THRA because of the religious beliefs the Defendant imposes on Plaintiff's employment, but also the particulars about her religious beliefs that give rise to an inference that that she was discriminated against on account of her religious differences. *Pedreira v. Ky. Baptist Homes for Children, Inc*., 579 F.3d 722, 727-728 (6th Cir. 2009) (The

---

[1] The information set forth in the Second Amended Complaint is information that has been provided in discovery in response to interrogatories. Thus, Defendant is well aware of it.

Sixth Circuit has interpreted the prohibition against religious discrimination in the workplace under Title VII "to preclude employers from discriminating against an employee because of the employee's religion as well as because the employee fails to comply with the *employer's* religion" or religious beliefs) (*citing Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 624 (6th Cir. 2000) (explaining that Title VII's scope "include[s] the decision to terminate an employee whose conduct or religious beliefs are inconsistent with those of its employer"); *Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 708-09 (6th Cir. 1985)).

Plaintiff attempted to confer with Defendant's counsel to determine whether they opposed the motion but did not receive a response.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion and direct the attached Second Amended Complaint be filed.

Respectfully submitted,


*s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com


*Attorneys for Plaintiff*

2

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been e-mailed this the 9th day of March 2021 to counsel of record through the court's CM/ECF system:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

/s/ Heather Moore Collins
*Attorney for Plaintiff*