IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS**

Defendant fails to demonstrate Count V of the Amended Complaint- discrimination and retaliation on the basis of religion under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") and the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. fails to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (ECF 20- Motion to Dismiss). Moreover, Plaintiff filed a Motion to Amend as a matter of right pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, along with her Second Amended Complaint (ECF 25, 25-1), which sets forth essentially the same information herein and moots the instant motion. *See Piper v. Dollar Gen. Corp.,* 2011 U.S. Dist. LEXIS 91467 *4-6 (M.D. Tenn. Aug. 16, 2011) (Trauger, J.) (denying motion to dismiss as moot where amended complaint with greater detail was filed). Accordingly, for the reasons set forth herein, Defendant's motion should be denied as a matter of law, or simply because it is moot.[1]

**THE WELL PLED FACTUAL ALLEGATIONS OF THE COMPLAINT**

---

[1] Plaintiff conferred with Defendant regarding the filing of the amended complaint, but Defendant subsequently indicated they would oppose the amendment. Thus, in an abundance of caution Plaintiff is also filing this opposition to the motion to dismiss, even though it is her contention the motion will be rendered moot due to the motion to amend she filed as a matter of right. (ECF 25, 25-1).

As required by the federal notice pleading standards, Plaintiff articulated details of the religious discrimination she experienced while an employee of Defendant. On June 18, 2020, Ms. O'Connor emailed Ramsey Solutions' Head of Human Resources, Armando Lopez, that she was 12 weeks pregnant and requested FMLA paperwork for her maternity leave once she had her baby. (ECF 16-1[2], Am. Compl. ¶11). The next day, on June 19, 2020, Ms. O'Connor received a phone call from a board member telling her that the next week she would have to have a meeting with the board. (Am. Compl. ¶13). On June 25, 2020, Mr. Lopez and Ramsey Solutions board members terminated Ms. O'Connor due to her pregnancy and violating Ramsey Solutions' rules of "Company Conduct." (Am. Compl. ¶15). Ramsey Solutions' Company Conduct provision in their handbook states, "The image of Ramsey Solutions is held out to be Christian. Should a team member engage in behavior not consistent with traditional Judeo-Christian values or teaching, it would damage the image and the value of our good will and our brand. If this should occur, the team member would be subject to review, probation, or termination." (Am. Compl. ¶16). The Core Values incorporated into Ramsey's Mission Statement incorporates a "righteous living" policy or value which prohibits premarital sex. (Am. Compl. ¶17). Ms. O'Connor's violation of "Company Conduct" and righteous living policy is that she and the father of her child are in a committed long-term relationship, but not legally married, nor do they desire to be married at this time. (Am. Compl. ¶18). Ramsey Solutions' termination of Ms. O'Connor interfered with her right to take FMLA leave, discriminated against her due to her sex, pregnancy, religion, and disability, and was in retaliation for informing them of her pregnancy due to it being "frowned upon here," requesting FMLA, and/or accommodation for her disability. (Am. Compl. ¶20). Defendant terminated

---

[2] Plaintiff filed the Amended Complaint at ECF 16-1. The Court granted the Motion to Amend at ECF 17. However, the docket entry styled as the "Amended Complaint" ECF 18 is a repeat of ECF 17. Thus, for ease of reference until the docket entry is corrected, ECF 16-1 will be the docket entry that refers to the Amended Complaint.

Plaintiff's employment premised on a violation its "Core Values" which incorporate a "righteous living" value allegedly premised on its interpretation of "Judeo-Christian" values that it believes prohibits or frowns upon premarital sex. (Am. Compl. ¶56). Defendant terminated Plaintiff because of its religious based Core Value policy which discriminates against employees who do not strictly adhere to Ramsey's interpretation of "Judeo-Christian" values for non-work related behavior. (Am. Compl. ¶58).

The primary allegation that supports Plaintiff's assertion regarding her differing views of religion with respect to her pregnancy as an unmarried woman and the Defendant's religious belief in that regard is primarily premised on the email she sent on June 18, 2020. (Compl. ¶11). The email that was referenced stated specifically:

> I needed to let you know that I'm 12 weeks pregnant. I understand that being unmarried and expecting is frowned on here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's need in the future, etc.

