UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| | ) Case No. 3:20-cv-00628 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC a/k/a | ) |
| RAMSEY SOLUTIONS, | ) Jury Demand |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Comes Now, Plaintiff, to respond and object to Defendant's First Set of Interrogatories as follows:

### INTERROGATORIES

1. Identify every person who has discoverable information that Plaintiff may use to support her claims in this case by (i) name, (ii) physical address, (iii) mailing address, (iv) telephone number, and (v) e-mail address.

    **ANSWER: See Plaintiff's Rule 26(a) initial disclosures and additions below. Plaintiff will supplement this response in accordance with the Federal Rules of Civil Procedure, Local Rules of Court, and any applicable Scheduling Order(s). The following individuals have information relevant to Plaintiff's claims. All individuals listed are under the control or were under the control of Defendant. If counsel wishes to interview or speak with the Plaintiff or her family, counsel may do so by and through Plaintiff's counsel. Plaintiff will provide copies of medical records as they become available.**
    - **Caitlin O'Connor – Plaintiff. Has knowledge concerning the claims and defenses. May only be contacted through counsel.**
    - **Armando Lopez – Human Resources/Defendant's Employee. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.**
    - **Suzanne Simms – Defendant's Board Member. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations**

- and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.
- **Jen Sievertsen** – Defendant's Board Member. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.
- **Dave Ramsey** – Defendant's Owner. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.
- **Michael Finney** – Defendant Employee. Has knowledge concerning Plaintiff's employment history, job performance, pregnancy, and termination. Familiar with Defendant's practices, policies, and procedures.
- **Justin Meeker** – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.
- **Bill Edmonson** – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.
- **Rich Pedrick** – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.
- **Philip Dower** – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.
- **Lee Yoder** – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.
- **Dr. Jacqueline Stafford** – Plaintiff's OB/GYN. Familiar with Plaintiff's disability and/or pregnancy and/or serious medical condition and need for leave and/or accommodation. This is not to be construed as a waiver of Plaintiff's HIPAA rights.
- **Rob Kuskin** – Plaintiff's Partner. Familiar with the effects of Plaintiff's work environment, Plaintiff's disability and/or pregnancy and/or serious medical condition, and Defendant's Actions. May be contacted through counsel only.

2. Identify every person who witnessed any alleged act of illegal discrimination, interference, or retaliation by Defendant against Plaintiff by (i) name, (ii) physical address, (iii) mailing address, (iv) telephone number, and (v) e-mail address.

   **ANSWER: Objection. This request calls for speculation and is overly broad. Please see interrogatory no. 1**

3. Identify every verbal or written reprimand that Plaintiff received from Defendant for performance or behavior during her employment by (i) date that it was delivered, (ii) name of the person who delivered it, and (iii) performance or behavior issues that it addressed.

   **ANSWER: None to her knowledge, but this information should be in Defendant's possession.**

4. Identify by name every person for whom the following is true: (i) the person engaged in premarital sex while employed by Defendant, (ii) Defendant became aware of it, and (iii) Defendant did not thereafter terminate their employment, in whole or in part, because of it.

   **ANSWER: This request calls for speculation because Defendant is notoriously secretive about the selective application of its policies. Upon information and belief, Plaintiff identifies the following: Chris Hogan, Francois l/n/u, and Tony Bradshaw. Defendant should have this information.**

5. Identify by name every person for whom the following is true: (i) the person engaged in premarital sex while employed by Defendant, (ii) Defendant became aware of it, and (iii) Defendant thereafter terminated their employment, in whole or in part, because of it.

   **ANSWER: Objection. This request calls for information that seeks privileged attorney client communications and invades the work product doctrine. This request calls for speculation because Defendant is notoriously secretive about the selective application of its policies. Further, this information should be in Defendant's possession.**

6. Describe each of the ways, if any, that Plaintiff was disabled at any point during her

employment with Defendant.

