# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| Plaintiff, | ) | |
| | ) | **Civil Action No. 3:20-cv-00628** |
| v. | ) | **Judge Richardson/Frensley** |
| | ) | **Jury Demand** |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | |
| RAMSEY SOLUTIONS, | ) | |
| Defendant. | ) | |

## ORDER

## I.      INTRODUCTION

In this employment discrimination action, Plaintiff Catlin O'Connor alleges that the Defendant, The Lampo Group, LLC discriminated against her in the terms and conditions of her employment by terminating her in violation of Title VII, the THRA, ADEA and the FMLA.

This matter is now before the Court upon a discovery dispute regarding comparator discovery. The Court held a discovery dispute conference with the Parties and requested additional briefing. Docket No. 21. Thereafter, the Plaintiff has filed a brief in support of her position. Docket No. 24. Defendant has also filed a brief supporting its position. Docket No. 23. For the reasons set forth below, Plaintiff's request for additional comparator discovery is **GRANTED** in part and **DENIED** in Part.

## II.      LAW AND ANALYSIS

### A.      Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery.  Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ.

P. 26(b)(1). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course, within the broad discretion of the trial court." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F. 3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F. R. D. 307, 309-10 (W. D. Tenn. 2008) (internal quotation marks omitted). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not

2

discoverable under the Federal Rules." *Id.* (internal quotation marks and citation omitted).

### B. The Parties' Discovery Dispute

At issue on this dispute is the Defendant's responses to Plaintiff's Interrogatories and Requests for Production of Documents. Docket No. 24, p. 2. The Defendant has adopted a list of fourteen (14) core values to guide its business and employee conduct. Docket No. 23, p. 1, 23-1. Among those core values is a concept identified as "righteous living" explained as "[w]e believe that character matters. All the time." *Id.* While there is no specific list of conduct which falls under the term "righteous living," the Parties agree that one aspect of employee conduct covered by this value is that the Defendant does not allow employees to engage in premarital sex. *Id.* In this case, Plaintiff was terminated for engaging in premarital sex when she informed the Defendant that she was pregnant, but not married. Docket No. 24, p. 2.

In response to the Plaintiff 's discovery requests the Defendant initially provided Plaintiff with responses as to other employees who engaged in premarital sex and were terminated. The Plaintiff objected to the Defendant's limitation of its responses to only individuals who engaged in premarital sex. Instead, arguing that any employee who has been disciplined or terminated for a violation of any core value, especially the righteous living value, is relevant and discoverable. *Id.* The Defendant asserts that the scope of comparator discovery should be limited to those employees who have been disciplined for premarital sex. Docket No. 23, p. 2.

Following the Court's discovery conference, the Parties continued their meet and confer efforts and the Defendant agreed to provide additional information about employees engaged in extramarital sex. Docket No. 23, p. 4. The Parties have made a good faith effort to resolve this matter through their meet and confer obligations but have been unable to do so. The matter is now properly before the Court.

## C.  Comparator Discovery

Evidence regarding comparators is highly relevant in employment cases. Evidence that an employer treated an employee differently than similar situated employees in a non-protected category can be evidence of both a prima facie case of discrimination as well as pretext. While the law regarding comparator evidence is well settled in the Sixth Circuit, the application of that law both for discovery and admissibility necessarily requires a case by case determination. While a Plaintiff is not required to establish that a comparator is an exact correlation, they must show that the comparable employee is similarly situated in all relevant respects. In making that determination, the Court must consider three factors: (1) whether they reported to the same supervisor; (2) were subject to the same standard; (3) whether they engaged in conduct of similar seriousness without circumstances that would distinguish their conduct or the response of an employer. *Mitchell v. Toledo Hosp.* 964 F. 2d 577, 583 (6th Cir. 1992).

