UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

**DEFENDANT'S REPLY BRIEF**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, files this reply in support of its Motion to Dismiss Count V of Plaintiff's Amended Complaint (Doc. #20).

**1. Private, for-profit employers can prohibit premarital sex.**

Plaintiff wrongly asserts that it is "plainly illegal" for private, for-profit employers to prohibit premarital sex. (Doc. #26 at PageID #282). That is simply a misstatement of law. In Tennessee, an at-will employee "may be terminated for a good reason, bad reason, or no reason at all", as long as the reason for termination is not discriminatory or retaliatory under Title VII. *EEOC v. Gregg Appliances, Inc.*, 2013 BL 168285 at *3 (M.D. Tenn. June 25, 2013).[1] There is nothing inherently illegal about an employer prohibiting premarital sex. Premarital sex is not a protected class or activity under Title VII. *See, e.g., Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319-20 (11th Cir. 2012) ("Title VII does not protect *any right* to engage in premarital sex….") (emphasis added); 42 U.S.C. §2000e, *et seq.*[2] Thus, a premarital sex ban only

---

[1] Defendant has attached a copy of this unpublished decision as Exhibit 1.

[2] Courts routinely dismiss claims not based on Title VII's clearly delineated protected classes or activities, like marital or parental status discrimination. *See, e.g., Peebles v. ADM Southern Cellulose,* 2007 BL 252973 at *3-4 (E.D. Tenn. May 17, 2007) (copy attached as Exhibit 2).

violates Title VII if it is applied in a discriminatory manner.

2. **Count V of Plaintiff's Amended Complaint has evolved.**

Throughout this case, Defendant has defended Count V of Plaintiff's original Complaint (Doc. #1) and Amended Complaint (Doc. #18) as a general religious discrimination claim, not a religious accommodation claim. Plaintiff has consistently labeled Count V as "religious discrimination" and nothing in the e-mail that Plaintiff attached to her response brief (Doc. #25-1), the Charge of Discrimination that she filed with the U.S. EEOC[3], her original Complaint, or her Amended Complaint suggests otherwise. Now, for the first time on response, Plaintiff characterizes Count V as a religious accommodation claim or perhaps both a general religious discrimination and religious accommodation claim. Ultimately, Count V fails either way.

3. **If Count V is a general religious discrimination claim, it should be dismissed.**

Count V is squarely controlled by the Sixth Circuit's decision in *Pedreira* and this Court's previous decision in *Ambrose*.[4] In *Pedreira*, the Sixth Circuit dismissed the religious

---

[3] Defendant has attached a copy of Plaintiff's Charge of Discrimination as Exhibit 3. It is referenced in Paragraph 8 of Plaintiff's Amended Complaint. (Doc. #18 at ¶8).

[4] Plaintiff advances three arguments to evade *Ambrose*, 2008 BL 386227 (M.D. Tenn. July 31, 2008) (*adopted in* 2008 BL 176599 (M.D. Tenn. Aug. 22, 2008)) (copies attached as Exhibits 4 & 5), but they are unavailing. First, the fact that Magistrate Judge Knowles reviewed the case for frivolity is irrelevant. Judge Knowles applied correct federal pleading standards and District Judge Trauger reached the same conclusion following her *de novo* review. Second, the decisions did not run counter to the U.S. EEOC's definition of religion. Judge Knowles and Judge Trauger dismissed the case because the employee failed to sufficiently plead that he was terminated for his religious beliefs regarding adultery, rather than engaging in adultery. Third, even if Judge Knowles erred by considering the prima facie elements, it was harmless. After finding no prima facie case of religious discrimination, Judge Knowles took a broader view of the case and stated: "Moreover, the Complaint does not aver any discrimination against [the employee] 'because of his religion.'" And Judge Trauger reached the same conclusion following her *de novo* review without any prima facie analysis. *Ambrose* is substantively identical to this case, so stare decisis requires that Count V of Plaintiff's Amended Complaint be dismissed as well. *See, e.g., Bormuth v. County of Jackson*, 870 F.3d 494, 519-20 (6th Cir. 2017)(Rogers, J., concurring).

discrimination claim of a lesbian employee who had been terminated because her employer believed that homosexuality was sinful. 579 F.3d 722, 727-28 (6th Cir. 2009). Highlighting the precision of Title VII, the Sixth Circuit emphasized the distinction between conduct and religious beliefs or motivations regarding that conduct. *Id.* The employee's religious discrimination claim failed because, although she sufficiently alleged that she was terminated for being a lesbian (that was undisputed), she did not sufficiently allege that she was terminated for her sincerely held religious beliefs regarding homosexuality. *Id.* Same here. Plaintiff has sufficiently alleged that she was terminated for premarital sex (that is undisputed). However, Plaintiff has not sufficiently alleged that she was terminated for her sincerely held religious beliefs regarding premarital sex.

