UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
|     Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
|     Defendant. | ) |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, responds in opposition to Plaintiff's Motion to Amend Complaint (Doc. #25).

### I. INTRODUCTION

Defendant's opposition to Plaintiff's motion is more practical than substantive. Defendant has filed a motion to dismiss Count V of Plaintiff's Amended Complaint (Doc. #20), which has now been fully briefed by the parties. Plaintiff has filed this motion for the express purpose of obviating Defendant's motion to dismiss. (Doc. #25 at PAGEID #: 258). After reviewing Plaintiff's proposed Second Amended Complaint (Doc. #25-1), the newly added allegations make the case for Defendant's motion to dismiss even clearer and render the Second Amended Complaint futile. So, we oppose Plaintiff's motion primarily to ask the Court to review and decide it in tandem with Defendant's motion to dismiss.

### II. BACKGROUND

This is an employment case. On July 20, 2020, Plaintiff filed her original Complaint against Defendant (Doc. #1), alleging violations of the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* ("FMLA"), Tennessee Maternity Leave Act, T.C.A. §4-21-408

("TMLA"), Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA"), and Tennessee Disability Act, T.C.A. §8-50-103, *et seq.* ("TDA").

On February 5, 2021, the parties' deadline to amend pleadings (Doc. #12), Plaintiff moved the Court for leave to file an Amended Complaint, which Defendant did not oppose. (Doc. #16). The Court granted Plaintiff's unopposed motion on February 10, 2021. (Doc. #17). Plaintiff's Amended Complaint (Doc. #18) added violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. ("ADA").

On February 23, 2021, Defendant moved the Court to dismiss Count V of Plaintiff's Amended Complaint, which alleges religious discrimination and retaliation in violation of Title VII and the THRA.[1] (Doc. #20). The next day, February 24, 2021, Defendant answered the remaining allegations of Plaintiff's Amended Complaint. (Doc. #22).

On March 9, 2021, Plaintiff filed a brief in opposition to Defendant's motion to dismiss Count V of her Amended Complaint. (Doc. #26). She also moved the Court for leave to file a Second Amended Complaint (Doc. #25). Plaintiff's Second Amended Complaint is expressly intended to evade Defendant's motion to dismiss. (Id. at PAGEID #: 258).

Defendant has filed a reply brief in support of its motion to dismiss Count V of Plaintiff's Amended Complaint (Doc. #29), so that motion is now fully briefed and ready for resolution by the Court.

---

[1] The THRA is intended to execute the polices embodied in Title VII, so courts typically analyze THRA and Title VII claims together using the Title VII framework and case law. *See, e.g., Holland v. LG Elecs. U.S.A., Inc.,* 2021 BL 13148 at *4-5 (M.D. Tenn. Jan. 12, 2021) (copy attached as Exhibit 1). Consistent with that approach, Defendant will analyze Plaintiff's Title VII and THRA claims together in this brief.

2

### III. LEGAL STANDARD

The deadline to amend pleadings in this case was February 5, 2021. (Doc. #12). Once the window for amending pleadings has passed, a party seeking to amend their pleading must first ask the Court for an exception to the scheduling order under Rule 16(b) of the Federal Rules of Civil Procedure. *See, e.g., Shane v. Bunzl Distribution USA, Inc.,* 275 Fed. Appx. 535, 536 (6th Cir. 2008); *Leary v. Daeschner*, 349 F.3d 888, 905-07 (6th Cir. 2003). The Court may grant an exception to the scheduling order for good cause. *See, e.g., Id.*; Fed. R. Civ. Pro. 16(b).

