**EXHIBIT 1**

⊞ Holland v. LG Elecs. U.S.A., Inc., No. 3:20-cv-00706, 2021 BL 13148 (M.D. Tenn. Jan. 14, 2021), Court Opinion

**Pagination**
\*     BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

KAREN HOLLAND, Plaintiff, v. LG ELECTRONICS U.S.A., Inc., Defendant.

NO. 3:20-cv-00706

January 14, 2021, Filed

For Karen Holland, Plaintiff: George H. Rieger, II, Rieger Law Firm, Brentwood, TN.

For LG Electronics U.S.A., Inc., Defendant: Christopher J. Barrett, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Nashville, TN; Martha L. Boyd, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash), Nashville, TN.

ELI RICHARDSON, UNITED STATES DISTRICT JUDGE.

ELI RICHARDSON

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 6, "Motion").[1] Plaintiff has filed a Response (Doc. No. 12). Defendant has filed a Reply (Doc. No. 48). The Motion is ripe for review.

For the reasons discussed, the Court will grant Defendant's Motion.

**BACKGROUND**

Plaintiff, a Caucasian female born in 1965, was employed by Defendant in Clarksville, Tennessee until her termination on July 19, 2019.[2] (Doc. No. 1-1 at ¶¶ 1, 8). Plaintiff claims (but the Court does not accept as true)

Bloomberg Law®   © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

that:

9. While employed by Defendant, Plaintiff was harassed by non-white employees and managers. Plaintiff complained of the harassment to management, but the harassment was not investigated, and nothing was done to remedy the harassing environment.10. Plaintiff was treated less favorably then similarly situated non-white employees. Defendant historically treats non-white employees more favorably than white employees.

11. Plaintiff was harassed by younger co-workers and managers. Plaintiff was treated less favorably than similarly situated, younger employees.

12. Plaintiff was terminated discriminatorily because of her age and/or race; whereas, similarly situated white and/or younger employees were not terminated.

13. Racism and ageism were embedded into the fabric of Defendant's Clarksville operations and was openly tolerated by its management team.

14. Defendant retaliated against Plaintiff for complaining of unequal treatment based on her race and/or age.

15. Based on these actions, Defendant has violated the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*

(Doc. 1-1 at 9-15). Based on these claims (which as discussed herein are mere conclusory allegations, rather than assertions of factual matter that the Court must accept as true), Plaintiff asserts three claims under the Tennessee Human Rights Act ("THRA"). First, she claims that Defendant violated the THRA "[b]y discriminating against [her] and creating a hostile work environment based on [the] race and age of Plaintiff[.]" ( *Id.* at ¶ 19). She claims that Defendant created this hostile work environment "[b]y allowing blatant racism to thrive." ( *Id.* at ¶ 20). Second, she claims that Defendant violated the THRA "[b]y terminating Plaintiff on the basis of her age and/or race[.]" ( *Id.* at ¶ 21). Third, she claims that Defendant violated the THRA "[b]y retaliating against Plaintiff[.]" ( *Id.* at ¶ 22).

## LEGAL STANDARD

For purposes of a 12(b)(6) motion to dismiss, the Court must take all the factual allegations in the complaint as true, as this Court has done above. *Ashcroft v. Iqbal*, 556 U.S. 662 , 678 , 129 S. Ct. 1937 , 173 L. Ed. 2d 868 (2009).[3] To survive a motion to dismiss, a complaint must contain **[*2]** sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950 . A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are *mere recitations* of the elements of a cause of action sufficient. *Id.* ; *Fritz v. Charter Township of Comstock*, 592 F.3d 718 , 722 (6th Cir. 2010), cited in *Abriq v. Hall*, 295 F. Supp. 3d 874 , 877 (M.D. Tenn. 2018). Moreover, factual

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 2

allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal* , 556 U.S. at 678 .

