**EXHIBIT 4**

➕ Pivonka v. Allstate Ins. Co., No. 2:11-cv-01759-TLN-CKD, 2019 BL 258783, 2019 Us Dist Lexis 116568 (E.D. Cal. July 11, 2019), Court Opinion

**Pagination**

\*    BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

---

KENT PIVONKA, JAMES SMITH, JAMES CATANZARITE, and BEVERLY HOUSDEN, on behalf of themselves and class of similarly situated persons, Plaintiffs, v. ALLSTATE INSURANCE COMPANY, an Illinois Corporation, and ALLSTATE PROPERTY AND CASUALTY COMPANY, an Illinois Corporation, Defendants.

---

No. 2:11-cv-01759-TLN-CKD

July 12, 2019, Filed

July 11, 2019, Decided

For Kent Pivonka, James Smith, James Catanzarite, Beverly Housden, Plaintiffs: C. Brooks Cutter, Cutter Law, P.C., Sacramento, CA; John R. Parker , Jr., Cutter Law P.C., Sacramento, CA; Robert Buccola, Dreyer Babich Buccola Wood Campora, LLP, Sacramento, CA.

For Allstate Insurance Company, Allstate Property & Casualty Company, Defendants: Bonnie Lau, Sonia Martin, LEAD ATTORNEYS, Dentons US LLP, San Francisco, CA; Mark Hanover, PHV, PRO HAC VICE, Sonnenschein Nath & Rosenthal, LLP, Chicago, IL.

Troy L. Nunley, United States District Judge.

Troy L. Nunley

**ORDER GRANTING DEFENDANTS' MOTION TO STRIKE FIRST AMENDED COMPLAINT**

This matter is before the Court pursuant to Defendants Allstate Insurance Company and Allstate Property and



⊞ Pivonka v. Allstate Ins. Co., No. 2:11-cv-01759-TLN-CKD, 2019 BL 258783, 2019 Us Dist Lexis 116568 (E.D. Cal. July 11, 2019), Court Opinion

Casualty Company's (collectively, "Defendants") Motion to Strike First Amended Complaint as Untimely and Filed Without Leave of Court, Motion to Dismiss, and/or Motion to Compel Appraisal and Stay Action (ECF No. 59) and Request for Judicial Notice (ECF No. 60). Plaintiffs Kent Pivonka, James Smith, James Catanzarite, and Beverly Housden (collectively, "Plaintiffs") oppose Defendants' motions (ECF No. 65; ECF No. 65-1) to which Defendants filed replies (ECF Nos. 66 & 67). For the reasons set forth below, the Court hereby GRANTS Defendants' Motion to Strike First Amended Complaint as Untimely and Filed Without Leave of Court and DENIES as moot Defendants' Motion to Dismiss or Compel Appraisal. The Court also DENIES Defendants' Request for Judicial Notice (ECF No. 60) as moot.

## I. Factual and Procedural Background

This matter involves four different California homeowners who carried fire insurance policies with Defendants and subsequently received settlement claims for losses to personal property. (ECF No. 53 ¶¶ 7-8, 12.) Plaintiffs brought this action against Defendants alleging declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the Unfair Competition Law ("UCL") under **California Business and Professions Code section 17200** . (ECF No. 53 ¶¶ 93-126.)

On May 27, 2011, Plaintiffs Kent Pivonka ("Pivonka") and James Smith ("Smith") (collectively, the "Post-Appraisal Plaintiffs") commenced this lawsuit against Defendants asserting claims for declaratory relief, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of the UCL. (ECF No. 59 at 12.) On July 28, 2011, Defendants filed a motion to compel appraisal and stay the case, or in the alternative, a motion to dismiss ("2011 Motion"). (ECF No. 14.) The Court granted Defendants' 2011 Motion and stayed the case pending conclusion of the appraisal process. (ECF No. 25.) Post-Appraisal Plaintiffs filed a notice of appeal (ECF No. 26), which the Ninth Circuit dismissed (ECF Nos. 31-32).

