**EXHIBIT 6**

➕ T.R.P. Co. v. Similasan AG, No. 2:17-CV-2197 JCM (CWH), 2018 BL 436637, 2018 Us Dist Lexis 200715 (D. Nev. Nov. 27, 2018), Court Opinion

**Pagination**
* BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

T.R.P. COMPANY, INC., Plaintiff(s), v. SIMILASAN AG and SIMILASAN CORPORATION, Defendant(s).

Case No. 2:17-CV-2197 JCM (CWH)

November 27, 2018, Filed

November 27, 2018, Decided

For T.R.P. Company, Inc., Plaintiff, Counter Defendant: Daniel S. Silverman, LEAD ATTORNEY, Venable LLP, Los Angeles, CA; Meaghan H. Kent, LEAD ATTORNEY, Venable LLP, Washington, DC; Michael N Feder, Dickinson Wright PLLC, Las Vegas, NV.

For Similasan AG, Defendant: Christopher Cole, LEAD ATTORNEY, PRO HAC VICE, Washington, DC; Michelle Gillette, LEAD ATTORNEY, PRO HAC VICE, Crowell & Moring, San Francisco, CA; Michael D Rounds, Brownstein Hyatt Farber Schreck, LLC, Reno, NV.

For Similasan Corporation, Defendant, Counter Claimant: Christopher Cole, LEAD ATTORNEY, PRO HAC VICE, Washington, DC; Emily Anne Ellis, LEAD ATTORNEY, Brownstein Hyatt Farber Shreck, Las Vegas, NV; Michelle Gillette, LEAD ATTORNEY, PRO HAC VICE, Crowell & Moring, San Francisco, CA; Ryan James Cudnik, LEAD ATTORNEY, Brownstein Hyatt Farber Schreck, LLP, Reno, NV; Michael D Rounds, Brownstein Hyatt Farber Schreck, LLC, Reno, NV.

James C. Mahan, UNITED STATES DISTRICT JUDGE.

James C. Mahan

**ORDER**

Presently before the court is defendant Similasan Corporation's ("Similasan Corp.") motion to dismiss. (ECF No. 47). Plaintiff T.R.P. Company ("TRP") has not filed a response and the time to do so has passed. *See* (ECF No. 55).

Also before the court is Similasan Corp.'s motion for reconsideration. (ECF No. 53). TRP has not filed a response and the time to do so has passed.

Also before the court is defendant Similasan AG's motion to dismiss. (ECF No. 56). TRP filed a response (ECF No. 67), to which Similasan AG replied (ECF No. 69).

Also before the court is Similasan Corp.'s motion to dismiss (ECF No. 57). TRP filed a response (ECF No. 68), to which Similasan Corp. replied (ECF No. 70).

**I. Facts**

This action arises from Similasan Corp. and Similasan AG's (collectively "defendants") activities in the state of Nevada, which allegedly caused CVS Pharmacy ("CVS") and other retailers to cease various business transactions with TRP. (ECF No. 50).

On June 10, 2008, TRP registered the trademark PINKEYE RELIEF (U.S. Reg. No. 3,447,255) with the United States Patent and Trademark Office ("USPTO"). (ECF Nos. 50, 57). TRP alleges that in 2010 it began to use the mark in connection with an eye drop product, which had over two-million sales in the last five years. (ECF No. 50). TRP further alleges that on July 29, 2015, TRP expanded its long-running business relationship with CVS by entering into an agreement to supply CVS with PinkEye Relief. *Id.*

Similasan AG is a Swiss corporation that manufactures homeopathic remedies in Switzerland. (ECF Nos. 57, 67). Similasan Corp., which is incorporated under the laws of Colorado, purchases various products from Similasan AG and distributes them throughout the United States. (ECF Nos. 50, 56, 56-1). Similasan Holding Corporation is a Swiss corporation that wholly owns both Similasan AG and Similasan Corp. (ECF No. 56-1).

Similasan Corp. claims that it has sold an eye drop product called Pink Eye Relief in the United States since 2003. (ECF No. 57). Similasan AG manufactured Pink Eye Relief and, in January 2011, **[*2]** filed a trademark application with the USPTO for the mark PINK EYE RELIEF. (ECF Nos. 31-1, 67). On March 29, 2011, the USPTO refused to register Similasan AG's applied-for mark, finding that it was confusingly similar to TRP's registration for PINKEYE RELIEF. *See* (ECF No. 31-2). Thereafter, Similasan AG abandoned its application and allegedly rebranded its product to "Irritated Eye Relief." (ECF Nos. 50, 67).

