**EXHIBIT 7**

 Palaniappan v. Gilbert Hosp. LLC, No. CV-17-00517-PHX-JJT, 2017 BL 478291 (D. Ariz. Dec. 22, 2017), Court Opinion

**Pagination**

\*    BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

Nat Palaniappan, Plaintiff, v. Gilbert Hospital LLC, et al., Defendants.

No. CV-17-00517-PHX-JJT

December 22, 2017, Filed

December 22, 2017, Decided

NOT FOR PUBLICATION

Nat Palaniappan, an individual and resident of the State of Arizona, Plaintiff, Pro se, Fountain Hills, AZ.

For Gilbert Hospital LLC, named as Gilbert Hospital Limited Liability Corporation, Defendant: Daniel E Garrison, LEAD ATTORNEY, Andante Law Group PLLC, Scottsdale, AZ.

For Principal Financial Group, Defendant: Robert Matthew Kort, LEAD ATTORNEY, Lewis Roca Rothgerber Christie LLP - Phoenix Office, Phoenix, AZ.

Honorable John J. Tuchi, United States District Judge.

John J. Tuchi

**ORDER**

On October 3, 2017, this Court issued its Scheduling Order (Doc. 40), which included that "Motions to amend the complaint and to join additional parties shall be filed no later than **December 15, 2017**." (Doc. 40 at 2

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

(emphasis included).) The Court also dismissed claims I, II, III, IV and VI and ordered *pro se* Plaintiff Nat Palaniappan to file an amended complaint regarding claim V. After getting an extension, *pro se* Plaintiff Nat Palaniappan filed an Amended Complaint (Doc. 45) on December 1, 2017. Plaintiff then filed a Second Amended Complaint on December 15, 2017, without filing a Motion to Amend the Complaint, as required by Federal Rule of Civil Procedure 15(a)(2) , and without complying with Local Rule 15.1(a) .

A party may amend a complaint once as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. **Fed. R. Civ. P. 15(a)** . Although a subsequent amendment of a complaint may create a new, operative complaint, it is not a new pleading that carries with it the right to amend as a matter of course under Rule 15(a)(1). *See, e.g., CSK Invs., LLC v. Select Portfolio Servicing, Inc.*, No. Cv-10-00452-PHX-GMS, 2011 U.S. Dist. LEXIS 33454 , [2011 BL 82673], 2011 WL 1158551 , at *2 (D. Ariz. Mar. 29, 2011). Thus, absent the opposing party's written consent, a party must seek leave to amend from the court. **Fed. R. Civ. P. 15(a)(2)** . Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "**Rule 15(a)** declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178 , 182 , 83 S. Ct. 227 , 9 L. Ed. 2d 222 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15-to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block*, 832 F.2d 1132 , 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628 , 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805 , 808 (9th Cir. 2003).

Here, Plaintiff's time to amend the Complaint as a matter of course has passed, but the Court granted Plaintiff additional time to file Amended Complaint. (Doc. 39). Plaintiff's filing **[*2]** of his Amended Complaint, however, does not give him an additional opportunity to amend as a matter of course under **Rule 15(a)(1)** . As a result, absent Defendants' written consent, Plaintiff must file a Motion to Amend in which Plaintiff demonstrates that his proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

In addition, **Local Rule 15.1(a)** requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed Second Amended Complaint (Doc. 47) does not comply with these provisions.

Because Plaintiff did not file a motion requesting leave to file a Second Amended Complaint, as required by **Rule 15(a)(2)** , and did not attach an exhibit indicating how the Second Amended Complaint differs from the First Amended Complaint, as required by **Local Rule 15.1(a)** , the Court will strike Plaintiff's Second Amended Complaint (Doc. 16). The operative Complaint remains Plaintiff's First Amended Complaint (Doc. 45). The Court additionally notes that, upon a cursory review of Plaintiff's Second Amended Complaint, Plaintiff appears to resurrect claims which this Court previously dismissed with prejudice. (*See* Doc. 39.) The dismissal of a

claim with prejudice is a final judgment on that claim. Thus, any amendment to those claims which the Court has dismissed with prejudice will be futile.

IT IS THEREFORE ORDERED striking Plaintiff's Second Amended Complaint (Doc. 47). Plaintiff's First Amended Complaint (Doc. 45) remains the operative Complaint.

Dated this 22nd day of December, 2017.

/s/ John J. Tuchi

Honorable John J. Tuchi

United States District Judge

Bloomberg Law © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service // PAGE 3