**EXHIBIT 9**

⊞ Yagman v. Galipo, No. CV 12-7908-GW(SHx), 2013 BL 384538, 2013 Us Dist Lexis 48713, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013), Court Opinion

**Pagination**

\*      BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Stephen Yagman v. Dale Kristopher Galipo, et al.

CV 12-7908-GW(SHx)

March 25, 2013, Filed

March 25, 2013, Decided

Stephen Yagman, Plaintiffs, Pro se.

Attorneys Present for Defendants: Scott Wm. Davenport, Dale K. Galipo, Rebecca H. Snader.

GEORGE H. WU, UNITED STATES DISTRICT JUDGE.

GEORGE H. WU

**CIVIL MINUTES - GENERAL**

**PROCEEDINGS: DEFENDANTS MARGARET EICHENLAUB AND DAVID EICHENLAUB'S MOTION TO SET ASIDE DEFAULT (filed 01/19/13);**

**DEFENDANTS GRIMM AND MANNING & KASS, ELLROD, RAMIREZ, TRESTER'S MOTION TO DISMISS ALL CLAIMS AGAINST THEM IN THE SECOND AMENDED COMPLAINT (filed 01/28/13);**

**DEFENDANT DALE KRISTOPHER GALIPO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (filed 01/28/13);**

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT DALE K. GALIPO FROM REPRESENTING THE**

⊞ Yagman v. Galipo, No. CV 12-7908-GW(SHx), 2013 BL 384538, 2013 Us Dist Lexis 48713, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013), Court Opinion

**EICHENLAUB DEFENDANTS BASED ON (1) CONFLICTS OF INTEREST AND (2) THE ADVOCATE/ WITNESS RULE (filed 02/08/13);**

**PLAINTIFF'S MOTION FOR RULE 11 AND OTHER SANCTIONS AGAINST DEFENDANT ATTORNEY DALE K. GALIPO, REGARDING HIS MOTION TO SET ASIDE THE DEFAULT OF HIS CLIENTS, THE DEFENDANTS (filed 02/19/13);**

**PLAINTIFF'S SECOND MOTION FOR RULE 11 AND OTHER SANCTIONS AGAINST DEFENDANT ATTORNEY DALE K. GALIPO, REGARDING HIS AMENDED MOTION TO SET ASIDE THE DEFAULT OF HIS CLIENTS, THE EICHENLAUB DEFENDANTS (filed 02/26/13);**

**PLAINTIFF'S REQUEST TO STRIKE AND OPPOSITION TO DEFAULTED DEFENDANTS EICHENLAUBS INAPPROPRIATELY-FILED "AMENDED MOTION TO SET ASIDE DEFAULT" (filed 02/04/13)**

Court hears oral argument. The Tentative's circulated and attached hereto, are adopted as the Court's final ruling as follows:

1. Defendants Margaret Eichenlaub and David Eichenlaub's Motion to Set Aside Default, filed January 19, 2013, is **GRANTED**;

2. Plaintiff's Motion to Disqualify Defendant Dale K. Galipo from Representing the Eichenlaub Defendants Based on (1) Conflicts of Interest and (2) the Advocate/witness Rule, filed on February 8, 2013. The Eichenlaubs' Declaration is deemed filed *in camera* as of today's date;

3. Plaintiff's Motion for Rule 11 and Other Sanctions Against Defendant Attorney Dale K. Galipo, Regarding His Motion to Set Aside the Default of His Clients, the Defendants, filed on February 19, 2013, is **DENIED**;

4. Plaintiff's Second Motion for Rule 11 and Other Sanctions Against Defendant Attorney Dale K. Galipo, Regarding His Amended Motion to Set Aside the Default of His Clients, the Eichenlaub Defendants, filed on February 26, 2013, is **DENIED**;

5. Plaintiff's Request to Strike and Opposition to Defaulted Defendants Eichenlaubs Inappropriately-filed "Amended Motion to Set Aside Default," filed on February 4, 2013 is **DENIED**;

6. Defendants Grimm and Manning & Kass, Ellrod, Ramirez, Trester's Motion to Dismiss All Claims Against Them in the Second Amended Complaint, filed on January 28, 2013, is **GRANTED WITH LEAVE TO AMEND**;

7. Defendant Dale Kristopher Galipo's Motion to Dismiss Second Amended Complaint, filed on January 28, 2013, is **GRANTED WITH LEAVE TO AMEND.**

Plaintiff will have until April 24, 2013, to file a Third Amended Complaint.

