**EXHIBIT 12**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## **SECOND** AMENDED COMPLAINT

After working for The Lampo Group, a/k/a Ramsey Solutions ("Ramsey Solutions") for over four years, Caitlin O'Connor notified Ramsey Solutions she was pregnant; however instead of it being a joyful time she was terminated from her job because of her pregnancy. Ms. O'Connor requested FMLA paperwork for the birth of her child and requested ADA paperwork since her pregnancy is considered a geriatric pregnancy. Subsequently, Ms. O'Connor received a phone call informing her she would have a meeting with a board member the next week. During this meeting, Ms. O'Connor met with two board members who informed her Ramsey Solutions was still deciding the best way to proceed. Ms. O'Connor finally had a meeting with the Head of Human Resources and the board members and was informed she was being terminated due to her pregnancy and for a violation of "Company Conduct," because she is not married to her partner, the baby's father. Ramsey contends that her committed relationship and her pregnancy are a violation of its "righteous living" policy. Accordingly, Ms. O'Connor files the instant Amended Complaint for both retaliation and interference violations of the Family and Medical Leave Act, Tennessee Human Rights Act, the Tennessee Maternity Leave Act, the Tennessee Disability Act, Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

## PARTIES

1. Plaintiff, Caitlin O'Connor, ("Ms. O'Connor") is a citizen and resident of Williamson County, Tennessee, and a former employee of Defendant. Plaintiff worked for Defendant at its location in Franklin, Tennessee.

2. Defendant The Lampo Group, LLC, ("Lampo") a/k/a Ramsey Solutions ("Ramsey" or "Ramsey Solutions") is a limited liability company licensed to transact business in Tennessee. Its registered agent for service of process is Mark Floyd, 1011 Reams Fleming Blvd, Franklin, TN, 37064-1844.

3. At all times material to this action, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019 and/or 2020 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

4. At all times material to this action, Plaintiff was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

5. At all times material to this action, Defendant was an employer within the meaning of the THRA, TDA, TMLA, FMLA, ADA and Title VII.

## JURISDICTION AND VENUE

6. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. (Count II, V); the Tennessee Maternity Leave Act ("TMLA"), T.C.A. §4-21-408, *et seq*. (Count III), and the Tennessee Disability Act ("TDA") T.C.A. § 8-50-103 (Count IV); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") (Count V, VI); and the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq*. ("ADA")*,* as amended by the ADA Amendments Act of 2008 ("ADAAA") (Count VII).

7. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

8. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 12101 *et. seq.* and 42 U.S.C. §§ 2000e *et seq.*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; 180 days have passed since the filing of her charge of discrimination. Further, a right to sue letter has been requestedwas received on February 22, 2021, and thus, the charge prerequisites have been satisfied.

**FACTS**

9. Ms. O'Connor was employed with Ramsey Solutions over four years. She was hired in February 22, 2016. Her position with Ramsey Solutions was as an Administrative Assistant in the Information Technology Department.

10. Ms. O'Connor performed her job duties without incident and was never given a write up for performance or placed on a Performance Improvement Plan until recent events described in this Amended Complaint.

11. On June 18, 2020, Ms. O'Connor emailed Ramsey Solutions' Head of Human Resources, Armando Lopez, that she was 12 weeks pregnant and requested FMLA paperwork for her maternity leave once she had her baby.

12. In this same email, Ms. O'Connor requested ADA accommodation paperwork to take to her doctor, as she is considered to have a geriatric pregnancy due to her age and was unsure if she would need accommodation or suffer any limitations during her pregnancy.

13. The next day, on June 19, 2020, Ms. O'Connor received a phone call from a board member telling her that the next week she would have to have a meeting with the board.

3

14. On June 23, 2020, Ms. O'Connor met with two board members who told her Ramsey Solutions was still deciding the best way to proceed with her situation.

15. On June 25, 2020, Mr. Lopez and Ramsey Solutions board members terminated Ms. O'Connor due to her pregnancy and violating Ramsey Solutions' rules of "Company Conduct."

16. Ramsey Solutions' Company Conduct provision in their handbook states, "The image of Ramsey Solutions is held out to be Christian. Should a team member engage in behavior not consistent with traditional Judeo-Christian values or teaching, it would damage the image and the value of our good will and our brand. If this should occur, the team member would be subject to review, probation, or termination."

17. The Core Values incorporated into Ramsey's Mission Statement incorporates a "righteous living" policy or value which allegedly prohibits premarital sex. However, there is no written prohibition against premarital sex in the policy.

18. Ms. O'Connor's violation of "Company Conduct" and righteous living policy is that she and the father of her child are in a committed long-term relationship, but not legally married, nor do they desire to be married at this time. Ms. O'Connor does not believe premarital sex is a requirement or fundamental tenant of her faith as a Christian.

