IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO AMEND COMPLAINT

COMES NOW Plaintiff Caitlin O'Connor and replies to Defendant's response in opposition to motion to amend complaint. Defendant asserts that its response is "more practical rather than substantive." (ECF 30). It is true, there is no substance to its opposition.[1] Rather, Defendant's notion of "practicality" stems from a game of "gotcha." In this case, albeit in retrospect, the motion to amend deadline was simply too optimistic and did not account for Defendant's lack of cooperation in discovery. The amendment deadline was within weeks of the 180 days administrative exhaustion period that Plaintiff could even realistically allege her federal EEOC claims. Nonetheless, in an abundance of caution, Plaintiff went ahead and amended her complaint to comply with the amendment deadline, even though she had not received a right to sue, but on the premise 180 days had passed, which Defendant readily agreed to. However, at that point, Defendant had failed to comply with the majority of Plaintiff's discovery requests, a

---

[1] Notably, in response to Plaintiff's Complaint, Defendant filed an answer- not a motion to dismiss. Only after Plaintiff made efforts to comply with the amendment deadline, in conjunction with the 180 days exhaustion period, did Defendant file a motion to dismiss. Thus, the opposition to the current motion to amend is clearly mere gamesmanship.

discovery dispute was ongoing and an initial round of depositions Plaintiff had scheduled had to be cancelled due to the profound lack of discovery production. Thus, there has simply been very little substantive opportunity to evaluate facts to properly amend before the deadline set forth in the case management order and this is largely due to defendant's lack of cooperation in discovery. Defendant claims that "given the futility of the new allegations" Plaintiff's proposed amended complaint should be denied. But, again, perhaps if Defendant had cooperated in the discovery process the "amendment deadline" would not be an issue.

Rule 15 provides that a plaintiff may amend her pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'"). "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations and quotations omitted). Potential prejudice to the nonmoving party is also a relevant consideration in determining if good cause has been established. *Leary v. Daeschner*, 349 F.3d at 909

In this case, good cause has been shown not only by the timing with respect to the EEOC administrative exhaustion, but also due to the delays in discovery that stem from Defendant's lack of diligence in responding in full to Plaintiff's discovery requests. Plaintiff has diligently pursued discovery in this case, issuing requests within a day of the case management conference on

September 30, 2020, but yet, as of the amendment deadline on February 5, 2021, she had been provided only a mere 78 pages of production and evasive responses to interrogatories. Thus, it is hard to ascertain what level of detail Defendant wants, much less comply with that expectation, when Plaintiff has been unable to get even the most basic discovery.

Moreover, there is zero prejudice to the Defendant because no depositions have taken place, to the contrary, they were cancelled due to Defendant's failure to cooperate in discovery. The facts set forth in the amendment conform, almost word for word, with discovery responses Plaintiff provided during the course of discovery. As such, there is simply no prejudice to Defendant in allowing this motion- none of the information in Plaintiff's amendment is a surprise.

The arguments Defendant continues to make, including a re-hash of its motion to dismiss, are ones that are better suited for a motion for summary judgment. But it appears that the merit of the claims and facts and discovery is exactly what Defendant seeks to avoid through this gamesmanship. However, what has become clear is that the amendment deadline was optimistic, and indeed, Plaintiff may need to amend again since in the past two weeks alone she has finally been provided over a thousand additional pages of production, and more is expected.[2] Thus, there is no prejudice and the amendment should be allowed and amendment should be freely granted for good cause shown.

WHEREFORE, Plaintiff respectfully requests that the Court grant her motion and direct the attached Second Amended Complaint be filed.

Respectfully submitted,

---

[2] Rather than making the same mistake twice and trusting Defendant's motivations or ability to cooperate, Plaintiff will file a formal motion to amend the scheduling order to not only allow additional time to amend, but also for discovery, as was discussed in the discovery conferences that have been held with the Magistrate Judge.

 *s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Anne Bennett Hunter BPR # 022407
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com


*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been e-mailed this the 24th day of March 2021 to counsel of record through the court's CM/ECF system:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

                                          /s/ Heather Moore Collins
                                          *Attorney for Plaintiff*