UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| CAITLIN O'CONNOR, | ) | |
|---|---|---|
| | ) | Case No. 3:20-cv-00628 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) | |
| | ) | Jury Demand |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S THIRD MOTION TO AMEND COMPLAINT

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, responds in opposition to Plaintiff's Third Motion to Amend Complaint (Doc. #34).

This is Plaintiff's *fourth* attempt to state claims for religious discrimination and religious-related retaliation in this case. Plaintiff's third attempt—her second motion to amend (Doc. #25)—is fully briefed and pending before the Court (Docs. #25, 30 & 31). Plaintiff has filed this series of motions to amend to try to overcome Defendant's motion to dismiss Count V of her First Amended Complaint, which is also fully briefed and pending before the Court. (Docs. #20, 26 & 29).[1]

Plaintiff's motion should be denied because it is futile. *See, e.g., Spears v. SPi America, LLC*, 2012 BL 51912 at *4 (M.D. Tenn. Mar. 5, 2012).[2] An amended pleading is futile if it would not withstand a motion to dismiss under Rule 12(b)(6). *Id.* The new allegations in

---

[1] Given that the express purpose of Plaintiff's two pending motions to amend is overcoming Defendant's motion to dismiss (Doc. #20), Defendant asks the Court to consider all three motions together.

[2] Defendant has attached a copy of this unpublished case as Exhibit 1.

Plaintiff's proposed Third Amended Complaint[3] *still fail* to state a claim for religious discrimination or religious-based retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and the Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.* ("THRA").[4]

### I. Religious Discrimination

There are two types of religious discrimination claims, general religious discrimination claims and religious accommodation claims. *See, e.g., See EEOC v. Publix Super Mkts., Inc.*, 481 F.Supp.3d 684, 692 (M.D. Tenn. 2020). Plaintiff now appears to assert a religious accommodation claim, which occurs whenever (i) an employee has a sincerely held religious belief that conflicts with an employment requirement, (ii) the employee informs their employer of the conflict, and (iii) the employer terminates the employee for violating the employment requirement anyway. *Id*. Plaintiff's proposed Third Amended Complaint fails to state a religious accommodation claim for three independent reasons:

First, Plaintiff has still not alleged that she had a sincerely held religious belief regarding premarital sex that conflicted with Defendant's prohibition against it. In Plaintiff's proposed Third Amended Complaint, she alleges the following:

- "Ms. O'Connor does not believe premarital sex is a requirement or fundamental tenant [sic] of her faith as a Christian." (Doc. #31-1 at ¶26).

- "Ms. O'Connor's sincerely held Christian beliefs do not prohibit her from

---

[3] To highlight Plaintiff's latest allegations, Defendant has attached a comparison between Plaintiff's proposed Second Amended Complaint and proposed Third Amended Complaint as Exhibit 2.

[4] The THRA is interpreted consistently with Title VII. *See, e.g., Holland v. LG Elecs. U.S.A., Inc.,* 2021 BL 13148 at *4-5 (M.D. Tenn. Jan. 12, 2021). Defendant has attached a copy of this unpublished case as Exhibit 3.

> engaging in sex outside of a marriage contract." (Id. at ¶27).

- "Upon information and belief, there is no prohibition on pre-marital sex as a basic tenet of Christianity." (Id. at ¶30).

Taken together, Plaintiff alleges that her sincerely held religious belief is that premarital sex is permitted but not required. That is harmonious with Defendant's prohibition against premarital sex. There would only be a conflict if Plaintiff's sincerely held religious belief *required her to have premarital sex*, which she expressly denies in Paragraph 26 the proposed Third Amended Complaint. *See, e.g., Hall v. Baptist Mem'l Health Care Corp.,* 215 F.3d 618, 627-28 (6th Cir. 2000)(no religious accommodation claim because "employer did not direct her to do anything that conflicted with her religious beliefs").

There must be a conflict of sincerely held religious beliefs. Plaintiff's motion implies that her mere failure to comply with Defendant's prohibition against premarital sex is sufficient to state a religious accommodation claim. (Doc. #34 at PageID #476). The Sixth Circuit expressly rejected that position in *Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722 (6th Cir. 2009), affirming dismissal of a religious discrimination claim based on the termination of an employee (a lesbian) for violating her employer's religiously based prohibition against homosexuality. Simply violating the employer's religiously based prohibition against homosexuality was not enough. *Id.* at 727-28. The employee needed to sufficiently allege that she was terminated for having a sincerely held religious belief regarding homosexuality that conflicted with her employer's. *Id.* at 728. A subtle, but critical difference.

Second, Plaintiff has still not alleged that she informed Defendant of any conflict between her sincerely held religious beliefs regarding premarital sex and Defendant's prohibition against it. Plaintiff's repeated references to her June 18, 2020 e-mail to Armando Lopez,

3

Case 3:20-cv-00628   Document 35   Filed 05/03/21   Page 3 of 6 PageID #: 498

Defendant's Senior Executive Director of Human Resources, are unavailing.[5] (Doc. #34-1 at ¶¶ 16, 32, 71, 72). That e-mail is straightforward. Plaintiff was notifying Defendant that she was pregnant and unmarried, which she characterized as "frowned upon." At most, that e-mail was Plaintiff's acknowledgement that she violated Defendant's prohibition against premarital sex. That e-mail cannot be reasonably construed as Plaintiff notifying Defendant that she had a sincerely held religious belief regarding premarital sex that conflicted with Defendant's prohibition against it. Per *Pedreira*, Plaintiff's sincerely held religious beliefs regarding premarital sex (if any) cannot be inferred from her conduct alone. 579 F.3d at 728(refusing to equate homosexuality with religious beliefs regarding homosexuality).

Third, even if Plaintiff's e-mail to Mr. Lopez on June 18, 2020 constituted a request for religious accommodation, there is no dispute that Plaintiff violated Defendant's prohibition against premarital sex *before* she sent that e-mail. That is fatal to Plaintiff's religious accommodation claim. *Chalmers v. Tulon Co.,* 101 F.3d 1012, 1020 (4th Cir. 1996) (citing *Johnson v. Angelica Uniform Group, Inc.*, 762 F.2d 671 (8th Cir. 1985)); *Averett v. Honda of America Mfg., Inc.,* 2010 BL 26701 at *11 (S.D. Ohio Feb. 9, 2010) (quoting *Chalmers* at 1020).[6]

## II. Religious-Based Retaliation

Plaintiff's proposed Third Amended Complaint does not add any substantive allegations in support of her religious-based retaliation claim, which still appears to be premised entirely on Plaintiff's June 18, 2020 e-mail to Mr. Lopez. (Doc. #34-1 at ¶¶ 71, 77). Title VII prohibits employers from retaliating against an employee because they "opposed any practice made an

---

[5] Defendant has attached a copy of this e-mail as Exhibit 4.

[6] Defendant has attached a copy of this unpublished case as Exhibit 5.

unlawful employment practice." 42 U.S.C. §2000e-3(a). However, again at most, Plaintiff's e-mail to Mr. Lopez was an acknowledgement that she had violated Defendant's prohibition against premarital sex. Reporting a violation of a workplace rule is not the same as opposing it. There is no protected activity there. *See EEOC v. New Breed Logistics,* 783 F.3d 1057, 1067-68 (6th Cir. 2015) (defining opposition).

### III. Plaintiff's Motion Should Be Denied

The new allegations in Plaintiff's proposed Third Amended Complaint still do not state claims for religious discrimination or religious-based retaliation under Title VII or the THRA. Therefore, Plaintiff's Third Motion to Amend Complaint (Doc. #34) is futile and should be denied.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on May 3, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*