IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR,<br>    Plaintiff,<br><br>v.<br><br>THE LAMPO GROUP, LLC a/k/a<br>RAMSEY SOLUTIONS,<br>    Defendant. | )<br>)<br>) Civil Action No. 3:20-cv-00628<br>) Judge Richardson/Frensley<br>) Jury Demand<br>)<br>)<br>)<br>) |

## ORDER

Pending before the Court is the Plaintiff's Motion to Amend Complaint. Docket No. 25. The Defendant has filed a Response in Opposition. Docket No. 30. Plaintiff has filed a Reply. Docket No. 31.

While that motion was pending, the Plaintiff filed a Third Motion to Amend the Complaint. Docket No. 34. Plaintiff indicates that "this motion is to supplant the motion to amend filed March 9, 2021" (Docket No. 25). *Id.* The Defendant has filed a response in opposition to the motion to amend and requests that the Court consider all the motions to amend together. Docket No. 35.

For the reasons stated herein, the Plaintiff's Second Motion to Amend (Docket No. 25) is DENIED as moot; the Third Motion to Amend (Docket No. 34) is GRANTED. As a result of the filing of the Third Amended Complaint, the Defendant's Motion to Dismiss (Docket No. 20) is DENIED without prejudice. **BACKGROUND**

This is an employment discrimination action, originally filed on July 20, 2020. Docket No. 1. The Complaint alleges violations of the Family Medical Leave Act ("FMLA"), Tennessee Maternity Leave Act ("TMLA"), Tennessee Humans Rights Act ("THRA") and Tennessee

Disability Act ("TDA"). *Id.* At the time this action was filed Plaintiff had filed a charge of discrimination in the EEOC which remained pending. The Court entered an Initial Case Management Order allowing discovery to proceed recognizing that there were trailing claims that were expected to be added to this action once those claims had been administratively exhausted at the EEOC.

On February 5, 2021, the deadline established in the Initial Case Management Order, Plaintiff filed a Motion to Amend her complaint to add certain claims that had been administratively exhausted at the EEOC. Docket No. 16. The Plaintiff's motion indicated that the charge of the EEOC had been pending more than 180 days and that a right to sue letter had been requested. *Id.* The motion was granted without opposition. Docket No. 17. The Defendant thereafter filed a motion to dismiss Count 5 of Plaintiff's Amended Complaint. Docket No. 20. The Plaintiff thereafter filed the instant motions to amend her complaint. Docket Nos. 25, 34. The matter is now ripe for the Court to consider.

## II. LAW AND ANALYSIS

### A. Motion to Amend Complaint Pursuant to Fed. R. Civ. P. 15

Motions to Amend are governed by Fed. R. Civ. P. 15, which provides in relevant part:

(a) Amendments Before Trial.

> (1) *Amending as a matter of course.* A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . .
>
> (2) *Other amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Plaintiff cannot amend as a matter of course under Rule 15(a)(1)(A), because more than 21 days have passed since the service of the initial Complaint. Furthermore, Plaintiff cannot amend as a matter of course pursuant to Rule 15(a)(1)(B), because the Complaint he seeks to amend is a pleading to which a responsive pleading is required, and more than 21 days have passed since the service of Defendants' Answer. Defendants oppose the amendment of Plaintiff's Complaint therefore, Plaintiff can amend only with leave of Court, pursuant to Rule 15(a)(2).

While leave to amend should be "freely given when justice so requires," leave to amend should be denied when "it would result in undue delay or prejudice to the opposing party ... or where the amendment is futile." *See Forman*, 371 U.S. 178; *Duchon v. Cajon Co.*, 791 F. 2d 43 (6th Cir. 1986). An amendment is "futile" when the "proposed amendment would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)," and in such instance, "the court need not permit the amendment." *Nat'l Credit Union Admin. Bd.* v. *Acacia Nat. Life Ins. Co.*, 60 F. 3d 828 (6th Cir. 1995). *See also Thiokol Corp. v. Dept. of Treasury*, 987 F. 2d 376, 382 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F. 2d 21, 23 (6th Cir. 1980).

**B.     Fed. R. Civ. P. 16**

An additional consideration is whether the court has established a deadline for proposed amendments though the entry of a scheduling order under Fed. R. Civ. P. 16(b).

