THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## ROBERT KUSKIN'S MOTION FOR PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENA

Comes now Robert Kuskin, by and through counsel, to move this Court for protection and to quash the subpoena duces tecum which was served on him at the request of Defendant to be returned on June 11, 2021. On May 19, 2021, Defendant issued a subpoena to Mr. Kuskin. This subpoena requested all documents, electronically stored information, and objects (including, without limitation, all notes, letters, e-mails, text messages, and social media messages) that are related to 1) the effect on Plaintiff of her work environment with Defendant, 2) Plaintiff's disability, pregnancy, serious medical condition, and need for leave and/or accommodation while employed by Defendant, 3) Plaintiff's employment with Defendant, 4) Defendant's termination of Plaintiff's employment, 5) Plaintiff Charge of Discrimination filed with the EEOC, and 6) Plaintiff's lawsuit against Defendant. A copy of the subpoena and notice is attached hereto. (Ex. 1, 05/19/2021 Subpoena to Kuskin).

## RELEVANT HISTORY

Plaintiff, Caitlin O'Connor, filed claims under the FMLA, THRA, TMLA, TDA, Title VII,

and ADA/ADAAA.[1] Defendant notified Plaintiff on May 14, 2021, at 4:30 pm, that it intended to serve Plaintiff's partner/fiancée and father of her child with a subpoena duces tecum on Monday, May 19. Plaintiff's counsel notified Defendant of the Local Rule 45.01(d) requiring the party to serve the subpoena at least two (2) business days prior to service of the subpoena. Additionally, Plaintiff notified Defendant of her objection to the aforementioned subpoena. Defendant stated it would serve the subpoena on May 19 instead. Plaintiff again objected to which Defendant stated, "OK, that's fine, but I will still be serving it on Wednesday." Defendant made no good faith effort to resolve Plaintiff's objection to its subpoena prior to service. Plaintiff's counsel, who also represents Mr. Kuskin for purposes of discovery, conferred with Defendant's counsel on May 27, 2021, notifying them that Plaintiff had produced all written communications between her and Mr. Kuskin regarding Defendant, and that this rendered the subpoena served on Mr. Kuskin as moot. Despite Plaintiff's production, Defendant disagreed the subpoena is moot and refused to have further substantive discussions.

## ARGUMENT

Federal Rule of Civil Procedure 26 governs discovery, its scope and limits. Rule 26 (b)(1) specifically limits discovery to non-privileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit." Federal Rule of Civil Procedure 45

---

[1] This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq*. (Count II, V); the Tennessee Maternity Leave Act ("TMLA"), T.C.A. §4-21-408, *et seq*. (Count III), and the Tennessee Disability Act ("TDA") T.C.A. § 8-50-103 (Count IV); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") (Count V, VI); and the Americans with Disabilities Act 42 U.S.C. §§ 12101 *et. seq*. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") (Count VII).

authorizes the issuance of subpoenas and governs their scope and limits. Subpoenas issued pursuant to Rule 45 constitute discovery if they seek documents available during the regular discovery process. *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 354-5 (6th Cir. 1984). The scope of discovery under Rules 26 and 45 is the same. *See* 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure*, § 2459 (2d ed. 1995). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense...".

Rule 26 authorizes the court "for good cause shown" to issue a protective order to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236 (6th Cir. 2016)(citation omitted). Rule 26 further provides that the court must limit the extent of discovery otherwise allowed by the Rules if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Thus, the Court may direct a party to refrain from issuing discovery or quash a pending subpoena where the subpoena seeks information that is not relevant, is not likely to lead to the discovery of admissible evidence, or would cause a person annoyance, embarrassment, oppression or undue burden. The Court may also direct the permissible scope of discovery. *See Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998) (approving of balance struck between party's

3

Case 3:20-cv-00628   Document 38   Filed 06/02/21   Page 3 of 6 PageID #: 595

"right to discovery with the need to prevent 'fishing expeditions.'"). Finally, Under Rule 45(d)(1), an attorney or party invoking the Court's subpoena power has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and courts are required to enforce that duty through the imposition of "an appropriate sanction," including attorney's fees.

Mr. Kuskin objects to Defendant's subpoena on the grounds that Plaintiff's production of text messages between himself and Plaintiff is responsive to Defendant's subpoena, thus mooting the need to duplicate production. Further, Mr. Kuskin objects on the grounds that Defendant's subpoena seeks information that is overly broad and is not limited in time or scope, it seeks irrelevant information, is unduly burdensome and is not proportional to the needs of the case. Fed. R. Civ. 26(b)(1). Mr. Kuskin has been in a relationship with Plaintiff for a number of years, they are engaged, and he is the father of her child. Due to Plaintiff's termination, Mr. Kuskin is the sole breadwinner for his family at this time and works substantial hours, which includes significant travel, to provide for his family. To require him, as a third party, to engage in the expansive fishing expedition when he has had no obligation to preserve anything as expansive as what is being requested by Defendant is simply harassing and burdensome.

Defendant's overly broad subpoena requests any communications regarding Plaintiff's employment with Defendant, requiring Mr. Kuskin to attempt to access years' of documents and data from multiple platforms to attempt to locate any and all communications related to Plaintiff's employment, even that which is irrelevant to Plaintiff's claims and pre-dates her termination, EEOC Charge of Discrimination, and lawsuit, is an undue burden. Plaintiff's counsel has made it clear to Defendant that Plaintiff has produced all relevant written communications between herself

and Mr. Kuskin, regarding the enumerated requests of Defendant's subpoena.[2] Mr. Kuskin had no duty to preserve evidence. Thus, to the extent Defendant's request is even valid, Plaintiff has already provided responsive documents, there is no need to harass Mr. Kuskin.

Accordingly, the Mr. Kuskin requests protection from the subpoena.

Respectfully submitted,

*s/ Heather M. Collins*
Heather Moore Collins (#026099)
Anne Hunter (#022407)\
Ashley Walter (#037651)
Collins & Hunter, PLLC
7000 Executive Center Dr., Suite 320
Nashville, TN  37027
(615) 724-1996
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

CERTIFICATE OF CONFERENCE: Plaintiff attempted to confer with Defendant's counsel regarding this issue. The only response was that the production was insufficient and the subpoena was "still live."

---

[2] In addition, Defendant's subpoena seeks to be an end run around attorney-client and work product privileges fishing for information that Plaintiff may have inadvertently disclosed to her partner, de facto spouse and father of her child. Simply because she and Mr. Kuskin have not gotten formally married, this is yet another transparent attempt to attack her marital status. Thus, it is also Plaintiff's contention that communications between her and Mr. Kuskin may be privileged.

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served via the Court's CM/ECF system this the 2nd day of June 2021 to counsel of record:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

<i>s/ Heather Moore Collins</i>