UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
|     Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
|     Defendant. | ) |

**DEFENDANT'S MOTION TO DISMISS
COUNT V OF PLAINTIFF'S AMENDED COMPLAINT**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss Count V of Plaintiff's Third Amended Complaint (Doc. #37).

**I.    Introduction**

This is an employment case. Defendant is a private, for profit company that creates and sells biblically based educational resources. Consistent with that mission, Defendant maintains standards for employee conduct at and away from work, including a prohibition against premarital sex.

Defendant employed Plaintiff as an Administrative Assistant from February 22, 2016 to June 25, 2020. Plaintiff was aware of Defendant's prohibition against premarital sex, she engaged in premarital sex anyway, and Defendant fired her for it. Defendant applies this rule consistently. In the five years preceding Plaintiff's termination, Defendant learned that eight other employees had engaged in premarital sex. All eight employees—five men and three women—were also terminated.

On July 20, 2020, Plaintiff sued Defendant, claiming that she had been wrongfully

terminated in violation of Tennessee and federal law. In Count V of Plaintiff's Third Amended Complaint, she claims that Defendant's termination of her employment for premarital sex constituted religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e, *et seq.*, and the Tennessee Human Rights Act ("THRA"), T.C.A. §4-21-101, *et seq.*[1]

This is Plaintiff's *fourth* attempt to state a claim for religious discrimination and retaliation in this case. The inescapable truth is that Title VII does not create or protect any right to engage in premarital sex, Plaintiff does not have a sincerely held religious belief that requires her to engage in premarital sex, and there was absolutely nothing illegal about Defendant prohibiting premarital sex or terminating Plaintiff's employment for it. Count V of Plaintiff's Third Amended Complaint should be dismissed.[2]

## II.     Legal Standard

The Court recently restated the legal standard for a motion to dismiss under Rule 12(b)(6) in *Hasting v. First Community Mortgage*:

"[T]he Court must take all of the factual allegations in the complaint as true.

---

[1] Title VII and THRA claims are analyzed the same way, so hereafter, Defendant will only refer to Title VII. *See, e.g., Holland v. LG Elecs. U.S.A., Inc.*, 2021 BL 13148 at *4-5 (M.D. Tenn. Jan. 12, 2021) (copy attached as Exhibit 1).

[2] Defendant originally moved to dismiss Count V of Plaintiff's Amended Complaint on February 23, 2021. (Doc. #20). After that motion was fully briefed by the parties, Plaintiff filed two separate motions to amend to evade dismissal. (Docs. #25, 34). Defendant opposed both of Plaintiff's motions to amend based on futility. (Docs. #30, 35). However, on May 14, 2021, the Court granted Plaintiff's motion to file a Third Amended Complaint, denied Defendant's Motion to Dismiss without prejudice, and invited Defendant to refile this motion so that this matter could be squarely resolved by District Judge Richardson. (Doc. #36). Defendant has pursued dismissal of Plaintiff's religious discrimination and retaliation claims because they are the only novel thing about this otherwise garden variety employment case. If this motion is denied, Defendant intends to assert defenses to Count V of Plaintiff's Third Amended Complaint under the First Amendment to the U.S. Constitution and the Religious Freedom Restoration Act, 42 U.S.C. §2000bb, *et seq.*

> [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id.* at 678; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018) (citing *Fritz*). Moreover, factual allegations that are merely consistent with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish plausibility of entitlement to relief even if it supports the possibility of relief. *Iqbal*, 556 U.S. at 678.
>
> In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S. Ct. 1955 , 167 L. Ed. 2d 929 (2007), it may be appropriate to 'begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.' *Iqbal*, 556 U.S. at 680 . Identifying and setting aside such allegations is crucial, because they simply do not count toward the plaintiff's goal of showing plausibility of entitlement to relief. As suggested above, such allegations include 'bare assertions,' formulaic recitation of the elements, and 'conclusory' or 'bald' allegations. *Id.* at 681. The question is whether the remaining allegations — factual allegations, i.e., allegations of factual matter — plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id.* at 683."

