**Pagination**
* BL

Opinion >

United States District Court, M.D. Tennessee

---

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, v. GREGG APPLIANCES, INC., Defendant.

---

No.: 3:10-00861

June 25, 2013.

**MEMORANDUM**

Kevin H. Sharp, District Judge

This is a retaliation case brought against Defendant Gregg Appliances, Inc. by the Equal Employment Opportunity Commission on behalf of Courtney Keen. Pending before the Court is a fully briefed Motion for Partial Summary Judgment (Docket No. 68) by which the EEOC seeks summary judgment on the following defenses raised by Gregg in its Answer to the EEOC's Complaint:

1. To the extent any of Plaintiff's claims were not made the subject of a timely charge against Gregg Appliances, Inc. d/b/a hhgregg, they are barred by the failure to pursue/exhaust administrative remedies.

2. To the extent any of Plaintiff's claims are untimely under the applicable statute of limitations, they are barred.

6. Any award of punitive damages would be unconstitutional and would violate due process.

7. Ms. Keen was an employee-at-will and her employment could be terminated at any time, with or without cause.

(Docket No. 12, Answer at 8-9).[fn1]


© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**I.**

As a preliminary matter, Gregg argues that the Court should not consider the pending motion because it was not filed until December 6, 2011, after the deadline established by the Case Management Order entered by Judge Trauger. So far as relevant, the Case Management Order provided:

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before November 28, 2011. Responses to dispositive motions shall be filed within thirty (30) days after the filing of the motion. Optional replies may be filed within fourteen (14) days after the filing of the response. Briefs shall not exceed twenty (20) pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

(Docket No. 20 at 3).

Latching on to the language that "[n]o motion for summary judgment shall be filed except upon leave of court," the EEOC insists that it complied with the Case Management Order because it sought and received leave on November 28, 2011, and filed its partial summary judgment motion shortly thereafter. However, it is clear to the Court that Judge Trauger intended (as she wrote) that "*all* dispositive motions" were to be filed by November 28, 2011. The EEOC should have sought leave prior to that deadline, and filed its partial motion by the deadline.

Nevertheless, the Court will consider the Motion for Partial Summary Judgment as it was filed little more than a week late, Gregg has not shown any prejudice, and the Court granted the EEOC leave to file its Motion. Moreover, considering the motion is in keeping with the principle that cases should be decided on their merits, Thacker v. City of Columbus, **328 F.3d 244**, **252** (6th Cir. 2003), and a jury should **[*2]** not be burdened with hearing about issues that are subject to summary dismissal.

**II.**

Turning to the merits, Gregg argues that Keen's termination claim is not within the scope of her EEOC charge and, as such, it is barred by the failure to exhaust administrative remedies. The Court disagrees.

In support of its position, Gregg relies exclusively on Keen's EEOC charge, in which she checked the box for retaliation, and set forth the following particulars:

I was hired by hhgregg on 10 May of 2004. My last position was assistant manager. The company employs

Bloomberg Law®
Case 3:20-cv-00628 Document 39-4 Filed 06/04/21 Page 2 of 5 PageID #: 636
© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

more than 15.

I was given verbal warnings, written warnings, and other disciplinary actions. I was given adverse performance evaluations. I had never received any adverse write-ups or evaluations prior to my complaint of sexual harassment.

I believe that I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Docket No. 72-2 at 1-2).

An employee alleging a violation of Title VII must first file an administrative charge with the EEOC that is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." **29 C.F.R. § 1601.12**(b). Hence, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in h[er] EEOC charge." Younis v. Pinnacle Airlines, Inc., **610 F.3d 359**, **361** (6th Cir. 2010) (citations omitted). "This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." **Id.**

That said, under the "expected scope of investigation test," the Sixth Circuit has stated "that 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" Dixon v. Ashcroft, **382 F.3d 212**, **217** (6th Cir. 2004). Here, the EEOC charge was filed after Keens was terminated and her termination was within the scope of the filed charge, particularly since, in her intake questionnaire (which Gregg does not quote), Keen states that Sundwall and Skinner "made up false write ups to fire[] me in retaliation for turning in my former GM for sexual harassment." (Docket No. 72-1 at 3). See, Federal Express Corp. v. Holowecki, **552 U.S. 389**, **398** (2008); Williams v. CSX Trans. Co., **643 F.3d 502**, **509** (6th Cir. 2011). Summary judgment will be granted on Gregg's failure to exhaust remedies defense.

