UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
|     Plaintiff, | ) Case No. 3:20-cv-00628 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Frensley |
|     Defendant. | ) Jury Demand |

**DEFENDANT'S RESPONSE IN OPPOSITION TO ROBERT KUSKIN'S MOTION FOR PROTECTIVE ORDER AND TO QUASH THIRD PARTY SUBPOENA**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, responds in opposition to the Motion for Protective Order and to Quash Third Party Subpoena filed by Robert Kuskin (Doc. #38).

## I. INTRODUCTION

This is an employment case. Defendant is a private, for profit company that creates and sells biblically based educational resources. Consistent with that mission, Defendant maintains standards for employee conduct at and away from work, including a prohibition against premarital sex.

Defendant employed Plaintiff, Caitlin O'Connor, as an Administrative Assistant from February 22, 2016 to June 25, 2020. Plaintiff was aware of Defendant's prohibition against premarital sex, she admittedly engaged in premarital sex, and Defendant fired her for it.

On July 20, 2020, Plaintiff sued Defendant. Through successive amended complaints, Plaintiff now claims that Defendant terminated her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, the

Tennessee Human Rights Act, T.C.A. §4-21-101, *et seq.*, and the Tennessee Disability Act, T.C.A. §8-50-103, *et seq*.

## II.   MR. KUSKIN'S KNOWLEDGE

Defendant issued a subpoena for records to Mr. Kuskin because we have reason to believe that he has discoverable information related to this case.

First, Mr. Kuskin is integrally involved in this case. Plaintiff has referenced Mr. Kuskin repeatedly in her Complaint (Doc. #1), Amended Complaint (Doc. #18), and Third Amended Complaint (Doc. #37), identified him as the person with whom she had premarital sex and the father of her child, indicated that she has been in a relationship with him at all times relevant to this case, and he is represented by her attorneys.

Second, in initial disclosures, Plaintiff specifically identified 13 individuals who were "likely to have discoverable information." Mr. Kuskin was one of them:

> "Rob Kuskin – Plaintiff's Partner. Familiar with the effects of Plaintiff's work environment, Plaintiff's disability and/or pregnancy and/or serious medical condition, and Defendant's Actions."

Defendant has attached a copy of Plaintiff's Initial Disclosures as Exhibit 1, with the information concerning Mr. Kuskin highlighted in yellow.

Third, in Interrogatory No. 1 of Defendant's First Set of Interrogatories, Defendant asked Plaintiff to "[i]dentify every person who has discoverable information that Plaintiff may use to support her claims in this case…." Plaintiff identified 13 individuals. Again, Mr. Kuskin was one of them:

> "Rob Kuskin – Plaintiff's Partner. Familiar with the effects of Plaintiff's work environment, Plaintiff's disability and/or pregnancy and/or serious medical condition, and Defendant's Actions. May be contacted through counsel only."

Defendant has attached a copy of Plaintiff's interrogatory answers as Exhibit 2. Her answer to

2

Case 3:20-cv-00628   Document 41   Filed 06/16/21   Page 2 of 12 PageID #: 670

Interrogatory No. 1, as it relates to Mr. Kuskin, is highlighted in yellow.

In Interrogatory No. 2 of Defendant's First Set of Interrogatories, Defendant asked Plaintiff to "[i]dentify every person who witnessed any alleged act of illegal discrimination, interference, or retaliation by Defendant against Plaintiff…." Plaintiff's answer (highlighted in pink) directed Defendant back to the list of individuals in her answer to Interrogatory No. 1, which includes Mr. Kuskin.

Fourth, in written discovery, Plaintiff has recently produced text messages with Mr. Kuskin that demonstrate his familiarity and involvement with this lawsuit and the events leading up to it. Some of the text messages do not appear to be complete and they do not all include a date and time. Copies of those text messages are collectively attached as Exhibit 3. For example:

- On June 18, 2020, Plaintiff and Mr. Kuskin discussed her plans and preparations to sue Defendant before she had even notified the company that she had engaged in premarital sex or been terminated. Mr. Kuskin encouraged Plaintiff to forward materials that she had gathered to her attorney.
- On October 1, 2020, in a text message to Mr. Kuskin, Plaintiff described her stress over not taking "Ramsey's hush money"[1], told him "[n]othing is working out the way [she] thought it would", and told him "[it] sucks more knowing its 100% my fault that we're even in this situation."
- On January 16, 2021, Plaintiff and Mr. Kuskin discussed media coverage of this case.
- On February 12, 2021, Plaintiff and Mr. Kuskin again discussed media coverage of this case. Mr. Kuskin told Plaintiff, "The ball is rolling and growing. It is going to be hard to

---

[1] Upon terminating Plaintiff's employment for premarital sex, Defendant offered Plaintiff one year of pay and health insurance in exchange for a standard release agreement. Plaintiff sued instead.

