<u>**EXHIBIT 1**</u>

**THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CAITLIN O'CONNOR,** | ) | |
| | ) | |
|     Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| | ) | |
| **THE LAMPO GROUP, LLC a/k/a** | ) | Magistrate Judge Frensley |
| **RAMSEY SOLUTIONS,** | ) | Jury Demand |
| | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff provides the following information. Plaintiff reserves the right to supplement these Initial Disclosures. Further, Plaintiff reserves all objections and privileges that may apply.

**A.** <mark>**Individuals likely to have discoverable information**</mark>

1. Caitlin O'Connor – Plaintiff. Has knowledge concerning the claims and defenses.

2. Armando Lopez – Human Resources/Defendant's Employee. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.

3. Suzanne Simms – Defendant's Board Member. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.

1

4. Jen Sievertsen – Defendant's Board Member. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.

5. Dave Ramsey – Defendant's Owner. Has knowledge concerning Plaintiff's employment history, pregnancy, request for ADA Accommodations and FMLA paperwork, and termination. Familiar with Defendant's practices, policies, and procedures.

6. Michael Finney – Defendant Employee. Has knowledge concerning Plaintiff's employment history, job performance, pregnancy, and termination. Familiar with Defendant's practices, policies, and procedures.

7. Justin Meeker – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.

8. Bill Edmonson – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.

9. Rich Pedrick – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.

10. Philip Dower – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.

11. Lee Yoder – Defendant Employee. Has knowledge concerning Plaintiff's employment history and job performance. Familiar with Defendant's practices, policies, and procedures.

12. Dr. Jacqueline Stafford – Plaintiff's OB/GYN. Familiar with Plaintiff's disability and/or pregnancy and/or serious medical condition and need for leave and/or accommodation.

13. Rob Kuskin – Plaintiff's Partner. Familiar with the effects of Plaintiff's work environment, Plaintiff's disability and/or pregnancy and/or serious medical condition, and Defendant's Actions.

14. Employees who worked with or around Plaintiff.

15. Former Lampo Group employees.

16. Plaintiff's treating physicians and medical providers.

17. Any individuals identified by Defendant as a witness or potential witness.

18. Plaintiff's immediate family members.

19. Any witness identified during the course of discovery.

B. **Documents**

1. Documents, including ESI, relating to Plaintiff's job performance and discharge, including drafts.

2. Plaintiff's personnel file.

3. Plaintiff's medical file.

4. Plaintiff's requests for medical leave and/or accommodation, shifts and/or position, and all correspondence regarding such.

5. Plaintiff's job description.

6. Plaintiff's performance reviews and memorandums.

7. Plaintiff's communications with Defendant and employees of Defendant.

8. Defendant's Employee Handbook.

9. Defendant's Core Values.

10. Defendant's Policies and Procedures manual.

11. Documents received from the EEOC.

12. Plaintiff reserves the right to use at trial any documents listed by Defendant and/or any other documents obtained during discovery.

13. Plaintiff reserves the right to supplement this list based on ongoing discovery.

**C.     Computation of Damages**

Plaintiff is owed sums for back wages and lost benefits from the time of the discrimination to trial. Plaintiff will seek damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss enjoyment of life. In addition, Plaintiff seeks attorneys' fees and costs, pre-and post-judgment interest, punitive damages, actual damages and liquidated damages under the FMLA, and such other and further legal or equitable relief to which she may be entitled. Moreover, absent reinstatement, Plaintiff will be owed front pay. At this early stage, Plaintiff is unable to make economic calculations and any calculation for emotional distress will be made by a jury. Discovery is just beginning, and new information may be revealed. Plaintiff will supplement this response and disclose any such report in accordance with the Federal Rules of Civil Procedure and any applicable Scheduling Order(s).

| | |
|---|---|
| Back Pay to trial date, includes loss of pay, loss of benefits or replacement benefits, | Approximately $95,722.25 in lost salary plus the additional cost for benefits |
| Front Pay | $54,000 includes one year |
| Liquidated Damages | $95,722.25 |
| Actual Damages | Based on actual damages including but not limited to medical bills and other losses. |

4

| Emotional Distress/Punitive | To be determined by a jury |
|---|---|
| Attorney's Fees through trial (Est.) (partner rates are $425.00 per hour, associate rates are $325.00 per hour, subject to annual adjustment) | 250,000.00 |
| Costs (Est.) | 15,000.00 |
| Interest (prevailing rate) | 6% |
| **TOTAL** | Approximately $510,444.50 not including lost/replacement benefit costs, emotional damages, actual damages, and pre-and post-judgment interest. |

**D.** **Insurance Agreement**

Plaintiff does not have an insurance agreement applicable to this lawsuit.

Respectfully submitted,

Collins& Hunter, PLLC

*/s/ Heather Moore Collins*
Heather Moore Collins (BPR 26099)
Anne Hunter (BPR 022407)
Ashley Walter (BPR 037651)
7000 Executive Center Drive
Building Two Suite 320
Brentwood, TN 37027
(615) 724-1996
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been e-mailed this the 20th day of October 2020 to counsel of record:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street

Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

                                             *s/ Heather Moore Collins*