# EXHIBIT 5

Estate of Jackson v. Billingslea, No. 18-10400, 2019 BL 243576, 2019 Us Dist Lexis 109393 (E.D. Mich. July 01, 2019), Court Opinion

**Pagination**

\* BL

[Majority Opinion](#) >



UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

The Estate of Michaelangelo Jackson, deceased, et al., Plaintiffs, v. Richard Billingslea, et al., Defendants.

Case No. 18-10400

July 1, 2019, Filed

July 1, 2019, Decided

For The Estate of MichaelAngelo Jackson, The Estate of Makiah Jackson, Alisha Jackson, in her capacity as the Personal Representative of the Estates of MichaelAngelo Jackson and Makiah Jackson, Lakendra Gardner, Z.G. through his next of friend Denise LaSalle Gardner, I.W. through his next of friend Keira Andrews, D.A. through his next of friend Tiffany Hill, Plaintiffs: Solomon M. Radner, EXCOLO LAW, PLLC, Southfield, MI.

For Richard Billingslea, in his individual and official capacities, Steven Fultz, in his individual and official capacities, Hakeem Patterson, in his individual and official capacities, City of Detroit, Defendants: Michael M. Muller, Detroit City Law Department, Detroit, MI.

Honorable Victoria A. Roberts, United States District Judge.

Victoria A. Roberts

***ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' AND PLAINTIFFS' MOTIONS FOR PROTECTIVE ORDER***

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

**Bloomberg Law**

## I. Background

The Estate of Michaelangelo Jackson brings suit against the City of Detroit and others for constitutional claims arising from the deaths of Michaelangelo and Makiah Jackson during a high-speed police chase.

In its scheduling order, the Court set the deadline for discovery as January 4, 2019. During discovery, Defendants retained Dr. Jerome Eck ("Eck") and his company Eck Engineering LLC to produce an expert crash-reconstruction report. Defendants filed an expert witness disclosure pursuant to **Fed. R. Civ. P. 26(a)(2)(B)** . It contained Eck's written opinions, the documents he relied on to produce his opinion, his resume, fee schedule, and a list of cases he has worked on in the last four years. Plaintiffs subpoenaed Eck after the close of discovery on March 30, 2019 requiring him to disclose:

1. Copies of all IRS form 1099s issued to Eck or Eck Engineering LLC for any company they rendered an expert opinion for within the last five years;

2. Proof of payment for those services rendered;

3. Copies of the last twenty expert opinions rendered by Eck;

4. Copies of the last ten opinions written by any employee of Eck Engineering LLC that is not Eck; and

5. The names of all attorneys the reports were written for within those five years.

The Court held a phone conference with counsel to resolve disputes over the subpoena. The Court ordered that Eck must produce his 1099s for all expert witness services he has provided in the past five years.

Defendants filed this motion for reconsideration and motion for a protective order. Eck hired his own counsel and submitted a motion for a protective order and motion to quash Plaintiffs' subpoena.

The Court denies Defendants' and Eck's motions for a protective order and to quash Plaintiffs' subpoena, but will grant that part of Defendants' motion for reconsideration that asks for reconsideration of the inclusion of personal information.

## II. Discussion

The scope of **[\*2]** discovery is governed by **Rule 26(b)(1)** . **Fed. R. Civ. P. 26(b)(1)** . Information within the scope of discovery can nonetheless be placed under a protective order. **Fed. R. Civ. P. 26(c)(1)** . Additionally, a subpoena for an otherwise discoverable piece of information may be quashed. **Fed. R. Civ. P. 45(d)(3)** .

Eck and Defendants contend that Eck's 1099s for his expert witness services are not within the scope of discovery, should be placed under protective order, and Plaintiffs' subpoena for them should be quashed. Eck also presents additional arguments for why he should not be required to submit to the Court's original order. Despite these arguments, Eck must produce his 1099s.

### A. The Scope of Discovery

Eck contends his 1099s are not relevant. Meanwhile, Defendants argue the 1099s for Eck's other clients have

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

marginal, if any, relevance. Both of these arguments relate to the scope of discovery and are ultimately incorrect. **Rule 26(b)(1)** permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." **Fed. R. Civ. P. 26(b)(1)** . This scope is further limited by (1) the parties' relative access to information, (2) the parties' resources, (3) the importance of the discovery, and (4) the balance between the burden and benefit of complying with discovery. *Id* .

The financial information of an expert witness is squarely within the scope of discovery if its purpose is to uncover potential bias. *Behler v. Hanlon* , **199 F.R.D. 553** , **556** (D. Md. 2001); *see also Burger v. Allstate Ins. Co.*, No. 07-11870, [**2009 BL 377207**], 2009 U.S. Dist. LEXIS 47929 , [**2009 BL 377207**], 2009 WL 1587396 , at *2 (E.D. Mich. June 8, 2009). In *Burger*, Plaintiff sought 1099s, payment records, and other information related to an expert physician's financial relationship with any defendant he provided expert witness services for from 2003 to 2008. *Burger*, [**2009 BL 377207**], 2009 U.S. Dist. LEXIS 47929 , [**2009 BL 377207**], 2009 WL 1587396 , at *1. The Defendant argued none of this information was relevant. *Id.* The Court sided with the *Behler* court: holding that information that relates to the potential bias of an expert witness is relevant to the witness's credibility, which could directly affect impeachability. [**2009 BL 377207**], 2009 U.S. Dist. LEXIS 47929 , [WL] at *2.

