# EXHIBIT 6

⊞ Diamond Consortium, Inc. v. Hammervold, No. 3:18-mc-0020, 2018 BL 531947 (M.D. Tenn. Dec. 28, 2018), Court Opinion

**Pagination**

\*    BL

[Majority Opinion](#) >

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

---

THE DIAMOND CONSORTIUM, INC. et al., Plaintiffs / Counter-Defendants v. MARK HAMMERVOLD et al. SUBPOENA, Defendants / Counter-Plaintiffs

---

Case No. 3:18-mc-0020

December 28, 2018, Filed

For The Diamond Consortium, Inc., et al, Plaintiff: Braden M. Wayne, Bruce W. Steckler, Steckler Gresham Cochran, Dallas, TX; Howard J. Klatsky, Fee, Smith, Sharp & Vitullo, Dallas, TX; Jenna Lyn Harris, Ritholz Levy Fields, LLP, Nashville, TN.

For Mark Hammervold, et al., Defendant: Mark A. Hammervold, Hammervold, PLC, Nashville, TN.

BARBARA D. HOLMES, United States Magistrate Judge. District Judge Trauger.

BARBARA D. HOLMES

## ORDER

Pending before the Court is the motion to quash (Docket No. 1) filed by Boaz Ramon, a third-party deponent ("Deponent" or "Ramon") in the underlying litigation pending in the Eastern District of Texas as *The Diamond Consortium, Inc. et al. v. Mark Hammervold et al.*, under Civil Action No. 4:17-cv-00452, in which he seeks to quash a subpoena *duces tecum* issued by The Diamond Consortium, Inc. ("DCI"). Because Ramon resides in the Middle District of Tennessee, his motion to quash is presented to this Court. *See* [Fed. R. Civ. P. 45(d)(3)(B)](#) . DCI filed a response in opposition to the motion to quash (Docket No. 2). By order entered on December 14, 2018 (Docket No. 3), Judge Trauger referred this matter to the Magistrate Judge for disposition.

**Bloomberg Law**   \*      © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. [Terms of Service](#)

Following a discovery conference with Magistrate Judge Frensley, the parties filed a joint status report (Docket No. 6) advising the Court that they were unable to resolve the contest over Ramon's deposition. For the reasons stated below, the motion to quash (Docket No. 1) is DENIED (except as to privileged documents, for which **Rule 45** already makes provision).

Under **Rule 45** , the court must quash or modify a subpoena that "fails to allow a reasonable time to comply ... requires disclosure of privileged or other protected matter, if no exception or waiver applies[,] or ... subjects a person to undue burden." **Fed.R.Civ.P. 45(d)(3)(A)** . Courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under **Rule 26** . *Hendricks v. Total Quality Logistics, LLC*, **275 F.R.D. 251** , **253** (S.D. Ohio 2011). The party seeking to quash a subpoena bears the burden of proof. *Id* .

Ramon bases his motion to quash on claimed burdens that no longer exist. Docket No. 1 at 4. The holiday sales season is now concluded and Ramon has had sufficient time since service of the subpoena to search for and compile non-privileged responsive documents. Nevertheless, other than production of information that Ramon claims to be privileged, he continues to assert that compliance with the subpoena results in some unspecified burden and expense and is intended only to harass him. Docket No. 6 at 4-5. Those broad contentions are not sufficient to carry the day. For all the Court knows, the non-privileged documents could be retrieved with a fairly simple computer search. Even if that is not the case, without more and specific detail, the Court cannot conclude that the requested information is not relevant, is disproportionate to the needs of the case, or is otherwise outside the scope of permissible discovery. **[\*2]** *See* **Fed. R. Civ. P. 26(b)(1)** . Nor is the Court persuaded by Ramon's argument that the requested documents relate to parties with whom settlements were reached. That fact in and of itself does not determine the scope of discovery. Given the allegations in the Second Amended Complaint (Docket No. 2-1), the Court finds information relating to Brian Manookian, Brian Cummings, and Cummins Manookian PLC to be relevant, and, absent any other details by Ramon, proportional to the needs of the case within the meaning of **Rule 26(b)(1)** . The motion to quash is therefore appropriately denied, except as to any documents that Ramon claims to be privileged.

Accordingly, by no later than January 7, 2019, Ramon must produce all non-privileged subpoenaed documents.[1] The production must also include a log of any responsive information or documents that are withheld as privileged. *See* **Fed. R. Civ. P. 45(e)(2)** .

Ramon must appear for deposition for up to seven (7) hours on a date between January 9 and 23, 2019.[2] The parties are expected to mutually agree on a date, but if they are unable to do so, then Ramon shall appear on January 23, 2019, at 9:00 a.m. (Central time), at a location designated by DCI's counsel. To the extent necessary, the Court modifies the previously issued subpoena in accordance with this Order, and Ramon is therefore commanded to appear as directed herein.

Because the Court finds that Ramon is at least equally at fault in failing to reach a resolution of this matter, the Court declines to award any attorney's fees or costs.

It is SO ORDERED.

/s/ Barbara D. Holmes

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

BARBARA D. HOLMES

United States Magistrate Judge

---

fn

1

Although this date is less than fourteen (14) days from the date of this Order, the Court finds it reasonable given that Ramon has known for more than a month exactly what information DCI is requesting, and he could—and should—have been compiling responsive documents during that time.

fn

2

The Court finds no basis for Ramon to insist that his deposition be limited to two (2) hours. Nor any merit in his demand that DCI must reissue its subpoena *duces tecum*.

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service