# EXHIBIT 7

 Abundes v. Athens Food Servs., LLC, No. 3:14-1278, 2015 BL 524169 (M.D. Tenn. Sept. 18, 2015), Court Opinion

Pagination
*    BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

JUAN ANTONIO ABUNDES, et al v. ATHENS FOOD SERVICES, LLC, et al

NO. 3:14-1278

September 18, 2015, Filed

For Juan Antonio Abundes, Jesus Emanuel Abundes, Sanjuana Ernestina Yebra, Plaintiffs: Peter C. Robison, Thomas I. Carlton, Jr., Cornelius & Collins, LLP, Nashville, TN.

For Athens Food Services, LLC, Athens Food Services, Adel Elostta, Evangelia Dina Kazakos Elostta, Defendants: Matthew R. Zenner, Zenner Law, PLLC, Brentwood, TN; Perry A. Craft, Law Office of Perry A. Craft, PLLC, Nashville, TN.

For Athens Food Services 1, Defendant: Matthew R. Zenner, Zenner Law, PLLC, Brentwood, TN; Perry A. Craft, Perry A. Craft, Law Office of Perry A. Craft, PLLC, Nashville, TN.

BARBARA D. HOLMES, United States Magistrate Judge.

BARBARA D. HOLMES

## *MEMORANDUM AND ORDER*

Pending before the Court is Defendants' motion (Docket Entry No. (DE) 26) seeking to quash a subpoena issued by Plaintiffs to SunTrust Bank for production of bank records for account holders Athens Food Services LLC, Athens Food Services, Athens Food Services 1, Mohammad S. Rasras, Adel Elostta, and Evangelia Dina Kazakos Elostta, all of which are named Defendants.[1] The stated bases for Defendants' motion are that the

subpoena: (i) creates and causes an undue burden; (ii) is overbroad; and (iii) is not relevant to the basic claims made by Plaintiffs. Although Defendants do not specifically request a protective order, they also maintain that production would improperly expose their financial records "to the world". As an alternative to quashing the subpoena, Defendants request that the Court modify the subpoena.[2]

Plaintiffs respond in opposition to Defendants' motion to quash (DE 27) that the subpoenaed documents are relevant and discoverable. Plaintiffs further state that the described information was requested from Defendants during written discovery, but Defendants have been unwilling or unable to produce the records. For the reasons described herein, Defendants' motion to quash the subpoena will be DENIED. Defendants' request to modify the subpoena will be GRANTED as provided herein. Additionally, the Court will order that access to documents or information produced in response to the subpoena will be restricted as provided herein.

## I. Background

On June 9, 2014, Plaintiffs filed their complaint against Defendants to recover damages, including punitive damages, pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et. seq.*, and for alleged breach of contract under state common law, relating to Plaintiffs' employment with Athens Family Restaurant, which Plaintiffs allege was owned and/or operated by one or more of Defendants. (DE 1). On July 31, 2014, Defendants filed an answer, which maintains, among other defenses, that "Defendants' activities do not implicate commerce among the several states, and Congress is not authorized to regulate intrastate commerce under the Constitution, Article 1, Section 8 ." (DE 15 at p. 8, ¶ 48). Defendants acknowledge that "the courts have not accepted this argument, but they argue it in good faith and seek to modify **[*2]** or change existing law and preserve any claims for possible review on appeal." (DE 15 at p. 8, ¶ 48). Defendants also contest this Court's exercise of supplemental and pendent jurisdiction over Plaintiffs' state common law claims.

By order of June 10, 2014, this case was referred to the magistrate judge for customized case management in accordance with Local Rule 16.01 . (DE 5). On or about November 10, 2014, Plaintiffs issued a subpoena to SunTrust Bank to produce by December 2, 2014 certain documents described as:

> Any and all documents related to account holders Athens Food Services, LLC, Athens Food Services, Athens Food Services 1, Mohammad S. Rasras ... , Adel Elostta ... and Evangelia Dina Kazakos Elostta ... , including (but not limited to) monthly account statements, copies of checks, payroll records, loan documents, service agreements, etc., for the period of January 2007 to April 2014.

