UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
|     Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Frensley |
| | ) |
|     Defendant. | ) Jury Demand |

**DEFENDANT'S REPLY BRIEF**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, files this reply brief in support of its Motion to Dismiss Count V of Plaintiff's Third Amended Complaint. (Doc. #39).

    **I.    Plaintiff Misinterprets Title VII's Religious Protections**

Plaintiff has misinterpreted the nature and scope of religious protections provided by Title VII. Plaintiff believes that Title VII requires private employers, like Defendant, to be completely neutral with respect to religion. That is the only rational explanation for Plaintiff's fervent belief that Defendant's prohibition against premarital sex is a *per se* violation of Title VII. In Plaintiff's view, a private employer cannot have any religiously inspired workplace rules *unless* they are exempt from Title VII under 42 U.S.C. §2000e-1 or the ministerial exception. That is simply incorrect.

The parties have been litigating Plaintiff's religious accommodation claim in this case through two radically different lenses and Plaintiff's view of Title VII is wrong. Title VII only prohibits religious discrimination in the workplace, ***not*** religion itself. 42 U.S.C. §2000e-2(a); *see, e.g., Bozarth v. Md. State Dep't of Educ.,* 2021 BL 120784 at *26 FN5 (D. Md. Mar. 31,

2021)¹; *Ross v. Colo. Dep't of Transp.*, 2012 BL 299459 at *8-9 (D. Colo. Nov. 4, 2012)²; *cf. Dixon v. Hallmark Cos.,* 627 F.3d 849, 858 (11th Cir. 2010)(employers *allowed* to keep workplace free of religious symbols). Private employers, like Defendant, are not required to maintain religiously neutral workplaces. *Id.*

Title VII only cares about workplace rules to the extent that they intersect with employees' sincerely held religious beliefs. A workplace rule, religiously inspired or secular, becomes a Title VII issue when it conflicts with an employee's sincerely held religious beliefs. *See, e.g., Hall v. Baptist Mem'l Health Care Corp.,* 215 F.3d 618, 627-28 (6th Cir. 2000). Then, and only then, does an employer potentially assume an obligation to accommodate the employee.

If Plaintiff's interpretation of Title VII were correct, an employee could bring a cause of action against their employer solely for having a religiously inspired workplace rule, regardless of whether and how it was applied. That cause of action does not exist under Title VII. *See, e.g., Pedreira v. Ky. Baptist Homes for Children, Inc.,* 579 F.3d 722 (6th Cir. 2009)(no violation despite employer's religiously inspired workplace rule against practicing homosexuality). That interpretation would also absurdly preference secular workplace rules over religiously inspired ones, when the intent of Title VII is the complete opposite. *See, e.g., EEOC v. Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768 (2015) (Title VII treats religious practices more favorably than secular practices).

Even the U.S. EEOC agrees with Defendant. In the EEOC Compliance Manual, the Commission acknowledges that "[s]ome employers have integrated their own religious beliefs or practices into the workplace, and they are entitled to do so." EEOC Compliance Manual §

---

¹ Defendant has attached a copy of this unpublished case as Exhibit 1.

² Defendant has attached a copy of this unpublished case as Exhibit 2.

2

12(IV)(C)(7) (2021). There is nothing inherently illegal about Defendant's prohibition against premarital sex.

## II. Paragraph 24 of Plaintiff's Third Amended Complaint

In Paragraph 24 of Plaintiff's Third Amended Complaint, Plaintiff states that she "does not believe premarital sex is a requirement or fundamental tenet of her faith as a Christian." (Doc. #37). She said the same thing in Paragraph 18 of her proposed Second Amended Complaint. (Doc. #25-1). It is a significant admission by Plaintiff, which Defendant has emphasized repeatedly:

- Defendant's Response in Opposition to Plaintiff's Motion to Amend Complaint (Doc. #30 at PageID #352) filed on March 23, 2021;

- Defendant's Response in Opposition to Plaintiff's Third Motion to Amend Complaint (Doc. #35 at PageID #497-98) filed on May 3, 2021; and

- Defendant's Motion to Dismiss Count V of Plaintiff's Third Amended Complaint (Doc. #39 at PageID #607) filed on June 4, 2021.

