# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR,<br>    Plaintiff,<br><br>v.<br><br>THE LAMPO GROUP, LLC a/k/a<br>RAMSEY SOLUTIONS,<br>    Defendant. | )<br>)<br>) Civil Action No. 3:20-cv-00628<br>) Judge Richardson/Frensley<br>) Jury Demand<br>)<br>)<br>)<br>) |

## ORDER

The Court held a discovery conference with the Parties on July 7, 2021. For the reasons stated more fully during the conference the Court rules as follows:

1. Robert Kuskin's motion for protective order and to quash third party subpoena (Docket No. 38) is DENIED. Mr. Kuskin shall provide all responsive documents to the subpoena as modified by the Defendants or certify that he has no additional responsive documents apart from those that have already been disclosed.

2. The Parties anticipate entering a revised protective order that includes an attorney's eyes-only designation. Defendant shall provide the personnel file and additional requested information regarding Mr. Hogan subject to the attorney's eyes-only designation.

3. Plaintiff's request to take the deposition of Dave Ramsey is reserved pending completion of additionally scheduled depositions. In the event the Parties are unable to resolve this matter following the completion of the additional discovery, the Parties may seek further assistance from the Court.

4. Information regarding Defendant's net worth is relevant in light of the claims seeking punitive damages. In the event the Parties are unable to reach a stipulated agreement with

regard to the requested information, Plaintiff may file a motion to compel setting for the specific discovery requested and the Court will resolve the matter.

5. The Parties are to continue their meet and confer efforts regarding Plaintiff's documents production primarily related to social medial postings. The Court finds that Plaintiff's social media postings related the substance of the instant lawsuit are relevant and should be produced absent any privilege.

6. Conduct during depositions and permissible objections were discussed during the conference and the Court provided additional guidance to the Parties regarding same. Additionally, the Parties discussed the need to modify the existing deadlines in the case management order and were given instructions that the Court would extend any deadline upon the motion of the Parties as long as it did not interfere with the existing trial date or requirements of Rule 16(h)(1) of the Local Rules of Court which would require the filing of a motion to continue the trial.

**IT IS SO ORDERED.**

_____
**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**