EXHIBIT 1

Winchester v. Wal-Mart Stores, Inc., No. 16-5890, 2017 BL 541269, 2017 Us App Lexis 28184, 2017 WL 11489879 (6th Cir. Mar. 02, 2017), Court Opinion

**Pagination**
\*     BL

**Majority Opinion** >

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

WILLIAM T. WINCHESTER, Plaintiff-Appellant, v. WAL-MART STORES, INC., et al., Defendants-Appellees.

No. 16-5890

March 2, 2017, Filed

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. **SIXTH CIRCUIT RULE 28** LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY.

For WILLIAM T. WINCHESTER, Plaintiff - Appellant: William T. Winchester, Paducah, KY.

For WAL-MART STORES, INC., SAM'S EAST, INC., dba Sam's Club, Defendants - Appellees: Kathryn A. Quesenberry, Dinsmore & Shohl, Louisville, KY.

Before: NORRIS, McKEAGUE, and WHITE, Circuit Judges.

**ORDER**

William T. Winchester, a Kentucky resident proceeding pro se, appeals the district court's order granting summary judgment in favor of the defendants, Wal-Mart Stores, Inc., and Sam's East, Inc. (collectively referred

© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

to as "Sam's Club"). Winchester filed his complaint under the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17 , and Kentucky law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. See Fed. R. App. P. 34(a) . The district court's grant of summary judgment in Sam's Club's favor is AFFIRMED in part and REVERSED in part.

Winchester, then represented by counsel, set forth five claims in his amended complaint: disparate treatment and disparate impact in violation of the ADEA, religious discrimination and retaliation in violation of Title VII, and wrongful discharge in violation of Kentucky law. The district court dismissed Winchester's disparate impact claim on Sam's Club's motion to dismiss.

Winchester presents no argument on appeal regarding the dismissal of the ADEA disparate impact claim and thus has abandoned that claim. See Burley v. Gagacki, 834 F.3d 606 , 618 (6th Cir. 2016). Winchester argues on appeal that Sam's Club's "unsworn self-serving statements" failed to meet its burden on summary judgment, that Sam's Club failed to show that it accommodated his religious practice of not working on Sundays or that such an accommodation would have caused Sam's Club undue hardship, and that his Title VII retaliation claim and state-law claim of constructive discharge were improperly dismissed.

We review de novo the district court's grant of summary judgment. Younis v. Pinnacle Airlines, Inc., 610 F.3d 359 , 361 (6th Cir. 2010). Summary judgment is proper where "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) ; accord Defoe ex rel. Defoe v. Spiva, 625 F.3d 324 , 330 (6th Cir. 2010). The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317 , 325 , 106 S. Ct. 2548 , 91 L. Ed. 2d 265 (1986). The party opposing the motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine [*2] issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242 , 248 , 106 S. Ct. 2505 , 91 L. Ed. 2d 202 (1986). When reviewing a ruling on a motion for summary judgment, we consider the evidence "in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 , 587-88 , 106 S. Ct. 1348 , 89 L. Ed. 2d 538 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654 , 655 , 82 S. Ct. 993 , 8 L. Ed. 2d 176 (1962)).

**Age Discrimination Claim**

Under the ADEA, an employer may not "refuse to hire . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1) . A prima facie case is established under the ADEA if a plaintiff shows that: (1) he is a member of the protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and was denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time his request for promotion was denied. See Provenzano v. LCI Holdings, Inc., 663 F.3d 806 , 812-13 (6th Cir. 2011).

The ADEA's protections apply to individuals who are "at least 40 years of age." 29 U.S.C. § 631(a) . However, the fourth prima facie element may be satisfied by showing that the plaintiff was rejected in favor of someone who is "substantially younger than the plaintiff" rather than someone outside the protected class. See

*O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308 , 311-13 , 116 S. Ct. 1307 , 134 L. Ed. 2d 433 (1996).

If an ADEA plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason" for failing to hire him. *See Provenzano*, 663 F.3d at 814 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 , 254 , 101 S. Ct. 1089 , 67 L. Ed. 2d 207 (1981)). If the employer meets this burden, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078 , 1083 (6th Cir. 1994). "A plaintiff must prove by a preponderance of the evidence (which may be either direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167 , 177-78 , 129 S. Ct. 2343 , 174 L. Ed. 2d 119 (2009).

