UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| | ) Case No. 3:20-cv-00628 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES &
JURY DEMAND IN RESPONSE TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, files its Answer, Affirmative Defenses & Jury Demand in response to the Third Amended Complaint (Doc. #37) filed by Plaintiff, Caitlin O'Connor.

**Answer[1]**

1. Defendant admits that Plaintiff is a former employee of Defendant and worked for Defendant at its location in Franklin, Tennessee. Defendant does not have sufficient information to admit or deny the remaining allegations of Paragraph 1 of the Third Amended Complaint.

2. Defendant admits the allegations of Paragraph 2 of the Third Amended Complaint.

3. Defendant admits the allegations of Paragraph 3 of the Third Amended Complaint.

4. Defendant admits the allegations of Paragraph 4 of the Third Amended Complaint.

5. Defendant admits the allegations of Paragraph 5 of the Third Amended Complaint.

6. Defendant denies the allegations of Paragraph 6 of the Third Amended Complaint.

---

[1] Defendant denies the arguments, opinions, allegations, and characterizations by Plaintiff in the introductory unnumbered paragraph of the Third Amended Complaint.

7. Defendant admits the allegations of Paragraph 7 of the Third Amended Complaint.

8. As Defendant reasonably interprets Plaintiff's charge of discrimination and Third Amended Complaint, Defendant admits the allegations of Paragraph 8 of the Third Amended Complaint.

9. Defendant is without sufficient information to admit or deny the allegation in Paragraph 9 of the Third Amended Complaint that Ramsey is not a religious institution as Defendant is uncertain as to what Plaintiff is referring. The remaining allegations of Paragraph 9 are admitted.

10. Defendant is without sufficient information to admit or deny the allegations in Paragraph 10 of the Third Amended Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Third Amended Complaint.

12. Defendant admits the allegations of Paragraph 12 of the Third Amended Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Third Amended Complaint based on its reasonable interpretation of the allegations.

14. Defendant admits the allegations in Paragraph 14 of the Third Amended Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Third Amended Complaint.

16. Defendant admits that Plaintiff sent an e-mail to Armando Lopez on June 18, 2020, and that it is accurately quoted in Paragraph 16 of the Third Amended Complaint. Defendant denies the remaining allegations of Paragraph 16 inconsistent with the foregoing.

17. Defendant admits that the e-mail was circulated among various members of the HRC, Dave Ramsey and Michael Finney as stated in Paragraph 17 of the Third Amended Complaint. Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that Plaintiff received a phone call from a board member on June 19,

2020. Defendant denies the remaining allegations of Paragraph 18 of the Third Amended Complaint as characterized.

19. Defendant admits that Plaintiff met with two board members on June 23, 2020. Defendant denies the remaining allegations of Paragraph 19 of the Third Amended Complaint.

20. Defendant admits that it terminated Plaintiff's employment on June 25, 2020. Defendant denies the remaining allegations of Paragraph 20 of the Third Amended Complaint.

21. Defendant admits the allegations of Paragraph 21 of the Third Amended Complaint.

22. Defendant denies the allegations of Paragraph 22 of the Third Amended Complaint.

23. Defendant admits that the Righteous Living Core Value states that "We believe that character matters. All the time." The remaining allegations of Paragraph 23 of the Third Amended Complaint are denied.

24. Defendant admits upon information and belief that Plaintiff does not believe that premarital sex is a requirement or fundamental tenant [sic] of her faith as a Christian as set forth in Paragraph 24. Defendant denies the remaining allegations of Paragraph 24 of the Third Amended Complaint.

25. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 25 of the Third Amended Complaint.

26. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 26 of the Third Amended Complaint.

27. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 27 of the Third Amended Complaint.

28. Defendant denies that it excommunicated Plaintiff in a cruel manner as alleged in Paragraph 28 of the Third Amended Complaint. Defendant is without sufficient information to either admit or deny the remaining allegations of Paragraph 28 of the Third Amended Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Third Amended Complaint.

30. Defendant denies Plaintiff's allegation in Paragraph 30 that "there is no prohibition on pre-marital sex as a basic tenet of Christianity." As Defendant reasonably interprets the remaining allegations of Paragraph 30 of the Third Amended Complaint, it denies them.

