EXHIBIT 1

⊞ First Fid. Capital Mkts., Inc. v. Reliant Bank, No. 3:17-cv-01080, 2019 BL 493175 (M.D. Tenn. June 24, 2019), Court Opinion

**Pagination**
\*     BL

**Majority Opinion** >

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

---

FIRST FIDELITY CAPITAL MARKETS, INC., Plaintiff, v. RELIANT BANK, et al., Defendants.

---

Case No. 3:17-cv-01080

June 24, 2019, Filed

For First Fidelity Capital Markets Inc., Plaintiff: Stuart A. Burkhalter, Timothy L. Warnock, Riley, Warnock & Jacobson, Nashville, TN USA.

For Reliant Bank, Commerce Union Bancshares, Inc., Reliant Mortgage Ventures, Llc, doing business as Reliant Bank Mortgage Services, Defendants: Kenneth A. Weber, Megan M. Sutton, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC (Nash), Nashville, TN USA.

ALISTAIR E. NEWBERN, United States Magistrate Judge. Judge William L. Campbell, Jr.

ALISTAIR E. NEWBERN

***MEMORANDUM ORDER***

Defendants Reliant Bank, Commerce Union Bancshares, Inc., and Reliant Mortgage Ventures, LLC d/b/a Reliant Bank Mortgage Services (collectively, Reliant) moves for a protective order to prevent the noticed depositions of three of its high-ranking officials. (Doc. Nos. 101, 102.) Plaintiff First Fidelity Capital Markets, Inc. (First Fidelity) has responded in opposition. (Doc. No. 104.) Reliant has replied (Doc. No. 110.) For the reasons that follow, Reliant's motion (Doc. No. 101) will be denied.

**I. Background**

⊞ First Fid. Capital Mkts., Inc. v. Reliant Bank, No. 3:17-cv-01080, 2019 BL 493175 (M.D. Tenn. June 24, 2019), Court Opinion

In this action, First Fidelity claims that Reliant breached a contract between the parties under which First Fidelity was to recruit loan officers and other employees for Reliant. (Doc. No. 1.) Specifically, First Fidelity claims that the President of Reliant Mortgage Ventures, Roger Williams, breached a non-disclosure agreement entered into regarding the recruitment of two First Fidelity clients, Mark Considine and Kyle Zotter, and employed them independently and without compensating First Fidelity for its services. First Fidelity seeks to depose Farsheed Ferdowsi, who holds an ownership interest in Reliant Mortgage Ventures; DeVan D. Ard, Jr., who is the President and Chief Executive Officer of Reliant Bank; and Dan Dellinger, who is the Chief Financial Officer for Reliant Bank and Reliant Mortgage Ventures.

First Fidelity initiated this action on July 24, 2017. (Doc. No. 1.) Under the amended case management order (Doc. No. 84), all written discovery and depositions were set to conclude by June 22, 2019. On April 26, 2019, First Fidelity noticed the depositions of Ferdowsi, Ard, and Dellinger to take place on June 5 and June 6, 2019. (Doc. No. 102-1.) Reliant objected and the parties conferred by telephone on April 30, 2019, but were not able to resolve their differences. (Doc. No. 104-1.) Reliant filed this motion seeking a protective order on May 30, 2019. (Doc. No. 101.)

## II. Legal Standard

The scope of discovery is "'within the sound discretion of the trial court.'" *S.S. v. E. Ky. Univ.*, 532 F.3d 445 , 451 (6th Cir. 2008) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229 , 1240 (6th Cir. 1981)). Generally, Rule 26 permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b) . For "good cause," a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by preventing the disclosure of otherwise-discoverable information. [*2] Fed. R. Civ. P. 26(c)(1) . "The 'good cause' necessary to sustain a protective order under Rule 26(c) must be shown by particular and specific facts, 'as distinguished from stereotyped and conclusory statements.'" *Abriq v. Metro. Gov't of Nashville & Davidson Cty* ., No. 3:17-0690, [2018 BL 143126], 2018 U.S. Dist. LEXIS 67994 , [2018 BL 143126], 2018 WL 1907445 , at *1 (M.D. *Tenn. Apr. 23* , 2018) (quoting *Knight Capital Partners Corp. v. Henkel AG & Co., KGaA*, 290 F. Supp. 3d 681 , 685 (E.D. Mich. 2017)).

