**EXHIBIT 2**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| CHARLES BRIAN FOX AND MEGAN FOX | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.  3:16-cv-3013 |
| | ) | Chief Judge Crenshaw |
| AMAZON.COM, INC., W2M TRADING CORPORATION | ) | Magistrate Judge Frensley |
| Defendants. | ) | |

## ORDER

Pending before the court is Amazon's Motion for Protective Order Regarding Depositions of Senior Executives and Irrelevant Witnesses and Deposition Topics (Docket No. 71), to which Plaintiffs have filed a response in opposition (Docket No. 73), and Amazon has filed a reply. (Docket No. 79). For the reasons stated herein, the Motion is GRANTED in part, and DENIED in part.

This action arises out of a fire that destroyed Plaintiffs' residence allegedly caused by a hoverboard purchased from W-Deals on the Amazon.com Marketplace. In their complaint, Plaintiffs assert numerous claims of negligence against Amazon and others regarding safety issue associated with hoverboards generally and the version purchased by Plaintiffs specifically. As it undisputed that Amazon did not manufacture, sell, store or ship the product in question. The claims against Amazon focus primarily on their knowledge and response to safety issues regarding the hoverboard products sold by third party sellers.

The parties engaged in written discovery and based in part on responses provided by the Defendant, Plaintiffs seek to take certain depositions of various Amazon employees and

corporate representatives.[1] Specifically, Plaintiff has noticed the deposition of seven witnesses along with a request under Rule 30 (b)(6) of the Federal Rules of Civil Procedure to depose a corporate witness on 14 deposition topics. Docket No. 71-2, 71-3. Defendant's motion seeks a protective order to preclude the deposition of certain executive level employees and to limit the scope of the 30(b)(6) deposition. As grounds, Defendant asserts that the deposition of certain employees who they contend had limited roles in the hoverboard investigation is unduly burdensome especially since, they assert, the information sought can be obtained through the deposition of members of the product safety team who were responsible for identifying and responding to reports of safety issues with the hoverboards. Similarly, Defendant objects to the Rule 30(b)(6) deposition notice as containing topics not relevant to the claims or the defenses asserted in the litigation.

Federal Rule of Civil Procedure 26(b)(2) allows the court to relieve any undue burden on a responding party. The court can limit discovery if the information sought is overly broad or imposes an undue burden upon the party from whom discovery is sought. In *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), the Sixth Circuit observed that: "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." (quoting *Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996). As to the judge's role in discovery disputes "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3 305. That sentiment has continued through subsequent revisions to Rule 26 including the most recent ones.

---

[1] The court held a status conference on September 12, 2017 with the parties and confirmed that depositions are scheduled for September 26 through September 28, 2017 in Seattle, Washington.

2

The court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules," "[t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation. *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011, n. 2 (quoting *HMG Property Investors, Inc. v. Parque Indust. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988).

## A.     The Individual Deponents.

### 1.     Jeff Bezos.

Plaintiffs have noticed the deposition of Amazon's founder, CEO, President and Chairman of the Board Jeff Bezos, to be limited to one hour. Docket No. 71-2. The grounds for taking Mr. Bezos' deposition are two emails produced during discovery sent to Mr. Bezos' email account by customers reporting hoverboard fires. Docket No. 73, p. 6. Plaintiffs assert they "should be allowed to explore with Mr. Bezos- *the only recipient of the email at issue* – how he responded, to whom he sent the email or communicated the information regarding the customer's concerns, and how he followed up, if at all." *Id*. at pp. 6-7 (emphasis in original). Defendant contends that Plaintiffs should be precluded from deposing Mr. Bezos, "because he had no involvement in the hoverboard events, and any conceivable relevance of his testimony is dwarfed by the burden and inconvenience on Amazon and Mr. Bezos." Docket No. 71, p. 4. In support of its position, Amazon filed the Declaration of Damon Jones, an Amazon employee who was the manager of product safety and recalls which was responsible for identifying and responding to reports of safety issues at all times relevant to this action. Docket No. 71-1. Mr. Jones explains that Mr. Bezos had no involvement in the hoverboard events, attended no meetings and was not

3

on any emails or other communications regarding Amazon's response to safety concerns about hoverboards. *Id* at p. 3. Mr. Jones went on to explain that Mr. Bezos receives many emails daily which are monitored and addressed by assistants not indicating he had any knowledge or participation in any hoverboard events and in fact, "it is possible that he never saw them considering that executive assistants handle many of his incoming emails." *Id.*[2]

