⊞ Lowes v. Baldwin, No. 20-3078, 2020 BL 399194, 2020 Us App Lexis 32656, 2020 WL 7974381 (6th Cir. Oct. 15, 2020), Court Opinion

**Pagination**

\*   BL

[Majority Opinion](#) >

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

SHARI LOWES, Plaintiff-Appellant, v. DALLAS BALDWIN, Franklin County Sheriff, Defendant-Appellee.

No. 20-3078

October 15, 2020, Filed

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. **SIXTH CIRCUIT RULE 28** LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO.

For Shari Lowes, Plaintiff - Appellant: Daniel Henry Klos, Law Office, Columbus, OH.

For DALLAS BALDWIN, Franklin County Sheriff, Defendant - Appellee: Denise L. DePalma, Prosecuting Attorney's Office, Columbus, OH.

Before: GUY, KETHLEDGE, and NALBANDIAN, Circuit Judges.

**ORDER**

Shari Lowes, an Ohio resident proceeding with counsel, appeals a district court's grant of summary judgment in favor of Dallas Baldwin, the Franklin County Sheriff, on her claims of disability discrimination and breach of contract. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not

needed. See Fed. R. App. P. 34(a) .

Lowes worked for the Franklin County Sheriff's Office as a deputy in the corrections division from 2004 until her termination in July 2017. Between August 2008 and December 2011, Lowes was disciplined six times for being absent without sufficient sick leave. After being disciplined for the seventh time in the fall of 2013 for being absent without sufficient sick leave, Lowes agreed to a memorandum of understanding in which she received a fifteen-day suspension that she would not need to serve as long as she was not subject to discipline for unauthorized absenteeism for the next two years. Lowes was then diagnosed with post-traumatic stress disorder ("PTSD") and was granted permission to take intermittent leave pursuant to the Family and Medical Leave Act ("FMLA") for migraines, stress/anxiety, and PTSD. After violating the terms of the memorandum of understanding by being absent without sufficient sick leave, Lowes entered into a last-chance agreement that provided for her termination if she committed any sick leave violations over the next three years. After Lowes submitted a request for leave due to a migraine resulting from her PTSD without a sufficient sick leave balance, and after she was informed that she was ineligible for additional leave under the FMLA, the sheriff's office concluded that she had breached the terms of the last-chance agreement and notified her that it was considering terminating her employment. After a pre-disciplinary hearing at which Lowes stated that she would do anything to keep her job and she requested an extension of the last-chance agreement in lieu of termination, the sheriff's office terminated her employment.

Lowes then filed a complaint alleging violations of the Americans with Disabilities Act ("ADA"), disability discrimination in violation of Ohio Revised Code § 4112.02(A) , and breach of contract. [*2] The sheriff's office filed a motion for summary judgment, which the district court granted after determining that it lacked jurisdiction over the breach-of-contract claim and that Lowes failed to state a prima facie case of discrimination for failure to accommodate. *Lowes v. Baldwin*, No. 2:18-cv-537, [2019 BL 496355], 2019 U.S. Dist. LEXIS 222325 , [2019 BL 496355], 2019 WL 7290504 (S.D. Ohio Dec. 30, 2019).

On appeal, Lowes argues that the district court erred in determining that she did not request an accommodation and that she was not otherwise qualified for her position. Lowes has explicitly abandoned her claims that the sheriff's office failed to properly account for her sick leave, improperly extended the length of the last-chance agreement, and breached the terms of the last-chance agreement.

We review de novo a district court's grant of summary judgment. *Franklin v. Kellogg Co.*, 619 F.3d 604 , 610 (6th Cir. 2010). Summary judgment is appropriate when the evidence presented shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) . The moving party bears the burden of showing "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317 , 325 , 106 S. Ct. 2548 , 91 L. Ed. 2d 265 (1986).

To establish a prima facie case of discrimination based on failure to accommodate, a plaintiff must demonstrate that (1) she is disabled; (2) she is otherwise qualified for the position; (3) her employer knew or had reason to know of her disability; (4) she requested an accommodation; and (5) her employer failed to provide the necessary accommodation. *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834 , 839 (6th Cir. 2018); *Stewart v. Bear Mgmt.*, 2017-Ohio-7895 , 98 N.E.3d 900 , 905 (Ohio Ct. App. 2017).

⊞ Lowes v. Baldwin, No. 20-3078, 2020 BL 399194, 2020 Us App Lexis 32656, 2020 WL 7974381 (6th Cir. Oct. 15, 2020), Court Opinion

Lowes argues that the sheriff's office failed to make a reasonable accommodation when she was not permitted to use other leave time in lieu of her sick leave. "To make out a claim for the denial of a reasonable accommodation, an employee must first show that [s]he proposed an accommodation and that the desired accommodation is objectively reasonable." *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292 , 307 (6th Cir. 2016). Despite Lowes's assertions to the contrary, she has failed to identify an accommodation request that was denied. Lowes never requested that she be allowed to substitute other accrued leave if she had an unplanned absence due to PTSD and did not have enough sick leave to cover the absence. Although Lowes asserts that the sheriff's office failed to inform her of an unofficial policy that allowed for the use of other accumulated paid leave if an employee is out of sick leave, an "employer is not required to speculate as to the extent of [an] employee's disability or the employee's need or desire for an accommodation." *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042 , 1046-47 (6th Cir. 1998). Moreover, her certification that she was seeking leave for an FMLA approved condition, and her statement that she would do anything to keep her job, failed to provide the sheriff's office with a sufficient basis to understand that she was seeking an accommodation due to her PTSD. *See Tennial*, 840 F.3d at 307 . Because Lowes has failed to identify an accommodation request that her employer denied, she has failed to establish a prima facie **[*3]** case of discrimination based on failure to accommodate, and therefore it is not necessary to address whether Lowes was otherwise qualified for her position.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

Bloomberg Law® © 2021 The Bureau of National Affairs, Inc. All Rights Reserved. Terms of Service

# General Information

| | |
|---|---|
| **Case Name** | Lowes v. Baldwin |
| **Court** | U.S. Court of Appeals for the Sixth Circuit |
| **Date Filed** | Thu Oct 15 00:00:00 EDT 2020 |
| **Judge(s)** | John Baylor Nalbandian; RALPH B. GUY JR; RAYMOND M. KETHLEDGE |
| **Parties** | SHARI LOWES, Plaintiff-Appellant, v. DALLAS BALDWIN, Franklin County Sheriff, Defendant-Appellee. |