IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:20-cv-00628 |
| | ) | |
| v. | ) | Judge Eli J. Richardson |
| | ) | |
| THE LAMPO GROUP, LLC a/k/a | ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO LIFT OR REVISE CONFIDENTIALITY ORDER IN ADVANCE OF FILING OPPOSITION TO SUMMARY JUDGEMENT**

Plaintiff moves to lift the confidentiality or protective order in this case for purposes of summary judgment and consistent with Local Rule 5.03. Defendant refused to produce numerous documents in discovery unless a confidentiality order was in place to prevent Plaintiff from disseminating discoverable information. In order to proceed with discovery as efficiently as possible and address Defendant's concerns, Plaintiff agreed to not oppose defendant's initial motion to enter a confidentiality order. (ECF 14). As such, the court entered Defendant's requested order. (ECF 16).

Subsequently, in the wake of yet more discovery disputes where Defendant was once again refusing to produce relevant information, Defendant moved for an enhanced confidentiality order designating certain relevant discovery as "attorney's eyes only." (ECF 45). This enhanced confidentiality order was suggested by the Court to get the case on track where Defendant was refusing to produce certain comparator information. (See ECF 44, Order ¶2). The Court entered the enhanced confidentiality order. (Ex. 46). As a result, Defendant liberally designated documents

as "confidential" and all Hogan related information was designated "attorney's eyes only."[1] Likewise, the depositions were excessively designated as "confidential" or "attorney's eyes only."[2] Plaintiff now moves to have these orders lifted or modified.

Defendant filed a motion for summary judgment on November 9, 2021. (ECF 66-67). In support of its motion Defendant ignored all of the depositions taken of its employees listed above, as well as most of the exhibits, which to date total 43 exhibits. Instead, Defendant opted for a sanitized version of events set forth only in the Declaration of Armando Lopez. (ECF 67-4). Plaintiff will need to file all of the depositions and most of the exhibits to oppose Defendant's motion and to preserve the record in this case. As such, Plaintiff seeks to lift or modify the terms of the Confidentiality Orders in this case so that she may file her opposition to summary judgment without it being under seal because Defendant is unable to demonstrate that the depositions or exhibits should be shielded from the public record pursuant to *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202, 207-208 (6th Cir. 2016) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016)).

Pursuant to *Shane Grp.*, 825 F.3d at 305, 308 the Sixth Circuit recognized:

> 'Secrecy is fine at the discovery stage, before the material enters the judicial record.' *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Thus, a district court may enter a protective order limiting the use or disclosure of discovery materials upon a mere showing of 'good cause[.]' Fed. R. Civ. P. 26(c)(1).... 'At the adjudication stage, however, very different considerations apply.' *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. *Baxter*, 297 F.3d at 545. Unlike information merely exchanged between the parties, "[t]he public has a strong interest in obtaining the information

---

[1] During the course of discovery Hogan's wife (a third party who has never been employed by Ramsey Solutions) produced emails that were sent to her by Ramsey employees. Ms. Hogan provided a declaration to Plaintiff and she was subpoenaed by Defendant for a deposition and produced documents requested in conjunction with the subpoena. It is Plaintiff's contention that no third party testimony or documents should be designated "confidential" or "attorneys eyes only."

[2] At one point during the deposition of Mark Floyd, Defendant's counsel required its own general counsel and HR representative to leave the room in the event Mr. Floyd's answer was "incriminating" and stated on the record his answer would be placed under seal. (6/30/21 Floyd Dep. 12-21).

2

contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983). That interest rests on several grounds. Sometimes, the public's interest is focused primarily upon the litigation's result—whether a right does or does not exist, or a statute is or is not constitutional. In other cases—including "antitrust" cases, *id.* at 1179—the public's interest is focused not only on the result, but also on the conduct giving rise to the case. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Id.* And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Id.* at 1181; *see also, e.g., Baxter*, 297 F.3d at 546…. The courts have long recognized, therefore, a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access. *See Brown & Williamson*, 710 F.2d at 1179. For example, in class actions—where by definition "some members of the public are also parties to the [case]"—the standards for denying public access to the record "should be applied . . . with particular strictness." *Cendant*, 260 F.3d at 194. And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g., Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984).

