UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| Plaintiff, | ) Case No. 3:20-cv-00628 |
| | ) |
| v. | ) District Judge Richardson |
| | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

**MOTION TO SEAL DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO SEAL & DEFENDANT'S RESPONSE
TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant, The Lampo Group, LLC, by and through the undersigned counsel and pursuant to Rule 5.2 of the Federal Rules of Civil Procedure, Local Rule 5.03 and the Amended Confidentiality Order entered in this case (Doc. #45.1 and Doc. #46), moves the Court to seal its Response to Plaintiff's Motion to Seal (Doc. #82) and Defendant's Response to Plaintiff's Statement of Additional Facts (Doc. #78).[1] As set forth in more detail in the Memorandum of Law filed contemporaneously with this Motion, Defendant's Motion is based on the following:

1. Defendant promotes "biblically based, commonsense education and empowerment that give hope to everyone in every walk of life" as stated in its Mission Statement.

2. Because of its mission, Defendant requires employees to uphold the Company's image by living out certain Judeo-Christian values, one of which is the prohibition of premarital sex.

3. The facts surrounding Plaintiff's termination from employment with Defendant are undisputed and simple: she engaged in premarital sex, she was terminated from employment

---

[1] Defendant is including Defendant's Response to Plaintiff's Statement of Additional Facts because it is inextricably linked to Plaintiff's Response to Defendant's Statement of Facts and Additional Statement of Facts (Doc. #75).

because of it and over the last five (5) years, five (5) men and three (3) other women were terminated for the same thing.

4. The vast majority of the discovery sought by Plaintiff in this case has been unrelated to Plaintiff's employment. Instead, it has primarily focused on fourteen (14) other employees who are not parties to this lawsuit (referred to as "Non-Parties"). These Non-Parties were disciplined and/or terminated for engaging in premarital sex, extramarital relationships or pornography while employed at Ramsey.

5. Relying on the Amended Confidentiality Order, Defendant has provided thousands of pages of documents and extensive testimony related to these innocent Non-Parties and marked it as either "Confidential" or "Attorneys Eyes Only" so they would not be disclosed, exploited or otherwise used to hurt the Non-Parties during the course of discovery.

6. Defendant continues its efforts to protect the innocent Non-Parties from disclosure of personnel information that is of the most personal and private type. Defendant cannot in good faith and conscience unilaterally disclose this type of information about its employees who have a right to keep this information private.

7. While methods intended to protect identifying information (such as using initials) might be effective in certain cases, such methods are woefully inadequate in the present case. A small group of former employees (including Plaintiff) and spouses of former employees have been active on social media and have engaged traditional media to discuss this case. Disclosure of any details to the public will enable the media, with the assistance of former employees/spouses of former employees or current employees, to identify the Non-Parties and use their stories indiscriminately. Such disclosure, while intended to hurt and damage Defendant, will clearly injure the innocent Non-Parties more than anyone.

8. Defendant has made diligent efforts to keep this information about its employees private and confidential, sometimes to the detriment of Defendant.

9. Defendant's Response to Plaintiff's Motion to Seal necessarily includes information about the non-parties and Defendant in order to explain in detail the reasons that information filed by Plaintiff in opposition to the Motion for Summary Judgment should be sealed. This extensive analysis is required by the Sixth Circuit, and in order to adequately meet this requirement, Defendant must disclose to the Court information that would identify the Non-Parties.

10. Should the Court determine that Defendant has not met its burden to seal Defendant's Response to Plaintiff's Motion to Seal in its entirety, Defendant requests in the alternative that the Court file publicly the redacted version of the Response provided as an exhibit to the Response in order to protect the identity of the Non-Parties

11. Likewise, should the Court determine that Defendant has not met its burden to seal Defendant's Response to Plaintiff's Statement of Additional Facts, Defendant requests in the alternative that the Court file publicly the redacted versions attached as an exhibit to Defendant's Response.

11. If the Court decides to unseal Defendant's Response or Defendant's Response to Plaintiff's Statement of Additional Facts altogether, Defendant requests the Court to stay its order for 15 days so that Defendant may notify impacted Non-Parties as appropriate.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC

611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I certify that, on January 4, 2022, I filed this *Motion to Seal Defendant's Response to Plaintiff's Motion to Seal & Defendant's Response to Plaintiff's Statement of Additional Facts* via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*


/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*