(6/18/20 Email to Lopez, **Ex. 1**). This email also implicitly, if not explicitly, requests an accommodation from Defendant's imposition of its religion/religious belief on Plaintiff, and also expresses Plaintiff's beliefs about her pregnancy status being unmarried. Moreover, further expanding on the allegations in her Amended Complaint, in Plaintiff's January 18, 2021, verified response to interrogatories, Plaintiff provided additional information about her sincerely held religious beliefs with respect to being unmarried and pregnant:

> 11. Explain how Defendant prohibiting employees from engaging in premarital sex conflicted with Plaintiff's sincere religious beliefs at the time that her employment with Defendant was terminated.
> ANSWER: Plaintiff's sincerely held Christian belief is that Christianity is not meant to be punitive, hateful, vengeful, or judgmental. Accordingly, her Christian belief is that God gave a woman the ability to procreate, and that ability to procreate was not restricted by a contract, i.e., marriage or employment. Moreover, Plaintiff does not believe that her identification as a Christian gives her the right to judge

3

and condemn other Christians or humans for how they choose to carry out their one dictate from Jesus, that is, to love one another. Her view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy without fear of termination from her employment.

(1/18/21 Plaintiff's Responses to Interrogatories & Verification, **Ex. 2**).

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). To survive a Rule 12(b)(6) motion to dismiss, a claim's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The court must construe the claim in a light most favorable to the plaintiff, accept the factual allegations as true, and determine whether plaintiff's factual allegations present plausible claims. *Twombly,* 550 U.S. at 570. *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007); *Central States Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997).

A court should assume the veracity of well pled factual allegations and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The pleading needs to demonstrate "just enough factual information to create an expectation that discovery will uncover evidence supporting the claim." *Id*. at 1955. The

4

Sixth Circuit "has cautioned against reading '*Twombly* and *Iqbal* so narrowly as to be the death of notice pleading...'" *Rhodes v. R & L Carriers, Inc.*, 491 Fed. App'x 579, 583 (6th Cir. Aug. 6, 2012) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012)). Further, "when a document is referred to in the pleadings and is integral to the claims" it may be considered in the context of a motion to dismiss without converting it to a motion for summary judgment. *Lewis Lumber Milling, Inc. v. Mereen-Johnson, LLC*, 2018 U.S. Dist. LEXIS 200504 *6-7 (M.D. Tenn. Nov. 27, 2018) (Richardson, J.)(citing *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-336 (6th Cir. 2007)).

The Supreme Court has made it clear that a plaintiff need not plead all the elements of the *McDonnell Douglas* prima facie case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement."); *Thompson v. Hendrickson, USA*, 2021 U.S. Dist. LEXIS 41697 *7 (M.D. Tenn. March 5, 2021) (Richardson, J.). Indeed, "so long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2)." *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012). Importantly, *Swierkiewicz* remains good law after the Supreme Court's decisions in *Twombly* and *Iqbal*. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012).

**THE MOTION SHOULD BE DENIED**

**A. Plaintiff Presented Legally and Factually Sufficient Claims of Religious Discrimination Based on Defendant's Violations of Title VII and the THRA**

5

Plaintiff's Amended Complaint states a claim for religious discrimination pursuant to Title VII and the THRA.[3] The Sixth Circuit has interpreted the prohibition against religious discrimination in the workplace under Title VII "to preclude employers from discriminating against an employee because of the employee's religion as well as because the employee fails to comply with the *employer's* religion" or religious beliefs. *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 727 (6th Cir. 2009) (*citing Hall v. Baptist Mem'l Health Care Corp.*, 215 F.3d 618, 624 (6th Cir. 2000) (explaining that Title VII's scope "include[s] the decision to terminate an employee whose conduct or religious beliefs are inconsistent with those of its employer"); *Blalock v. Metals Trades, Inc.*, 775 F.2d 703, 708-09 (6th Cir. 1985)). More succinctly, as recognized by this Court, "the law broadly defines 'religion' to mean all aspects of religious observance and practice, as well as belief." *EEOC v. Publix Super Mkts., Inc.*, 2020 U.S. Dist. LEXIS 151066 *8 (M.D. Tenn. Aug. 20, 2020) (Richardson, J.).