**ANSWER: Plaintiff's pregnancy is considered by her doctor a "geriatric pregnancy" due to her "advanced maternal age" and was considered a high risk pregnancy. As such, because of the higher risk associated with her pregnancy, it was likely she would need accommodations that would not be required with a typical pregnancy. However, she was terminated before any sort of discussion was held to determine how her pregnancy would affect her employment. Thus, even if she was not disabled, she certainly was regarded as disabled.**

7. Identify by name every employee of Defendant who knew that Plaintiff was disabled or regarded her as disabled at any point during her employment with Defendant.

   **ANSWER: Objection. This request calls for speculation. The following employees were aware of Plaintiff's disability: Suzanne Sims, Armando Lopez, Jen Seivertson, Dave Ramsey. Upon information and belief, other members of the board and HR committee. All employees of Lampo Group were notified in a staff meeting.**

8. Identify by name every woman who has been disciplined or terminated under the "discriminatory policy" referenced in Paragraph 20 of the Complaint.

   **ANSWER: This request calls for speculation because Defendant is notoriously secretive about the selective application of its policies. To Plaintiff's knowledge, the following females have been disciplined or terminated under the Defendant's discriminatory policy: Plaintiff and Camden Laws.**

9. Identify by name each of the "similarly situated non-pregnant employees" referenced in Paragraph 33 of the Complaint.

   **ANSWER: This request calls for speculation because Defendant is notoriously secretive about the selective application of its policies. To Plaintiff's knowledge, the following similarly situated male employees are Chris Hogan and Tony Bradshaw.**

10. Identify by name every employee of Defendant to whom Plaintiff "complained" as alleged in Paragraph 34 of the Complaint.

    **ANSWER: Plaintiff complained to Suzanne Simms, Armando Lopez, Jen**

**Seivertson.**

11. Explain how Defendant prohibiting employees from engaging in premarital sex conflicted with Plaintiff's sincere religious beliefs at the time that her employment with Defendant was terminated.

    **ANSWER:**
    **Plaintiff's sincerely held Christian belief is that Christianity is not meant to be punitive, hateful, vengeful, or judgmental. Accordingly, her Christian belief is that God gave a woman the ability to procreate, and that ability to procreate was not restricted by a contract, i.e., marriage or employment. Moreover, Plaintiff does not believe that her identification as a Christian gives her the right to judge and condemn other Christians or humans for how they choose to carry out their one dictate from Jesus, that is, to love one another. Her view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy without fear of termination from her employment.**

12. Explain the factual basis for Plaintiff's claim that Defendant terminated her employment in retaliation for requesting FMLA and TMLA leave.

    **ANSWER: See interrogatory no. 11.**

13. Explain the factual basis for Plaintiff's claim that Defendant terminated her employment based on sex.

    **ANSWER: See interrogatory no. 11.**

14. Explain the factual basis for Plaintiff's claim that Defendant terminated her employment based on pregnancy.

    **ANSWER: See interrogatory no. 11.**

15. Explain the factual basis for Plaintiff's claim that Defendant terminated her employment based on religion.

    **ANSWER: See interrogatory no. 11.**

16. Explain the factual basis for Plaintiff's claim that Defendant terminated her employment based on disability.

    **ANSWER: See interrogatory no. 11.**

17. Identify every healthcare provider that Plaintiff has seen for pregnancy or mental health-related issues since January 1, 2019 by (i) name, (ii) physical address, (iii) mailing address, (iv) and telephone number.

    **ANSWER: Dr. Jacqueline Stafford, 4155 Carothers Pkwy, Franklin, TN 37067, (615) 794-8800**

18. Identify every medical restriction placed on Plaintiff since January 1, 2019 by (i) effective dates, (ii) name of the healthcare provider who issued the medical restriction, and (iii) a brief description of the medical restriction.