The Plaintiff argues that "because Defendant is premising Plaintiff's termination on a "Core Value" in particular, its subjective interpretation of what is and is not "righteous living" other examples of conduct which a jury may find of comparable seriousness is relevant and discoverable." Docket No. 24, p. 6. Plaintiff argues that they should be entitled to information for anyone terminated or disciplined for violation of any core value so that a jury could determine whether the conduct was of comparable seriousness. *Id.*

In opposition, the Defendant contends that the core values are so broad that together they would encompass every type of misconduct imaginable, most of which would be outside the scope of comparable discovery. Docket No. 23, p. 5. They further argue that their disciplinary approach does not apply or record employee discipline by core value. They assert that the approach is "conduct-focused." *Id.* Finally, they argue that even producing discovery regarding every

4

employee disciplined for violating the core value of righteous lining would be overbroad. *Id.* This is true they contend that they do not maintain records connecting employee discipline to the specific core value therefore it would be burdensome to recreate its disciplinary decisions in such a fashion. *Id.*

Relevance for purposes of discovery and admissibility are two different issues. "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T. C. ex rel: SC v. Metro Government of Nashville-Davison County, supra.* If relevance is established, the burden of demonstrating of why it is not otherwise discoverable falls on the party opposing the request. *Carell, supra.*

It is beyond question that comparator discovery is relevant to the claims and defenses in this case as it would be in most any employment discrimination case. Therefore, the burden passes to the Defendant to demonstrate that the discovery requested is privileged or otherwise not discoverable under the rules. *Carell, supra.*

Employees are disciplined based upon their conduct. In this case, the Plaintiff was terminated for engaging in premarital sex. The fact that this conduct violates a "Core Value" of the company generally and the core value of "righteous living" particularly, is somewhat of a red herring. Whenever an employee is terminated by an employer it is because the employee allegedly violated a policy or value of the employer. If violating a company's values was the standard, all employees would be similarly situated. This cannot be the case. Instead, the law specifically requires a consideration of the nature of the conduct which allegedly led to the adverse employment action. While it does not impose a cookie cutter obligation that comparators be identical in every respect, it does require that they be similarly situated in all relevant respects. Whether an employee is similarly situated necessarily requires consideration of the conduct in

which they engaged.

As with any type of discovery, the Court must consider the proportionality factors of Rule 26. Applying those considerations likewise directs that there must be some limitation on what is discoverable to establish comparators. The Plaintiff's demand would require the Defendant to produce every single record of every single discipline action of every single employee. This demand is not proportionate to the needs of the case. Therefore, Plaintiff is not entitled to discovery related to every core value as such discovery would be overbroad and not proportionate to the needs of the case.

Violation of Defendant's core value of "righteous living" crates a more complicated dilemma. The Defendant does not maintain or record an employee's discipline by core value. Docket No. 23, p. 5. Thus, it cannot easily produce discovery responses for individuals disciplined for violating the core value of "righteous living." Nonetheless, the Defendant has chosen to adopt a righteous living value and discipline people for perceived violations of that value. It would stand to reason that an individual who allegedly violated that value would potentially be similarly situated to the Plaintiff in a way that employees who violated other core values would not. Therefore, to the extent that the Parties can identify other conduct that would allegedly violate the righteous living value, discovery of discipline related to that conduct would be relevant, discoverable, and proportionate to the needs of the case.

For example, the Parties have identified extramarital sex as potentially comparable conduct and the Defendant has agreed to produce responses related to such conduct. The Plaintiff has also identified viewing of pornography and spousal abuse as conduct of comparable seriousness. Whether they are or not is a question for a later time. For purposes of discovery, Plaintiff is entitled to discover this information otherwise, they are unable to advance an argument for its

admissibility. The Parties shall continue their meet and confer efforts to determine what if any additional conduct constitutes a violation of the righteous living value and Plaintiff may seek written discovery related to the same.

Plaintiff's request for additional comparator discovery is **GRANTED** regarding disciplinary action related to premarital sex, extramarital sex, viewing of pornography and allegations of spousal abuse. Nothing in this Order precludes Plaintiff from seeking additional discovery related to specific conduct however, to the extent that the Plaintiff seeks discovery related to discipline of any "core value," the request is **DENIED.**

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**