On response, Plaintiff attempts to overcome *Pedreira* by attaching an e-mail that she sent to Armando Lopez, Defendant's Senior Executive Director of Human Resources, on June 18, 2020. (Doc. #26-1). In this e-mail, Plaintiff contends that she expressed a sincerely held religious belief regarding premarital sex that conflicts with Defendant's premarital sex ban. But this e-mail only communicates the fact that Plaintiff was pregnant and unmarried, that she knew Defendant would disapprove, and that she needed guidance with respect to informing her supervisor and "getting FMLA & ADA paperwork incase [sic] it's needed in the future, etc." (Id). No one could reasonably interpret this e-mail as communicating her sincerely held religious beliefs regarding premarital sex.

Plaintiff also seizes on the statement in *Pedreira* that "[c]ourts have interpreted [Title VII] to preclude employers from discriminating against an employee because of the employee's religion as well as because the employee fails to comply with the *employer's* religion." *Pedreira* at 727-28. Plaintiff claims that she satisfied this "fails to comply" interpretation with allegations that "she was discriminated against for not strictly adhering to [Defendant's] interpretation of

3

'Judeo-Christian' values for non-work-related behavior, *i.e.,* a marriage as a prerequisite to having sex." But that was the approach taken by the employee in *Pedreira* and the Sixth Circuit squarely rejected it. *Id.*

In *Pedreira,* it was not enough for the employee to allege that she, a lesbian, was terminated for failing to comply with her employer's religious beliefs regarding homosexuality. *Id.* To survive dismissal, the employee needed to sufficiently allege that she was terminated for her sincerely held religious beliefs regarding her sexual orientation, not simply for being a lesbian. In other words, termination for simply failing to comply with an employer's religious beliefs, alone, does not state a claim for religious discrimination. The employee's failure to comply must be motivated by their own sincerely held religious beliefs. *See, e.g., Tepper v. Potter,* 505 F.3d 508, 513-14 (6th Cir. 2007). Plaintiff's Amended Complaint alleges that she was terminated for premarital sex, not her sincerely religious beliefs (if any) regarding premarital sex. To the extent that Count V is a general religious discrimination claim, *Pedreira* and *Ambrose* compel dismissal.

**4. Even if Count V is a religious accommodation claim, it should still be dismissed.**

Plaintiff cannot save Count V by suddenly recharacterizing it as a religious accommodation claim. At this stage, Plaintiff's burden to successfully plead a religious accommodation claim is not materially different than her burden to successfully plead a general religious discrimination claim. Both claims emanate from Title VII's singular, broad prohibition against employment discrimination because of religion. *See EEOC v. Publix Super Mkts., Inc.*, 481 F.Supp.3d 684, 692 (M.D. Tenn. 2020) (comparing them). As with general religious discrimination, to adequately plead failure to accommodate based on religion, Plaintiff must sufficiently allege that she had a sincerely held religious belief regarding premarital sex,

Defendant knew about it, and Defendant ultimately terminated her for it. As explained in Section 3, *supra*, Plaintiff's Amended Complaint does not do that.

Count V also fails to state a religious accommodation claim because "[t]here is nothing in Title VII that requires employers to give lesser punishments to employees who claim, after they violate company rules (or at the same time), that their religion caused them to transgress the rules." *Chalmers v. Tulon Co.,* 101 F.3d 1012, 1020 (4th Cir. 1996) (citing *Johnson v. Angelica Uniform Group, Inc.*, 762 F.2d 671 (8th Cir. 1985)); *Averett v. Honda of America Mfg., Inc.,* 2010 BL 26701 at *11 (S.D. Ohio Feb. 9, 2010) (quoting *Chalmers* at 1020).[5] Even if Plaintiff's June 18, 2020 e-mail to Mr. Lopez constituted notice of her sincerely held religious beliefs regarding premarital sex, notice that her beliefs conflicted with Defendant's premarital sex ban, and a request for religious accommodation, Plaintiff had already engaged in premarital sex before that e-mail was sent. At that point, Defendant was not obligated to accommodate her.

**5. The retaliation claim in Count V should also be dismissed.**

On response, Plaintiff makes clear that her retaliation claim in Count V rests entirely on her June 18, 2020 e-mail to Mr. Lopez. Particularly, "I understand that being unmarried and expecting is frowned upon here, but the reality of the situation is this is what I'm walking through right now." Title VII prohibits employers from retaliating against an employee because they "opposed any practice made an unlawful employment practice." 42 U.S.C. §2000e-3(a). However, Plaintiff's e-mail to Mr. Lopez is nothing more than an acknowledgement of Defendant's premarital sex ban and admission that she violated it. There is no protected activity there. *See EEOC v. New Breed Logistics,* 783 F.3d 1057, 1067-68 (6th Cir. 2015) (defining opposition). So, Plaintiff's retaliation claim in Count V should also be dismissed.

---

[5] Defendant has attached a copy of this unpublished decision as Exhibit 6.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on March 23, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*