After clearing Rule 16(b), the party seeking to amend their pleading must obtain the Court's leave to do so under Rule 15(a)(2). *See, e.g., Shane* at 536; *Leary* at 905-07; Fed. R. Civ. Pro. 15(a)(2). Courts freely grant leave to amend pleadings under Rule 15(a)(2) whenever justice requires. Fed. R. Civ. Pro. 15(a)(2). However, courts may deny an amended pleading under Rule 15(a)(2) if it would be futile. *See, e.g., Spears v. SPi America, LLC*, 2012 BL 51912 at *4 (M.D. Tenn. Mar. 5, 2012).[2] An amended pleading is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). *Id.*

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

> "[T]he Court must take all of the factual allegations in the complaint as true. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.*

---

[2] Defendant has attached a copy of this unpublished case as Exhibit 2.

at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 BL 410338 at *2-3 (M.D. Tenn. Nov. 6, 2018).[3]

### IV. ARGUMENT

The Court should deny Plaintiff's motion because she cannot file a Second Amended Complaint as a matter of course and, in any event, her Second Amended Complaint would be futile.

**A. Plaintiff cannot file a Second Amended Complaint as a matter of course.**

Plaintiff asserts that she can file a Second Amended Complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. *See* Doc. #25. Evidently, Plaintiff interprets Rule 15(a)(1) as allowing parties to amend each of their pleadings once as a matter of course, no matter how many pleadings there are or when they are filed. Defendant disagrees with Plaintiff's interpretation.

---

[3] Defendant has attached a copy of this unpublished case as Exhibit 3.

4

First, although Defendant has not found a Sixth Circuit case that addresses the number of amendments allowed under Rule 15(a)(1), other federal courts have held that Rule 15(a)(1) only allows a party to amend their original pleading one time during an entire case. *See, e.g., Montz v. Pilgrim Films & Television, Inc.,* 606 F.3d 1153, 1156-57, 1159 FN1 (9th Cir. 2010); *Rodgers v. Lincoln Towing Serv., Inc.,* 771 F.2d 194, 203 (7th Cir. 1985); *Pivonka v. Allstate Ins. Co.,* 2019 BL 258783 at *2-4 (E.D. Cal. July 11, 2019)[4]; *Yoo v. BMW Mfg. Co.,* 2019 BL 112240 at *3 FN4 (D.S.C. Mar. 29, 2019)[5]; *T.R.P. Co. v. Similasan AG,* 2018 BL 436637 at *5 (D. Nev. Nov. 27, 2018)[6]; *Palaniappan v. Gilbert Hosp. LLC,* 2017 BL 478291 at *1-2 (D. Ariz. Dec. 22, 2017)[7]; *Butler v. Broussard,* 2013 BL 142866 at *2 FN21 (N.D. Ala. May 31, 2013)[8]; *Yagman v. Galipo,* 2013 BL 384538 at *2 FN3 (C.D. Cal. Mar. 25, 2013)[9]; *CSK, Invs., LLC v. Select Portfolio Servicing, Inc.,* 2011 Bl 82673 at *1-2 (D. Ariz. Mar. 29, 2011)[10]; *Burnham v. United States,* 2008 BL 31811 at *1-2 (D. Ariz. Feb. 19, 2008)[11]; *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp.2d 1062, 1076-77 (D. Colo. 1991).

Second, limiting Rule 15(a)(1) to one amendment of the parties' original pleadings is consistent with the notes of the Advisory Committee on Civil Rules. When the Advisory

---

[4] Defendant has attached a copy of this unpublished case as Exhibit 4.

[5] Defendant has attached a copy of this unpublished case as Exhibit 5.

[6] Defendant has attached a copy of this unpublished case as Exhibit 6.

[7] Defendant has attached a copy of this unpublished case as Exhibit 7.

[8] Defendant has attached a copy of this unpublished case as Exhibit 8.

[9] Defendant has attached a copy of this unpublished case as Exhibit 9.

[10] Defendant has attached a copy of this unpublished case as Exhibit 10.

[11] Defendant has attached a copy of this unpublished case as Exhibit 11.

Committee last revised Rule 15(a)(1) in 2009, they described the right to amend as a matter of course as intended to streamline cases by encouraging parties to raise and develop all the issues in a case upfront rather than seriatim. *See* Fed. R. Civ. Pro. 15 2009 Advisory Committee Notes. Allowing the parties to amend every pleading once as a matter of right would tend to have the opposite effect by complicating and extending cases.