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 . This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bald" allegations. *Id.* at 681 . The question is whether the remaining allegations—the well-pleaded factual allegations, *i.e.*, allegations of factual matter—plausibly suggest an entitlement to relief. *Id.* If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6) . *Id.* at 683 . "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2) ).

Importantly, the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 , 802-04 , 93 S. Ct. 1817 , 36 L. Ed. 2d 668 (1973), *holding modified by Hazen Paper Co. v. Biggins*, 507 U.S. 604 , 113 S. Ct. 1701 , 123 L. Ed. 2d 338 (1993),[4] is inapplicable on a Rule 12(b)(6) motion to dismiss. That is to say, a plaintiff need not allege facts specifically indicating that the plaintiff could carry the burden she might ultimately bear under *McDonnell Douglas*. This is because *McDonnell Douglas* "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 , 510 , 122 S. Ct. 992 , 152 L. Ed. 2d 1 (2002). Contrary to what Defendant seems to assume, (Doc. No. 7 at 5, 6), a plaintiff is not required to plead what would qualify as a *prima facie* case for purposes of *McDonnell Douglas. See, e.g., Keys v. Humana, Inc.*, 684 F.3d 605 , 609 (6th Cir. 2012) ("The district court's requirement that [the plaintiff's] complaint establish a *prima facie* case under *McDonnell Douglas* and its progeny is contrary to Supreme Court and Sixth Circuit **[\*3]** precedent."); *Clough v. State Farm Mut. Auto. Ins. Co.*, No. 13-2885-STA-tmp, [2014 BL 117142], 2014 U.S. Dist. LEXIS 41642 , [2014 BL 117142], 2014 WL 1330309 , at *6 (W.D. Tenn. Mar. 28, 2014) ("In light of *Swierkiewicz*, the Court concludes that strictly speaking Plaintiff need not plead all of the elements of the *prima facie* case in order to survive a motion to dismiss.") The Court recently explained this in some detail in resolving a motion to dismiss a plaintiff's THRA claims:

> But since this is a Motion to Dismiss, and not a motion for summary judgment, Plaintiff is not required to carry a burden of presenting evidence establishing a *prima facie* case under *McDonnell Douglas. Keys v. Humana, Inc.*, 684 F.3d 605 , 609 (6th Cir. 2012).
>
> *McDonnell Douglas* "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 , 510-11 , 122 S. Ct. 992 , 152 L. Ed. 2d 1 (2002). "[T]he precise requirements of a *prima facie* case can vary depending on the context and before discovery has unearthed the relevant facts and evidence, it may be difficult to define the appropriate formulation. Significantly, the Supreme Court identified the possibility that discovery may produce direct evidence of discrimination, rendering the *McDonnell Douglas* burden-shifting framework inapplicable to a plaintiff's claims." *Keys*, 684 F.3d at 609 (discussing *Swierkiewicz*) (internal

citation omitted).

This only stands to reason. After all, the *McDonnell Douglas* framework contemplates that a defendant can, if necessary, attempt to prevail by setting forth its position on a factual issue (*i.e.*, as to the existence of a legitimate, non-discriminatory reason for its challenged employment actions). **411 U.S. at 802** . But except perhaps in a very limited sense (as for example when a district court will consider, if uncontradicted in a plaintiff's reply brief, a defendant's factual assertions as to the content in a document referred to in the plaintiff's complaint) a defendant's position regarding the facts simply is not be considered on a Rule 12(b)(6) motion to dismiss. *See Burns v. United States*, **542 F. App'x 461** , **466-67** (6th Cir. 2013). Therefore, the *McDonnell Douglas* framework does not apply on this Motion, and Plaintiff is not required here to make out a *prima facie* case as required by *McDonnell Douglas* on a motion for summary judgment; instead Plaintiff must satisfy the plausibility requirement for a motion to dismiss.