The parties thereafter **[*2]** engaged in the appraisal process and following the October 27, 2016 appraisal process hearing, the appraisal panel issued awards on November 18, 2016. (ECF No. 59 at 13.) Pivonka's appraisal award determined the actual cash value ("ACV") of his personal property claim was $68,039, which was less than the $81,812 ACV payment that he received from Defendants. (ECF No. 59 at 13.) Smith's appraisal award determined the ACV of his personal property claim was $88,599, which was less than the $99,257 ACV payment that he received from Defendants. (ECF No. 59 at 13.)

On March 22, 2017, the Court lifted the stay (ECF No. 47) and thereafter Defendants filed a motion to dismiss the complaint (ECF No. 48) based on the appraisal's finding that Defendants had overpaid the Post-Appraisal Plaintiffs. (ECF No. 59 at 14.) Post-Appraisal Plaintiffs did not file an opposition, but instead filed a First Amended Complaint ("FAC") on May 8, 2017 (ECF No. 53). (ECF No. 59 at 14.) On May 9, 2017, the Court issued a minute order denying Defendants' motion to dismiss as moot pursuant to the filing of the FAC. (ECF No. 54.) On June 21, 2017, Defendants filed the current Motion to Strike, Dismiss, or Compel Appraisal of the First Amended Complaint (ECF No. 59) and a related request for judicial notice (ECF No. 60).

## II. Standard of Law

**Federal Rule of Civil Procedure 12(f)** permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." **Fed. R. Civ. P. 12(f)** . "[T]he function of a 12(f)

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." *Sidney-Vinstein v. A.H. Robins Co.*, **697 F.2d 880** , **885** (9th Cir. 1983). "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because . . . of the strong policy favoring resolution on the merits." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, **718 F. Supp. 2d 1167** , **1170** (N.D. Cal. 2010). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, **352 F. Supp. 2d 1048** , **1057** (N.D. Cal. 2004). Ultimately, "whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, No. 12-cv-00846-LHK, [**2012 BL 421386**], 2012 U.S. Dist. LEXIS 95467 , [**2012 BL 421386**], 2012 WL 2838957 , at *2 (N.D. Cal. July 10, 2012).

### III. Analysis

Defendants argue Plaintiffs' FAC should be stricken because: (1) Plaintiffs filed the FAC without following the proper procedural guidelines; and (2) the FAC includes numerous allegations regarding events that occurred after the original complaint was filed and adds four new parties to the lawsuit. (ECF No. 59 at 14-15.) Plaintiffs argue the FAC should not be stricken because it was: (1) filed timely; and (2) not prejudicial to Defendants. (ECF No. 65 at 8.)

"A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under **Rule 12(b)** , **(e)** , or **(f)** , whichever is earlier." **Fed. R. Civ. P. 15(a)(1)** . After the 21-day period, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* at (a)(2). A court [*3] may "*sua sponte*, consider whether to strike material from a pleading." *Abarca v. Franklin Cty. Water Dist.*, No. 1:07-cv-0388-OWW DLB, [**2009 BL 107666**], 2009 U.S. Dist. LEXIS 42609 , [**2009 BL 107666**], 2009 WL 1393511 , at *2 (E.D. Cal. May 18, 2009) (citing *Williams v. Jader Fuel Co.*, **944 F.2d 1388** , **1400** (7th Cir. 1991)).