TRP alleges that beginning around Fall 2014 and continuing through 2017, Similasan Corp. engaged in various unlawful activities in order to prompt retailers to terminate their relationships with TRP. (ECF No. 50). These activities included making false statements about TRP's product being "too risky" and telling retailers that "the FDA would not permit over-the-counter . . . pink eye products under the name 'Pink Eye Relief.'" *Id.* Similasan Corp.'s misrepresentations allegedly caused CVS to terminate its relationship with TRP and made many retailers reluctant to purchase PinkEye Relief. *Id.*

⊞ T.R.P. Co. v. Similasan AG, No. 2:17-CV-2197 JCM (CWH), 2018 BL 436637, 2018 Us Dist Lexis 200715 (D. Nev. Nov. 27, 2018), Court Opinion

TRP further alleges that in May 2017 Similasan Corp. imported Irritated Eye Relief without changing the Universal Product Code/Global Trade Item Name ("UPC/GTIN"). *Id.* Using the Pink Eye Relief UPC/GTIN purportedly gave Similasan Corp. an unfair market advantage because it allowed Similasan Corp. to ship Irritated Eye Relief to retailers without having to incur the high costs of completing a new product review and acceptance process. *Id.*

On August 16, 2017, TRP initiated this action. (ECF No. 1). In its first amended complaint, TRP alleges six causes of action: (1) federal trademark infringement in violation of the Lanham Act **§ 32(a)** ; (2) false designation of origin, trademark infringement, and unfair competition in violation of the Lanham Act **§ 43(a)** ; (3) unfair competition; (4) tortious interference with prospective economic advantage; (5) business disparagement; and (6) false advertising and false descriptions in violation of the Lanham Act **§ 43(a)** . (ECF No. 42-1). On June 1, 2018, TRP filed, without obtaining the court's leave, a second amended complaint that alleges the same six causes of action. (ECF No. 50).

Now defendants move to dismiss both the first amended complaint and the second amended complaint. (ECF Nos. 47, 56, 57). Similasan AG also requests the court to reconsider its order issued on May 23, 2018, (ECF No. 49), which denied as moot Similasan AG's motion to dismiss the original complaint (ECF No. 24).

## II. Legal Standard

### a. Amend

**Federal Rule of Civil Procedure 15(a)** provides that "[t]he court should freely give leave [to amend] when justice so requires." **Fed. R. Civ. P. 15(a)(2)** . The United States Supreme Court has interpreted **Rule 15(a)** and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

**371 U.S. 178** , **182** , **83 S. Ct. 227** , **9 L. Ed. 2d 222** (1962); *see also Jackson* **[*3]** *v. Bank of Hawaii*, **902 F.2d 1385** , **1387** (9th Cir. 1990).

Further, **Rule 15(a)(2)** provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." **Fed. R. Civ. P. 15(a)(2)** . **Local Rule 15-1(a)** states that "the moving party shall attach the proposed amended pleading to any motion seeking leave of the court to file an amended pleading." **LR 15-1(a)** .

Where a court has entered a scheduling order and set a deadline for amending the pleadings, a request to amend a pleading after the deadline is effectively a request to modify the case schedule pursuant to **Federal Rule of Civil Procedure 16(b)** . *Coleman v. Quaker Oats Co.*, **232 F.3d 1271** , **1294** (9th Cir. 2000). Under **Rule 16** , a party must show "good cause for not having amended their complaint before the time specified in the scheduling order expired." *Id* . "This standard 'primarily considers the diligence of the party seeking the

amendment.'" *Id* . (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 , 607 (9th Cir. 1992)).

### b. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2) . To avoid dismissal under Rule 12(b)(2) , a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011 , 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 , 1019 (9th Cir. 2002).

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015 ; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316 , 1320 (9th Cir. 1998). Where a state has a "long-arm" statute providing its courts jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 122 Nev. 509 , 134 P.3d 710 , 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065 ); *see also Boschetto*, 539 F.3d at 1015 .

An assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 , 672 (9th Cir. 2012). Two categories of personal jurisdiction exist: (1) general jurisdiction; and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 , 413-15 , 104 S. Ct. 1868 , 80 L. Ed. 2d 404 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369 , 1375 (Fed. Cir. 2000).

General jurisdiction arises where a defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163 , 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414-16 ). "[T]he plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118 , 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, defendant's affiliations with the forum state must be so "continuous and systematic" as to render it essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117 , 137 , 134 S. Ct. 746 , 187 L. Ed. 2d 624 (2014).

Specific jurisdiction arises where sufficient contacts with the forum state exist such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial **[*4]** justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457 , 463 , 61 S. Ct. 339 , 85 L. Ed. 278 (1940)). The Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 , 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id* . (citations omitted).

**c. Failure to state a claim**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) . A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) ; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 555 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662 , 678 , 129 S. Ct. 1937 , 173 L. Ed. 2d 868 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555 . Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 678-79 . Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id* .

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 679 . A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678 .

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged - but it has not shown - that the pleader is entitled to relief." Id. at 679 . When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570 .

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202 , 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must **[*5]** contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.
>
> Second, the factual allegations that are taken as true must plausibly suggest an entitlement to

> relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id* .

### III. Discussion

Before the court are several issues. First, for purposes of judicial efficiency, the court will allow TRP to proceed on its second amended complaint despite its failure to obtain the court's leave. Second, the court will deny Similasan Corp.'s motions for reconsideration and dismissal of the first amended complaint (ECF Nos. 47, 53). Third, the court will deny Similasan AG's motion to dismiss the second amended complaint for lack of personal jurisdiction. Lastly, the court will grant in part and deny in part Similasan Corp.'s motion to dismiss the second amended complaint for failure to state a claim (ECF No. 57).

#### a. Second amended complaint

Defendants argue that the court should strike the second amended complaint because TRP did not first obtain the court's leave. (ECF Nos. 56, 67). TRP argues that it timely filed its second amended complaint as a matter of course under **Federal Rule of Civil Procedure 15(a)(1)** because defendants stipulated to the filing of the first amended complaint. (ECF Nos. 67, 68).

**Rule 15(a)(1)** permits a plaintiff to amend a complaint once as a matter of course. However, when a court has entered a scheduling order, a plaintiff can amend a complaint only after obtaining the court's leave pursuant to **Rule 16(b)** and **15(a)(2)** . *See Johnson v. Mammoth Recreations, Inc.*, **975 F.2d 604** , **607-08** (9th Cir. 1992); *see also CSK Investments, LLC v. Select Portfolio Servicing, Inc.*, No. cv-10-00452-PHX-GMS, [**2011 BL 82673**], 2011 U.S. Dist. LEXIS 33454 , at *2 (D. Ariz. Mar. 29, 2011) (holding that **Rule 15(a)(1)** does not permit a party to amend as a matter of course when the court has entered a scheduling order).

The court entered a scheduling order that set April 13, 2018, as the deadline for the parties to amend the pleadings. (ECF No. 38). TRP filed its second amended complaint on June 1, 2018, nearly six weeks after the deadline expired. (ECF No. 50). Thus, **Rule 16(b)** controls and TRP cannot amend its pleading as a matter of course. *See Coleman*, **232 F.3d at 1294** ; *see also CSK Investments, LLC*, [**2011 BL 82673**], 2011 U.S. Dist. LEXIS 33454 , [**2011 BL 82673**], 2011 WL 1158551 at *2.

TRP should have filed a motion for leave to amend and attached the second amended complaint in accordance with **Local Rule 15-1(a)** . However, because the litigants have already fully briefed the second amended complaint, the court will exercise its discretion and consider whether the amendment was proper under **Rule 16(b)** and **15(a)** . *See, e.g., Ready Transp., Inc. v. AAR Mfg., Inc.*, **627 F.3d 402** , **404** (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets).

TRP argues that it has shown good cause pursuant to **Rule 16(b)** because it promptly filed the second amended complaint in order to address Similasan AG's motion to dismiss the first amended complaint (ECF No. 47). (ECF No. 67). The court agrees. TRP filed the second amended complaint two weeks after Similasan AG filed its motion to dismiss (ECF No. 47). (ECF No. 50). Thus, TRP exercised "diligence" **[*6]** in this matter and has shown good cause. *Coleman v. Quaker Oats Co.*, **232 F.3d 1271** , **1294** (9th Cir. 2000).