**I.Background**

Plaintiff Stephen Yagman ("Plaintiff" or "**[*2]** Yagman") filed suit against Dale K. Galipo ("Galipo"), Margaret

and David Eichenlaub ("the Eichenlaubs"), Manning & Kass, Ellrod, Ramirez, Trester LLP and Manning & Marder, Kass, Ellrod, Ramriez LLP ("the Manning Defendants"), and a host of other Defendants on September 13, 2012, alleging six causes of action stemming from a dispute over attorney's fees. Plaintiff served as the Eichenlaubs' attorney in a case (the "Underlying Action") he filed on their behalf in 2006 in the Central District of California. [1] Second Amended Complaint ("SAC") ¶ 3. The Eichenlaubs later hired Galipo to replace Plaintiff as their attorney. SAC ¶ 6. Manning and Marder, et al., was the law firm whose lawyers allegedly defended the Underlying Action, and it is now known as Manning & Kass, et al. *Id* ¶ 3. On April 12, 2007, a lien (the "Lien") was docketed in the Underlying Action for Plaintiff's attorney's fees and costs. *Id.* ¶ 7. The Underlying Action subsequently settled, and the case was dismissed on October 16, 2009. *Id.* ¶¶ 8, 10. Plaintiff was not informed of the settlement or the dismissal, and the settlement amount was allegedly paid in full to Galipo and the Eichenlaubs without regard for Plaintiff's law firm's Lien, which payment was allegedly "concealed from plaintiff and his prior law firm." *Id.* ¶¶ 12-14. Plaintiff was incarcerated at the time of the settlement. *Id.* ¶ 21. Plaintiff alleges that he never received any fees or costs associated with the Underlying Action. *Id.* ¶ 16.

On November 5, 2012, this Court granted in part Defendant Galipo's motion to dismiss the Complaint, and Plaintiff subsequently filed a First Amended Complaint ("FAC," Docket No. 31). In the FAC, Plaintiff added numerous Defendants and pled nine causes of action. On January 7, 2013, this Court granted in part Defendants' motions to dismiss the FAC. *See generally* Docket No. 57. Plaintiff, however, was again given leave to amend a number of his claims. *Id.*

In his SAC filed on January 15, 2013, Plaintiff asserted thirteen claims: (1) breach of contract, against the Eichenlaubs only; (2) quantum meruit, against the Eichenlaubs only; (3) constructive trust against the Eichenlaubs and Galipo only; (4) conversion against all defendants; (5) tortious interference with contractual relations against all defendants, except the Eichenlaubs; (6) interference with prospective economic advantage against all Defendants, except the Eichenlaubs; (7) "ignoring lien"against all Defendants; (8) fraud against all Defendants, "except those represented by Hurell"; [2] (9) deceit against all Defendants; (10) fraudulent conveyance against all Defendants; (11) conspiracy against all Defendants; (12) civil RICO claims against all Defendants; and (13) violation of civil rights, against County of Los Angeles Defendants only. *See* generally SAC, Docket No. 58.

Presently before the Court are the Manning Defendants and Defendant Galipo's motions to dismiss the SAC. [3]

**II.Legal Standards**

Plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." **Fed. R. Civ. P. 8(a)(2)** . Under **Rule 12(b)(6)** , a defendant may move to dismiss for failure to state a claim upon [*3] which relief can be granted. **Fed. R. Civ. P. 12(b)(6)** . A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Bell Atl. Corp. v. Twombly*, **550 U.S. 544** , **555** , **127 S. Ct. 1955** , **167 L. Ed. 2d 929** (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, **521 F.3d 1097** , **1104** (9th Cir. 2008) ("Dismissal under **Rule 12(b)(6)** is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its

face. *See Twombly*, 550 U.S. at 558-59 ; *see also William O. Gilley Enters., Inc. v. Atl. Richfield Co.*, 588 F.3d 659 , 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662 , 679 , 129 S. Ct. 1937 , 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2) ).

In deciding a 12(b)(6) motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and other extrinsic documents when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068 , 1076 (9th Cir. 2005). The court must construe the complaint in the light most favorable to the plaintiff and must accept all factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336 , 337-38 (9th Cir. 1996). The court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *See Barker v. Riverside Cnty. Office of Ed.*, 584 F.3d 821 , 824 (9th Cir. 2009); *Pareto v. FDIC*, 139 F.3d 696 , 699 (9th Cir. 1998). Conclusory statements, unlike proper factual allegations, are not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681 ; *Moss v. U.S. Secret Serv.*, 572 F.3d 962 , 969 (9th Cir. 2009).

**III. Analysis**

**A. The Court Would GRANT WITHOUT PREJUDICE Galipo's Motion to Dismiss the Constructive Trust Claim**

In the SAC, Plaintiff's count for constructive trust states, in its entirety, that "the Eichen-laubs and Galipo are liable to plaintiff for a constructive trust." SAC ¶ 26. In California, "[a] constructive trust is an involuntary equitable trust created by operation of law as a remedy to compel the transfer of property from the person wrongfully holding it to the rightful owner. The essence of the theory of constructive trust is to prevent unjust enrichment and to prevent a person from taking advantage of his or her own wrongdoing." *Campbell v. Superior Court*, 132 Cal. App. 4th 904 , 920 , 34 Cal. Rptr. 3d 68 (2005) (citations omitted). "[A] constructive trust may only be imposed where the following three conditions are satisfied: (1) the existence of a *res* (property or some interest in property); (2) the right of a complaining party to that res; and (3) some wrongful acquisition or detention of the res by another party who is not entitled to it." **[*4]** *Id* .