19. Ms. O'Connor's duties as Administrative Assistant included: managing her leader's calendars, daily emails, and day to day business. Ms. O'Connor would schedule meetings, one on ones and annual reviews for the leaders and other employees. Ms. O'Connor would also take notes during meetings, handle team member care which included sending flowers, supporting the staff etc.

20. Plaintiff's sincerely held Christian belief is that Christianity is not meant to be

4

punitive, hateful, vengeful, or judgmental. Accordingly, her Christian belief is that God gave a woman the ability to procreate, and that ability to procreate was not restricted by a contract, i.e., marriage or employment at Ramsey Solutions. Moreover, Plaintiff does not believe that her identification as a Christian gives her the right to judge and condemn other Christians or humans for how they choose to carry out their one dictate from Jesus, that is, to love one another. To the contrary, Ms. O'Connor believes it is inherently unloving to pass judgment and condemnation on others for their private relationships.

21. Plaintiff's view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy without fear of recrimination, much less termination from her employment.

22. When Plaintiff notified Defendant of her pregnancy on June 18, 2020, she specifically stated to Armando Lopez "I needed to let you know that I'm 12 weeks pregnant. I understand that being unmarried and expecting is frowned on here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's need in the future, etc."

23. In sending this email on June 18, 2020, Plaintiff ostensibly requested an accommodation from Defendant's strict Righteous Living value which frowns on, by termination, pregnancy outside of marriage.

20. 24. Ramsey Solutions' termination of Ms. O'Connor interfered with her right to take FMLA leave, discriminated against her due to her sex, pregnancy, religion, and disability, and was in retaliation for informing them of her pregnancy due to it being "frowned upon here," requesting

5

in retaliation for informing them of her pregnancy due to it being "frowned upon here," requesting FMLA, and/or accommodation for her disability.

~~22.~~25.  Ramsey Solutions' discriminatory policy has a disparate impact on women, in particular pregnant women because they are unable to keep their private lives private in the event they become pregnant because pregnancy is a very visible condition.

### Count I
### Violation of FMLA – Retaliation and Interference

~~23.~~26.  Plaintiff restates and incorporates herein the foregoing paragraphs.

~~24.~~27.  At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

~~25.~~28.  Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

~~26.~~29.  Plaintiff was entitled to receive FMLA leave for the birth and care of a child.

~~27.~~30.  Defendant subjected Plaintiff to adverse employment actions after she requested FMLA, including but not limited to, interfering with her rights to take FMLA and terminating her.

~~28.~~31.  Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

~~29.~~32.  Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

~~30.~~33.  Defendant's conduct harmed and caused damage to Plaintiff.

~~31.~~34.  As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, cost of replacement coverage or reimbursement for medical expenses, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

### Count II

6

**Violation of THRA- Sex/Pregnancy Discrimination/Retaliation**

~~32.~~35.  Plaintiff restates and incorporates herein the above paragraphs in their entirety.

~~33.~~36.  Plaintiff was subjected to disparate treatment in the terms and conditions of her job the Defendant's workplace because of her sex, female, and because of her pregnancy.

~~34.~~37.  Plaintiff was qualified for her position.

~~35.~~38.  Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex/pregnancy, including, but not limited to different terms and conditions, loss of pay and benefits and the loss of her job than similarly situated non-pregnant employees.

~~36.~~39. Plaintiff objected to the manner in which she was being treated when she complained to Defendant and refused to get married to satisfy their discriminatory demands and behavior.

~~37.~~40.  As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

~~38.~~41.  As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, cost of replacement coverage or reimbursement for medical expenses, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**Count III**
**Violation of Tennessee Maternity Leave Act**

~~39.~~42.  Plaintiff restates and incorporates herein the above paragraphs in their entirety.

~~40.~~43.  Plaintiff was employed for at least 12 months prior to her leave as a full-time employee of Defendant.

~~41.~~44.  Defendant employs a minimum of 100 employees.

42.45. Plaintiff gave at least three (3) months' advance notice of her leave to Defendant.

43.46. Defendant subjected Plaintiff to disparate terms and conditions of employment after she requested TMLA, including but not limited to, interfering with her rights to take TMLA and terminating her.

44.47. Defendant's conduct was a motivating factor in adverse employment actions against Plaintiff.

45.48. Defendant's conduct harmed and caused damage to Plaintiff.

46.49. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, cost of replacement coverage or reimbursement for medical expenses, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**Count IV**
**Violation of TDA- Disability Discrimination/Retaliation**

47.50. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

48.51. Defendant is an employer as defined in the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA").

49.52. Plaintiff was regarded as an individual with a disability after she notified them of her high risk pregnancy.

50.53. Defendant discriminated against Plaintiff on the basis of her disability in violation of the TDA that culminated in her termination.

51.54. Plaintiff engaged in protected activity when she notified her employer of her disability and requested paperwork regarding her disability. Such actions by the Plaintiff are statutorily protected activities under the TDA.