Once a Rule 16(b) scheduling order is entered it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This "good cause" requirement is "a threshold that requires late-moving litigants to show that 'despite their diligence they could not meet the original deadline.'" *Shane v. Bunzl Distribution USA, Inc.,* 275 Fed. Appx. 535, 536 (6th Cir. 2008) (quoting *Leary v. Daeschner,* 349 F. 3d 888, 907 (6th Cir. 2003)).

After the deadline in a scheduling order has passed, a plaintiff must first show good cause under Rule 16(b) for its failure to earlier seek leave to amend before the court will consider whether an amendment is proper under Rule 15(a). *Leary*, 349 F. 3d at 909. While a consideration of potential prejudice to the nonmovant is a factor the court should consider in deciding whether or not to amend a scheduling order, even in the absence of prejudice the plaintiff must explain its failure for asserting the amendment in a timely fashion. *Stewart v. King*, 2011 WL 237678 at *5 (M. D. Tenn. January 24, 2011).

### C. The Motions to Amend

The Plaintiff argues her amendment is permissible under Fed. R. Civ. P. 15(a)(1)(B) which allows amendment as a matter of course "if the pleading is one to which a responsive pleading is required. . . 21 days after service of a motion under Rule 12(b)." Docket No. 25. Plaintiff asserts that the amendment will cure any defects alleged in the pleading by Defendant's Motion to Dismiss and therefore resolve that motion. *Id.*

In response, the Defendant first notes that the Plaintiff's motion filed after the deadline to amend pleadings is untimely under Rule 16 of the Federal Rules of Civil Procedure. Docket No. 30. The Defendant argues that the Plaintiff cannot file a Second Amended Complaint as a matter of course under Rule 15(a) and in any event based upon the arguments set forth in their motion to dismiss the proposed amendment is futile and should therefore be denied. *Id.*

In reply, the Plaintiff does not address and amendment under Federal Rules of Civil Procedure 15(a)(1) but instead argues that the good cause standard of Rule 16 is met in this case because the original deadline for motions to amend was unrealistic in light of the administrative exhaustion requirements and discovery delays. Docket No. 31. The Plaintiff further argues that there will be no prejudice to the Defendant as no depositions have taken place and written discovery is ongoing. *Id.* Finally, Plaintiff contends that Defendant's arguments regarding the

4

substance of Plaintiff's claims are "better suited for a motion for Summary Judgment". *Id.* at p. 3.

While the Plaintiff's Second Motion to Amend the Complaint was pending, the Court amended the case management order based upon the Plaintiff's unopposed motion and extended the deadline for all motions to amend to June 30, 2021. Docket No. 33. The Plaintiff argues in her Third Motion to Amend that this renders the Defendant's timeliness arguments moot. Docket No. 34.[1]

Based upon the pending charge of discrimination before the EEOC in this case and resultant delays, as well as the filing of the Motion to Dismiss after Plaintiff filed her Amended Complaint, the Court finds that there is good cause to excuse the late filed Motion to Amend under Rule 16 of Federal Rules of Civil Procedure. It does not appear from the pleadings that the Plaintiff attempeted to add claims based upon new or different legal or factual theories. Rather, Plaintiff's claims added in the Amended Complaint and Second Amended Complaint appear to be the federal counterpart to the state law claims raised in her original Complaint but for the requirement that the EEOC be afforded an opportunity to resolve the matter the Court expects that Plaintiff would have raised these claims in her original Complaint. The Parties specifically discussed Plaintiff's federal claims at the initial case management conference and determined that it was appropriate to proceed with discovery in the case. Notwithstanding the explicit understanding of the Parties that Plaintiff would eventually amend her Complaint to add her federal claims once the exhaustion requirements were satisfied. Plaintiff filed her First Amended Complaint in a timely manner following satisfaction of the exhaustion requirements of the EEOC. However, this did not allow additional time to further amend the Complaint if

---

[1] The Defendant does not address the timeliness argument in response to the Plaintiff's Third Motion to Amend but continues to argue it should be denied as futile.

necessary. It was only after the Defendant filed its motion to dismiss that the Plaintiff sought to amend the Complaint in order to address the issues raised in the motion to dismiss. The Court finds this action was made without undue delay and that good cause exists under Rule 16 notwithstanding the fact that the motion was made after the deadline for motions to amend set forth in the initial case management order.