2018 BL 410338 at *2-3 (M.D. Tenn. Nov. 6, 2018).[3]

Defendant has filed this motion under Rule 12(b)(6) because it has not yet answered or asserted affirmative defenses to Plaintiff's Third Amended Complaint. Alternatively, Defendant asks the Court to consider this motion under Rule 12(c) using the same legal standard. *Id.* at *2.

---

[3] Defendant has attached a copy of this unpublished case as Exhibit 2.

### III. Background

For purposes of this motion, the Court is required to assume the truth of Plaintiff's sufficiently pled factual allegations. So, here is an outline of Plaintiff's version of relevant events:

- Defendant provides biblically based educational resources, but is not a religious institution, church, or affiliated with a church;
- Defendant prohibits its employees from engaging in premarital sex and that rule is religiously based;
- Plaintiff was aware that Defendant prohibited employees from engaging in premarital sex, but did it anyway;
- On June 18, 2020, Plaintiff sent an e-mail to Defendant's Senior Executive Director of Human Resources, Armando Lopez, informing him that she was pregnant[4];
- On June 25, 2020, Defendant terminated Plaintiff's employment because she had engaged in premarital sex;
- Plaintiff does not believe that premarital sex is a requirement or fundamental tenet of her Christian faith; and
- Plaintiff believes that her Christian faith allows, but does not require, her to engage in premarital sex.

(Third Amended Complaint at ¶¶ 9, 16, 21-22, 24, 27, 30, 73).

---

[4] Defendant has attached a copy of this e-mail as Exhibit 3. Plaintiff refers to and quotes this e-mail throughout the Third Amended Complaint at ¶¶ 16-17, 31-32, 35, 71-72, and it is central to her claims in Count V, so the Court may consider it at this stage. *See, e.g., Moeckel v. Caremark Rx, Inc.*, 385 F. Supp. 2d 668, 673 (M.D. Tenn. 2005). Plaintiff previously filed the e-mail with her response in opposition to Defendant's original motion to dismiss Count V. (Doc. #26-1).

4

Case 3:20-cv-00628   Document 39   Filed 06/04/21   Page 4 of 10 PageID #: 607

### IV. Count V of Plaintiff's Third Amended Complaint Should Be Dismissed

There is nothing inherently illegal about a private employer prohibiting employees from engaging in premarital sex. As a general rule, private employers may subject their employees to morality requirements and regulate their lifestyles. *Richardson v. Northwest Christian Univ.*, 242 F. Supp. 3d 1132, 1149 (D. Or. 2017). Private employers are free to make personnel decisions that others may disagree with, *Hartsel v. Keys,* 87 F.3d 795, 801 (6th Cir. 1996), and courts refuse to sit in judgment of those decisions as super-personnel departments even if the judges fundamentally disagree with them. *Brill v. Lante Corporation,* 119 F. 3d 1266, 1272 (7th Cir. 1997). The freedom of private employers to regulate personnel stems from their right to terminate employees "for a good reason, bad reason, or no reason at all" as long as that reason is not discriminatory or retaliatory under Title VII. *EEOC v. Gregg Appliances, Inc.,* 2013 BL 168285 at *3 (M.D. Tenn. June 25, 2013).[5] Premarital sex is not a protected class or activity under Title VII. *See, e.g., Hamilton v. Southland Christian Sch.*, *Inc.,* 680 F. 3d 1316, 1319-20 (11th Cir. 2012) ("Title VII does not protect *any right* to engage in premarital sex….) (emphasis added); 42 U.S.C. §2000e, *et seq*. So, Defendant's facially neutral prohibition against premarital sex only violates Title VII if it is enforced in a discriminatory manner.[6]

In Count V of the Third Amended Complaint, Plaintiff asserts religious discrimination and retaliation claims. We will address each claim below, in turn.

---

[5] Defendant has attached a copy of this unpublished case as Exhibit 4.