**III.**

Recognizing that there is no statute of limitations to the EEOC filing of a lawsuit alleging discrimination or retaliation, see, Occidental Life Ins. Co. v. EEOC, **432 U.S. 355**, **366** (1977), Gregg nevertheless argues that "to the extent [the] EEOC is contesting actions Gregg took against Keen more than 300 days before she filed her EEOC charge, its claims are barred by Title VII's statute of limitations." (Docket No. 79 at 6). However, all of the employment practices about which the EEOC complains occurred from January 3, 2009 on, and all were within 300 days of the EEOC charge filed by Keen on October 23, 2009. Summary judgment will be granted on Gregg's statute **[*3]** of limitations defense.

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**III.**

As its sixth affirmative defense, Gregg claims that "[a]ny award of punitive damages would be unconstitutional and violate due process." This is decidedly incorrect as Kolstad v. Am. Dental Ass'n, **527 U.S. 526** (1999) makes clear, and punitive damages may be awarded in cases brought by the EEOC. EEOC v. Autozone, Inc., **707 F.3d 824**, **835** (7th Cir. 2013) ("Punitive damages are available to the EEOC if it can demonstrate that [the employer] engaged in intentional discrimination 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'").

In its response brief, Gregg effectively acknowledges as much, but claims that what it is really getting at is that the EEOC will not be able to establish a basis for punitive damages under Kolstad.**[fn2]** Understanding this to be the true basis for the defense, and recognizing that Gregg is entitled to argue and present evidence on the issue of whether the EEOC has met its burden of establishing that punitive damages are warranted in this case, the Court will deny the request for summary judgment on this issue.

**V.**

Finally, the EEOC argues that whether Keen was an at-will employee is irrelevant, as the only relevant question is whether or not Gregg retaliated against Keen for engaging in protected activity. As such, the EEOC argues that it is entitled to summary judgment on Gregg's at-will affirmative defenses.

An employee's status as "at-will" is not actually a proper affirmative defense (as opposed to a mere denial). See, Nash v. O.R. Colan Group, LLC, [**2012 BL 246785**], 2012 WL 4338817 at *2 (S.D. Fla. Sept. 20, 2012). Nevertheless, "the basic principle of at-will employment is that an employee may be terminated for a 'good reason, bad reason, or no reason at all,'" Engquist v. Oregon Dept. of Ag., **553 U.S. 591**, **605** (2008), and that holds true even where Title VII comes into play, so long as the reason for termination is not retaliatory or discriminatory. Harden v. AlliedBarton Sec. Serv., [**2013 BL 150094**], 2013 WL 2467714 at *4 (M.D. Tenn. June 7, 2013) (collecting cases) ("an employer can make employment decisions for good reasons, bad reasons, or no reason at all, so long as the decisions are not motivated by a discriminatory intent"). Gregg is entitled to argue and prove that Keen was an at-will employee as part of its evidence of legitimate, non-discriminatory/retaliatory reasons for any adverse employment action, and summary judgment will not be granted on its at-will employment allegation.

**VI.**

On the basis of the foregoing, the EEOC's Motion for Partial Summary Judgment will be granted in part and denied in part. It will be granted on Gregg's failure to exhaust remedies and statute of limitations defenses, but otherwise denied.


© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

An appropriate Order will be entered.

[fn1] By separate Order issued contemporaneously herewith, the Court resolves Gregg's Motion for Summary Judgment, and, to the extent applicable, the factual background set forth in the accompanying Memorandum is incorporated herein by reference.

[fn2] Kolstad establishes a three-part inquiry:

First, the plaintiff must demonstrate that the individuals perpetrating the discrimination acted with malice or reckless disregard toward the plaintiff's federally protected rights. Second, the plaintiff must impute liability to the employer by establishing that the discriminatory actor worked in a managerial capacity and acted within the scope of his or her employment. Third, the defendant may nevertheless avoid punitive damage liability by showing that it engaged in good faith efforts to comply with Title VII.

Fisher v. United Parcel Serv. Inc., **390 Fed. Appx. 465**, **474** (6th Cir. 2010).

Bloomberg Law®
Case 3:20-cv-00628 Document 39-4 Filed 06/04/21 Page 5 of 5 PageID #: 639
© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service