3

stop. It will take some time, but Dave will have to retire eventually if he wants his kids to have a company to run."

- On April 2, 2021 and April 3, 2021, Plaintiff and Mr. Kuskin discussed media coverage of this case.

- On an unspecified date, Plaintiff and Mr. Kuskin discussed outreach efforts by an employee of Defendant, to which Mr. Kuskin replied "Hmmmm. I'd be careful. Very careful."

### III. SCOPE OF SUBPOENA

In the subpoena to Mr. Kuskin, Defendant made six requests for records in his possession, custody, or control:

#### A. Request No. 1

In Request No. 1, Defendant asked Mr. Kuskin to produce all records related to "[t]he effect, on Caitlin O'Connor, of her work environment at The Lampo Group, LLC, which does business as Ramsey Solutions."

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with the effects of Plaintiff's work environment…" and indicated that she may use this knowledge to support her claims in this case. Request No. 1 is primarily seeking the *exact discoverable knowledge* that, *per Plaintiff*, Mr. Kuskin possesses and she may use to support her claims in this case.

#### B. Request No. 2

In Request No. 2, Defendant asked Mr. Kuskin to produce all records related to "Caitlin O'Connor's disability, pregnancy, serious medical condition, and need for leave and/or accommodation while employed by Ramsey Solutions."

4

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with…Plaintiff's disability and/or pregnancy and/or serious medical condition…." Request No. 2 is primarily seeking the *exact discoverable knowledge* that, *per Plaintiff*, Mr. Kuskin possesses and she may use to support her claims in this case.

### C. Request No. 3

In Request No. 3, Defendant asks Mr. Kuskin to produce all records related to "Caitlin O'Connor's employment with Ramsey Solutions."

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with…Defendant's Actions" and had witnessed Defendant's alleged acts of illegal discrimination, interference, and/or retaliation against her. Request No. 3 is primarily intended to capture this discoverable knowledge described by Plaintiff that, according to her, Mr. Kuskin possesses and she may use to support her claims in this case.

Upon information and belief, Mr. Kuskin does not have any connection with Defendant apart from his relationship with Plaintiff, so documents responsive to this request should be few and easy to find. However, to make things even easier, Defendant will narrow the scope of Request No. 3 to records created or received by Mr. Kuskin from January 1, 2020 to the termination of Plaintiff's employment on June 25, 2020.

### D. Request No. 4

In Request No. 4, Defendant asks Mr. Kuskin to produce all records related to "the termination of Caitlin O'Connor's employment with Ramsey Solutions."

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with…Defendant's Actions" and had witnessed Defendant's alleged acts of illegal discrimination, interference, and/or retaliation against her. Request No. 4 is primarily intended to

capture this discoverable knowledge described by Plaintiff that, according to her, Mr. Kuskin possesses and she may use to support her claims in this case.

The termination of Plaintiff's employment with Defendant on June 25, 2020 is a very discrete event, so documents responsive to this request should be few and easy to find. Moreover, from the text messages recently produced by Plaintiff, we know that records responsive to this request are or were in Mr. Kuskin's possesson, custody, or control.

### E. Request No. 5

In Request No. 5, Defendant asked Mr. Kuskin to produce all records related to "[t]he Charge of Discrimination that Caitlin O'Connor filed against Ramsey Solutions with the U.S. Equal Employment Opportunity Commission."

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with…Defendant's Actions" and had witnessed Defendant's alleged acts of illegal discrimination, interference, or retaliation against her. Request No. 5 is primarily intended to capture this discoverable knowledge described by Plaintiff that, according to her, Mr. Kuskin possesses and she may use to support her claims in this case.

The Charge of Discrimination that Plaintiff filed against Defendant with the U.S. EEOC is a very discrete topic, so documents responsive to this request should be few and easy to find. Moreover, from the text messages recently produced by Plaintiff, we know that Plaintiff and Mr. Kuskin have discussed Plaintiff's legal actions against Defendant before and after the termination of her employment and that records responsive to this request are or were in Mr. Kuskin's possession, custody, or control.