Thus, any information related to the expert's volume of work, number of defendants he worked for, the amount paid by those defendants, and the percentage of income derived from his expert witness services was found within the scope of discovery. *Burger*, [**2009 BL 377207**], 2009 U.S. Dist. LEXIS 47929 , [**2009 BL 377207**], 2009 WL 1587396 , at *2-3; *see also Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, No. 11-10658, [**2011 BL 433502**], 2011 U.S. Dist. LEXIS 111668 , [**2011 BL 433502**], 2011 WL 4507417 , at *5-6 (E.D. Mich. Sept. 29, 2011) (finding financial information of expert witness is squarely within the scope of discovery).

1099s are within the scope of discovery. *Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. 10-CV-11735, *2011 U.S. Dist. LEXIS 67093* , *2011 WL 2490870* , at *2 (E.D. Mich. June 22, 2011). For example, in *Chauvin*, the Plaintiff requested several financial documents from the Defendant's independent medical examiner, including 1099s for all insurance companies that expert provided examinations for over the past four years. *Id.* The Court allowed discovery of those 1099s but permitted the redaction of federal identification and social security numbers. *Id.* The 1099s were proper inquiries by the Plaintiff about the expert's potential bias, and were, therefore, within the scope of discovery. *2011 U.S. Dist. LEXIS 67093* , [WL] at *2-3.

Notwithstanding decisions from **[*3]** other district courts to the contrary, Eck's 1099s for this and other litigants are within the scope of discovery. *Chauvin, Burger*, and *Great Lakes* make it clear that the Court considers 1099s and similar financial documentation relevant to impeachability and thus discoverable. However, certain personal information can be redacted from 1099s, as it was in *Chauvin*.

Eck and Defendants urge the Court to adopt the rational in *Behler* and similar decisions from other districts. They cite the rational of *Behler* and a potential chilling effect on expert witnesses as reasons to find 1099s are outside the scope of discovery. These arguments are unconvincing. While the rational of *Behler* is valid and well written, it is not the law in this jurisdiction, which finds gross income stated in 1099s not too intrusive or burdensome to outweigh the potential bias it can reveal. Furthermore, the *Behler* opinion does not contemplate

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

that the percent of income derived from expert witness services and the gross amount gained from those services can reveal bias in different ways.

The percentage of income informs the jury about how dependent the expert is on the income from providing those services, whereas gross income reveals the expert's total monetary incentive to produce favorable results. One can imagine a scenario where an expert's percentage of income from providing expert witness services is low but he still receives substantial amounts of money for them. Thus, the two pieces of information are not interchangeable as *Behler* and the movants suggest, and there is no compelling reason to deviate from the Court's past decisions finding both within the scope of discovery.

The movants' argument that requiring experts to disclose 1099s would induce a chilling effect is also unpersuasive. While some potential experts may be dissuaded from providing services to litigants, those fears are likely assuaged because sensitive information can be censored. Social security numbers and other federal identification can normally be redacted from the expert's documents as in *Chauvin*.

Eck's 1099s for this and other litigation are within the scope of discovery. Sensitive personal information unrelated to bias may be redacted.

## B. Protective Order

Information within the scope of discovery can nonetheless be placed under a protective order. **Fed. R. Civ. P. 26(c)(1)** . Under Rule 26(c)(1), a court may issue a protective order, for good cause, to protect a person from annoyance, embarrassment, oppression, or undue burden or expense. *Id.* General statements claiming a hardship are not sufficient to establish good cause for a protective order. *Chauvin*, *2011 U.S. Dist. LEXIS 67093* , *2011 WL 2490870* , at *2. Instead, it is the movant's burden to show good cause for a protective order by articulating specific facts that show he will suffer a clearly defined and serious injury if the order is not given *Nix v. Sword*, **11 F. App'x 498** , **500** (6th Cir. 2001). Additionally, production of 1099s related to expert witness services is not unduly burdensome provided personal information can be redacted and the time-frame of the 1099s is limited. **[\*4]** *See Chauvin*, *2011 U.S. Dist. LEXIS 67093* , *2011 WL 2490870* , at *2; *see also Great Lakes*, [**2011 BL 433502**], 2011 U.S. Dist. LEXIS 111668 , [**2011 BL 433502**], 2011 WL 4507417 , at *6-7 (finding financial documents related to a medical examiner's medical-legal consulting business were not unduly burdensome if limited to the past four years).

Neither the Defendants nor Eck meet their burden to show good cause for a protective order. The Defendants' and Eck's arguments for a protective order focus primarily on Eck's 1099s being outside the scope of discovery. For the reasons already discussed, those arguments are unconvincing.