On November 24, 2014, Defendants filed the instant motion to quash (DE 26), to which Plaintiffs timely responded in opposition on December 9, 2014 (DE 27).[3]

## II. Summary of the Issues

Defendants want the Court to quash or modify the subpoena issued to SunTrust Bank (DE 26). Plaintiffs request that the Court deny the motion to quash or, in the alternative, direct Defendants to provide the information directly as requested in discovery (DE 27).

## III. Analysis

Under **Rule 45**, the court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies[,] or ... subjects a person to undue burden." **Fed.R.Civ.P. 45(d)(3)(A)(iii)**. While **Rule 45** does not list irrelevance or overbreadth as reasons for quashing a subpoena, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under **Rule 26**. *Hendricks v. Total Quality Logistics, LLC*, **275 F.R.D. 251**, **253** (S.D.Ohio 2011). The party seeking to quash a subpoena bears the burden of proof. ***Id.***

Ordinarily, a party has no standing to challenge a subpoena issued to a non-party unless the party can claim some personal right or privilege with regard to the documents sought. *Donahoo v. Ohio Dep't of Youth Servs.*, **211 F.R.D. 303**, **306** (N.D. Ohio 2002)(the party to whom a subpoena is directed is the only party with standing to oppose it). *See also Riding Films, Inc. v. John Does 129-193*, [**2013 BL 174928**], 2013 U.S. Dist. LEXIS 92049, at *4 (S.D. Ohio 2013)(citations omitted). Courts have considered bank records to be documents in which a party may claim a personal right sufficient to confer standing to move to quash a third-party subpoena directed to the bank. ***Id.***

Standing to make the motion does not carry the day for Defendants, though. **Rule 45** requires that the party issuing the subpoena "take steps to avoid imposing undue burden or expense **on a person subject to the subpoena**." **Fed.R.Civ.P. 45(d)(1)** (emphasis added). The Court agrees with the conclusion of other courts in this circuit that only the entity responding to the subpoena has standing to challenge the subpoena on the basis of undue burden. *See Riding Films, Inc. v. John Does 129-193*, *supra* at *6. Defendants' request to quash or modify the subpoena as unduly burdensome is therefore denied.[4]

Defendants' challenge to the subpoena on grounds that the requested [*3] financial information is unrelated to the "basic claims" is equally unavailing. Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery of admissible evidence. **Fed.R.Civ.P. 26(b)(1)**. Relevance for discovery purposes is extremely broad. *Lewis v. ACB Bus. Servs., Inc.*, **135 F.3d 389**, **402** (6th Cir.1998). In particular, discovery is more liberal than the trial setting, as **Rule 26(b)** allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." ***Id.*** quoting *Mellon v. Cooper-Jarrett, Inc.*, **424 F.2d 499**, **501** (6th Cir.1970). *See also Oppenheimer Fund, Inc. v. Sanders*, **437 U.S. 340**, **351**, **98 S.Ct. 2380**, **57 L.Ed.2d 253** (1978)(discovery under **Rule 26** is broadly construed to encompass any matter that bears on, or that reasonably could lead to any other matter that could bear on, any issue that is or may be in the case). In considering the scope of discovery in this case, the Court may balance Plaintiffs' right to discovery with the need to prevent so-called fishing expeditions. *Conti v. Am. Axle and Mfg., Inc.*, **326 Fed. Appx. 900**, **907** (6th Cir.2009).

Given the broad scope of discovery, the Court finds that Defendants did not carry their burden to quash the subpoena. Defendants' motion provides no details of the banking practices of Athens Family Restaurant, such as, for instance, from what bank account payroll was made, including wages to Plaintiffs.[5] Maybe payroll was made from a bank account of one of the individual Defendants? There is no way for the Court to know. Without that kind of specific detail, the Court cannot conclude that the requested information is either a fishing expedition or not relevant for discovery purposes.