The import is obvious. If premarital sex is neither a requirement nor fundamental tenet of Plaintiff's Christian faith, then she cannot possibly maintain a religious accommodation claim based on Defendant's prohibition against premarital sex.

Three months and three legal briefs by Defendant later, Plaintiff realizes that she has pled herself into a corner. So, on response, Plaintiff audaciously adds "[not having]" to paragraph 24 of her Third Amended Complaint. (Doc. #40 at PageID #656).

Unfortunately for Plaintiff, adding "[not having]" does not make any difference. Under either formulation, premarital sex was *optional* for Plaintiff, so she could have complied with Defendant's prohibition against it without violating her sincerely held religious beliefs.

3

### III. Plaintiff Has Not Distinguished *Pedreira*

The Sixth Circuit's decision in *Pedreira* compels dismissal of Count V of Plaintiff's Third Amended Complaint and she has not distinguished it. The central point of *Pedreira* is that an employee's termination for merely failing to comply with their employer's religiously inspired workplace rule does not state a claim for religious discrimination under Title VII. 579 F.3d 722, 727-28 (6th Cir. 2009).[3]

In *Pedreira*, the employer prohibited employees from practicing homosexuality on religious grounds, the employee was a lesbian, and she was terminated upon the employer discovering her sexual orientation. *Id.* The Sixth Circuit held that the employee's termination for being a lesbian did not state a claim for religious discrimination because religious discrimination is premised upon religious beliefs not conduct. *Id.* The court also refused to infer the employee's religious beliefs regarding homosexuality from her sexual orientation. *Id.* at 728. *See also, e.g., Reed v. Great Lakes Cos.,* 330 F.3d 931, 935-36 (7th Cir. 2003) ("Even if [a person] wears a religious symbol, such as a cross or a yarmulka, this may not pinpoint his particular beliefs and observances….").

Plaintiff attempts to distinguish *Pedreira* by pointing to the allegations in the Third Amended Complaint regarding her sincerely held religious beliefs about premarital sex. However, all of those allegations were first communicated to Defendant *after* her employment was terminated and this lawsuit was filed. During Plaintiff's employment, she only alleges to have communicated her sincerely religious beliefs regarding premarital sex to Defendant one

---

[3] In *Pedreira*, the Sixth Circuit recited the following line from *Hall* in passing: "Title VII's scope 'include[s] the decision to terminate an employee **whose conduct** or religious beliefs **are inconsistent with those of its employer**.'" 579 F.3d at 727 (emphasis added). To the extent that termination for mere conduct inconsistent with an employer's religiously inspired workplace rule ever stated a claim under Title VII, the Sixth Circuit expressly rejected that position in *Pedreira* and necessarily clarified or overruled *Hall*. *Id.* at 727-28.

4

time—her June 18, 2020 e-mail to Mr. Lopez (Doc. #39-3)—but there is absolutely no mention of Plaintiff's beliefs in that e-mail. *Pedreira* is virtually identical to this case and compels the same result.

### IV. Plaintiff Did Not Timely Request a Religious Accommodation

If a workplace rule violates an employee's sincerely held religious beliefs, Title VII requires the employee to inform their employer of the conflict and request an accommodation *before* violating the rule. *See, e.g., Reed v. Great Lakes Cos.,* 330 F.3d 931, 935-36 (7th Cir. 2003); *Chalmers v. Tulon Company,* 101 F.3d 1012, 1020-21 (4th Cir. 1996); *Johnson v. Angelica Uniform Group, Inc.,* 762 F.2d 671, 673 (8th Cir. 1985); *Averett v. Honda of America Mfg., Inc.,* 2010 BL 26701 at *10-11 (S.D. Ohio Feb. 9, 2010).[4]

Plaintiff claims that she requested a religious accommodation with respect to Defendant's prohibition against premarital sex via her e-mail to Mr. Lopez on June 18, 2020. (Docs. #37 at ¶32; 39-3). By then, Plaintiff had already violated the rule.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

---

[4] Defendant has attached a copy of this unpublished case as Exhibit 3.

## CERTIFICATE OF SERVICE

I certify that, on June 30, 2021, I caused a copy of the foregoing document to be filed through the Court's CM/ECF system, which will automatically notify and send a copy of the document to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*