Winchester's ADEA claim challenges Sam's Club's decision to hire Louis Shales for a Deli Team Lead position for which they had both interviewed. Shales is nine years younger than Winchester. Assuming that Winchester established a prima facie case, Sam's Club articulated a legitimate reason for choosing Shales over Winchester: Shales's thirteen years of experience, including management experience, which was required for the Deli Team Lead job.

The burden then shifted back to Winchester to demonstrate that "the employer's proffered nondiscriminatory reason was not the true reason for the employment decision, but rather a pretext for discrimination." *Provenzano*, 663 F.3d at 815 (citing *Burdine*, 450 U.S. at 256 ). Winchester could demonstrate pretext by showing that Sam's Club's stated reason (1) had no basis in fact, (2) was not the actual reason, or (3) was insufficient to warrant the challenged conduct. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564 , 576 (6th Cir. 2003). At this stage, Winchester's burden merged with his burden of persuasion, "which always lies with the plaintiff." *See Bender v. Hecht's Dep't Stores*, 455 F.3d 612 , 624 (6th Cir. 2006) (quoting *Gragg v. Somerset Tech. Coll.*, 373 F.3d 763 , 768 (6th Cir. [*3] 2004)).

Winchester presented no evidence that he was as qualified as Shales for the position. "Relative qualifications establish triable issues of fact as to pretext where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no reasonable employer would have chosen the latter applicant over the former, or (2) plaintiff was as qualified as if not better qualified than the successful applicant, and the record contains 'other probative evidence of discrimination.'" *Bartlett v. Gates*, 421 F. App'x 485 , 490-91 (6th Cir. 2010) (quoting *Bender*, 455 F.3d at 627-28 ).

The evidence does not show that Winchester's qualifications were better—let alone "significantly better"—than Shales's so that no reasonable employer would have chosen Winchester over Shales. *See Bender*, 455 F.3d at 627-28 . In addition, Winchester provided no "other probative evidence of discrimination." *Id.* The district court did not err when it determined that Winchester failed to meet his burden of showing that Sam's Club's reasons for its hiring decision were pretextual, and its dismissal of this claim was thus proper.

**Religious Discrimination**

**A.**

Winchester asserts that Sam's Club discriminated against him when it abruptly terminated his interview for the position of Membership Champion, another management-level position, after Winchester expressed that he

would not work on Sundays. Around that time, a Sam's Club supervisor also informed Winchester about an available meat-cutter position with higher pay, but Winchester did not apply for that position because it required Sunday hours. Because Winchester never applied for the meat-cutter position, the district court properly focused on Winchester's claim regarding the Membership Champion position.

Title VII prohibits employers from refusing to hire an individual based on religion. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 , 135 S. Ct. 2028 , 2031 , 192 L. Ed. 2d 35 (2015) (citing 42 U.S.C. § 2000e-2(a) ). The relevant statute defines "religion" as including "all aspects of religious observance and practice . . . unless an employer demonstrates that he is unable to reasonably accommodate" a "religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* (quoting § 2000j). To establish a prima facie case under this statute, a plaintiff must show that (1) he holds a sincere religious belief that conflicts with an employment requirement; (2) he has informed the employer about the conflict; and (3) he was not hired because of the conflicting requirement. *See Tepper v. Potter*, 505 F.3d 508 , 514 (6th Cir. 2007).

Once an applicant has established a prima facie case, the employer must show that it could not reasonably accommodate the applicant without undue hardship. *Id.* ; *see also Yeager v. FirstEnergy Generation Corp.*, 777 F.3d 362 , 363 (6th Cir.), *cert. denied*, 136 S. Ct. 40 , 193 L. Ed. 2d 26 (2015). Because Winchester presented no direct evidence of discrimination, the burden-shifting framework of *McDonnell Douglas* applies. *See Barrett v. Whirlpool Corp.*, 556 F.3d 502 , 515 (6th Cir. 2009) (quoting *Amini v. Oberlin Coll.*, 440 F.3d 350 , 359 (6th Cir. 2006)).