31. Defendant admits that Plaintiff's e-mail dated June 18, 2020 included the language quoted in Paragraph 31 of the Third Amended Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Third Amended Complaint.

33. Defendant is without sufficient information to either admit or deny the allegations in Paragraph 33 of the Third Amended Complaint related to accommodating an exception to the policy. Defendant denies the remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34 of the Third Amended Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Third Amended Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Third Amended Complaint.

37. Defendant reasserts its answers to Paragraphs 1 through 36 of the Third Amended Complaint.

38. Defendant admits that Plaintiff was an eligible employee under the FMLA. Defendant denies all remaining allegations of Paragraph 38 of the Third Amended Complaint.

39. Defendant admits the allegations of Paragraph 39 of the Third Amended Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Third Amended Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Third Amended Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Third Amended Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Third Amended Complaint.

44. Defendant denies the allegations of Paragraph 44 of the Third Amended Complaint.

45. Defendant denies the allegations of Paragraph 45 of the Third Amended Complaint.

46. Defendant reasserts its answers to Paragraphs 1 through 45 of the Third Amended Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Third Amended Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Third Amended Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Third Amended Complaint.

50. Defendant denies the allegations of Paragraph 50 of the Third Amended Complaint.

51. Defendant denies the allegations of Paragraph 51 of the Third Amended Complaint.

52. Defendant denies the allegations of Paragraph 52 of the Third Amended Complaint.

53. Defendant reasserts its answers to Paragraphs 1 through 52 of the Third Amended Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Third Amended Complaint.

55. Defendant admits the allegations of Paragraph 55 of the Third Amended Complaint.

56. Defendant denies the allegations of Paragraph 56 of the Third Amended Complaint.

57. Defendant denies the allegations of Paragraph 57 of the Third Amended Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Third Amended Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Third Amended Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Third Amended Complaint.

61. Defendant reasserts its answers to Paragraphs 1 through 60 of the Third Amended

Complaint.

62. Defendant admits the allegations of Paragraph 62 of the Third Amended Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Third Amended Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Third Amended Complaint.

65. Defendant denies the allegations of Paragraph 65 of the Third Amended Complaint.

66. Defendant denies the allegations of Paragraph 66 of the Third Amended Complaint.

67. Defendant denies the allegations of Paragraph 67 of the Third Amended Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Third Amended Complaint.

69. Count V of the Third Amended Complaint has been dismissed. No answer is required to Paragraphs 69-81 of the Third Amended Complaint.

82. Defendant reasserts its answers to Paragraphs 1 through 68 of the Third Amended Complaint.

83. Paragraph 83 of the Third Amended Complaint asserts a legal conclusion, which Defendant is not required to answer.

84. Defendant denies the allegations of Paragraph 84 of the Third Amended Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Third Amended Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Third Amended Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Third Amended Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Third Amended Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Third Amended Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Third Amended Complaint.

91. Defendant reasserts its answers to Paragraphs 1 through 90 of the Third Amended Complaint.

92. Defendant denies the allegations of Paragraph 92 of the Third Amended Complaint.

93. Defendant denies the allegations of Paragraph 93 of the Third Amended Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Third Amended Complaint.

95. Defendant denies the allegations of Paragraph 95 of the Third Amended Complaint.

96. Defendant denies the allegations of Paragraph 96 of the Third Amended Complaint.

97. Defendant denies the allegations of Paragraph 97 of the Third Amended Complaint.

98. Defendant denies the allegations of Paragraph 98 of the Third Amended Complaint.

99. If Defendant has not answered any allegations of the Third Amended Complaint to which an answer is required, those allegations are denied.

## Affirmative Defenses

1. Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendant would have terminated Plaintiff's employment for violating the Righteous Living Core Value regardless of her membership in any protected class or engagement in any protected activity.

3. Plaintiff has failed to mitigate her damages by not taking reasonable steps to find employment after she was terminated by Defendant.

4. Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine. Specifically, during discovery in this case Plaintiff has admitted to additional violations of the Righteous Living Core Value.

## Jury Demand

Defendant demands a trial by jury of all claims in Plaintiff's Third Amended Complaint.

Respectfully submitted,

/s/Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on October 21, 2021, I caused a copy of *Defendant's Answer, Affirmative Defenses & Jury Demand in Response to Plaintiff's Third Amended Complaint* to be filed via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Leslie Sanders
Leslie Sanders (TN #18973)
*Attorney for Defendant*

8