## III. Analysis

Reliant seeks a protective order barring First Fidelity from deposing Ferdowsi, Ard, and Dellinger on grounds that, "when a party seeks to depose a high-level executive, who is removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has '***unique personal knowledge***' of facts relevant to the dispute." (Doc. No. 102, PageID# 788 (emphasis in original) (quoting *Wagner v. Novartis Pharm. Corp.*, No. 3:07-CV-129, *2007 U.S. Dist. LEXIS 83212* , [2007 BL 144552], 2007 WL 3341845 , at *1 (E.D. Tenn. Nov. 8, 2007)).) If First Fidelity cannot demonstrate that these officers have such "unique personal knowledge," Reliant argues, a protective order must issue. Reliant offers substantively identical declarations from Ferdowsi, Ard, and Dellinger in support of its argument which state that they were not involved in discussions regarding hiring Considine or Zotter and that they have not communicated with Considine, Zotter, or any First Fidelity representative. (Doc. Nos. 102-2-102-4.)

First Fidelity responds that a protective order cannot be based only on a showing that a high-level official lacks

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

"unique personal knowledge" of the subject of the litigation; instead, the party seeking a protective order must also demonstrate the specific harm that the proposed witness would suffer if deposed. (Doc. No. 104, PageID# 822.) First Fidelity further argues that Reliant has defined the scope of the litigation too narrowly and that Ferdowsi, Ard, and Dellinger do possess personal knowledge relevant to First Fidelity's theory of the case—specifically as to the relationship between Reliant Bank and its Mortgage Division and Williams's possible motives for pursuing Considine and Zotter's employment. First Fidelity cites already-taken deposition testimony that, it asserts, "puts Mr. Dellinger at the heart of the communications between the Mortgage Division and Reliant Bank and . . . puts Mr. Ard and Mr. Farsheed Ferdowsi in the middle of potential disputes between the Mortgage Division and Reliant Bank." ( *Id.* at PageID# 826.)

Reliant's argument for a protective order is based entirely on what has been termed in this Circuit the "'apex doctrine'—a doctrine that bars the deposition of high-level executives absent a showing of their 'unique personal knowledge' of relevant facts . . . ." *Serrano v. Cintas Corp.*, 699 F.3d 884 , 900 (6th Cir. 2012). But that doctrine has been largely invalidated and cannot justify the protective order that Reliant seeks. Indeed, in *Serrano*, the Sixth Circuit found the magistrate judge's reliance on the apex doctrine to grant a protective order to be an abuse of discretion. Id. at 902 . When the proposed deponent is a high-level executive, the Court must still find that one of Rule 26(c)(1) 's specified harms has been "'illustrated with a particular and specific [*3] demonstration of fact, as distinguished from stereotyped and conclusory statements'" to justify a protective order—just as it would with any other witness. Id. at 901 (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540 , 550 (6th Cir. 2004)). "Even in cases where [the Sixth Circuit has] considered extensively a corporate officer's knowledge and, thus, capacity to provide information relevant to the case, [the court has] declined 'to credit a [corporate officer's] bald assertion that being deposed would present a substantial burden,' and still required the corporate officer to meet Rule 26(c)(1) 's requirements." *Id* . (third alteration in original) (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900 , 907 (6th Cir. 2009)).

Reliant's argument that any of the Rule 26(c)(1) factors are met depends on the apex doctrine's premise. To wit, Reliant reasons that, "[g]iven that Mr. Ferdowsi, Mr. Dellinger, and Mr. Ard are high-level executives that have no unique personal knowledge of the events at issue in this litigation, allowing Plaintiff to take their depositions would subject them to undue burden, and appears to be designed to annoy, embarrass, and increase the expense of this matter." (Doc. No. 102, PageID# 790.) But that is the conclusion *Serrano* holds the Court cannot reach without a specific demonstration of a particular harm. Because Reliant offers no more than this syllogism in support of its motion, the protective order must be denied.

## IV. Conclusion

For these reasons, Reliant's motion for a protective order (Doc. No. 101) is DENIED.

By separate order, the Court has extended the discovery deadline to July 17, 2019, to accommodate the taking of depositions. The depositions of Ferdowsi, Dellinger, and Ard may be re-noticed to take place at a mutually convenient date and time before that deadline.

It is so ORDERED.

/s/ Alistair E. Newbern

Bloomberg Law © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

First Fid. Capital Mkts., Inc. v. Reliant Bank, No. 3:17-cv-01080, 2019 BL 493175 (M.D. Tenn. June 24, 2019), Court Opinion

ALISTAIR E. NEWBERN

United States Magistrate Judge

Bloomberg Law
© 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service
// PAGE 4