While the court does not find the Declaration of Mr. Jones particularly compelling regarding his qualified statement that it is possible that Mr. Bezos never saw the emails. Counsel for the defendant has represented in its pleadings as officers of the court that Mr. Bezos had no involvement in the hoverboard events. Even if Mr. Bezos saw the emails in question there is no evidence at this point establishing that he had any involvement in any matters relevant to this litigation. The court agrees with the Defendant based upon the limited record before it that the testimony of Mr. Bezos, even with the time limitation on his testimony proposed by Plaintiffs are not proportional to the burden and inconvenience on Amazon and Mr. Bezos. It is clear that there are individuals who will be deposed with whom Plaintiffs can explore the company's response to the emails and its follow up. Similarly, nothing precludes Plaintiffs from inquiring of any deponents of what role if any Mr. Bezos played and /or communications they had with him regarding the hoverboard events. In making this ruling the Court is mindful of the fact that these depositions are occurring in Seattle at great expense to Plaintiffs however, in the event defense counsel's representation regarding Mr. Bezos' involvement are ultimately inaccurate the Plaintiffs can address that with the court and the court has the authority to fashion an appropriate remedy.

### 2. Doug Herrington and Carletta Ooton

---

[2] Plaintiffs suggest the court should strike the Declaration of Mr. Jones with respect to what other employees know or do not know. The court declines to strike the Declaration but as noted herein will afford it only the weight it is entitled based on the limitations of Mr. Jones' personal knowledge.

Amazon also seeks a protective order precluding the depositions of Mr. Herrington and Ms. Ooton on the grounds they "have no relevant knowledge that is not readily available, and in more detail, from Mr. Jones and Mr. Pelley, who headed and directly participated in the product safety team's evaluation and response to reports of hoverboard incidents." Docket No. 71, p. 4. Again relying on the Declaration of Damon Jones, Defendant asserts that these individuals while "involved in the hoverboard events" obtained their information from others and were not "personally involved in analyzing the hoverboard incidents or planning the details of Amazon's response." Docket No. 71-1, pp. 4-5.

In their support for deposing Mr. Herrington and Ms. Ooton, Plaintiffs rely on an email sent by each, the language of which is virtually identical in December of 2015 identifying information known to Amazon regarding the hoverboards and the actions taken. Importantly both emails state that there are more details behind the "decision and next steps" and that they were individually willing to have further discussions, answer questions or meet with the recipients of the email. Docket No. 75, pp. 4, 10-11.

Defendant concedes that these individuals were involved in the hoverboard events and thus clearly have knowledge relevant to this litigation. As with Mr. Bezos, the Declaration of Mr. Jones is not particularly compelling on this issue. His statements appear to be contradicted by the emails of Mr. Herrington and Ms. Ooton neither of which state that they lack the personal involvement to discuss the hoverboard incidents or details of Amazon's current response. Further, unlike Amazon's position with regard to this issue they do not direct the recipients of the email to Mr. Jones or Mr. Pelley or any other member of the product safety team. The email indicates there is more information, they are personally aware of it and they are personally willing to discuss it with the email recipients. The court is mindful of the Defendant's arguments

5

with regard to the burden on high level employees however, unlike Mr. Bezos who Defendant represented had no involvement in the hoverboard events and apparently has never acknowledged any involvement either through email or otherwise Mr. Herrington and Ms. Ooton did and have and therefore should sit for depositions. Defendant's Motion as to Mr. Herrington and Ms. Ooton is DENIED.

### 3. Lena Bryant and Rachel Moss

Plaintiffs seek to depose Lena Bryant and Rachel Moss, who are employed by Amazon's "Dangerous Goods Department." Defendant asserts that the hoverboard in this case was sold and shipped by an entity other than Amazon and therefore the Dangerous Goods Department had no role relevant to this case. As such, requiring the depositions would constitute an undue burden and Plaintiffs should be precluded from taking the depositions. Docket No. 71. Plaintiffs acknowledge the fact that the hoverboard in question was not shipped or stored by Amazon however they assert that "Amazon had extensive knowledge of the dangers of hoverboards and other products with lithium ion batteries." Docket No. 73, p. 9. Based on that assertion, they contend that the knowledge of the employees within the Dangerous Goods Department is relevant and discoverable "as to what Amazon knew about the dangers of hoverboards in advance of the Plaintiffs' fire." *Id.*

Based on Plaintiffs' assertion that the Dangerous Goods Department was aware of the dangers of hoverboards and other products with lithium ion batteries a deposition of someone within the department knowledgeable of that information is appropriate. It is reasonable to assume that the director of the department would be knowledgeable of such information and therefore Defendant's Motion for Protective Order with respect to Lena Bryant is DENIED. However, Plaintiffs have failed to assert any rationale for why it is necessary to depose Rachel

Moss, a chemist within the department. Therefore, Defendant's Motion for Protective Order with respect to Ms. Moss is GRANTED.

**B.    Rule 30(b)(6) Notice Topics**.

**1.    Topics 5 and 11, Dangerous Goods Department**

Topics 5 and 11 relate to information about the Dangerous Goods Department. The parties rely upon their arguments regarding the deposition of Ms. Bryant and Ms. Moss for their position regarding these topics. With the exception of topic 11(a) requesting the identity of each employee, their respective supervisor, and each such person's job duties during the period September 2015 through February 2016, Defendant's Motion to Strike these topics is DENIED.