Additionally, in *Beauchamp*, 658 Fed. Appx. at 207-208, the Sixth Circuit instructed:

During discovery, courts often issue blanket protective orders that empower the parties themselves to designate which documents contain confidential information. Once the parties place a document in the record, however, "very different considerations apply." [*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, Nos. 15-1544, 1551, 1552, 825 F.3d 299, 2016 U.S. App. LEXIS 10264, 2016 WL 3163073, at *4 (6th Cir. June 7, 2016)] 2016 U.S. App. LEXIS 10264, [WL] at *3. The proponent of sealing must provide compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons—specifically, by "analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* Even where, as here, neither party objects to the propriety of sealing a court record, the district court has an independent duty to "set forth specific findings and conclusions which justify nondisclosure to the public." 2016 U.S. App. LEXIS 10264, [WL] at *4 (internal quotation marks omitted). A court's failure to set forth those findings and conclusions "is itself grounds to vacate an order to seal." *Id.*

In *Beauchamp*, the Sixth Circuit went on to criticize the District Court's failure to require compelling reasons for the parties' filing of motions for summary judgment and hundreds of exhibits under seal, especially considering the parties offered no assertion that the seal would be narrowly tailored. *Id*. 208.

In this case, Defendant has marked most emails produced, even those which pertain directly to Plaintiff's termination as "confidential" to keep them out of the public record. Defendant has also liberally marked comparator production as confidential and attorney's eyes only. Further, Defendant has broadly designated entire deposition transcripts, both those taken by Plaintiff and Defendant with the exception of Plaintiff's and her fiancée's, as confidential and that portions of the transcripts are attorney's eyes only. Moreover, in a few instances, entire transcripts have been designated as attorney's eyes only. There is no basis to continue to keep pertinent information out of the public record. Nonetheless, it is Defendant's burden to demonstrate with specificity compelling reasons why Plaintiff should be required to seal her opposition to Defendant's motion for summary judgment or any of the supporting documents she intends to cite.

Plaintiff intends to file the following with her opposition to Defendant's motion for summary judgment that Defendant marked in whole or in part confidential and/or attorney's eyes only.

Plaintiff intends to file the following depositions in their entirety:

1. 6/29/21 Dep. Armando Lopez
2. 6/30/21 Dep. Mark Floyd
3. 7/20/21 Dep. Jennifer Sievertsen
4. 8/6/21 Dep. Jack Galloway

5. 9/10/21 Dep. Suzanne Simms

6. 9/21/21 Dep. Andrew Walker, Ph.D.

7. 9/28/21 Dep. Mike Finney

8. 9/30/21 Dep. Rule 30(b)(6) Deposition (Lopez, Galloway, Simms)

9. 11/12/21 Dep. Dave Ramsey

Defendant took the following depositions, which were marked in whole or in part confidential and/or attorney's eyes only and Plaintiff may file:

1. 6/22/21 Caitlin O'Connor

2. 9/27/21 Dep. Melissa Hogan (third party/non-employee)

3. 9/27/21 Dep. Amy Fritz (third party/non-employee)

Plaintiff expects to file following deposition exhibits: [3]

1. Plaintiff's Exhibits: **5-8, 14, 18, 21-25, 27, 30, 31, 34-43**

Plaintiff requests the Court lift the protective order altogether, allow Plaintiff to file her opposition and exhibits without the burden of sealing them. Plaintiff agrees to identify third party comparator employees by their initials in her opposition and that she will redact comparator names substituting initials, where appropriate. There is no compelling reason to seal Plaintiff's entire opposition and the supporting exhibits in order to rebut Defendant's motion.

**NOTICE OF CONFERNCE PURSUANT TO L.R. 7.01(a)**: On November 17, 2021, Plaintiff's counsel made an attempt to meet and confer on the designations and Plaintiff's upcoming opposition. On November 18, 2021, Defendant's counsel notified Plaintiff that it agreed to lift the designations for exhibits 5-8 and the depositions of Andrew

---

[3] Plaintiff maintained a consecutive set of deposition exhibits. Defendant used repetitive numbering.

Walker, Melissa Hogan and Amy Fritz, but that it was refusing to change any other designations and contended without compelling reason that Plaintiff should file a motion to seal with respect to the rest.

Respectfully submitted,

*s/ Heather Moore Collins*
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR #037651
Collins & Hunter PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been e-mailed on November 18, 2021 to counsel of record through the court's CM/ECF system:

Leslie Goff Sanders
Daniel Crowell
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

/s/ Heather Moore Collins
*Attorney for Plaintiff*