In this case, Plaintiff alleged that she emailed HR letting him know about her pregnancy. (Am. Compl. ¶18). Even though the email was not detailed verbatim in the Amended Complaint, Defendant was on notice as to its contents. (Id.). Further, the email is attached to this response and it is clear the email places Defendant on notice that Plaintiff is notifying Defendant she is pregnant and that even though she is aware it is "frowned on" by Defendant to be unmarried and pregnant, she is still requesting information about how to communicate with her leader and essentially continue working, as well as ADA and FMLA guidance. (6/18/20 Email to Lopez, **Ex. 1**). *Lumber Milling, Inc.*, 2018 U.S. Dist. LEXIS 200504 *6-7 (allowing consideration on a motion to dismiss of a document that referenced in the complaint). Moreover, Plaintiff's email can reasonably

---

[3] Title VII and THRA claims are analyzed the same. *Chattman v. Toho Tenax Amer.,* Inc., 686 F.3d 339, 346 (6th Cir. 2012) (analyzing THRA claims under the Title VII standard); *Mullins v. Goodyear Tire & Rubber Co.*, 291 Fed. Appx. 744, 745 n.1 (6th Cir. 2008) ("The THRA is a state law analogous to Title VII and the statutes are analyzed identically.")

6

interpreted as a request for accommodation and assertion of her rights to Human Resources under Title VII, as well as the ADA and FMLA, and implicit in this request is that she disagrees with Defendant's policy. The Sixth Circuit has long held that an employee is not required to use "magic words" to request an accommodation or engage in protected conduct. *See Leeds v. Potter*, 249 F. App'x 442, 449-50 (6th Cir. 2007); *Chaniott v. DCI Donor Servs.*, 2020 U.S. Dist. LEXIS 153 *27 (M.D. Tenn. 2020) (Trauger). The same holds true for the protected activity and request for accommodation Plaintiff engaged in when she initiated the conversation about her pregnancy in the context of being "frowned upon" and Defendant's polices rooted in its interpretation of its version of "Judeo-Christian" values. (Compl. ¶¶16, 17, 20, 56, 58).

Here, Defendant complains that Plaintiff did not specifically allege a sincerely held religious belief. (MTD, ECF 20 p. 5). However, this assertion ignores the email where Plaintiff specifically refers to her marital status, as well as the allegation she is in a long-term committed relationship, but has no desire to be married which is her assertion of her belief. (ECF 16-1, Am. Compl. ¶¶11, 12, 18, 20). Plaintiff pled she was discriminated against for not strictly adhering to Ramsey's interpretation of "Judeo-Christian" values for non-work related behavior, *i.e.*, a marriage as a prerequisite to having sex, which is her belief. (Am. Compl. ¶¶16, 17, 18, 56, 58). Moreover, whether her belief is "sincerely held" is typically a subjective fact issue for discovery and ultimately a jury.[4] *EEOC v. Publix Super Mkts., Inc.*, 2020 U.S. Dist. LEXIS 151066 *24.

Defendant's reliance on *Pedreira* is misplaced. (ECf 20 p. 4). In *Pedreira,* there was no specific assertion of rights contrary to that of the employer as there was alleged here. *Pedreira*,

---

[4] Additionally, the Commission defines "religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. This standard was developed in *United States* v. *Seeger,* 380 U.S. 163 (1965) and *Welsh* v. *United States,* 398 U.S. 333 (1970)." 29 C.F.R. §1605.1.