    **ANSWER: At the time of Plaintiff's request for ADA accommodation paperwork she had not yet been placed on medical restrictions. However, she was to see her physician later the next week and was to provide the accommodation paperwork based on her physician's recommendation. She requested ADA paperwork from Armando Lopez as she is considered to have a geriatric pregnancy and likely to be in need of reasonable accommodations. After her unlawful termination, Plaintiff was required to cut back on medical services related to her pregnancy because Defendant cruelly removed her health insurance unless she signed a severance and agreed to keep Defendant's civil rights violations confidential. As a result of her lack of private insurance, Plaintiff had to get insurance through the state which was more limited, and she simply self-imposed rest during her pregnancy rather than incur additional uncovered costs.**

19. Identify every application for work, as an employee, independent contractor, or volunteer, that Plaintiff has submitted since January 1, 2020 by (i) date that the application was submitted, (ii) name of the employer or other principal to which the application was submitted, and (iii) either job title or a brief description of the type of work sought.

    **ANSWER: Plaintiff did not apply for any work at while employed by Defendant. Plaintiff estimates that she sent out 3 to 10 resumes per week since her**

**discriminatory termination. However, it is very difficult to find a job when you are pregnant. For jobs she has applied to since her unlawful termination, see Plaintiff's production.**

20. Provide the amount that Plaintiff is seeking in this case for each of the following damages specifically requested in the Complaint:

    a. Back pay:

    b. Damages for lost benefits:

    c. Front pay:

    d. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life:

    e. Punitive damages:

    f. Liquidated damages under the FMLA:

**ANSWER: Plaintiff is owed sums for back wages and lost benefits from the time of the discrimination to trial. Plaintiff will seek damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss enjoyment of life. In addition, Plaintiff seeks attorneys' fees and costs, pre-and post-judgment interest, punitive damages, actual damages and liquidated damages under the FMLA, and such other and further legal or equitable relief to which she may be entitled. Moreover, absent reinstatement, Plaintiff will be owed front pay. At this early stage, Plaintiff is unable to make economic calculations and any calculation for emotional distress will be made by a jury. Discovery is just beginning, and new information may be revealed. Plaintiff will supplement this response and disclose any such report in accordance with the Federal Rules of Civil Procedure and any applicable Scheduling Order(s).**

| **Back Pay to trial date, includes loss of pay, loss of benefits or replacement benefits,** | Approximately $95,722.25 in lost salary plus the additional cost for benefits |
|---|---|
| **Front Pay** | Approximately $54,000 plus the additional costs for benefits. |
| **Liquidated Damages** | $95,722.25 |
| **Actual Damages** | Based on actual damages including but not limited to medical bills and other losses. |
| **Emotional Distress/Punitive** | To be determined by a jury |
| **Attorney's Fees through trial (Est.) (partner rates are $450.00 per hour, associate rates are $325.00 per hour, subject to annual adjustment)** | 250,000.00 |

7

| | |
|---|---|
| **Costs (Est.)** | 15,000.00 |
| **Interest (prevailing rate)** | 6% |
| **TOTAL** | **Approximately $510,444.50 not including lost/replacement benefit costs, emotional damages, actual damages, and pre-and post-judgment interest.** |

Respectfully submitted,

*/s/ Heather Moore Collins*
Heather Moore Collins (BPR 26099)
Anne Hunter (BPR 022407)
Ashley Walter (BPR 037651)
7000 Executive Center Drive
Building Two Suite 320
Brentwood, TN 37027
(615) 724-1996
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that, on January 18, 2021, I caused a copy of the foregoing document to be sent by e-mail to:

Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

>*/s/ Heather Moore Collins*
>Heather Moore Collins

**Verification to Plaintiff's Response Defendant's Interrogatories**

I, Caitlin O'Connor, hereby declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my responses to Defendant's Interrogatories are true to the best of my recollection, knowledge, information and belief.

                                          *s/ Caitlin O'Connor   01/18/21*
                                              Caitlin O'Connor