Third, limiting Rule 15(a)(1) to one amendment of each of the parties' original pleadings is consistent with Rule 15(a)(2). In this case, for instance, Plaintiff had to obtain Defendant's consent or the Court's leave under Rule 15(a)(2) to file her Amended Complaint. But, under Plaintiff's interpretation of Rule 15(a)(1), she would not need Defendant's consent or the Court's leave to file a Second Amended Complaint. That makes no sense. Under Plaintiff's interpretation, parties could use Rule 15(a)(1) as a subterfuge to completely bypass Rule 15(a)(2). A party could propose a modest amendment to their pleading, obtain party consent or leave of court for that amendment under Rule 15(a)(2), and then unilaterally file a dramatically amended pleading within 21 days under Rule 15(a)(1) that would have never gained party or court approval under Rule 15(a)(2).

Fourth, even if Plaintiff could file a Second Amended Complaint under Rule 15(a)(1), she would have to overcome Rule 16 first. The parties' deadline to amend pleadings was February 5, 2021. (Doc. #12). Since Plaintiff's motion for leave to amend was filed after that deadline, Rule 16 controls. *See, e.g., Shane* at 536. *Leary* at 905-07.

Therefore, to file a Second Amended Complaint, Plaintiff must satisfy the criteria of Rule 16 and Rule 15(a)(2). She cannot file a Second Amended Complaint as a matter of course under Rule 15(a)(1).

6

Case 3:20-cv-00628   Document 30   Filed 03/23/21   Page 6 of 13 PageID #: 349

### B. Plaintiff's proposed Second Amended Complaint would be futile.

The Court may deny Plaintiff's motion for leave to amend if her Second Amended Complaint would be futile. *See, e.g., Spears* at *4. A proposed amended complaint is futile if it would not survive a motion to dismiss under Rule 12(b)(6). *See, e.g., Id*. Here, Defendant's motion to dismiss Count V of Plaintiff's Amended Complaint has been fully briefed and Plaintiff is seeking to file a Second Amended Complaint in direct response to Defendant's motion to dismiss, so the futility analysis is largely a recitation of issues already before the Court.

Plaintiff's proposed Second Amended Complaint includes new allegations that are intended to cure the deficiencies identified by Defendant in Count V of her Amended Complaint. For the Court's benefit, Defendant has attached a comparison between Plaintiff's Amended Complaint and proposed Second Amended Complaint as Exhibit 12. The new, substantive allegations are included in Paragraphs 18, 20-23, 59-61, and 65 of Plaintiff's proposed Second Amended Complaint:

- Addition to Paragraph 18: "Ms. O'Connor does not believe premarital sex is a requirement or fundamental tenant [sic] of her faith as a Christian."

- New Paragraph 20: "Plaintiff's sincerely held Christian belief is that Christianity is not meant to be punitive, hateful, vengeful, or judgmental. Accordingly, her Christian belief is that God gave a woman the ability to procreate, and that ability to procreate was not restricted by a contract, i.e., marriage or employment at Ramsey Solutions. Moreover, Plaintiff does not believe that her identification as a Christian gives her the right to judge and condemn other Christians or humans for how they choose to carry out their one dictate from Jesus, that is, to love one another. To the contrary, Ms. O'Connor believes it is inherently unloving to pass judgment and condemnation on others for their private relationships."

- New Paragraph 21: "Plaintiff's view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy without fear of recrimination, much less termination from her employment."

7

- New Paragraph 22: "When Plaintiff notified Defendant of her pregnancy on June 18, 2020, she specifically stated to Armando Lopez 'I needed to let you know that I'm 12 weeks pregnant. I understand that being unmarried and expecting is frowned on here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's need in the future, etc.'"[12]

- New Paragraph 23: "In sending this email on June 18, 2020, Plaintiff ostensibly requested an accommodation from Defendant's strict Righteous Living value which frowns on, by termination, pregnancy outside of marriage."