*Jodry v. Fire Door Sols., LLC*, No. 3:20-cv-00243, [**2020 BL 507003**], 2020 U.S. Dist. LEXIS 244609 , [**2020 BL 507003**], 2020 WL 7769924 , at *3-4 (M.D. Tenn. Dec. 30, 2020) (Richardson, J.). So as noted in *Keys, McDonnell Douglas* ultimately may not apply at all in a particular case; in particular it would not apply if the plaintiff can rely on direct evidence of discrimination, rather than indirect evidence of discrimination (which is what *McDonnell Douglas* deals with). And even if *McDonnell Douglas* would apply at later stages of the case, it cannot sensibly be applied at the pleading stage, and so its requirement of a showing of a *prima facie* case must not be applied at the pleadings stage.

## *DISCUSSION*

Plaintiff brings claims solely under the THRA, which provides a state remedy for sex discrimination. **Tenn. Code Ann. § 4-21-101** , *et seq.* The THRA states "[i]t is a discriminatory practice for an employer to: (1) Fail or refuse to hire or discharge any person or otherwise to discriminate against an individual **[*4]** with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin . . . " **Tenn. Code Ann. § 4-21-401(a)(1)** . *See also Walton v. Interstate Warehousing, Inc.*, No. 3:17-cv-1324, [**2020 BL 124239**], 2020 U.S. Dist. LEXIS 58132 , [**2020 BL 124239**], 2020 WL 1640440 , at **3** (M.D. **Tenn. Apr. 2** , 2020) ("The THRA prohibits discrimination by an employer based upon gender and age."). The THRA also expressly provides a civil cause of action to the affected individual. **Tenn. Code Ann. § 4-21-401(d)(5)** .

The THRA likewise states that "[i]t is a discriminatory practice for [an employer] to: (1) retaliate or discriminate in any manner against a person because such person has opposed a practice declared discriminatory by this chapter [including **Tenn. Code Ann. § 4-21-401(a)(1)** ]." **Tenn. Code Ann. § 4-21-301(a)(1)** . A civil cause of action likewise exists for an individual subjected to retaliation in violation of the THRA, inasmuch as "[a]n individual [or a non-natural employer] can also be held liable under **§ 301(a)** for retaliation, which is a form of discriminatory practice under the THRA." *DeSoto v. Bd. of Parks & Recreation*, **64 F. Supp. 3d 1070** , **1098** (M.D. Tenn. 2014); *Pigott v. Battle Ground Acad.*, **909 F. Supp. 2d 949** , **968** (M.D. Tenn. 2012) (noting that a defendant can be held liable for retaliation under the THRA).

Finally, a cause of action based on hostile work environment is recognized under the THRA just as it is under

Title VII. *Austin v. Alexander*, 439 F. Supp. 3d 1019 , 1024 (M.D. Tenn. 2020).

As hinted at in *Austin*, although the THRA is a state discrimination law, courts apply the same principles as they would to a claim brought under Title VII of the Civil Rights Act of 1964 or 42 U.S.C. § 1981 .[5] *See e.g., Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26 , 31 (Tenn. 1996) ("The stated purpose and intent of the Tennessee Act is to provide for execution within Tennessee of the policies embodied in the federal civil rights laws. Accordingly, our analysis of the issues in this appeal is the same under both the Tennessee Human Rights Act and Title VII of the Federal Civil Rights Act." (internal citations omitted)); *Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc.*, No. 3:*14 C 02325* , [2016 BL 160664], 2016 U.S. Dist. LEXIS 66219 , [2016 BL 160664], 2016 WL 2927983 , at *3 (M.D. Tenn. May 19, 2016) (noting that only one analysis should be conducted for Title VII, 42 U.S.C. § 1981 , and the THRA); *Dennis v. White Way Cleaners, L.P.*, 119 S.W.3d 688 , 693 (Tenn. Ct. App. 2003) ("Because of the commonality of purpose between the Tennessee Human Rights Act and the federal statutes, we may look to federal law for guidance in enforcing our own anti-discrimination laws." (internal quotation marks and citations omitted)). As this Court put it in resolving a dispute in *Walton* as to whether the Court may look to federal law in interpreting the retaliation provision of the THRA:

> One of the stated purposes of the THRA. . . is to provide for execution within Tennessee of the policies embodied in Title VII and other federal civil rights laws. *Tenn. Code Ann. § 4-21-101(a)(1)* .
>
> Generally, courts interpret the THRA similarly, if not identically, to Title VII, although they are not obligated to follow or be limited by federal law in interpreting the THRA. Given the similarity of the two statutes (THRA and Title VII), when applying the THRA, courts borrow the Title VII framework developed by federal courts.

*Walton*, [2020 BL 124239], 2020 U.S. Dist. LEXIS 58132 , [2020 BL 124239], 2020 WL 1640440 , at *4 (citations omitted).

As discussed above, Plaintiff must satisfy the plausibility requirement (but not any requirement to plead a *prima facie* case under *McDonnell* [*5] *Douglas*) to survive a motion to dismiss. Discussing the plausibility requirement in *Keys*, the Sixth Circuit noted:

> [T]he Supreme Court established a "plausibility" standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions, and that standard applies to causation in discrimination claims . . .
>
> Thus, although the Amended Complaint need not present "detailed factual allegations," it must allege sufficient "factual content" from which a court, informed by its "judicial experience and common sense," could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678 , 679 , 129 S. Ct. 1937 , that [the defendant] "discriminate[d] against [the plaintiff] with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." . . . According to the Supreme Court, "plausibility" occupies that wide space between "possibility" and "probability." *Iqbal*, 556 U.S. at 678 , 129 S. Ct. 1937 .

> If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied.

*Keys*, 684 F.3d at 610 (some internal citations omitted).

The Court next determines whether, with respect to each of her three specific claims (discrimination/disparate treatment, hostile work environment, and retaliation), Plaintiff has satisfied the plausibility requirement.

### 1. Discrimination/disparate treatment

In *James v. Hampton*, 592 F. App'x 449 (6th Cir. 2015), involving a Section 1983 claim having "the same elements required to establish a disparate treatment claim under Title VII," the Sixth Circuit reiterated that it is improper for the district court on a motion to dismiss to require the plaintiff to have pled a *prima facie* case under *McDonnell Douglas*. *Id.* at 460 . Instead, a complaint need only provide "an adequate factual basis" for a discrimination claim in order to satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) . *Id.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884 , 897 (6th Cir.2012)). "Although the plaintiff may survive a motion to dismiss without pleading a *prima facie* case of discrimination, the complaint must nevertheless allege sufficient 'factual content' from which a court could 'draw the reasonable inference' of racial [and alternatively, in Plaintiff's case, age] discrimination." *Id.* at 461 .[6] *James* then indicated the kinds of allegations that would, or would not, satisfy this standard, noting that the plaintiff's

> factual allegations are analogous to those in *Swierkiewicz* and *Keys*, in which the plaintiffs pleaded membership in the protected class, specific adverse employment actions taken against them, and instances in which they were treated less favorably than identified non-class members.
>
> She does not merely make "conclusory allegations" that the JTC treated white judges differently, but identifies specific individuals and summarizes instances of their misconduct. *Cf. 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502 , 506 (6th Cir.2013) (upholding the dismissal of a race discrimination claim in which the plaintiffs alleged their belief that a bank had refinanced the loans of delinquent white borrowers **[*6]** but failed to identify these borrowers). The "factual content" she alleges, in the form of the misconduct of the other judges, is sufficient to draw a reasonable inference of discrimination because she points to specific instances of abuse of judicial power by white judges. For instance, she alleges that one judge had improperly used court funds to pay off a court employee who reported inappropriate personal contact between the judge and a litigant, and that other judges had engaged in various other employment improprieties. James's complaint is thus sufficient to "giv[e] rise to 'reasonably founded hope that the discovery process will reveal relevant evidence' to support" her claims.