Defendants argue Plaintiffs filed the FAC without following the procedural guidelines because the 21-day deadline had long since expired. (ECF No. 59 at 14-15.) Plaintiffs filed the original lawsuit in 2011, (*See* ECF No. 1), to which Defendants promptly filed their 2011 Motion, (ECF No. 14), which this Court granted (ECF No. 25). The Court lifted the stay on March 22, 2017, and Defendants filed a second motion to dismiss on April 17, 2017. (ECF Nos. 47, 48.) Plaintiffs filed the FAC, without seeking leave from the Court, on May 8, 2017. (ECF No. 53.) Plaintiffs argue the FAC was timely because Defendants' 2011 Motion was "a [r]ule 12 [m]otion in [n]ame [o]nly" and therefore, did not trigger the 21-day deadline. (ECF No. 65 at 8.) Further, Plaintiffs argue the 2011 Motion is null, so the FAC was timely because it was filed within the 21-day deadline of the Defendants' April 2017 motion to dismiss. (ECF No. 65 at 8.)

The Court does not agree. First, the Court finds the 2011 Motion did in fact trigger the 21-day period because it was, in part, a motion to dismiss brought under **Rule 12(b)(6)** . **Fed. R. Civ. P. 15(a)(1)(B)** . (*See* ECF No. 14); *see also Yagman v. Galipo*, No. CV L2-7908-GW SHX, [**2013 BL 384538**], 2013 U.S. Dist. LEXIS 48713 , [**2013 BL 384538**], 2013 WL 1287409 , at*2 n.3 (C.D. Cal. Mar. 25, 2013) ("In this case, Plaintiff's ability to amend his pleading 'once as a matter of course' expired, at the latest, 21 days after the responsive pleadings

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

to his initial complaint were filed"); *Sepehry-Fard v. Aurora Bank FSB*, No. 12-CV-00871 EJD, [**2013 BL 25382**], 2013 U.S. Dist. LEXIS 12048 , [**2013 BL 25382**], 2013 WL 597788 , at *2 (N.D. Cal. Jan. 29, 2013) ("Here, Defendants filed their first motions to dismiss on March 19, 2012, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B)"); *CSK Investments, LLC v. Select Portfolio Servicing, Inc.*, No. 10-CV-00452 PHX, [**2011 BL 82673**], 2011 U.S. Dist. LEXIS 33454 , [**2011 BL 82673**], 2011 WL 1158551 , at *2 (D. Ariz. Mar. 29, 2011) (rejecting argument that a plaintiff may file an amended complaint as a matter of course after each 12(b) motion to dismiss).

It is immaterial that the Court chose to grant the motion by compelling appraisal and staying the case; Plaintiffs' clock to either oppose the motion or file an FAC began to tick all the same. Indeed, rather than filing an amended complaint at that time, Plaintiffs opposed the motion on its merits. (*See* ECF No. 19.) Plaintiffs had no intent of filing an FAC as a matter of course under **Rule 15** at that time. Further, once the Court lifted the stay in March 2017, Plaintiffs waited a month and a half to file their FAC. (ECF No. 53.) The Court finds the length of this litigation, combined with the duplicity of the claims and addition of parties, is prejudicial to Defendants due to the time and resources Defendants must incur. Plaintiffs' argument that the substance of the case remains the same does not lessen the burden on Defendants, who now must defend against two new plaintiffs, who were improperly added without leave of the Court. *See Eminence Capital, LLC v. Aspeon, Inc.*, **316 F.3d 1048** , 1052 (9th Cir. 2003) (holding in a decision whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight").

The Court finds Plaintiffs **[*4]** failed to adhere to the proper procedural guidelines. Accordingly, the Court GRANTS the motion to strike the FAC as procedurally improper.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS in part Defendants' motion to strike, dismiss, or compel appraisal (ECF No. 59). Specifically, to the extent Defendants seek to strike Plaintiffs' FAC, the motion is GRANTED. To the extent Defendants seek dismissal of the complaint or compelled appraisal, the motion is DENIED as moot without prejudice to Defendants' refiling if and when Plaintiffs properly and successfully file an amended complaint. The Court also DENIES Defendants' request for judicial notice (ECF No. 60) as moot.

The parties are hereby ordered to file a Joint Status Report within thirty (30) days of the date of electronic filing of this Order.

Dated: July 11, 2019

/s/ Troy L. Nunley

Troy L. Nunley

United States District Judge