⊞ T.R.P. Co. v. Similasan AG, No. 2:17-CV-2197 JCM (CWH), 2018 BL 436637, 2018 Us Dist Lexis 200715 (D. Nev. Nov. 27, 2018), Court Opinion

Further, allowing TRP to proceed on the second amended complaint is consistent with Rule 15(a)'s liberal policy in favor of allowing amendments to pleadings. *See id.* First, the amendment is not futile as it alleges additional details pertaining to Similasan Corp.'s misrepresentations and business interference. *See* (ECF No. 50). Second, there is virtually no risk of undue prejudice against defendants as they have fully briefed the second amended complaint and await the court's adjudication. Accordingly, the court will hold that the second amended complaint is the operative complaint in this action.

### b. Similasan Corp.'s motions (ECF Nos. 47, 53)

Because the first amended complaint is no longer operative and Similasan Corp. has already filed a motion to dismiss the second amended complaint, the court will deny without prejudice Similasan Corp.'s motion to dismiss the first amended complaint (ECF No. 47). *See Clark v. Wells*, No. 2:13-cv-00882-GMN-CWH, *2014 U.S. Dist. LEXIS 5842*, at *2 (D. Nev. Jan. 15, 2014) (granting leave to amend a complaint and denying without prejudice a pending motion to dismiss with leave to re-file). The court will also deny as moot Similasan AG's motion for reconsideration, which requests that the court deem Similasan AG's motion to dismiss the original complaint (ECF No. 24) responsive to the now inoperative first amended complaint. (ECF No. 53).

### c. Personal Jurisdiction

Similasan AG argues that the court does not have specific personal jurisdiction over Similasan AG and should dismiss it from this action. (ECF No. 56). The court disagrees.

Pursuant to **Federal Rule of Civil Procedure 4(k)(2)**, known as the federal long-arm statute, federal courts can exercise personal jurisdiction over a foreign defendant based on the aggregate contacts of the defendant with the United States as a whole. *Getz v. Boeing*, **654 F.3d 852**, **858** (9th Cir. 2011). To establish jurisdiction under **Rule 4(k)(2)**, the action must satisfy three requirements. "First, the claim against the defendant must arise under federal law. Second, the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction. Third, the federal court's exercise of personal jurisdiction must comport with due process." *Pebble Beach Co. v. Caddy*, **453 F.3d 1151**, **1159** (9th Cir. 2006) (internal citations omitted).

Here, this action arises under federal law because TRP claims trademark infringement in violation of the Lanham Act **§§ 32(a)**, **43(a)**; **15 U.S.C. §§ 1114(a)**, **1125(a)**. (ECF No. 50). Further, Similasan AG has failed to identify a proper alternative forum in which this action could proceed. (ECF Nos. 56, 69); *see Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, **485 F.3d 450**, **461** (9th Cir. 2007) ("If, however, the defendant contends that he cannot be sued in the forum state and refuses to identify any other where suit is possible, then the federal court is entitled to use **Rule 4(k)(2)**.").

The third factor's due process analysis is identical to the analysis for specific jurisdiction except the relevant forum is the United States as a whole. *Pebble Beach*, **453 F.3d at 1159**. Thus, the court turns to the minimum-contacts test for specific jurisdiction.

### i. Purposeful direction

The first prong of **[*7]** the three-part test for personal jurisdiction requires that the defendant either purposefully directed its activities at residents of the forum or purposefully availed itself of the privilege of doing business in

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

the forum. *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 , 672 (9th Cir. 2012). Trademark infringement and unfair competition actions sound in tort and, thus, the Ninth Circuit requires a plaintiff to establish purposeful direction under the *Calder*-effects test. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 , 1019 (9th Cir. 2002) (applying the *Calder*-effects test to trademark infringement claims); *but see Freestream Aircraft (Bermuda) Limited v. Aero Law Group*, 905 F.3d 597 , 604 (9th Cir. 2018) (limiting the *Calder*-effects test to conduct that takes place outside the forum state).

Under the *Calder*-effects test, a plaintiff must show that the defendant (1) committed an intentional act; (2) expressly aimed at the forum state; and (3) the defendant knew that the brunt of the harm was likely to be suffered in the forum state. *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668 , 673 (9th Cir. 2012).