Here, the SAC fails to adequately identify the property interest detained by Galipo or Yagman's right to that *res.* The SAC alleges that, as a general matter, Plaintiff is entitled to costs and attorneys' fees in the Underlying Action, and that Galipo received a portion of a settlement sum purportedly belonging to Yagman. SAC ¶ 7. The constructive trust count, however, fails to identify the specific property interest that would be subject to the trust or sufficiently explain how, exactly, Plaintiff is entitled to a nonspecific property interest purportedly in Galipo's possession. Rather, the count simply states that "the Eichenlaubs and Galipo are liable to plaintiff for a constructive trust." SAC ¶ 26. Even when viewed in the context of the SAC as a whole, this conclusory statement does not provide "fair notice" of what the claim is "and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 .

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 4

⊞ Yagman v. Galipo, No. CV 12-7908-GW(SHx), 2013 BL 384538, 2013 Us Dist Lexis 48713, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013), Court Opinion

Given that Plaintiff has indicated that he will amend this claim to describe in further detail the nature of the property interest and his alleged entitlement to it, the Court would GRANT WITHOUT PREJUDICE Galipo's motion to dismiss. However, in doing so, the Court would further note that a constructive trust is a *remedy* used by a court of equity to compel a person (who has possession of property to which he or she is not entitled) to transfer it to the person who rightfully should have it. *See* 13 Witkin, *Summary of California Law: Trusts* § 319 at 892 (10th Ed. 2005). It is not a cause of action. *Swanson v. Alza Corp.*, [2013 BL 66506], 2013 U.S. Dist. LEXIS 34326 at *35 (N.D. Cal. March 12, 2013). Therefore, to the extent that Plaintiff has already alleged the basis for the imposition of such a constructive trust in one of his other claims, all he need do is add the request for a constructive trust as a remedy sought in that cause of action. *See Chasnik v. Bank of Am. Home Loans Servicing LP*, [2011 BL 407205], 2011 U.S. Dist. LEXIS 156743 at * 12 (C.D. Cal. Oct. 26, 2011). But if he is basing his request for a constructive trust on some wrongful conduct which is not already alleged in his prior complaints, he must specifically delineate that conduct in his amended pleading.

## B. The Court Would GRANT WITHOUT PREJUDICE Defendants' Motions to Dismiss the Conversion Claim

Plaintiff's claim for conversion states that "[b]y not paying the lien, all defendants engaged in conversion in the monies due under the lien." SAC ¶ 27.

The elements for a claim of conversion are: "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Los Angeles Fed. Credit Union v. Madatyan*, 209 Cal. App. 4th 1383 , 1388 , 147 Cal. Rptr. 3d 768 (2012). Here, while Plaintiff alleges that a settlement was paid to the Eichenlaubs by defendants in the Underlying Action, the SAC fails to set forth any plausible facts showing that the Manning Defendants were responsible for distributing these funds. Moreover, the SAC alleges elsewhere that the settlement proceeds were "disbursed by a bank or banks" and specifically states that Defendants "*other than Galipo* and the Eichenlaubs" were responsible for the unlawful transfer of Plaintiff'[*5] s property. *Id.* ¶¶ 11, 15 (emphasis added). As is prevalent throughout his pleading, Plaintiff's use of the word "defendants" in reference to both the Defendants in this case and the defendants in the Underlying Action only adds to the ambiguous and insufficient nature of the factual allegations in the SAC. Plaintiff's conclusory statement that "[Defendants] fraudulently conveyed and transferred or caused to be conveyed and transferred [money belonging to Plaintiff]" is not entitled to a presumption of truth under *Iqbal* and does not sufficiently state a claim for relief against either the Manning Defendants or Galipo. *Moss*, 572 F.3d at 969 .

The Court would therefore GRANT WITHOUT PREJUDICE Defendants' motions to dismiss Plaintiff's conversion claim. However, given that Plaintiff has indicated his amended pleading would set forth additional facts on this issue, the Court will grant leave to amend with respect to this claim.

## C. The Court Would GRANT WITHOUT PREJUDICE Defendant Galipo's Motion to Dismiss the Tortious Interference Claims

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual

relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118 , 1126 , 270 Cal. Rptr. 1 , 791 P.2d 587 (1990). "The elements of a claim of interference with economic advantage and prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Winchester Mystery House, LLC v. Global Asylum, Inc.*, 210 Cal. App. 4th 579 , 596 , 148 Cal. Rptr. 3d 412 (2012) (citation omitted).

Here, Plaintiff's tortious interference claims are premised on an alleged retainer agreement that Plaintiff entered into with the Eichenlaub Defendants. SAC ¶¶ 28-30. The SAC, however, fails to set forth the terms of the agreement, explain exactly which terms were breached, or allege plausible facts indicating that Galipo's actions were intentionally designed to cause that breach. *Id.* Nor, for similar reasons, does the SAC allege specific, plausible facts demonstrating that Galipo intended to disrupt Plaintiff's economic relationship with the Eichen-laubs or that Galipo was the proximate cause of any alleged economic harm suffered by Plaintiff. Plaintiff's conclusory statement that Galipo acted "intentionally" — along with his threadbare recitations of nothing more than the elements of each claim — are insufficient to state claims for tortious interference in the context of the sparse factual allegations in the SAC. "A pleading that offers 'labels and conclusions' **[\*6]** or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 ). The Court would therefore GRANT WITHOUT PREJUDICE Defendant's motion to dismiss the tortious interference claims.