52.55. Plaintiff was subjected to adverse employment actions in violation of the TDA.

Case 3:20-cv-00528 Document 30-12 Filed 03/23/21 Page 8 of 13 PageID #: 459
Case 3:20-cv-00528 Document 30-12 Filed 03/23/21 Page 8 of 13 PageID #: 459

53.56. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer professional and personal embarrassment, humiliation, inconvenience and lost earnings and benefits.

54.57. As a result, Plaintiff is entitled to recover her damages, including lost wages, benefits, cost of replacement coverage or reimbursement for medical expenses, compensatory and punitive damages, attorneys' fees, costs, interest, and any other legal and equitable relief to which she may be entitled.

**Count V**
**Violation of THRA & Title VII- Religious Discrimination/Retaliation**

55.58. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

56. Plaintiff notified Defendant she was pregnant.

59. Plaintiff is a Christian. Her practice and belief of Christianity is that Christianity is above all a loving, not punitive and judgmental faith. Her practice of Christianity differs from Defendant.

60. Plaintiff notified Defendant she was pregnant on June 18, 2020, she specifically stated in an email to Armando Lopez "I understand that being unmarried and expecting is frowned on here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's need in the future, etc."

61. Plaintiff's email to HR was a request for an accommodation from its strict policies which "frown on" pregnancy outside of marriage.

57.62. Defendant terminated her employment premised on a violation its "Core Values" which incorporate a "righteous living" value allegedly premised on its interpretation of "Judeo-Christian" values that it believes prohibits or frowns upon premarital sex.

~~58.~~63. Premised on these alleged "Judeo-Christian" values, Defendant terminated Plaintiff's employment after she notified them of her pregnancy and not only terminated her employment, but in a particularly cruel manner also her health insurance benefits which ~~include~~included pre and post-natal care.

~~59.~~64. Defendant terminated Plaintiff because of its religious based Core Value policy which discriminates against employees who do not strictly adhere to Ramsey's interpretation of "Judeo-Christian" values for non-work related behavior.

65. Plaintiff does not adhere to Ramsey's interpretation of "Judeo-Christian" values for non-work related behavior.

~~60.~~ As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment,

66. humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits, including pre-and post-natal coverage.

~~61.~~67. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, cost of replacement medical coverage or reimbursement for medical expenses, and any other legal and equitable relief to which she may be entitled.

**Count VI**
**Violation of Title VII- Sex, Pregnancy Discrimination/Retaliation**

~~62.~~68. Plaintiff restates and incorporates herein the foregoing paragraphs.

~~63.~~69. Title VII defines "because of sex" or "on the basis of sex" as follows:

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar

in their ability or inability to work, and nothing in section 2000e–2 (h) of this title shall be interpreted to permit otherwise.

42 U.S.C. § 2000e(k).

64.70. Plaintiff was subjected to disparate treatment in the terms and conditions of her job in the Defendant's workplace because of her sex, female.

65.71. Plaintiff was subject to disparate terms and conditions of employment that other similarly situated males were not subject to.

66.72. Defendant's "righteous living" policy, to the extent it requires discipline or termination for sex outside of marriage that results in pregnancy can have a disparate impact on female employees who become pregnant or will require pregnancy related leave.

67.73. Plaintiff was qualified for her position.

68.74. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex/pregnancy, including, but not limited to different terms and conditions of employment, retaliation for requesting an accommodation for her pregnancy, and eventually the loss of her job than similarly situated non-pregnant employees.

69.75. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, inconvenience, lost earnings and benefits.

**Count VII**
**Violation of ADA- Disability Discrimination**

70.76. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

71.77. Plaintiff was a qualified individual with a disability or regarded as disabled.

72.78. Defendant discriminated against Plaintiff on the basis of her disability in violation of the ADA that culminated in her termination.

11

~~73.~~79.  Plaintiff could perform the essential functions of her job and requested information about reasonable accommodation due to her pregnancy that had the potential for complications due to her age.

~~74.~~80.  Plaintiff was terminated because of her disability and/or in retaliation for her requests for the reasonable accommodation, and/or because she was regarded as disabled.

~~75.~~81.  Plaintiff's termination was because of her disability and/or because she was regarded as disabled.

~~76.~~82.  As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

~~77.~~83.  As a result, Plaintiff is entitled to recover her damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

**RELIEF REQUESTED**

Plaintiff respectfully requests:

1. A jury trial;

2. Judgment in favor of Plaintiff and against Defendant on all counts in this action;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

6. Punitive damages;

7. Liquidated damages under the FMLA;

8. Attorneys' fees and expenses;

9. Prejudgment interest and, if applicable, post-judgment interest; and

10. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 5th9th day of FebruaryMarch 2021 to counsel of record:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*s/ Heather Moore Collins*