Applying the liberal pleading standard to Plaintiff's motion under Federal Rules of Civil Procedure 15(a)(2), the amendment is appropriate. As noted above, there is no evidence that Plaintiff was unduly dilatory in filing the motion to amend in this matter. In the first instance, the delay was a result of the trailing administrative charge in the EEOC. In the second and third instances the amendments related to the matters raised the first time in the Defendant's Motion to Dismiss the First Amended Complaint. The motion to dismiss was filed after the deadline for filing any motions to amend in the Initial Case Management Order. Finally, there is no evidence of prejudice to the Defendant by allowing the amendment. Plaintiff's sole purpose in amending the Complaint relative to Count V is to address the challenges to the sufficiency of the pleading. Plaintiff is not asserting a new claim or theory. As a result, the only basis for denying the motion is futility.

In the Sixth Circuit, any analysis of the futility of proposed amendments is equivalent to the analysis undertaken as part of a Rule 12(b)(6) motion to dismiss. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F. 3d 417, 421 (6th Cir. 2000). The policy consideration behind futility analysis and motions to amend is to prevent the expenditure of unnecessary effort and resources by the parties as well as the court. *See, e.g., Matlock v. Rose*, 731 F. 2d 1236, 1240-41 (6th Cir. 1984). Other courts have noted the manner in which these considerations play out:

> There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.*, that it fails to state a claim upon which relief can be granted. A Magistrate Judge

> cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. § 636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim . . . . Consequently, rather than determining the actual legal sufficiency of the new claim, in many cases it will suffice to determine if there is a substantial argument to be made on that question and, if so, to allow the amended pleading to be filed with the understanding that a motion to dismiss for failure to state a claim may follow.

*Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 U.S. Dist. LEXIS 121573, 2011 WL 5008552, at *4 (S. D. Ohio Oct. 20, 2011). *See also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 U.S. Dist. LEXIS 160907, 2012 WL 5467526, at *4 (S. D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint); *Research Inst. at Nationwide Children's Hosp. v. Trellis Bioscience, LLC*, No. 2:15-cv-3032, 2017 U.S. Dist. LEXIS 63108, 2017 WL 1487596, at *3 (S. D. Ohio Apr. 26, 2017). As the court noted in *Durthaler*, "it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552 at *4. *See also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 U.S. Dist. LEXIS 192242, 2016 WL 9344297, at *5 (S. D. Ohio Feb. 3, 2016).

Futility is the only ground on which the Defendant opposes Plaintiff's Motion for Leave to Amend. Docket No. 35. Because futility arguments are effectively dispositive, Courts in this Circuit recognize that they present something of a "conceptual difficulty" when raised before a Magistrate Judge who, by statute, cannot ordinarily rule on dispositive motions. Durthaler v. Accts. Receivable Mgmt., Inc., 2011 WL 5008552, at * 4. (S. D. Ohio October 20, 2011); Wischermann Partners, Inc. v. Nashville Hospital Cap., LLC, 2018 WL 2684641, at * 2 (M. D. TN June 5, 2018)(quoting Durthaler). Under these circumstances, it is a generally a sound

exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested by the District Judge by way of a Motion to Dismiss. Durthaler., 2011 WL 5008552, at * 4.

As set forth above, the Court believes that the futility analysis is better served by allowing Plaintiff to amend her Complaint and have the sufficiency of her pleading tested through a motion to dismiss. The issues surrounding the motion to dismiss are reasonably debatable and should be resolved in the context of the motion to dismiss rather than on Plaintiff's motion to amend her Complaint.

For the reasons stated herein, the Plaintiff's Second Motion to Amend (Docket No. 25) is **DENIED** as moot. The Plaintiff's Third Motion to Amend (Docket No. 34) is **GRANTED**. The Clerk of Court is directed to file the Plaintiff's Third Amended Complaint (Docket No. 34-1). In light of the Plaintiff's Third Amended Complaint, the Defendant's Motion to Dismiss Count V of Plaintiff's Second Amended Complaint (Docket No. 20) is **DENIED WITHOUT PREJUDICE**. **IT IS SO ORDERED.**

> **JEFFERY S. FRENSLEY**
> **United States Magistrate Judge**