[6] In the Third Amended Complaint, Plaintiff claims that Defendant's decision to terminate Plaintiff for engaging in premarital sex constituted religious, sex, and pregnancy discrimination and retaliation. Defendant is asking the Court to dismiss Plaintiff's religious discrimination and retaliation claims here. At summary judgment, Defendant will ask the Court to also dismiss Plaintiff's sex discrimination, pregnancy discrimination, and retaliation claims too, as Defendant has terminated all similarly situated employees who have engaged in premarital sex and most were men and not pregnant.

5

### A. Religious Discrimination

There are two types of religious discrimination claims available under Title VII, general religious discrimination claims and religious accommodation claims. The Court recently discussed the differences between them in *EEOC v. Publix Super Mrkts., Inc.,* 481 F. Supp. 3d 684, 692, FN5 (M.D. Tenn. Aug. 20, 2020). In Count V, Plaintiff asserts a religious accommodation claim, specifically alleging that Defendant failed to accommodate her request for a religious exemption from its prohibition against premarital sex. Plaintiff's religious accommodation claim should be dismissed for several independent reasons.

First, Title VII prohibits discrimination because of religious belief, not mere conduct, and that distinction is critical. In *Pedreira v. Ky. Baptist Homes for Children, Inc.,* the Sixth Circuit affirmed dismissal of a religious discrimination claim filed by a lesbian employee who had been terminated for violating her employer's prohibition against homosexuality. 579 F.3d 722 (6th Cir. 2009). It was undisputed that the employer prohibited homosexuality for religious reasons and that the employee was terminated for being a lesbian. *Id.* at 727-28. However, the Sixth Circuit distinguished between the employee's sexual orientation and religious beliefs regarding homosexuality and refused to assume or charge the employer with knowledge that they were aligned. *Id*. Where an employer prohibits homosexuality, termination for conflicting religious beliefs regarding homosexuality may state a claim for religious discrimination but termination for practicing homosexuality does not. *Id.*

This case mirrors *Pedreira*. Defendant terminated Plaintiff for engaging in premarital sex, not her religious beliefs regarding premarital sex. The well-pled allegations in Plaintiff's Third Amended Complaint do not establish that Defendant was aware of or considered her religious beliefs regarding premarital sex before terminating her employment. And, like the

employer in *Pedreira*, Defendant is not presumed to know Plaintiff's religious beliefs regarding premarital sex simply because she engaged in it. Plaintiff contends that she communicated her sincerely held religious beliefs regarding premarital sex to Defendant in her June 18, 2020 e-mail to Mr. Lopez, but there is nothing in that e-mail about her religious beliefs:

> "I needed to let you know that that I'm 12 weeks pregnant. I understand that being unmarried and expecting is frowned upon here, but the reality of the situation is this is what I'm walking through right now. This is obviously uncharted territory for me so I'm not sure what my next steps are regarding sharing the news with my leader, getting FMLA & ADA paperwork in case it's needed in the future, etc. I'm OOO Fri 19th & Mon 22nd but will still be checking email periodically so if this needs to be discussed in further detail please feel free to shoot me an email."

The well-pled allegations in Plaintiff's Third Amended Complaint claim that Defendant terminated Plaintiff's employment for engaging in premarital sex, not her sincerely religious beliefs regarding premarital sex, so Count V fails to state a religious accommodation claim under Title VII and should be dismissed.

Second, to state a religious accommodation claim, Plaintiff must have requested an exemption from Defendant's prohibition against premarital sex *before* she violated it. *Chalmers v. Tulon Co.,* 101 F. 3d 1012, 1020 (4th Cir. 1996) (citing *Johnson v. Angelica Uniform Group, Inc.*, 762 F. 2d 671 (8th Cir. 1985)); *Averett v. Honda of America Mfg., Inc.,* 2010 BL 26701 at *11 (S.D. Ohio Feb. 9, 2010).[7] Title VII does not require "employers to give lesser punishments to employee who claim, after they violate company rules (or at the same time), that their religion caused them to transgress the rules." *Chalmers* at 1020. Plaintiff claims that she informed Defendant of her sincerely held religious beliefs regarding premarital sex and requested a religious accommodation in her June 18, 2020 e-mail to Mr. Lopez, *after* she had already engaged in premarital sex. Plaintiff did not request a religious accommodation *before* violating

---

[7] Defendant has attached a copy of this unpublished case as Exhibit 5.