### F. Request No. 6

In Request No. 6, Defendant asked Mr. Kuskin to produce all records related to "[t]his

lawsuit that Caitlin O'Connor has filed against Ramsey Solutions, *Caitlin O'Connor v. The Lampo Group, LLC*, Civil Action No. 3:20-cv-00628, currently pending in the U.S. District Court for the Middle District of Tennessee."

In initial disclosures and written discovery, Plaintiff stated that Mr. Kuskin was "[f]amiliar with…Defendant's Actions" and had witnessed Defendant's alleged acts of illegal discrimination, interference, or retaliation against her. Request No. 6 is primarily intended to capture this discoverable knowledge described by Plaintiff that, according to her, Mr. Kuskin possesses and she may use to support her claims in this case.

This lawsuit is a discrete topic, so documents responsive to this request should be few and easy to find. Moreover, from the text messages recently produced by Plaintiff, we know that Plaintiff and Mr. Kuskin have discussed Plaintiff's legal actions against Defendant before and after the termination of her employment and that records responsive to this request are or were in Mr. Kuskin's possession, custody, or control.

**IV.     Plaintiff's Objections to Defendant's Subpoena**

In the section of Mr. Kuskin's motion entitled "Relevant History", he describes some exchanges between the parties' attorneys regarding this subpoena. Although those exchanges are not relevant to the Court's resolution of Mr. Kuskin's motion, he has mischaracterized them and we want to set the record straight. We have attached, as Exhibit 4, the full e-mail exchange between the parties' attorneys from May 14, 2021 to May 27, 2021 regarding the subpoena to Mr. Kuskin.

- On Friday, May 14, 2021, Defendants' counsel notified Plaintiff's counsel of Defendant's intent to serve the subpoena on Mr. Kuskin on Monday, May 17, 2021, asked if Plaintiff's counsel still represented Mr. Kuskin and could accept

7

service (as indicated in Plaintiff's interrogatory answers in January 2021), and, if not, asked for Mr. Kuskin's address so that he could be served directly. Plaintiff's counsel promptly and correctly objected, citing the two (2) business day notice requirement in Local Rule 45.01(d). Defendant's counsel acknowledged that Plaintiff's counsel was correct and shifted the service date to Wednesday, May 19, 2021, and again asked about acceptance of service and Mr. Kuskin's address. Plaintiff's counsel then replied, "We object to it on Wednesday too", without any further explanation or elaboration. Defendant's counsel acknowledged Plaintiff's objection, but since she had no legal basis to continue objecting to the subpoena[2], again asked about representation, acceptance of service, and Mr. Kuskin's address. Plaintiff's counsel did not reply.

- On Wednesday, May 19, 2021, Defendant's counsel notified Plaintiff's counsel that he was sending the subpoena to last known address for Mr. Kuskin and asked again about representation, acceptance of service, and Mr. Kuskin's address. Plaintiff's counsel did not respond.

- On May 25, 2021, Defendant's counsel reached out to Plaintiff's counsel to schedule a discovery conference for the purpose of obtaining Mr. Kuskin's address, which had been withheld by Plaintiff in her interrogatory answers.

- On May 27, 2017, the parties' attorneys participated in the discovery conference. Plaintiff's counsel indicated that they would represent Mr. Kuskin and accept

---

[2] Mr. Kuskin's statement that "Defendant made no good faith effort to resolve Plaintiff's objection to its subpoena prior to service" is absurd. Defendant promptly acknowledged and resolved Plaintiff's initial objection to the subpoena by shifting the service date to Wednesday, May 19, 2021. Plaintiff's second objection to Defendant serving Mr. Kuskin with the subpoena on Wednesday, May 19, 2021, had no legal basis. There was nothing to resolve.

service of the subpoena on his behalf. The parties' attorneys briefly discussed the subpoena but could not reach a resolution. Mr. Kuskin believed that Plaintiff's production of the text messages attached here as Exhibit 3 fully resolved the subpoena, but Defendant disagreed. There was nothing left to discuss.

### V.     Mr. Kuskin's Motion to Quash Should Be Denied

Mr. Kuskin's bases for quashing the subpoena are, effectively, that (1) the subpoena is moot because Plaintiff has already produced all relevant communications between them, (2) responsive communications between Plaintiff and Mr. Kuskin may be privileged, and (3) the subpoena is overbroad and not limited in time or scope.