However, Eck also argues he will face annoyance and embarrassment from disclosing his 1099s, because they will reveal information about his clients that the clients do not want disclosed. Eck does not elaborate on why this would be a serious injury. Indeed, if simply not wanting to divulge information was a valid grounds for a protective order then an unwilling party would never have to comply with discovery. That result would be absurd and Eck's argument is likewise unconvincing.

Eck also argues that requiring him to produce his 1099s would be unduly burdensome. However, this is not the

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

case. Like in *Chauvin* and *Great Lakes*, the Court ordered the production of 1099s limited to Eck's expert witness services and business for a limited five year time-period. Eck will also be allowed to redact federal identification. Furthermore, Eck provides no reason why production of 1099s would be more burdensome than the 1099 production in *Chauvin* or the financial documents in *Great Lakes*. Therefore, their production is not unduly burdensome.

Neither Eck nor Defendants show good cause for a protective order.

## C. Quashing the Subpoena

In the alternative, Eck says the Court should quash the Plaintiffs' subpoena. **Rule 45(d)(3)** permits a court to quash or modify a subpoena when it subjects a person to undue burden. **Fed. R. Civ. P. 45(d)(3)(A)** (iv). Subpoenas are quashed on a case-by-case basis. *In re: Modern Plastics Corp.*, **890 F.3d 244**, **251** (6th Cir.). The factors for quashing include the relevance of the subpoenaed information, the parties' need for the documents, the breadth of the documents, and the burden imposed. *Id.* [1] The moving party must demonstrate undue burden, while the burden to demonstrate relevance is on the party seeking discovery. *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 2:09-MC-50356, *2009 U.S. Dist. LEXIS 46217* , [**2009 BL 118504**], 2009 WL 1543451 , at *1 (E.D. Mich. June 2, 2009).

The importance and relevance of the information sought has been discussed. The Plaintiffs do not have that information; they were only provided with Eck's written opinions, the documents he relied on, his resume, fee schedule, and a list of cases he provided a deposition for from the past four years. Additionally, the breadth of the 1099s is narrowly confined to financial information from expert witness services from the past five years. As previously discussed, there is no undue burden associated with 1099s.

Eck fails to show good cause to quash Plaintiffs' subpoena.

## D. Eck's Other Arguments

Eck makes several other arguments for why he should not be required to produce his 1099s.

First, Eck argues that he complied with **Rule 26(a)(2)(B)** , which he says constitutes the outer bounds of discovery'**[*5]** s scope for an expert witness.

**Rule 26(a)(2)(B)** requires an expert witness to provide a written report disclosing several key pieces of information about their testimony and compensation. **Fed. R. Civ. P. 26(a)(2)(B)** . However, courts routinely allow discovery of information beyond what 26(a)(2)(B) requires. *Campos v. MTD Prods.*, No. 2:07-0029, [**2009 BL 70476**], 2009 U.S. Dist. LEXIS 28226 , [**2009 BL 70476**], 2009 WL 920337 , at *2 (M.D. **Tenn. Apr. 1** , 2009). Additionally, the rule has no language that says it limits the scope of discovery or otherwise acts as the outer bounds for what an expert witness may be required to disclose. Furthermore, Eck provides no case law or authority to support this argument. Eck's argument is without support and he may be ordered to produce information beyond what is listed in **Rule 26(a)(2)(B)** .

Second, Eck argues that relevant financial information should be obtained from the defendants and not him. This argument relies heavily on the idea that Eck must only disclose financial information related to his work for

**Bloomberg Law** © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

these Defendants. Since this is not the case, the argument makes little sense; nobody but Eck has access to all the 1099s ordered.

Third, Eck argues that as a non-party the Court must first order him to submit to its jurisdiction before discovery beyond what is required in **Rule 26(a)(2)(B)** is permitted. Again, this argument rests on a faulty premise: that the Court is limited to allowing discovery for only the items provided in **26(a)(2)(B)** . As discussed, this is incorrect. Therefore, no order requiring Eck to submit to the Court's jurisdiction is necessary.

None of Eck's other arguments is a ground for a protective order. Eck does not present a compelling reason why he should not be required to comply with the Court's original order.

## III. Conclusion

Defendants' motion for reconsideration is GRANTED IN PART AND DENIED IN PART. Defendants' request that Eck not comply with the Court's order of April 14 is DENIED. Defendants' request regarding Eck's privacy is GRANTED; Eck may redact federal identification like social security and tax-payer numbers from his 1099s. If Defendants wish to keep Eck's 1099s under seal they must file a motion to do so.

Defendants' and Eck's motions for a protective order are DENIED.

Eck's motion to Quash Plaintiffs' subpoena is DENIED.

IT IS ORDERED.

/s/ Victoria A. Roberts

Victoria A. Roberts

United States District Judge

Dated: July 1, 2019

---

**fn**

1

Eck argues that Plaintiffs must show a substantial need for his 1099s and cites **Fed. R. Civ. P. 45(d)(3)(C)(i)** for support. However, that rule only pertains to non-retained experts and trade secrets. **Fed. R. Civ. P. 45(d)(3)(B)(i)** **-(ii)** . Eck is neither and Plaintiffs have no burden to show a substantial need.

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service