Moreover, Defendants maintain in their answer that the FLSA does not apply to them because they are not

engaged in interstate commerce. Plaintiffs are entitled to discovery on the question of whether FLSA coverage applies to Defendants. *See Gulden v. Menages, Inc.*, [2014 BL 235660], 2014 U.S. Dist. LEXIS 118804, at *2-4 (M.D. Tenn. 2014) (scope of "commerce" under the FLSA is a legitimate question for discovery). The subpoenaed bank records are directly relevant to that inquiry.

The records are also relevant, at least to some extent, to Plaintiffs' claim for punitive damages. A party's financial position is relevant to a punitive damages claim and therefore such information is discoverable. *See In re Heparin Products Liability Litigation*, 273 F.R.D. 399, 407-09 (S.D. Ohio 2011) (compilation of cases addressing relevancy of party's financial condition). While an individual's or an entity's financial position is usually evaluated from tax returns or financial statements, those documents may be compiled from a variety of sources, including bank records. Based on the information provided, the Court cannot conclude that the subpoenaed bank records are not relevant or are a fishing expedition.[6]

For all of these reasons, the Court finds that the subpoenaed records are relevant and reasonably calculated to lead to discoverable information.[7] Although the subpoenaed information is relevant, Plaintiffs' request is overly broad.

The subpoena seeks records from January of 2007 through April **[*4]** 2014. FLSA claims must be filed within two years after the cause of action accrues, unless there is a willful violation of the statute, in which case the statute of limitations is extended to three years. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135, 108 S.Ct. 1677, 1680, 100 L.Ed2d 115 (1988). Plaintiffs have asserted that Defendants willfully violated the FLSA. Payroll records for the three years preceding Plaintiffs' complaint are therefore discoverable. Additionally, because Defendants assert that they are not engaged in interstate commerce for purposes of the FLSA, all of the requested records for that same time period are likewise discoverable. All of the subpoenaed records from June 2011 through April 2014 shall be produced.[8]

Plaintiffs have also asserted state common law claims for breach of contract.[9] Under Tennessee law, breach of contract claims are subject to a six-year statute of limitations. Tenn. Code Ann. § 28-3-109(a)(3). This action was commenced on June 9, 2014. Plaintiffs have not shown any basis for production of records prior to June 2008.[10] Nor have Plaintiffs shown any basis for records other than payroll records prior to June 2011. Accordingly, the subpoena is modified to require production of only checks made payable to any of the named Plaintiffs for the period of June 2008 through June 2011.

To summarize, Defendants' motion to quash is denied, except to the extent that Defendants' motion seeks a modification of the subpoena, which is granted, and the subpoena is modified to require production of documents as follows.

1. By no later than 21 days from the date of this Memorandum and Order, SunTrust Bank shall produce, at the location set forth in the subpoena, the records requested in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated November 10, 2014, but only for the period of June 2011 through April 2014.

2. Additionally, by no later than 21 days from the date of this Memorandum and Order, SunTrust Bank shall also produce, at the location set forth in the subpoena, copies of checks made payable to any of the named

Plaintiffs for the period of June 2008 through June 2011.

3. Plaintiffs' counsel shall serve a copy of this Memorandum and Order on SunTrust Bank or issue a new subpoena consistent with this Memorandum and Opinion, either of which shall be served by the means provided for in **Fed.R.Civ.P. 45(b)** .[11]

4. Because some of the bank records may contain sensitive information, including information from which individual identities may potentially be at risk of identity theft, access to such information is appropriately restricted. Such information shall be subject to the same confidentiality and access provisions already agreed to by the parties with respect to other financial information, or as may be otherwise agreed to by the parties.

5. If either party requests other or additional conditions not found in the confidentiality agreement, they shall file a motion for a protective order with the proposed protective order attached by no later than **October 5, 2015**, and the Court shall address any pending motion at the case **[*5]** management conference set for October 14, 2015, unless resolved prior to that date. If the parties are not in agreement about the confidentiality terms, access to all information and documents produced shall be limited to counsel and to any secretarial, clerical, paralegal or student personnel employed by counsel until such time as the Court issues a separate protective order.