The district court determined that Winchester presented a prima facie case regarding Sam's Club's decision to not hire him for the Membership [*4] Champion position. The burden thus shifted to Sam's Club to show that it could not reasonably accommodate Winchester without undue hardship, *see Cooper v. Oak Rubber Co.*, 15 F.3d 1375 , 1378 (6th Cir. 1994), and the district court determined that Sam's Club had met this burden. In support of its summary judgment motion, Sam's Club cited Winchester's deposition testimony that Jenna Rickman, who interviewed him for the position, informed him that the Membership Champion position required a Thursday through Sunday schedule. Winchester testified that when he told Rickman he was not available to work on Sundays, his interview was abruptly terminated. Winchester also testified that he was aware that there was only one Membership Champion position for the entire store, and acknowledged that if the store experiences high-volume traffic on Sundays, Sam's Club would want the position covered on Sundays.

In *Trans World Airlines v. Hardison*, 432 U.S. 63 , 84 , 97 S. Ct. 2264 , 53 L. Ed. 2d 113 (1977), an employee sought Saturdays off in order to accommodate his religious beliefs. The Court held, "To require TWA to bear more than a de minimis cost in order to give Hardison Saturdays off is an undue hardship," and explained:

> By suggesting that TWA should incur certain costs in order to give Hardison Saturdays off the Court of Appeals would in effect require TWA to finance an additional Saturday off and then to choose the employee who will enjoy it on the basis of his religious beliefs.
>
> While incurring extra costs to secure a replacement for Hardison might remove the necessity of compelling another employee to work involuntarily in Hardison's place, it would not change the fact that the privilege of having Saturdays off would be allocated according to religious beliefs.

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

> As we have seen, the paramount concern of Congress in enacting Title VII was the elimination of discrimination in employment. In the absence of clear statutory language or legislative history to the contrary, we will not readily construe the statute to require an employer to discriminate against some employees in order to enable others to observe their Sabbath.

Id. at 84-85 ; *Tepper v. Potter*, 505 F.3d 508 , 514 (6th Cir. 2007) (For the purpose of religious accommodation, "[t]o require an employer to bear more than a *de minimis* cost in order to accommodate an employee's religious beliefs is an undue hardship.") (quoting *Cooper v. Oak Rubber Co.*, 15 F.3d 1375 , 1378 (6th Cir. 1994)).

Citing *Trans World Airlines* and *Cooper*, the district court dismissed this claim on the ground that Winchester proposed no accommodation that would not require Sam's Club to hire an additional employee or rearrange other employee schedules, and that accommodating Winchester would thus impose undue hardship on Sam's Club.

The district court, however, based this conclusion on insufficient evidence and a misstatement of the law. Sam's Club offered little—not even an affidavit from its managers—to demonstrate that these scheduling consequences, or any other undue hardship, would necessarily follow from accommodating Winchester. Further, the district court erroneously held that Winchester had to **[*5]** propose an accommodation to Sam's Club. It was simply not Winchester's burden to do so. *See Redmond v. GAF Corp.*, 574 F.2d 897 , 901 (7th Cir. 1978).

As to the Membership Champion position, Sam's Club presented insufficient evidence that it could it not accommodate Winchester's religious practices without undue hardship, thus the district court's grant of summary judgment was improper.

**B.**

Title VII encompasses claims that an employer failed to accommodate a religious practice in a hiring decision as well as claims of discrimination during employment based on religion, *see Tepper*, 505 F.3d at 513-15 , and Winchester raises the second type of claim as well. Winchester implies that Sam's Club failed to accommodate his religious practice during his employment as a Rotisserie Associate by failing to inform him of other open positions at Sam's Club with higher pay, even if they required Sunday hours. To establish a prima facie case of religious discrimination, Winchester bore the burden of showing that he held a sincere religious belief that conflicted with an employment requirement, that he informed Sam's Club of the conflict, and that he was discharged or disciplined for failing to comply with the conflicting requirement while he was a Rotisserie Associate. *See Cooper*, 15 F.3d at 1378 . Once an applicant has established a prima facie case, the burden is on the employer to show that it could not reasonably accommodate the applicant without undue hardship. *Tepper*, 505 F.3d at 514 .