Defendant's knowledge and treatment of dangerous goods is an appropriate area of discovery and is not unduly burdensome. Presumably Ms. Bryant as the department director would be knowledgeable about these topics and would be questioned about them in her deposition. Therefore, Defendant's request with respect to these items is DENIED.

**2.    Topic 9, Total dollar amount of refund or returns**

Plaintiffs assert that Defendant has produced information regarding this topic in discovery but that Amazon should produce a witness to "testify definitively on this topic." Docket No. 73, p. 10. In support of its motion, Defendant asserts that the information is totally irrelevant and unfairly intrusive into Amazon's business. Plaintiffs make no argument of relevance and the relevance of this information is not readily apparent to the court. Therefore, the Defendant's motion with respect to this topic is GRANTED. However, to the extent that documents have been produced, Defendant has a continuing duty to supplement its responses and it appears this issue can be addressed through the document production in this case. Therefore, a Rule 30(b)(6) deposition to "definitively" address this issue is unnecessary.

### 3. Topic 12, J. C. Berg Dispute

Topic 12 of the Plaintiffs' Rule 30(b)(6) Notice of Deposition concerns information related to Amazon's relationship with J. C. Berg Inc. in 2015 and 2016 regarding the sale of hoverboards and various information related to a dispute ultimately resulting in a lawsuit filed by Berg against Amazon in the state of New York alleging breach of contract. Docket No. 73, p. 11; 71-3, pp. 4-5. Citing an allegation in the Berg lawsuit that Amazon had requested "all safety and compliance documentation" regarding Berg's hoverboard inventory in an effort to escape the contract, Plaintiffs contend this creates a "reasonable area of inquiry in this case." Docket No. 73, p. 12. They further contend that Amazon's actions alleged in the Berg litigation contradict Amazon's denial in this action of knowledge that hoverboards posed a substantial and unjustifiable risk prior to January 9, 2016; knowledge that battery packs utilized in hoverboards were poorly manufactured; and that Defendant knew of multiple fires caused by hoverboards prior to January 9, 2016. *Id.*

Defendant responds that the dispute with Berg is a contract claim having nothing to do with the issues in this case and therefore the discovery sought is irrelevant. They further assert that the information that Plaintiffs seem to be seeking through the Berg dispute regarding Amazon's knowledge about hoverboard safety issues is available through Amazon's extensive document production, depositions of the product safety team members who will be deposed and the other 30(b)(6) deposition topics. Docket No. 79, p. 10.

While it is clear that Amazon's knowledge about hoverboard safety issues, the timing of when it became aware of those issues and its response to those issues are all relevant concerns in this litigation, the scope of topic 12 goes far beyond that limited and relevant inquiry. The court is satisfied that Plaintiffs can obtain the information relevant to Amazon's knowledge of the

safety concerns alluded to in the Berg litigation through the scheduled depositions and document production without the burden of Defendant producing a witness under Rule 30(b)(6) to address those issues. Therefore Defendant's Motion for Protective Order to strike topic 12 of the Rule 30(b)(6) notice is GRANTED.

### D.    Topic 13, Basis of Denials

Topic 13 seeks "all facts, information, or evidence upon which Amazon based its denial in paragraphs 29, 30, 38, 45, 46, and 48 of its answer to first amended complaint." Docket No. 71-3. Defendant contends that its Answer to the complaint was drafted by counsel and the decisions made as to how to respond are protected by the Attorney/Client Privilege and Work Product Doctrine. Docket No. 71, p. 14. Plaintiffs respond that the "facts, information or evidence" upon which the denial is based is not privileged and they are not seeking information regarding privileged communications in any way.

While Plaintiffs are generally correct that the factual basis for a denial in the complaint is discoverable the court has reviewed the allegations of the Amended Complaint along with the responses and the Answer to the Amended Complaint and does not believe that the Rule 30(b)(6) is the appropriate means for obtaining the requested information. As Defendant notes, the decision to admit or deny the allegations in the complaint is a decision made by counsel at the time the answer was filed. That decision by counsel is privileged. In this case, what is sought and the decision of counsel seem difficult to separate. Therefore, Defendant's motion to strike this topic from the 30(b)(6) notice is GRANTED.  This ruling does not preclude Plaintiffs from asking the other individuals who will be deposed what if any information they possess that would support a denial of any allegation pled in the complaint. The court's decision merely protects the process whereby counsel answer the complaint and assert positions therein.

9

For the foregoing reasons, Defendant's Motion for Protective Order (Docket No. 71) is GRANTED in part and DENIED in part.

      **IT IS SO ORDERED.**

                                     **JEFFERY S. FRENSLEY**
                                     **U. S. Magistrate Judge**