7

579 F.3d at 725. Rather, the employer, the Kentucky Baptist Homes for Children ("KBHC"), found pictures on social media and subsequently terminated its employee for being gay which it determined was inconsistent with its Christian values. (Id.). KBHC's employee did not go directly to her employer to state she was gay and that she knew it violated any policies, which would have been an assertion of a sincere belief. Instead, it appears that employee made no such assertion indicating she held a different religious belief than that of her employer. (Id.). In this case, Plaintiff specifically states she was unmarried, pregnant and she raised that she knew it was frowned upon at work. Based on these facts simple deductive reasoning confers that she did not frown on the practice of being pregnant and unmarried, clearly that practice did not conflict with her beliefs, but she acknowledged that it conflicted with Ramsey's interpretation. (Am. Compl. ¶¶11, 12, 17, 18, 20, 56, 58). These allegations contain enough factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

Defendant also confusingly acknowledges that Plaintiff comes close but, does not allege what she believes about premarital sex. (ECF 20 p. 5). This is an awkward bit of legal gymnastics that Defendant engages in by arriving at this acknowledgement. To be sure, taking these allegations as true, as the court is required to do, coming close to an assertion given Rule 8's notice pleading standards is enough. Plaintiff clearly does believe premarital sex is consistent with her beliefs and this belief was plainly obvious not only from the email she sent to HR, but in the sheer fact she was pregnant, but not married. (Am. Compl. ¶¶11, 12, 17, 18, 20, 56, 58; Ex. 1).

Finally, Defendant makes a broad argument that Title VII does not protect against employer prohibitions against premarital sex. However, the majority of cases cited by Defendant involved religious schools and institutions, the majority of which are exempted from religious

8

discrimination under Title VII and thus are inapposite. 42 U.S.C. § 2000e-1. Defendant could only find one case, *Ambrose v. R&L Carriers Corp.*, to support its argument that a morality allegation by an employer did not demonstrate enough facts to give rise to a religious discrimination claim under Title VII. (ECF 20 p. 7, 20-5). As an initial matter, this case was premised on a frivolity review based on a filing by a pro se plaintiff. In *Ambrose*, the pro se plaintiff unsuccessfully argued that his affair with a co-worker referred to as a "adultery" by his employer was a violation of Title VII's prohibition against religious discrimination. Reliance on *Ambrose* is problematic for several reasons. First, the EEOC's regulations do define "religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views." 29 C.F.R. §1605.1. Second, *Ambrose* analyzes the case based on the evidentiary burden shifting requirements, which is not appropriate on a motion to dismiss. *Thompson v. Hendrickson, USA*, 2021 U.S. Dist. LEXIS 41697 *7 (M.D. Tenn. March 5, 2021) (Richardson, J.). Thus, *Ambrose* is not deserving of the precedential weight Defendant assigns. Defendant states that it "is mindful" that prohibitions against premarital sex among private, for profit employers is not common. (ECF 20 p. 7). To be sure, there are none, likely because it is plainly illegal. In fact, none of the cases cited by Defendant support its argument that the imposition of its management's beliefs about Christianity on its employees are legal under Title VII. Thus, at this stage, Plaintiff satisfied the notice pleading requirements and Defendant's motion to dismiss her claims of religious discrimination must be denied.[5]

**B. Plaintiff Presented Legally and Factually Sufficient Claims of Religious Retaliation Based on Defendant's Violations of Title VII and the THRA**

---

[5] Plaintiff recognizes that Defendant may later attempt to make an argument under the Religious Freedom Restoration Act. However, for purposes of this motion that argument is for another day and will likely be fully briefed at the appropriate juncture.

9

Defendant claims Plaintiff's allegations of retaliation are insufficient. (ECF 20 p. 9). Defendant is mistaken. Plaintiff alleged she engaged in protected conduct, namely that she notified Defendant she was pregnant and even though it was frowned on based on Defendant's view of Judeo- Christian values (ECF 16-1, Compl. ¶¶11, 16, 17, 18; 6/18/20 Email to Lopez, **Ex. 1**); she requested to know what her rights were (ECF 16-1, Compl. ¶¶11, 20; 6/18/20 Email to Lopez, **Ex. 1**); and she suffered an adverse action in her immediate termination (ECF 16-1, Compl. ¶¶15, 20, 56, 58). These are sufficient facts to give rise to a claim of relief.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 9h day of March 2021 to counsel of record:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC

611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

/s/ Heather Moore Collins
*Attorney for Plaintiff*