- New Paragraph 59: "Plaintiff is a Christian. Her practice and belief of Christianity is that Christianity is above all a loving, not punitive and judgmental faith. Her practice of Christianity differs from Defendant."

- New Paragraph 60: "Plaintiff notified Defendant she was pregnant on June 18, 2020, she specifically stated in an email to Armando Lopez 'I understand that being unmarried and expecting is frowned on here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's need in the future, etc.'"

- New Paragraph 61: "Plaintiff's email to HR was a request for an accommodation from its strict policies which 'frown on' pregnancy outside of marriage."

- New Paragraph 65: "Plaintiff does not adhere to Ramsey's interpretation of "Judeo-Christian" values for non-work related behavior."

(Doc. #25-1).

Count V of Plaintiff's Amended Complaint claims that Defendant discriminated against Plaintiff because of religion, failed to accommodate Plaintiff on the basis of religion, and/or retaliated against Plaintiff, all in violation of Title VII and the THRA. As Defendant has discussed at length in its motion to dismiss (Doc. #20) and reply brief (Doc. #29), we are still not sure whether Count V of Plaintiff's Amended Complaint is intended to state a religious

---

[12] Plaintiff attached a copy of this June 18, 2020 e-mail to her response in opposition to Defendant's motion to dismiss Count V of her Amended Complaint. (Doc. #26-1). We agree with Plaintiff that the Court should review and consider it.

8

discrimination claim, religious accommodation claim, or both. Plaintiff's proposed Second Amended Complaint is not much clearer, although the new allegations more closely align with a religious accommodation claim than a religious discrimination claim. Ultimately, it does not matter. The new allegations in Plaintiff's Second Amended Complaint do not cure the deficiencies of Count V of Plaintiff's Amended Complaint.

1. **<u>Count V of Plaintiff's Second Amended Complaint does not state a religious discrimination claim.</u>**

In Count V of Plaintiff's Amended Complaint, Plaintiff failed to state a religious discrimination claim because she did not sufficiently allege (1) that she had a sincerely held religious belief regarding premarital sex or (2) that Defendant terminated her employment for her sincerely held religious belief regarding premarital sex, as opposed to just for engaging in premarital sex. *See, e.g., Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722, 727-28 (6th Cir. 2009); Defendant's Motion to Dismiss, Doc. #20 at §IV(A); Defendant's Reply Brief, Doc. #29 at §§ 2-3. The new allegations in Plaintiff's proposed Second Amended Complaint do not cure those deficiencies.

Plaintiff's proposed Second Amended Complaint does not allege that she had a sincerely held religious belief regarding premarital sex. Indeed, quite the opposite. In Paragraph 18 of the Second Amended Complaint, Plaintiff appears to concede that she does not have a sincerely held religious belief regarding premarital sex at all: "Ms. O'Connor does not believe premarital sex is a requirement or fundamental tenent [sic] of her faith as a Christian." That is fatal to her religious discrimination claim. The remaining allegations regarding Plaintiff's beliefs, Paragraphs 20, 21, 59, and 65 of the Second Amended Complaint, touch on things like judgment, privacy, procreation, pregnancy, and non-work related behavior generally, not premarital sex.

9

Even if Plaintiff's proposed Second Amended Complaint stated a sincerely held religious belief regarding premarital sex for Rule 12(b)(6) purposes, there are no allegations, whatsoever, that Plaintiff informed Defendant of those beliefs or that Defendant terminated her for them. The parties appear to agree that Defendant terminated Plaintiff's employment for engaging in premarital sex, not for her sincerely held religious beliefs (if any) regarding premarital sex[13], and that simply does not state a claim for religious discrimination under Title VII or the THRA. *Pedreira* at 727-28.