*Id.* (quoting *Lindsay v. Yates*, 498 F.3d 434 , 440 n.6 (6th Cir. 2007). In short, though careful not to impose excessive requirements for a plaintiff merely state a Title VII claim, the Sixth Circuit does require *factual matter* and *non-conclusory* allegations suggesting that the plaintiff was treated disparately based on her belonging to a protected class.

With respect to her claim of disparate treatment, Plaintiff completely fails to meet even this lenient and forgiving

pleading standard. She makes only the conclusory allegation that she was terminated based on her age and race, that she was treated differently than similarly situated non-white employees, and that racism and ageism were embedded and tolerated within Defendant's organization. She alleges absolutely no underlying facts, such as examples of persons outside of her protected class being treated differently by Defendant than she was or of how the alleged racism and ageism manifested itself in disparate treatment. This is a classic example of a claim that is insufficient under *Iqbal* and *Twombly*, and it therefore will be dismissed.

## 2. Hostile work environment

Like claims of disparate treatment, claims of hostile work environment are subject to *McDonnell Douglas* (if based on indirect evidence)[7] on a motion for summary judgment, but a motion to dismiss does not require allegations of a complete prima facie claim of hostile work environment.[8] Instead, the plaintiff must satisfy only the plausibility standard as described above. *See Primm v. Dep't of Human Servs*, No. 16-6837, [2017 BL 289366], 2017 U.S. App. LEXIS 15779 , [2017 BL 289366], 2017 WL 10646487 , at *2 (6th Cir. Aug. 17, 2017).

But Plaintiff fails to satisfy even this standard. Again, Plaintiff provides no non-conclusory allegations and alleges no factual matter with respect to the existence of the alleged hostile work environment.[9] Instead, Plaintiff makes only the conclusory allegations that she was harassed by younger and non-white co-workers and managers, that racism and ageism were embedded and tolerated within Defendant's organization, and that Defendant created a hostile work environment. She does not identify (in any manner whatsoever) any harasser, describe any example(s) of harassment, or provide any explanation as to how the alleged racism and ageism manifested itself in a hostile work environment. This is another classic example of a claim that is insufficient under *Iqbal* and *Twombly* , and it **[*7]** therefore likewise will be dismissed.

## 3. Retaliation

There are two different views of the requirements for a Title VII retaliation claim to survive a Rule 12(b)(6) motion to dismiss. One is reflected in cases like *Williams v. Michigan Dep't of Health & Human Servs.*, No. 19-13456, [2020 BL 268204], 2020 U.S. Dist. LEXIS 126843 , [2020 BL 268204], 2020 WL 4050246 (E.D. Mich. July 20, 2020), which states that a plaintiff

> must plead that (1) she engaged in a protected activity under Title VII, (2) the exercise of protected rights was known to the Defendants, (3) Defendants took adverse employment action against Williams, and (4) there was a causal connection between the adverse employment action and the protected activity.
>
> *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986 , 995-96 (6th Cir. 2009).

[2020 BL 268204], 2020 U.S. Dist. LEXIS 126843 , [WL] at *6. Cases like *Williams* appear to assume that the plaintiff must plead a *prima facie* case of retaliation. *Willliams* cites to *Hunter*, seemingly for the proposition that a plaintiff must plead the elements of a *prima facie* case as identified in *Hunter*. But actually Hunter does not stand for this proposition and indeed does not address or relate to pleadings requirements; *Hunter* dealt with a summary judgment motion, not a Rule 12(b)(6) motion to dismiss. *Hunter*, 565 F.3d at 995-96 (6th Cir. 2009). And although *Hunter* did state the elements of *prima facie* case, it is not a safe assumption that a plaintiff must plead (as opposed to *support with evidence at the summary judgment stage*) all elements of a *prima facie*