Similasan AG became aware that Pink Eye Relief could be an infringing product when the USPTO rejected its trademark application. *See* (ECF No. 31-2). Nevertheless, Similasan AG sold Pink Eye Relief to its sibling corporation, Similasan Corp., which is the designated distributor for the United States. (ECF No. 56-1). Thus, Similasan AG engaged in intentional acts aimed at the United States and was aware that the brunt of the harm would be suffered in the United States. *See Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093 , 1106 (C.D. Cal. 2007) (citing *MCA Records, Inc. v. Charly Records Ltd.*, No. 95-56250, 1997 U.S. App. LEXIS 3684 , [108 F.3D 338], 1997 WL 76173 , at *8 (9th Cir. Feb. 21 1997) (unpublished disposition) (holding that defendant satisfied the *Calder*-effect test by selling/licensing an infringing product that it knew would be distributed to the United States)).

*ii. Forum-related Activities*

The second prong of the specific jurisdiction analysis requires that the plaintiff's claim arise out of the defendant's forum-related activities. *Schwarzenegger*, 374 F.3d at 802 . This inquiry turns on whether the plaintiffs would not have been injured "but for" the defendant's activities. *See Panavision*, 141 F.3d at 1322 ; *Ballard v. Savage*, 65 F.3d 1495 , 1500 (9th Cir. 1995). Activities that are "too attenuated" do not satisfy the but-for test. *Doe v. American Nat'l Red Cross*, 112 F.3d 1048 , 1051 (9th Cir. 1997).

TRP has pleaded a *prima facie* case that Similasan AG's engaged in forum-related activities that caused TRP's damages. As discussed above, Similasan AG sold an allegedly infringing product to its sibling corporation, knowing that Similasan Crop. would distribute the product to retailers in the United States. Thus, TRP's trademark and unfair competition claims would not arise but-for Similasan AG's intentional acts in furtherance of selling Pink Eye Relief in the United States. *See Platinum Performance, Inc.v. Pro Development, GmbH*, No. cv 07-2610, at*4 (C.D. Cal. June 3, 2009) (holding that purposeful direction towards the forum establishes the second prong for specific jurisdiction); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d at 1322 .

*iii. Reasonableness*

To determine if the exercise of jurisdiction **[*8]** comports with "fair play and substantial justice," and is therefore "reasonable," the court considers the following seven factors:

> (1) the extent of the [defendant's] purposeful injection into the forum state's affairs;

>   (2) the burden on the defendant of defending in the forum;
>
>   (3) the extent of conflict with the sovereignty of the defendant's state;
>
>   (4) the forum state's interest in adjudicating the dispute;
>
>   (5) the most efficient judicial resolution of the controversy;
>
>   (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and
>
>   (7) the existence of an alternative forum.

*Dole Food Co. v. Watts*, 303 F.3d 1104 , 1114 (9th Cir. 2002). "No one factor is dispositive; a court must balance all seven." *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316 , 1323 (9th Cir. 1998).

"The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482 , 1488 (9th Cir. 1993), holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (quoting *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cty.*, 480 U.S. 102 , 114 , 107 S. Ct. 1026 , 94 L. Ed. 2d 92 (1987)). However, "when minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant." *Asahi*, 480 U.S. at 114 .

States have a "manifest interest in providing effective means of redress for [their] residents." *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 , 223 , 78 S. Ct. 199 , 2 L. Ed. 2d 223 (1957). Further, "[a] choice of law provision may reinforce a defendant's 'deliberate affiliation with the forum State and the foreseeability of possible litigation there.'" *Parasoft Corp. v. Parasoft S.A.*, No. CV 14-9166-DMG (PLAx), *2015 U.S. Dist. LEXIS 182143* , [2015 BL 476467], 2015 WL 12645754 , at *3 (C.D. Cal. Feb. 19, 2015) (quoting *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344 , 1353 (Fed. Cir. 2003)).

"[The most efficient judicial resolution] factor focuses on the location of the evidence and witnesses." *Panavision*, 141 F.3d at 1323 (citing *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 , 129 (9th Cir. 1995), holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)). The fifth factor "is no longer weighed heavily given the modern advances in communication and transportation." *Id* .