## D. The Court Would DISMISS WITH PREJUDICE Plaintiff's Claim for "Ignoring Lien "Against All Defendants

The SAC alleges that "[b]y not honoring the lien, all defendants are liable for failing to honor the lien." SAC ¶ 31. Plaintiff cites only *Levin v. Gulf Ins. Group*, 69 Cal. App. 4th 1282 , 1287 , 82 Cal. Rptr. 2d 228 (1999), in support of his position that "ignoring lien" is a cognizable claim under California law. Pl. Second Opp., Docket No. 87, at 15-16. Plaintiff is wrong. *Levin* held that the attorneys' knowledge of a lien supported liability for "*intentional interference with the prospective economic advantage* of a discharged attorney." *Levin*, 69 Cal. App. 4th at 1287-88 (emphasis added). *Levin* did not, however, create an entirely separate cause of action for "ignoring lien" under California law. As noted in the preceding section, Plaintiff has pled a claim for interference with prospective economic advantage, and his duplicative construction of a non-cognizable "ignoring lien" claim would be rejected.

While only Defendant Galipo presently moves to dismiss the "ignoring lien" claim, the Court finds that Plaintiff cannot possibly win relief for this untenable cause of action and therefore would DISMISS this claim WITH PREJUDICE as to all Defendants. [4] *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986 , 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6) . Such a dismissal may be made without notice where the claimant cannot possibly win relief"); *Ricotta v. California*, 4 F. Supp. 2d 961 , 968 n. 7 (S.D. Cal. 1998) ("The Court can dismiss a claim sua sponte for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "); *see also Baker v. Dir., U.S. Parole Comm'n*, 916 F.2d 725 , 727 , 286 U.S. App. D.C. 310 (D.C. Cir. 1990) (holding that district court may dismiss cases sua sponte pursuant to Rule

**12(b)(6)** without notice where plaintiff could not prevail on complaint as alleged). *See also Ferdik v. Bonzelet*, **963 F.2d 1258** , **1261** (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Davis v. Astrue*, **250 F.R.D. 476** , **480** (N.D. Cal. 2008) (discretion to deny leave to amend "is particularly broad where the court has previously granted leave to amend the complaint").

**E. The Court Would GRANT WITHOUT PREJUDICE Defendants' Motions to Dismiss the Fraud-Based Claims**

The SAC alleges fraud, deceit, fraudulent conveyance, conspiracy, and civil RICO claims against all Defendants "except those represented by Hurell." SAC ¶¶ 32-56. In granting two previous motions to dismiss, the Court held that Plaintiff failed to meet the heightened pleading standard of **Fed. R. Civ. P. 9(b)** , which applies to the fraud, deceit, fraudulent conveyance, conspiracy and RICO claims. Docket No. 27 at 4-6, Docket No. 57 at 12-16. Plaintiff's latest complaint is similarly defective.

In California, the elements for fraud based on concealment are: "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) **[*7]** the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.' " *Boschma v. Home Loan Ctr., Inc.*, **198 Cal. App. 4th 230** , **248** , **129 Cal. Rptr. 3d 874** , (2011) (citation omitted). The heightened pleading standard of **Fed. R. Civ. P. 9 (b)** requires that these allegations be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, **780 F.2d 727** , **731** (9th Cir. 1985).

Here, as with Plaintiff's previous attempts to amend his pleadings, many factual allegations in the SAC are almost identical to those in the FAC. In fact, Plaintiff's counts for deceit and fraudulent conveyance in the SAC are identical to those counts in the FAC, and the SAC's claim for conspiracy simply adds the word "All" before "defendants." *Id.* ¶¶ 34-38. Paragraphs 4-13, 22 and 23 of the SAC are also literally identical to the factual allegations in the FAC. SAC ¶¶ 4-13, 22-23. Paragraphs 14-18 are substantially identical: in paragraph 14, Plaintiff adds the words "and all defendants ignored the lien." *Id.* ¶ 14. In paragraph 15, plaintiff added the phrase "engaged in a theft and conversion of that money." *Id.* ¶ 15. Paragraph 16 simply added the words "and some," and paragraph 17 adds the words "and converted." *Id.* ¶¶ 16-17. Paragraph 18 adds the word "Grimm." *Id.* ¶ 18.

In the fraud count, Plaintiff attempts to add specificity in accordance with the Court's prior rulings by alleging that Defendants:

> created a false appearance that no money was due to plaintiff and [gave] money that belonged to plaintiff and his prior law firm to Galipo and the Eichelaubs and Galipo and the Eichenlaubs received that money. All defendants had a duty to advise plaintiff that the money was due, and breached that duty, and all defendants . . . had a duty to see to it that plaintiff's prior law firm or plaintiff's names were set forth as payees on the monetary instrument that was used to settle the

> underlying action, and fraudulently breached those duties by concealing the settlement, not making the settlement known to plaintiff's prior law firm and plaintiff, and not ensuring that the names of either plaintiff's prior law firm and/or plaintiff were put on the monetary instrument used to consummate the settlement.