Defendant's prohibition against premarital sex, so Count V fails to state a religious accommodation claim under Title VII and should be dismissed.

Third, Plaintiff cannot state a religious accommodation claim because her sincerely held religious beliefs regarding premarital sex did not conflict with Defendant's prohibition against it. *See, e.g., Hall v. Baptist Mem'l Health Care Corp.,* 215 F. 3d 618, 627-28 (6th Cir. 2000) (no religious accommodation claim because "employer did not direct her to do anything that conflicted with her religious beliefs"). In the Third Amended Complaint, Plaintiff concedes that premarital sex is not a fundamental tenet of her Christian faith. Plaintiff says that her Christian faith *allows, but does not require*, her to engage in premarital sex. There was no conflict. Plaintiff could have complied with Defendant's prohibition against premarital sex without violating her Christian faith. Plaintiff's decision to engage in premarital sex was a personal preference, not a religious obligation, and Defendant was not required to accommodate it. *See, e.g., Jiglov v. Hotel Peabody, G.P.,* 719 F. Supp. 2d 918, 929 (W.D. Tenn. 2010)("[A]ny requested accommodation incidental to a religious observance, practice, or belief and not otherwise dictated by the employee's religion is more properly considered a personal preference"). Without a conflict, Count V fails to state a religious accommodation claim under Title VII and should be dismissed.

Fourth and looking ahead, Plaintiff will never be able to satisfy the prima facie elements of a religious accommodation claim. Those elements are (1) she held a sincerely held religious belief regarding premarital sex that conflicted with Defendant's prohibition against it, (2) she informed Defendant of the conflict, and (3) she was terminated for failing to comply with Defendant's prohibition against premarital sex anyway. *See, e.g., Tepper v. Potter,* 505 F.3d 508, 514 (6th Cir. 2007). Again, Plaintiff's entire religious accommodation claim is premised upon

her June 18, 2020 e-mail to Mr. Lopez. There was no conflict between Plaintiff's sincerely held religious beliefs regarding premarital sex and Defendant's prohibition against it to begin with, but regardless, there is no way to read Plaintiff's e-mail to Mr. Lopez as communicating a conflict or requesting a religious accommodation. Plaintiff's prima facie case is already foreclosed, so Count V fails to state a religious accommodation claim under Title VII and should be dismissed.

### B. Retaliation

Plaintiff's religious-based retaliation claim in Count V is also entirely premised upon her June 18, 2020 e-mail to Mr. Lopez. (Third Amended Complaint at ¶¶ 71-72). Title VII prohibits retaliation against employees for opposing unlawful employment practices and requesting religious accommodations. *See, e.g., Mohamed v. 1st Class Staffing, LLC,* 286 F. Supp. 3d 884, 911-12 (S.D. Ohio 2017); 42 U.S.C. §2000e-3(a). As previously explained, there is no way to read Plaintiff's e-mail to Mr. Lopez as requesting a religious accommodation. Nor is there any way to read that e-mail as opposing an unlawful employment practice. Defendant's facially neutral prohibition against premarital sex does not violate Title VII and Defendant did not engage in religious discrimination against Plaintiff. At most, Plaintiff's e-mail to Mr. Lopez was an acknowledgement that she had violated Defendant's prohibition against premarital sex, which is not the same as opposing it. There is no protected activity in that e-mail. *See EEOC v. New Breed Logistics,* 783 F.3d 1057, 1067-68 (6th Cir. 2015) (defining opposition). Count V also fails to state a retaliation claim under Title VII and should be dismissed.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 4, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*