Under Rule 45 of the Federal Rules of Civil Procedure, the Court must quash a subpoena that "subjects a person to undue burden." To determine whether a subpoena creates an undue burden, the Court examines the relevance of the subpoenaed information, the parties' need for the documents, the breadth of the documents, and the burden imposed. *See, e.g., Estate of Jackson v. Billingslea,* 2019 BL 243576 at *4 (E.D. Mich. July 1, 2019).[3] The scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. *Diamond Consortium, Inc. v. Hammervold,* 2018 BL 531947 at *1 (M.D. Tenn. Dec. 28, 2018).[4] Mr. Kuskin bears the burden of proving that Defendant's subpoena should be quashed. *Id.*

Mr. Kuskin's first objection makes no sense. He essentially argues that Plaintiff has already produced all "relevant communications" between them—the text messages attached as Exhibit 3—and that her production of those text messages moots the subpoena. Those text

---

[3] Defendant has attached a copy of this unpublished case as Exhibit 5.

[4] Defendant has attached a copy of this unpublished case as Exhibit 6.

9

messages only moot the subpoena if they are the only records in Mr. Kuskin's possession, custody, or control that are responsive to it. Had that been the case, Mr. Kuskin could and should have simply responded to the subpoena with another set of those text messages or a statement to that effect, not file a motion to quash. Mr. Kuskin is careful to qualify those text messages as "relevant communications" because he likely knows that those text messages are not the only responsive records. He does not define "relevant" and the subpoena calls for more than "communications." The text messages produced by Plaintiff may be the only records that Mr. Kuskin wants to produce in response to Defendant's subpoena, but they are almost certainly not the only records in his possession, custody, or control that are responsive to it.

Mr. Kuskin's second objection—that his communications with Plaintiff are protected by spousal privilege—is absurd and frankly disconcerting at this point. It is black letter law, clear as crystal, that communications between unmarried persons are not protected by spousal privilege in Tennessee federal courts. *See, e.g., United States v. Irons,* 646 F. Supp. 2d 927, 952-53 (E.D. Tenn. 2009)(marital communications privilege requires a valid marriage as defined by state law). Mr. Kuskin and Plaintiff are not legally married. Plaintiff asserted this objection in written discovery, we have already confronted her attorneys about it, and they are now raising it again on behalf of Mr. Kuskin. Plaintiff's counsel has already represented to Defendant's counsel that Plaintiff has not withheld any information or documents based on spousal privilege. Mr. Kuskin cannot either.

Mr. Kuskin's third set of objections are equally unavailing. Those objections—overbroad, not limited in time or scope—concern the scope of subpoena discovery under Rule 26, not Rule 45. *See, e.g., Abundes v. Athens Food Servs., LLC*, 2015 BL 524169 at *2 (M.D. Tenn. Sept. 18, 2015)("While Rule 45 does not list irrelevance or overbreadth as reasons for

quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26 .").[5] Discovery under Rule 26 is broad. *Id.* at *3.

All six requests in Defendant's subpoena to Mr. Kuskin are within the scope of discovery under Rule 26 due to (i) the central role that he played in the events leading to the termination of Plaintiff's employment and her filing this lawsuit, (ii) his communications with Plaintiff regarding this lawsuit before and after she filed it, (iii) Plaintiff's many references to him in her Complaint, Amended Complaint, and Third Amended Complaint, (iv) Plaintiff's identification of him in initial disclosures and written discovery as having broad discoverable knowledge that she may use to support her claims in this case, and (v) Plaintiff's identification of him as someone who witnessed Defendant's alleged acts of illegal discrimination, interference, and/or retaliation against her.

The only request in Defendant's subpoena that Mr. Kuskin specifically addresses is Request No. 3, which seeks all records related to Plaintiff's employment with Defendant. Mr. Kuskin complains that Request No. 3 encompasses Plaintiff's entire employment with Defendant, which lasted from February 22, 2016 to June 25, 2020. As aforementioned in Section III, *supra*, Defendant is willing to restrict Request No. 3 to all responsive records created or received by Mr. Kuskin from January 1, 2020 to the termination of Plaintiff's employment on June 25, 2020.

Given Defendant's willingness to adjust the timeframe of Request No. 3, Mr. Kuskin's motion to quash should be denied and the Court should order him to produce all records in his possession, custody, and control that are responsive to Defendant's subpoena.

---

[5] Defendant has attached a copy of this unpublished case as Exhibit 7.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on June 16, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*