Any party desiring to appeal any order of the Magistrate Judge may do so by filing a motion for review no later than fourteen (14) days from the date of service of the Order. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the appeal. *See* **Rule 72.02(b)(1)** of the Local Rules of Court and **Rule 72(a) of the Federal Rules of Civil Procedure** .

It is SO ORDERED.

/s/ Barbara D. Holmes

BARBARA D. HOLMES

United States Magistrate Judge

---

**fn**
1

Defendant Athens Foods Services LLC filed a corporate disclosure statement indicating it has been administratively dissolved. *See* DE 18.

**fn**
2

The Court notes that Defendants did not provide any specific details of a proposed modification to the subpoena.

fn
3

The parties also filed a joint motion to ascertain status and to amend the scheduling order (DE 28) and a joint motion to continue the trial date. By order of September 10, 2015, the Honorable Todd J. Campbell, District Judge, reset the jury trial for March 29, 2016 (DE 33). A case management conference is set for October 14, 2015, to address all other scheduling issues (DE 29 and DE 32).

fn
4

Even if Defendants had standing to challenge the subpoena on the basis of undue burden, Defendants' motion does not offer any specific details of the claimed burden or offer any alternatives that might enable some degree of production, and is therefore denied for that additional reason.

fn
5

The Court notes that Defendants did not submit an accompanying memorandum of law with their motion as required by *Local Rule 7.021(a)*, and their motion is virtually devoid of any facts or details that might be helpful to the Court's analysis.

fn
6

If Defendants had offered to produce other documentation evidencing the financial condition of Athens Family Restaurant, for instance balance sheets, income statement, and tax returns for 2012 through 2014, the Court would have been inclined to agree that those would, at least initially, sufficiently enable Plaintiffs to develop their claim for punitive damages. *See In Heparin Products Liability Litigation*, **273 F.R.D. at 409-410** .

fn
7

The possibility that the requested records, once produced, will also contain information and documents that may not be relevant to Plaintiffs' claims and the sensitivity of which warrants a protective order is not lost on the Court. Again, without any details of the kind of information that Defendants anticipate as contained within the subpoenaed documents, the Court is unable to evaluate the extent to which that is an actuality rather than just a possibility. Additionally, the parties apparently have in place some kind of confidentiality agreement by which other financial information was exchanged in discovery. The conditions of that confidentiality agreement were not provided to the Court. Plaintiffs' response alludes to a refusal by Defendants to simply provide the requested records. Defendants' motion did not address why the subpoenaed records could not be produced subject to that same confidentiality agreement. Neither filing provides adequate detail from which the Court can determine the extent to which the parties made any effort to resolve these issues without intervention by the Court. Consequently, the Court has fashioned a

resolution for them as provided herein.

fn
8

April of 2014 is the end of the period because Plaintiffs were not employed by Defendants after that date. Also, this same time period, although perhaps slightly longer, is the time period for which records of Defendants' financial condition would be discoverable.

fn
9

Defendants contest this Court's jurisdiction over those claims, but those claims remain pending before this Court.

fn
10

Plaintiffs state in their response to Defendants' motion to quash that they worked for Defendants from 2007 through 2014, "the years indicated in the subpoena" (Docket Entry No. 27 at pp. 1-2). That statement is not consistent with Plaintiffs' complaint, which states that Plaintiffs were employed by Defendants from 2008 through April 2014 (Docket Entry No. 1 at p. 4, ¶ 9). Regardless, the Court finds that the appropriate temporal scope of discovery for purposes of the instant motion is determined by the applicable statutes of limitations, not Plaintiffs' periods of employment.

fn
11

Defendants may also produce the records in lieu of production by SunTrust Bank. If Defendants choose to produce the records, they shall be produced as requested for the time periods ordered by the Court and subject to the protective provisions provided for herein. If Defendant chooses to produce the records, Defendants' counsel shall promptly notify Plaintiffs' counsel so that the subpoena to SunTrust Bank can be released. To be clear, if Defendants do choose to produce the records, the records shall be produced in their entirety as provided for herein.