Because Winchester failed to show that he was discharged or disciplined for failing to comply with an employment requirement conflicting with his religious beliefs while employed as a Rotisserie Associate, he did not establish a prima facie case of religious discrimination. *See Cooper*, 15 F.3d at 1378 . Even if Winchester had established a prima face case, he presented no evidence to support that while he was a Rotisserie

Associate, "the Defendants made no effort whatsoever to accommodate Winchester's religious belief of not working on Sundays." *See Tepper*, 505 F.3d at 514 . As the district court noted, for over two years Sam's Club scheduled Winchester to work on days other than Sunday. Moreover, Winchester could have discovered open positions at Sam's Club without the assistance of his current supervisors or co-workers. Therefore, the district court properly granted summary judgment on this claim.

**Retaliation Claim**

Winchester claims that he was subjected to retaliation at Sam's Club because of internal complaints he had filed about working conditions and because of his EEOC complaints relating to alleged age and religious discrimination. To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in protected activity under Title VII; (2) his employer knew about the protected activity; (3) his employer took an action that was materially adverse to the plaintiff; and (4) a causal connection existed between the protected activity and the adverse employment action. *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292 , 308 (6th Cir. 2016). To prevail on a Title VII retaliation claim, a plaintiff must show that, "but **[*6]** for" the employee's protected conduct, the employer would not have taken the adverse action. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 , 133 S. Ct. 2517 , 2527 , 186 L. Ed. 2d 503 (2013). The burden-shifting framework of *McDonnell Douglas/Burdine* applies to Title VII retaliation claims as well. *See Braun v. Ultimate Jetcharters, LLC*, 828 F.3d 501 , 510 (6th Cir. 2016). Sam's Club concedes that Winchester met the first prima facie element of engaging in protected activity. The district court assumed that Sam's Club had knowledge of Winchester's protected activity and proceeded to the third and fourth prima facie elements—adverse action and causation.

A plaintiff's burden of establishing a materially adverse employment action is "less onerous in the retaliation context than in the anti-discrimination context." *Laster v. City of Kalamazoo*, 746 F.3d 714 , 731 (6th Cir. 2011) (citing *Burlington Indus., Inc. v. Ellerth*, 548 U.S. 53 , 68 , 126 S. Ct. 2405 , 165 L. Ed. 2d 345 (2006)). Unlike a Title VII discrimination claim, "the antiretaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." *Id. at 730* . To establish the third prima facie element, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id. at 68* (internal quotation marks and citations omitted).

Winchester described various incidents he believes were retaliatory, including an unfair second performance evaluation, which resulted in a comparatively lesser pay increase than he had received after his first evaluation; doubling of his work load; his supervisors' instigation of problems with his co-workers; "veiled threats" to him, communicated by, among other things, knives stuck in chickens that were left in his work areas; isolating him from other employees; setting him up for unfounded charges; reducing his scheduled work hours; and changing his work hours to times that were inappropriate for his position.

Because the district court mistakenly applied the Title VII discrimination standard, rather than the Title VII retaliation standard, and concluded that the alleged incidents were *de minimis* and thus not retaliatory, we must reverse the grant of summary judgment on these claims.

**Constructive Discharge Claim**

⊞ Winchester v. Wal-Mart Stores, Inc., No. 16-5890, 2017 BL 541269, 2017 Us App Lexis 28184, 2017 WL 11489879 (6th Cir. Mar. 02, 2017), Court Opinion

Lastly, Winchester argues that he was constructively discharged two days before he was scheduled to leave Sam's Club to take a higher-paying full-time position elsewhere. Winchester asserted that his work area was "unkempt and unsanitary" when he arrived during his last scheduled week at Sam's Club, and that co-workers had not properly prepared chickens for him to cook, placing him behind schedule. With two days left to work, Winchester quit his job, stating that he was "through with this." The district court properly determined that under Kentucky law, the unclean work station and additional work during the last week of his employment did not present conditions that were "so intolerable that a reasonable person would feel compelled **[*7]** to resign" two days early. *See Com., Tourism Cabinet v. Stosberg*, 948 S.W.2d 425 , 427 , 44 9 Ky. L. Summary 1 (Ky. Ct. App. 1997).

For the reasons stated by the district court, the conditions Winchester described did not amount to constructive discharge under Kentucky law and summary judgment was properly granted on this claim.

Accordingly, we **VACATE** and REMAND as to the grant of summary judgment on Winchester's religious discrimination claim regarding the Membership Champion position and his Title VII retaliation claim. We otherwise AFFIRM the district court's grant of summary judgment.