### 2. Count V of Plaintiff's Second Amended Complaint does not state a religious accommodation claim.

Count V of Plaintiff's Amended Complaint failed to state a religious accommodation claim for the same reasons that it failed to state a religious discrimination claim. Religious accommodation and discrimination claims both emanate from Title VII's singular, broad prohibition against employment discrimination based on religion. *See, e.g., See EEOC v. Publix Super Mkts., Inc.*, 481 F.Supp.3d 684, 692 (M.D. Tenn. 2020) (comparing them); Defendant's Reply Brief, Doc. #29 at §§ 2-4; 42 U.S.C. §2000e-2(a). The new allegations in Plaintiff's proposed Second Amended Complaint do not cure those deficiencies. It does not contain any allegations that Plaintiff had a sincerely held religious belief regarding premarital sex or that Defendant terminated her for any such belief, rather than simply for engaging in premarital sex.

On the specific issue of accommodation, Plaintiff's proposed Second Amended Complaint placed more emphasis on the June 18, 2020 e-mail from Plaintiff to Mr. Lopez (Doc.

---

[13] In Plaintiff's proposed Second Amended Complaint, she acknowledges that Defendant prohibits premarital sex (Doc. #25-1 at ¶17), concedes that premarital sex is not a requirement or tenet of her Christian faith (Id. at ¶18), and acknowledges that Defendant terminated her employment for engaging in premarital sex (Id. at ¶62).

10

#26-1) than her Amended Complaint. Plaintiff recited excerpts of that e-mail in Paragraphs 22 and 60 of the Second Amended Complaint. In Paragraphs 23 and 61 of the Second Amended Complaint, Plaintiff alleges that her e-mail to Mr. Lopez was "ostensibly" a request for religious accommodation. However, even viewing that e-mail in the light most favorable to Plaintiff, there is no way to reasonably interpret it as communicating a sincerely held religious belief regarding premarital sex and requesting a religious accommodation from Defendant. That is a stretch too far, even for Rule 12(b)(6) purposes.

More importantly, even if Plaintiff's e-mail to Mr. Lopez constituted notice of her sincerely held religious beliefs regarding premarital sex, that her beliefs conflicted with Defendant's premarital sex ban, and a request for religious accommodation from Defendant, Plaintiff sent that e-mail well after she had violated Defendant's rule and, therefore, Defendant was not obligated to accommodate her. *Chalmers v. Tulon Co.,* 101 F.3d 1012, 1020 (4th Cir. 1996) (citing *Johnson v. Angelica Uniform Group, Inc.*, 762 F.2d 671 (8th Cir. 1985)); *Averett v. Honda of America Mfg., Inc.,* 2010 BL 26701 at *11 (S.D. Ohio Feb. 9, 2010) (quoting *Chalmers* at 1020).

### 3. Count V of Plaintiff's Second Amended Complaint does not state a claim for retaliation.

Count V of Plaintiff's Amended Complaint failed to state a retaliation claim because it rested entirely on her June 18, 2020 e-mail to Mr. Lopez. Title VII prohibits employers from retaliating against an employee because they "opposed any practice made an unlawful employment practice." 42 U.S.C. §2000e-3(a). However, Plaintiff's e-mail to Mr. Lopez is nothing more than an acknowledgement of Defendant's premarital sex ban and admission that she violated it. There is no protected activity there. *See EEOC v. New Breed Logistics,* 783 F.3d

1057, 1067-68 (6th Cir. 2015) (defining opposition). Plaintiff's proposed Second Amended Complaint does not add any new allegations in support of her retaliation claim in Count V.

V.     CONCLUSION

Given the futility of the new allegations in Plaintiff's proposed Second Amended Complaint, Plaintiff's motion for leave to amend should be denied under Rule 15(a)(2). Alternatively, Plaintiff's motion for leave to file a Second Amended Complaint should be reviewed in tandem with Defendant's motion to dismiss Count V of Plaintiff's Amended Complaint so that the parties can get a merits-based decision regarding Defendant's motion to dismiss and advance this case.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on March 23, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

                                            /s/Daniel Crowell
                                            Daniel Crowell (TN #31485)
                                            *Attorney for Defendant*