Bloomberg Law®   © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 7

case.[10] To the contrary, as explained above (perhaps to the point of redundancy, alas), a plaintiff need not do so. As the Third Circuit has explained in reviewing a district court's resolution of a motion to dismiss Title VII claims for, among other things, retaliation:

> [The district court's] analysis proceeded with a point-by-point consideration of the elements of a *prima facie* case required under a pretext theory.
>
> It is thus worth reiterating that, at least for purposes of pleading sufficiency, a complaint need not establish a *prima facie* case in order to survive a motion to dismiss. A *prima facie* case is "an evidentiary standard, not a pleading requirement," *Swierkiewicz* [ 534 U.S. at 510 ], and hence is "not a proper measure of whether a complaint fails to state a claim." *Fowler v. UPMC Shadyside*, 578 F.3d 203 , 213 (3d Cir.2009). As we have previously noted about pleading in a context such as this,
>
>> [a] determination whether a *prima facie* case has been made ... is an evidentiary inquiry—it defines the quantum of proof [a] plaintiff must present to create a rebuttable presumption of discrimination.
>>
>> Even post-*Twombly*, it has been noted that a plaintiff is not required to establish the elements of a *prima facie* case. . . . *Id.* at 213 (citation omitted).
>>
>> Instead of requiring a *prima facie* case, the post-*Twombly* pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element[s]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224 , 234 (3d Cir.2008) (quoting *Twombly*, 550 U.S. at 556 , 127 S.Ct. 1955 ).
>
> . . . [A]t this early stage of the proceedings, it is enough for Connelly to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims.
>
> For [these] reasons, Connelly's retaliation claim may survive Lane's motion **[*8]** to dismiss if she pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) she engaged in conduct protected by Title VII; (2) the employer took adverse action against her; and (3) a causal link exists between her protected conduct and the employer's adverse action.
>
> *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194 , 201 (3d Cir.1994).

*Connelly v. Lane Const. Corp.*, 809 F.3d 780 , 788-89 (3d Cir. 2016). The Third Circuit's view—that "it is enough for [the plaintiff] to allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims" under Title VII—[11] mirrors that of the Sixth Circuit noted above.

With respect to the claimed retaliation, Plaintiff once again fails to meet even this quite modest burden. As to the claim of retaliation, Plaintiff only: (1) alleges (with the bare minimum of words) that she complained of harassment by non-white managers and employees; and (2) makes a conclusory allegation that Defendant retaliated against her for complaining of unequal treatment based on her race and age. This is yet another textbook example of a claim that clearly does not suffice under *Iqbal* and *Twombly*, and it therefore will be

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 8

dismissed.

The Court would be remiss if it did not here address an argument made by Plaintiff with respect to all of her claims. Plaintiff asserts that "[i]n the present case, Plaintiff has met the standards outlined above by alleging the particular circumstances of the harassment, discrimination and retaliation sufficient to allow Defendant to answer the allegations in an informed way." (Doc. No. 12 at 2). The Court must call out this assertion for what it is: frivolous. Plaintiff alleges *no* circumstances of the alleged harassment, discrimination and retaliation, let alone "particular" circumstances, let alone particular circumstances that enable Defendant to answer in an informed way.

**CONCLUSION**

The requirements for adequately stating a claim (at least, one not subject to **Fed. R. Civ. P. 9(b)**) are not onerous. The Supreme Court and Sixth Circuit have taken care to ensure that this is true for Title VII cases (and thus, by analogy, THRA cases) as with other kinds of cases. The Court is well aware of this and therefore does not, for example, demand that a plaintiff allege "details," or "detailed facts."

But the Court must, under *Iqbal* and *Twombly*, demand that a complaint include some amount of factual matter sufficient to plausibly suggest that the defendant is liable. "**Rule 8** marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, **556 U.S. at 678-79** .[12] As *Iqbal* explained:

> As the Court held in *Twombly* the pleading standard **Rule 8** announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.
>
> A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked **[*9]** assertion[s] devoid of further factual enhancement.