Here, the first two factors suggest that exercising jurisdiction over Similasan AG would be fair. Similasan AG engaged in significant activities with the intention to sell Pink Eye Relief in the United States. (ECF No. 56-1). Further, Similasan AG's sibling corporation, Similasan Corp., mitigates the burden of litigating in this forum because Similasan Corp. is a co-defendant, incorporated under the laws of Colorado, and has retained the same counsel as Similasan AG. The court also recognizes that, in light of modern technology, Similasan AG can easily access this forum. See *Sinatra v. National Enquirer*, 854 F.2d 1191 , 1199 (9th Cir. 1988).

The third factor is not relevant because Similasan AG has not raised any potential conflict regarding the

sovereignty of Similasan AG's state. The fourth factor weighs in favor of exercising jurisdiction because the underlying business activities that give rise [*9] to this action substantially occurred in Nevada—both eye drop products were sold in this forum and TRP's relationship with CVS primarily centered on supplying stores in Nevada. (ECF No. 50).

The fifth, sixth, and seventh factors also weigh in favor of exercising jurisdiction. The defendants have not identified and the court is not aware of any forum that could more efficiently adjudicate this action, especially since the parties are scheduled to complete discovery in approximately five months. (ECF No. 46). Further, because the underlying business activities substantially occurred in Nevada, the witnesses and evidence are likely to be located in this forum.

In sum, nearly all of the factors favor exercising jurisdiction. Thus, the court will hold that Similasan AG "failed to present a compelling case that the . . . exercise of jurisdiction in [Nevada] would be unreasonable." *See Panavision*, **141 F.3d at 1324** .

### iv. Summary

Similasan AG is subject to personal jurisdiction in this forum because the claims against Similasan AG arise under federal law, Similasan AG is not subject to personal jurisdiction in any other state, and the exercise of jurisdiction comports with due process. *See Pebble Beach*, **453 F.3d at 1159** . Accordingly, the court will deny Similasan AG's motion to dismiss (ECF No. 56).

. . .

. . .

. . .

### d. Failure to state a claim

Similasan Corp. argues that TRP has failed to state plausible claims for (1) tortious interference with prospective economic advantage, (2) business disparagement, and (3) false advertising and false description in violation of the Lanham Act **§ 43(a)** . (ECF No. 57).

### i. Tortious interference with prospective economic advantage

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consol. Generator-Nev., Inc. v. Cummins Engine Co.*, **114 Nev. 1304** , **971 P.2d 1251** , **1255** (1998) (per curiam).

Similasan Corp. argues that TRP's second amended complaint alleges an ongoing business relationship with CVS rather than prospective contractual relationship. (ECF No. 57). TRP contends that its claim relies on recurring purchase orders, which are independent contracts that TRP expected to renew. (ECF No. 68).

TRP's second amended complaint alleges that its "business relationship with CVS entailed recurring purchase orders placed by CVS, as needed, to replenish stock of TRP's product offerings." (ECF No. 50). TRP's continues to allege that it "expected to continue receiving purchase orders from CVS . . . for many years to come . . ." *Id.* These allegations provide details of future business activities and, thus, allege prospective contractual relationships.

Similasan Corp. also argues that TRP has failed to allege that Similasan Corp.'s actions were unjustified. (ECF No. 57). However, the second amended complaint contains details pertaining **[*10]** to Similasan Corp.'s false and disparaging statements about the stability of TRP's product. (ECF No. 50). If true, such actions would properly support a claim for tortious interference with prospective economic advantage. *See Crockett v. Sahara Realty Corp.*, 95 Nev. 197 , 591 P.2d 1135 , 1137 (Nev. 1979) (holding that a plaintiff must show that the means used to divert the prospective advantage was unlawful or improper).

Lastly, Similasan Corp. argues that the statute of limitations bars TRP's claim. (ECF No. 57). Intentional interference with prospective economic advantage is subject to a three-year statute of limitations. NRS 11.190(3)(c) ; *see also Stalk v. Mushkin*, 125 Nev. 21 , 199 P.3d 838 , 842 (Nev. 2009). However, the limitations period does not begin to run until "the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 106 Nev. 271 , 792 P.2d 18 , 20 (1990). According to the second amended complaint, CVS terminated its business relationship with TRP on December 21, 2017, (ECF No. 50), which is well within the limitations period.

In sum, Similasan Corp. has failed to raise proper grounds to dismiss TRP's claim for tortious interference with prospective economic advantage. Accordingly, the court will deny Similasan Corp.'s motion to dismiss as to this cause of action.