SAC ¶ 33. Plaintiff thus appears to have abandoned his claim that he relied on overt misrepresentations by Defendants. Instead, he avers that Defendants are liable under a fraudulent omission theory because they were allegedly under a duty to advise him that "money was due." But, yet again, the SAC alleges no plausible basis for this duty. As explained by the Court in its previous ruling, this duty "cannot arise by virtue of the mere existence of the Lien, for then every contract or lien would give rise to tort liability if payment obligations are alleged to be shirked." **[*8]** Docket No. 57 at 13. Given that the SAC failed to adequately plead the predicate fraud claim, Plaintiff's remaining fraud-based causes of action for deceit, fraudulent conveyance, conspiracy, and civil RICO necessarily fail. The Court would thus GRANT WITHOUT PREJUDICE Defendants' motions to dismiss Plaintiff's fraud-based claims. [5]

## IV. Conclusion

The Court would GRANT WITHOUT PREJUDICE Defendant Galipo's Motion to Dismiss the Constructive Trust Claim.

The Court would GRANT WITHOUT PREJUDICE Defendants' Motions to Dismiss the Conversion Claim.

The Court would GRANT WITHOUT PREJUDICE Defendant Galipo's Motion to Dismiss the Tortious Interference Claims.

The Court would DISMISS WITH PREJUDICE the "ignoring lien" claim against all Defendants.

The Court would GRANT WITHOUT PREJUDICE Defendants' Motions to Dismiss the Fraud-Based Claims

Given that this is the third set of motions to dismiss decided by this Court and Plaintiff has again failed to adequately plead many of his claims, the Court would inform Plaintiff that this will be the last opportunity to amend his complaint, and any further dismissals will be with prejudice.

## I. Background

David and Margaret Eichenlaub ("Eichenlaub Defendants") petition this Court to set aside the default entered against them on December 19, 2012 at the request of Stephen Yagman ("Plaintiff"). Amended Motion to Set Aside Default ("Motion"), Dkt. No. 61, at 2. Plaintiff filed the original complaint in this case on September 13, 2012, but this Court dismissed it with leave to amend on November 5, 2012. Motion at 4. Plaintiff filed a First Amended Complaint ("FAC"), and he mailed it to the Eichenlaub Defendants on November 8, 2012, without a summons. *Id.* On November 27, 2012, Plaintiff filed proof of service documents attesting to personal service of the original complaint on the Eichenlaub Defendants, dated November 1, 2012. *Id.* On December 3, 2012, Dale Galipo approached Plaintiff to say that he was now representing the Eichenlaub Defendants and to request that Plaintiff not enter their defaults. Opposition to Motion to Set Aside Default ("Opposition"), Dkt. No. 67, ¶ 7. After waiting until December 17, 2012, Plaintiff requested entry of default against the Eichenlaub Defendants,

⊞ Yagman v. Galipo, No. CV 12-7908-GW(SHx), 2013 BL 384538, 2013 Us Dist Lexis 48713, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013), Court Opinion

which was entered by the Clerk on December 19, 2012. Motion at 4.

**II. Motion to Set Aside Default**

**A. Legal Standard**

**1. Good Cause to Set Aside Default under Fed. R. Civ. P. 55(c)**

A default may be set aside for "good cause." **Fed. R. Civ. P. 55(c)** . The Ninth Circuit uses the same three-factor test for good cause under **Rule 55(c)** as it does for setting aside a default judgment under **Rule 60(b)** . *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, **375 F.3d 922** , **925** (9th Cir. 2004). The three factors are: 1) whether the defendant "engaged in culpable conduct that led to the default," 2) whether the defendant has a "meritorious defense," and 3) whether the plaintiff would be prejudiced if the default were set aside. **Id. at 926** . The moving party bears the burden of showing that each of these three factors favors setting aside the default. *TCI Group Life Ins. Plan v. Knoebber*, **244 F.3d 691** , **696** (9th Cir. 2001).

A motion to set aside a default *may* be denied [*9] if any one factor goes against the defendant, *id* ., but it would still be within a district court's discretion to grant the motion, *Brandt v. Am. Bankers Ins. Co.*, **653 F.3d 1108** , **1112** (9th Cir. 2011). In *Brandt*, a district court found the defendant culpable, but it nevertheless set aside a default judgment because it found the defendant had a meritorious defense and that the plaintiff would not be prejudiced. The Ninth Circuit upheld the district court's decision, emphasizing that "the inquiry into 'excusable neglect' [is] 'at bottom, an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" **Id** . (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, **507 U.S. 380** , **395** , **113 S. Ct. 1489** , **123 L. Ed. 2d 74** (1993)). It concluded that "the application of [the factors] . . . 'is committed to the discretion of the district courts,'" and that as long as a court considers the three required factors, it *may* deny a motion to set aside default if it finds the defendant culpable, "*but [it] need not.*" *Brandt*, **653 F.3d at 1112** (emphasis added).