**Id. at 678** (citations and quotation marks omitted).

Here, the Complaint does nothing more than what *Iqbal* noted is insufficient, and this reality is fatal to Plaintiff's claims. The Complaint is about as sparse as a complaint possibly could be as to the operative factual allegations, and so it should come as no surprise that it cannot survive a **Rule 12(b)(6)** motion to dismiss.[13]

For the reasons discussed, the Court will grant the Motion, and Plaintiff's complaint will be dismissed with prejudice.

An appropriate order will be entered.

/s/ Eli Richardson

ELI RICHARDSON

UNITED STATES DISTRICT JUDGE

Bloomberg Law © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

## ORDER

Pending before the Court is Defendant's Motion to Dismiss (Doc. No. 6, "Motion"). For the reasons discussed in the accompanying Memorandum Opinion, the Motion is GRANTED, and this action is DISMISSED with prejudice.

The Clerk is directed to close this file. This Order shall constitute final judgment for purposes of Fed. R. Civ. P. 58 .

IT IS SO ORDERED.

/s/ Eli Richardson

ELI RICHARDSON

UNITED STATES DISTRICT JUDGE

---

fn
1

Defendant removed this case to federal court (from Montgomery County Circuit Court) on or about August 19, 2020 before filing the Motion.

fn
2

The facts set forth in this sentence are alleged in Plaintiff's complaint (Doc. No. 1-1, "Complaint") and are accepted as true for purposes of the Motion. The remaining allegations referred to herein are mere legal conclusions or conclusory statements, however, and thus (as discussed below) are not accepted as true. These allegations generally are identified as merely what Plaintiff *claims*, as opposed to what the Court is *accepting as true* for purposes of the Motion.

fn
3

However, as made quite clear throughout this opinion, not every allegation counts as a *factual* allegation entitled to the presumption of truth.

fn
4

The Sixth Circuit has summarized the applicability and workings of the *McDonnell Douglas* framework as follows:

> A plaintiff may show discrimination by direct evidence, or a plaintiff lacking direct evidence of discrimination may succeed on a Title VII claim by presenting indirect evidence under the framework first set forth in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 , 802-03 , 93 S.Ct. 1817 , 36 L.Ed.2d 668 (1973).

> To succeed under the *McDonnell Douglas* framework, the plaintiff must first make out a *prima facie* case of discrimination by a preponderance of the evidence. . . . Once the plaintiff makes out a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for" the adverse employment action. Should the defendant do so, the plaintiff then must prove by a preponderance of the evidence that the stated reasons were a pretext for discrimination.

*Redlin v. Grosse Pointe Pub. Sch. Sys.*, **921 F.3d 599**, **606-07** (6th Cir. 2019) (citations omitted).

**fn**
**5**

It is true that the THRA is broader than Title VII in some respects, *Walton*, [**2020 BL 124239**], 2020 U.S. Dist. LEXIS 58132, [**2020 BL 124239**], 2020 WL 1640440, **at *5**, but not any that are relevant to the analysis in this case.

**fn**
**6**

The Second Circuit has stated an ostensibly lower standard:

> [A]bsent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.
>
> The facts alleged must give plausible support to the reduced requirements that arise under *McDonnell Douglas* in the initial phase of a Title VII litigation. The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination.
>
> They need only give plausible support to a minimal inference of discriminatory motivation.

*Littlejohn v. City of New York*, **795 F.3d 297**, **311** (2d Cir. 2015). The Sixth Circuit has indicated that this standard is not harmonious with the analysis in *Keys* and that it should not be used in this Circuit. *Doe v. Miami Univ.*, **882 F.3d 579**, **588-89** (6th Cir. 2018). However, at least according to the dissent in one recent case, the Sixth Circuit backtracked from this position in that recent case. *Doe v. Oberlin Coll.*, **963 F.3d 580**, **588-89** (6th Cir. 2020) ("[T]his court has explicitly rejected the lower pleading standard that the majority now adopts.") (Gilman, J. dissenting). In any event, the Court firmly believes that the applicable standard in this circuit is adequately and correctly stated herein.