*ii. Business disparagement*

To state claim for business disparagement, a plaintiff must allege "(1) a false and disparaging statement, (2) the unprivileged publication by the defendant, (3) malice, and (4) special damages." *Clark Cnty. Sch. Dist. v. Virtual Educ. Software, Inc.*, 125 Nev. 374 , 213 P.3d 496 , 504 (Nev. 2009).

Similasan Corp. argues that the court should dismiss TRP's claim for business disparagement because TRP has failed to allege malice. (ECF No. 57). To plausibly plead malice, a plaintiff must allege "either that the defendant published the disparaging statement with the intent to cause harm to the plaintiff's pecuniary interests, or the defendant published a disparaging remark knowing its falsity or with reckless disregard for its truth." *Clark*, 213 P.3d at 504-05 . Although TRP alleges that Similasan Corp. told CVS that TRP's business and products are unstable, the second amended complaint does not provide details of Similasan Corp. acting with malice. *See* (ECF No. 50). Accordingly, the court will dismiss with prejudice TRP's claim for business disparagement. *See Rubke v. Capitol Bancorp, Ltd.*, 551 F.3d 1156 , 1167 (9th Cir. 2006) (holding that a court has particularly broad discretion to dismiss with prejudice when a plaintiff has already amended the complaint).

. . .

. . .

⊞ T.R.P. Co. v. Similasan AG, No. 2:17-CV-2197 JCM (CWH), 2018 BL 436637, 2018 Us Dist Lexis 200715 (D. Nev. Nov. 27, 2018), Court Opinion

*iii. False advertising and false description*

To state a claim for false advertising and false designation, a plaintiff must allege "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a **[*11]** lessening of the goodwill associated with its products." 15 U.S.C. § 1125(a)(1)(B) ; *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 , 1139 (9th Cir. 1997).

Similasan Corp. argues that TRP has failed to allege a false statement of fact. (ECF No. 57). A plaintiff can allege a false statement of fact by pleading that a defendant made representations that are literally false, false by necessary implication, or literally true but likely to mislead or confuse consumers. *Southland*, 108 F.3d at 1139 . In the second amended complaint, TRP alleges that Similasan Corp. made numerous material misrepresentations, such as TRP's product being "too risky" and that "the FDA would not permit over-the-counter . . . pink eye products under the name 'Pink Eye Relief.'" (ECF No. 50). Thus, TRP has sufficiently pleaded that Similasan Corp. made false statements of fact.

Similasan Corp. also argues that the statute of limitations bars TRP's claim for false advertising and false description. (ECF No. 57). Because the Lanham Act does not contain its own statute of limitations provision, the court will borrow the most analogous state statue of limitations. *See Theodosakis v. Contract Pharmacal Corp.*, 172 Fed. Appx. 772 (9th Cir. 2006) (not selected for publication in the Federal Reporter). Thus, the proper limitations period in this case is four years, borrowing from the Nevada Deceptive Trade Practices Act ("NDTPA"). NRS § 11.190(2)(d) ; *see Cybergun, S.A. v. Jag Precision*, No. 2:12-cv-00074-APG-GWF, *2014 U.S. Dist. LEXIS 176285* , at *3 (D. Nev. Dec. 19, 2014).

TRP alleges that Similasan Corp. made false statements of fact pertaining to TRP's products as recently as 2016 and 2017. (ECF No. 50). Thus, because these misrepresentations occurred within the limitations period, the court will not dismiss TRP's claim for false advertising and false description.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Similasan Corp.'s motion to dismiss (ECF No. 47) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that Similasan Corp.'s motion for reconsideration (ECF No. 53) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that Similasan AG's motion to dismiss (ECF No. 56) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Similasan Corp.'s motion to dismiss (ECF No. 57) be, and the same hereby is

T.R.P. Co. v. Similasan AG, No. 2:17-CV-2197 JCM (CWH), 2018 BL 436637, 2018 Us Dist Lexis 200715 (D. Nev. Nov. 27, 2018), Court Opinion

GRANTED in part and DENIED in part, consistent with the foregoing.

DATED November 27, 2018.

/s/ James C. Mahan

UNITED STATES DISTRICT JUDGE

Bloomberg Law © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

// PAGE 13