Overall, the Ninth Circuit has consistently emphasized that courts have "especially broad" discretion in setting aside defaults. *AF Holdings LLC v. Buck*, No. 12-cv-01068 LLK KJN, [**2013 BL 2320**], 2013 U.S. Dist. LEXIS 1658 , at *7-8 (E.D. Cal. Jan. 4, 2013) (quoting *O'Connor v. State of Nev.*, **27 F.3d 357** , **364** (9th Cir. 1994)). This discretion is broader even than for default judgments, which the Ninth Circuit has specified are only appropriate in "extreme circumstances." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, **615 F.3d 1085** , **1091** (9th Cir. 2010) (quoting *Falk v. Allen*, **739 F.2d 461** , **463** (9th Cir. 1984)). "Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." **Id** . (quoting *Mendoza v. Wight Vineyard Mgmt.*, **783 F.2d 941** , **945-45** (9th Cir. 1986)).

**2. Proper Service of Amended Pleadings under Local Rule 15-3**

After a complaint is dismissed with leave to amend, a Plaintiff choosing to amend must file and serve the amended complaint. Schwarzer, Tashima, et al., <u>Cal. Practice Guide: Fed. Civ. Proc. Before Trial</u> (2011) § 8:1533. The rules for pleadings amended as a matter of course are also applied to complaints amended after dismissal with leave to amend. *Id.* In the Central District of California, service of an amended pleading, including the date on which the pleading is deemed served, is dictated by **Local Rule 15-3** , which states:

> An amended pleading allowed by order of the Court shall be deemed served upon the parties *who have previously appeared* on the date the motion to amend is granted or the stipulation therefor is approved. Service of amended pleadings on a party *who has not previously appeared* shall be made as provided in L.R. 4-1 , 4-2 , and 4-3 [referring to the first three subsections under the heading "F.R.Civ.P. 4. Summons"]. (italics added)

Following service of the amended pleading, any required responsive pleadings must be filed "within the time remaining to respond to the original pleading, or within 14 days *after service* of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3) (italics added). When a defendant is not made a party to an action through proper service of process, a court lacks jurisdiction over **[*10]** the improperly-served party and must set aside an entry of default. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849 , 851 (9th Cir. 1992); *see also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345 , 353 (6th Cir. 2003).

B. Analysis

1. **Good Cause to Set Aside Default Under Fed. R. Civ. P. 55(c)**

*a. Culpable Conduct*

Plaintiff and the Eichenlaub Defendants each argue that a different standard for determining culpability applies. The Ninth Circuit has acknowledged that two standards exist in its case law, which apply in different circumstances. *Mesle*, 615 F.3d at 1092-93 . The standard advocated by Plaintiff states that a defendant's conduct is culpable when the defendant "has received actual or constructive notice of the filing of the action and failed to answer." *Franchise Holding II*, 375 F.3d at 926 (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685 , 690 (9th Cir.1988)). However, this standard's application has since been limited to legally sophisticated parties whose conduct can be presumed to be intentional. *Mesle*, 615 F.3d at 1093 . The Eichenlaub Defendants' proposed standard, applied in *Mesle* to an unrepresented defendant, id. at 1093 , is that the failure must be intentional, assessed under the standard of "excusable neglect." *TCI*, 244 F.3d at 697 . Although the Eichenlaub Defendants were allegedly represented before their default, Opposition, Dkt. No. 67, ¶ 7, the Court will apply the *TCI* standard. These parties do not fit within the Ninth Circuit's narrow view of *Franchise Holding II's* application. In any event, at least one district court has interpreted *Mesle* as allowing district courts discretion in whether to presume the culpability of represented parties. *Vann v. Aurora Loan Servs., LLC*, No. 10-CV-04736 LHK, [2011 BL 73041], 2011 U.S. Dist. LEXIS 33964 , at *7-10 (N.D. Cal. March 21, 2011) (declining to apply *Franchise Holding II* despite defendant's being a represented party frequently involved in similar suits and distinguishing that case on its facts).

Under the *TCI* standard, neglect may be excusable when the defendant can provide a "credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI*, 244 F.3d at 697 . However, neglect is inexcusable when it cannot be explained other than as a "devious, deliberate, willful, or bad faith failure to respond." Id. at 698 . In this analysis, courts have considered a "bevy of equitable considerations," including an emergency requiring leaving the country, physical or mental illness, familiarity with the legal process, and consultation with lawyers. Id. at 698-700 (summarizing several cases in which these factors were considered).

The Eichenlaub Defendants claim that their conduct was not culpable because they were not properly served with the FAC, do not reside in California, are not familiar with the legal system, and were not represented by counsel when Plaintiff mailed them the FAC. Motion, Dkt. No. 61, at 7. They also assert that they had no intention of gaining an advantage over Plaintiff or delaying these proceedings. *Id.* Plaintiff contends that they were represented by their present attorney, Mr. Galipo, before the default was entered, at least as of December **[*11]** 3, 2012. Opposition, Dkt. No. 67, ¶ 7. He therefore asserts that their failure to respond was willful and culpable. Id. at 14. The Eichenlaub defendants make the argument that, because they were never properly served under **Local Rule 15-3** , they were not required to respond at all, but they also claim that their conduct was not culpable even if service is assumed to be proper. Motion at 6. To simplify the analysis, then, the Court assumes in its discussion that service was proper.