**fn**
**7**

The *McDonnell Douglas* burden-shifting approach also applies to hostile-work-environment claims. *Clay v. United Parcel Serv., Inc.*, **501 F.3d 695**, **706** (6th Cir. 2007).

As noted, however, *McDonnell Douglas* applies (only) to claims as to which the plaintiff relies on indirect evidence. See ***id.* at 703**.

**fn**
**8**

The elements of a prima facie claim of hostile work environment are: (1) the plaintiff was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her membership in the protected class; (4) the harassment created a hostile work environment; and (5) employer liability. *See Primm*, [2017 BL 289366], 2017 U.S. App. LEXIS 15779 , [2017 BL 289366], 2017 WL 10646487 , at *2 (citing *Barrett v. Whirlpool Corp.*, 556 F.3d 502 , 515 (6th Cir. 2009)).

fn
9

Regarding Defendant's response to the alleged hostile work environment, Plaintiff provides only the barebones allegation that after Plaintiff complained about it, Defendant did not investigate or remedy it.

fn
10

District courts also have been known to make this unwarranted assumption in reviewing motions to dismiss claims of disparate treatment and hostile work environment. But for the sake of brevity, the Court here has chosen to contrast the correct approach with incorrect approach only in the specific context of retaliation claims, with the observation that this contrast applies likewise to the other two kinds of claims.

fn
11

In *Connelly*, the Third Circuit went on to suggest that a plaintiff must raise a reasonable expectation that discovery will reveal something a little more specific, *i.e.*, evidence of *the elements of a prima facie case* (and not merely evidence of *her claims generally*). Any such suggestion appears to diverge from the Sixth Circuit's view. In *Keys*, the Sixth Circuit noted that at the pleading stage it is not clear what (if any) *prima facie* case under *McDonnell Douglas* the plaintiff may ultimately have to prove. Thus, it is hard to see why the Sixth Circuit would require allegations plausibly suggesting that a *prima facie* case in particular could ultimately be established.

Herein, the Court has held Plaintiff to a standard lower than that suggested by the Third Circuit, not requiring plaintiff to plead facts indicating that a *prima facie* case could be established and (as noted above repeatedly for emphasis) certainly not requiring Plaintiff to plead a *prima facie* case. Rather, the Court has been looking for *factual* (as opposed to conclusory) allegations suggesting merely in general terms the existence of the alleged unlawful disparate treatment, hostile work environment, and retaliation.

As an aside, the Court notes that the Third Circuit's set of elements for a *prima facie* case of retaliation appears to differ from the Sixth Circuit's. That is, the elements stated in *Connelly* with a citation to *Charlton* (which unquestionably was referring to the elements of a *prima facie* case of retaliation) omit an element recognized by the Sixth Circuit, *i.e.*, that the exercise of protected rights was known to the defendant.

fn
12

This principle takes care of Plaintiff's argument that "[e]specially in a case in which there has been no discovery, courts have been reluctant to dismiss the action where, as in the present case, facts underlying the claims are within the Defendant's control." (Doc. No. 12 at 2). To even *get* to discovery, Plaintiff (though not needing to do a whole lot) plainly needs to do more than what she did here. And the Court notes additionally that it is simply untrue that Defendant, to the exclusion of Plaintiff, would be the one to have knowledge of the relatively minimal factual matter Plaintiff would need here to include in a complaint to satisfy *Iqbal* and *Twombly*. She would necessarily know the nature of the alleged harassment and her alleged complaints to Defendant, for example.

**fn**

13

Plaintiff's arguments in response to the Motion, including those specifically addressed herein, simply do not cure (if they even relate at all to) this fundamental and insurmountable problem for Plaintiff in defeating the Motion.

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service