The key factors are the Eichenlaub's lack of familiarity with the legal system and lack of legal representation, at least at the time they received the FAC. While the Ninth Circuit considers lack of legal sophistication to be "pertinent," it has not held lack of legal sophistication to be determinative of lack of culpability. *TCI*, **244 F.3d at 699** . Furthermore, "absent some explanation . . . it is fair to expect that individuals who have been previously involved in litigation . . . appreciate the consequences of failing to answer and do so only if they see some advantage to themselves." ***Id*** .

Although the Eichenlaubs were not represented when they received the FAC by mail, they had been involved in a previous legal action, namely the suit underlying this one. Therefore, their argument that they are not culpable is a weak one, especially after they obtained legal representation. However, the Ninth Circuit's approach to this factor has been forgiving, "accepting even 'weak' reasons if they reveal mere 'negligence and carelessness . . . not deviousness or willfulness.'" *E & J Gallo Winery v. Cantine Rallo S.p.A*, **430 F. Supp. 2d 1064** , **1088** (E.D. Cal. 2005) (quoting *Bateman v. U.S. Postal Serv.*, **231 F.3d 1220** , **1225** (9th Cir. 2000)) (discussing as examples an attorney who had to leave the country on short notice, then suffered jet lag and needed time to sort through his mail, and a lawyer's failure to read an applicable rule). Although willfulness or bad faith could possibly be inferred from these facts, they could also be explained in a way inconsistent with bad faith. It is at least possible that the Eichenlaub defendants, while unrepresented, did not realize they were required to respond or negligently and carelessly failed to act, and then once they were represented, their attorney advised them not to respond because he believed service was improper. The Court therefore declines to find that this factor warrants upholding the default.

*b. Meritorious Defense*

A defendant moving to set aside a default must present a meritorious defense to show that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, **794 F.2d 508** , **513** (9th Cir. 1986). Although the defendant's burden "is not extraordinarily heavy," it must present "specific facts that would constitute a defense." *TCI*, **244 F.3d at 700** . It need only assert "a factual or legal basis that is sufficient to raise a particular defense"; the truth of that basis is determined later. *Audio Toys, Inc. v. Smart AV Pty. Ltd.*, No. C 06-6298 SBA, [**2007 BL 28894**], 2007 U.S. Dist. LEXIS 44078 , at *8 (N.D. Cal. June 6, 2007).

The Eichenlaub Defendants list several possible defenses in both their Amended Motion and their Reply **[*12]**

to Plaintiff's Opposition. [1] *See* Motion at 7-8; Reply, Dkt. No. 76, at 4. If the Eichenlaub Defendants succeed in proving some of these defenses, the resulting outcome may obviously be different from the one achieved by default. For example, if Plaintiff cannot state his claims with the required specificity, as the Eichenlaub Defendants assert, dismissal may be warranted, or the Eichenlaubs may be able to prove that this Court lacks subject matter jurisdiction. The Court should find that the listed defenses indicate sufficient reason for this case to be heard on the merits.

#### c. Prejudice to Plaintiff

A party is prejudiced when its ability to pursue its claim is hindered. *TCI*, 244 F.3d at 701 . A Plaintiff is not prejudiced merely by being forced to litigate its claim on the merits. *Id* . The litigation costs of opposing a motion to set aside default cannot establish prejudice, because the Plaintiff has chosen to oppose the motion. *Id* . Rather, to be prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id* . (quoting *Thompson v. American Home Assur. Co.*, 95 F.3d 429 , 433-34 (6th Cir. 1996)).

Here, there are only litigation costs and delay, neither of which constitutes prejudice. The delay is especially non-prejudicial in this case, as a Second Amended Complaint was filed in this action on January 15, 2013, only four days before the instant motion was originally filed. Therefore, little time has been lost for the Eichenlaub defendants to respond to and litigate based on the amended pleading. [2]

In sum, the equivocal culpability evidence, presence of meritorious defenses, and lack of prejudice support setting aside the Eichenlaub Defendants' default in this case.

### 2. Proper Service of Amended Pleadings Under Local Rule 15-3

In light of the above analysis, the Court need not reach the issue of whether service was proper.

### C. Conclusion

The Court would GRANT the Eichenlaub Defendants' Amended Motion to Set Aside Default.

### III. Plaintiff's Request to Strike the Motion to Set Aside Default

In light of the foregoing, the Court would DENY the Plaintiff's request to Strike the Amended Motion as redundant. *See* Dkt. No. 71 at 7. The amended motion properly clarifies the Eichenlaub Defendants' position on whether service was proper, basing it on their reading of **Local Rule 15-3** rather than on new claims being stated against them. In any event, neither contention was reached in the Court's decision on that Motion.

### IV. Plaintiff's Request to Disqualify Dale K. Galipo

At present, the Court finds no actual, non-waivable conflicts between Mr. Galipo and the Eichenlaub Defendants. The Court will therefore DENY the request. However, due to the potential for conflicts to develop in the future, the Court will evaluate the sufficiency of the waiver signed by the Eichenlaub Defendants. The waiver must be produced, *in camera*, to the Court within three days of this hearing. The Court will evaluate its sufficiency and determine whether it will continue to permit the representation.

Yagman v. Galipo, No. CV 12-7908-GW(SHx), 2013 BL 384538, 2013 Us Dist Lexis 48713, 2013 WL 1287409 (C.D. Cal. Mar. 25, 2013), Court Opinion

**V. Plaintiff's Motions for [*13] Sanctions and Request to Strike**

The Court first notes that the Sanctions Motions are largely based on Plaintiff's assertions that are contrary to the holding of this Court in its decision to set aside the Eichenlaub Defendants' default. To the extent that additional assertions are made, the Court finds that the conduct objected to does not merit sanctions, **Rule 11** or otherwise. Plaintiff repeatedly contends that incorrect assertions present in the original motion to set aside default were not corrected, pertaining to whether Plaintiff properly served the Eichenlaubs with his FAC. However, there are two possible bases for those assertions. One, which was withdrawn, is the contention that service was not proper because the complaint contains new claims. The second, which this Court noted but did not need to reach above, is that service was not proper because it did not conform to **Local Rule 15-3**. The Court does not find Mr. Galipo's second basis, the operative one after filing of the Amended Motion, to be a sanctionably implausible reading of that rule. Furthermore, the Court declines Plaintiff's invitation, Dkt. No. 88 at 2, to consider the tardiness of Mr. Galipo's reply to the sanctions motions to be consent to granting the motions. The Court will therefore DENY both sanctions motions and the request to strike the Opposition to the Motions for Sanctions.

---

fn
1

*Eichenlaub v. Baca*, CV 06-6979-GHK(CT).

fn
2

In its January 7, 2013 Order, the Court granted with prejudice the Hurell Defendants' motion to dismiss all five of Plaintiff's fraud-based claims. Docket No. 57 at 12-16.

fn
3

After Defendants filed their motions to dismiss the SAC, Plaintiff attempted to file an "Amended Second Amended Complaint" and repeatedly argued that this purported amendment was permissible as a matter of right under **Rule 15**. **Rule 15(a)(1)** provides that a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under **Rule 12**. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." **Fed. R. Civ. P. 15(a)(2)**. In this case, Plaintiff's ability to amend his pleading "once as a matter of course" expired, at the latest, 21 days after the responsive pleadings to his *initial* complaint were filed; he has since filed a First Amended Complaint and a Second Amended Complaint, and this Court has already decided two motions to dismiss. *See Montz v. Pilgrim Films & Television, Inc.*, **606 F.3d 1153**, **1156-57**, **1159** n.1 (9th Cir. 2010) (observing that, under **Rule 15**, plaintiff's "right to amend as a matter of course" did not extend to plaintiff's first amended complaint, but rather terminated 21 days after defendants filed their motions to dismiss the initial complaint) *vacated on other grounds by* **649 F.3d 975** (9th Cir. 2011) (en banc); *see also Sepehry-Fard v. Aurora Bank FSB*, No. 12-CV-00871 EJD, [**2013 BL 25382**], 2013 U.S. Dist. LEXIS 12048, at *6-7 (N.D. Cal. Jan. 29, 2013)

("Here, Defendants filed their first motions to dismiss on March 19, 2012, and Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to **Rule 15(a)(1)(B)** "); *CSK Investments, LLC v. Select Portfolio Servicing, Inc.*, No. 10-CV-00452 PHX, [**2011 BL 82673**], 2011 U.S. Dist. LEXIS 33454 , at *3-6 (D. Ariz. Mar. 29, 2011) (rejecting argument that a plaintiff may file an amended complaint as a matter of course after each 12(b) motion to dismiss).

fn
4

There are no facts alleged in Plaintiff's "Amended Second Amended Complaint" that could possibly cure this deficiency.

fn
5

Plaintiff maintains that he will cure these deficiencies in an amended pleading. In light of the Court's decision to grant Plaintiff leave to amend these claims, the Court need not separately address each fraud-based cause of action in this Order.

fn
1

These defenses include: 1) failure to state a claim/plead with specificity; 2) lack of subject matter jurisdiction over state law claims because parties are not diverse, as Plaintiff is allegedly a California citizen, and there are no properly pled federal claims supporting supplemental jurisdiction; 3) Plaintiff's failure to properly plead the contract action by attaching the applicable contract to his complaint or pleading its full terms or legal effect; 4) the Eichenlaub Defendants breached no contract with Plaintiff; 5) Plaintiff has no damages; 6) Plaintiff failed to mitigate damages; 7) Plaintiff is not entitled to attorneys' fees; 8) Plaintiff is not entitled to treble damages; 9) the Eichenlaubs did not defraud or deceive Plaintiff; 10) the Eichenlaubs did not conspire against Plaintiff; 11) the Eichenlaubs did not form an enterprise that engaged in a pattern of racketeering that harmed Plaintiff; 12) Plaintiff is not entitled to punitive damages; 13) Plaintiff lacks standing to seek damages because the lien was held by his now-defunct law firm, not him personally.

fn
2

Plaintiff has requested that he be reimbursed for his time in opposing this Motion. Oppostion, Dkt. No. 67, at 28. As the *TCI* court pointed out, *TCI*, **244 F.3d at 701** , incurring those expenses was Plaintiff's choice. Under these circumstances, and in light of the total lack of case law supporting Plaintiff's request, the Court will not require any reimbursement.