**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| | ) Case No. 3:20-cv-00628 |
| Plaintiff, | ) |
| | ) District Judge Richardson |
| v. | ) |
| | ) Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | ) |
| | ) Jury Demand |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SEAL ITS
RESPONSE TO PLAINTIFF'S MOTION TO SEAL & DEFENDANT'S
RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS**

Defendant files this Memorandum in Support of its Motion to Seal its Response to

Plaintiff's Motion to Seal (Doc. #82) and Defendant's Response to Plaintiff's Statement of

Additional Facts (Doc. #78).

**Overview**

It is universally known among employees of Defendant that sex outside of marriage is

prohibited. Defendant promotes "biblically based, commonsense education and empowerment

that give hope to everyone in every walk of life" as stated in its Mission Statement. To be

consistent with its business and brand, the Company requires its employees to uphold its image

by living out certain traditional Judeo-Christian values, one of which is the prohibition of

premarital sex.

Plaintiff engaged in premarital sex and her employment was terminated as a result. In the

course of discovery, Defendant provided Plaintiff with the names of eight (8) other people who

the Company knew engaged in premarital sex over the past the five (5) years ("Premarital Sex

Comparators"). Five (5) of the Premarital Sex Comparators were men and three (3) were women.

1

The Company terminated all eight (8) Premarital Sex Comparators. Defendant marked all of the information provided to Plaintiff about the eight (8) comparators as "Confidential" per the Amended Confidentiality Order (Docs. #45-1, 46) which permits the parties to mark personnel information of non-parties as confidential.

In an attempt to expand the list of comparators, Plaintiff sought and Defendant produced information related to employees who Defendant knew had engaged in extramarital relationships of a sexual nature and employees who had viewed pornography ("Non-Comparators"). All of this information was marked as either "Confidential" or "Attorneys Eyes Only" in accordance with the Amended Confidentiality Order.

The vast majority of discovery sought by Plaintiff in this case was unrelated to Plaintiff's employment or her termination. In fact, most of the discovery sought by Plaintiff was not related to the eight (8) Premarital Sex Comparators. Instead, the majority of the documents produced by Defendant and a significant portion of the deposition testimony of every company witness related to a single Non-Comparator who engaged in extramarital relationships. Basically, this lawsuit has become a platform for exposing this non-party's transgressions and smearing the Company's handling of the situation, none of which benefits or even relates to Plaintiff's lawsuit.

**<u>Documents to be Sealed</u>**

In *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016), the Sixth Circuit required litigants seeking to seal documents to provide "compelling reasons to seal the documents and demonstrate that the sealing is narrowly tailored to those reasons – specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 207 (quoting *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. June 7, 2016)).

2

In order to meet the standard in *Beauchamp*, Defendant has identified in its Response to Plaintiff's Motion to Seal the specific portions of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. #74) that should be sealed as well as the portions of the exhibits and transcripts that should be sealed. Defendant has also included in detail the specific reasons that the information should be sealed. Defendant's response brief necessarily includes the very information it seeks to seal. For this reason, Defendant requests the Court to seal its Response to Plaintiff's Motion to Seal. Below is a description of each section of the brief and the exhibits. The legal reasons to seal each section are described below in the "Legal Analysis" section of this brief.

1. Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. #74)

2. Plaintiff's Response to Defendant's Statement of Facts and Additional Statement of Facts (Doc. #75)

3. Deposition of Armando Lopez on 6/29/21 ("Lopez Deposition #1")

4. Deposition of Mark Floyd on 6/30/21 ("Floyd Deposition")

5. Deposition of Jennifer Sievertsen on 7/20/21 ("Sievertsen Deposition")

6. Deposition of Jack Galloway on 8/6/21 ("Galloway Deposition #1")

7. Deposition of Suzanne Simms on 9/10/21 ("Simms Deposition #1)

8. Deposition of Mike Finney ("Finney Deposition")

9. Rule 30(b)(6) Deposition of Armando Lopez on 9/30/21 ("Lopez Deposition #2")

10. Rule 30(b)(6) Deposition of Jack Galloway on 9/30/21 ("Galloway Deposition #2")

11. Rule 30(b)(6) Deposition of Suzanne Simms on 9/30/21 ("Simms Depositions #2")

12. Deposition of Dave Ramsey on 11/12/21 ("Ramsey Deposition")

13. Exhibits from Defendant Witness Depositions:

(a) Exhibits 5-7

(b) Exhibit 14

(c) Exhibit 18

(d) Exhibits 21-22

(e) Exhibit 23

(f) Exhibit 24

(g) Exhibit 25

(h) Exhibit 27

(i) Exhibit 30

(j) Exhibit 31

(k) Exhibit 34

(l) Exhibit 35

(m) Exhibits 36 - 43

14. Document with Bates No. "Defendant 2636"

15. Document with Bates No. "Defendant 2661-2263"

16. Defendant's Response to Plaintiff's Statement of Additional Facts (Doc. #78)[1]

**Legal Analysis**

In *Nixon v. Warner Communications*, 435 U.S. 589, 98 S. Ct. 1306, 55 L.Ed. 2d 570 (1978) the Supreme Court explained that courts have supervisory power over their own records and files. As the Sixth Circuit noted in *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 473-474 (6th Cir. 1983), the "long-established legal tradition is the presumptive right of the public to

---

[1] Defendant is including Defendant's Response to Plaintiff's Statement of Additional Facts because it is inextricably linked to Plaintiff's Response to Defendant's Statement of Facts and Additional Statement of Facts (Doc. #75).

inspect and copy judicial documents. Citing *Nixon*, the Sixth Circuit explained that there are

important exceptions that limit the public's right of access to judicial records:

> [T]he right to inspect and copy judicial records is not absolute.
> Every court has supervisory power over its own records and
> files, and access has been denied where court files might have
> become a vehicle for improper purposes. For example, the
> common law right of inspection has bowed before the power of
> a court to insure that its records are not "used to gratify private
> spite or promote public scandal" through the publication of
> "the painful and sometimes disgusting details of a divorce
> case."
>
> Similarly, courts have refused to permit their files to serve as
> reservoirs of libelous statements for press consumption, or as
> sources of business information that might harm a litigant's
> competitive standing.

*Id.* at 474 (quoting *Nixon* at 1312 (citations omitted)). The Sixth Circuit concluded that "trial

courts have always been afforded the power to seal their records when interests of privacy

outweigh the public's right to know." *Id.* at 474.

In the same year that the Sixth Circuit issued its opinion in *Knoxville News-Sentinel*, it

addressed a similar issue in *Brown & Williamson Tobacco Corp v. FTC,* 710 F.2d 1165 (6th Cir.

1983). The information in question in *Knoxville News-Sentinel* involved banking records of non-

parties. The information in *Brown & Williamson* involved the FTC's administrative file related

to the tar and nicotine content of the big five tobacco companies at that time.

The Sixth Circuit's distinction of the two cases is instructive in the case before this Court.

First, the Sixth Circuit in *Brown & Williamson* held that court records could not be sealed simply

because the information would harm the company's reputation or business prominence. By

contrast, the records in question in *Knoxville News-Sentinel* related to the reputations of third

parties who had a justifiable expectation of privacy. (*Id.* at 477). In the case at bar, all Sections

of Defendant's Response (except Section 13(a)) relate to the Premarital Sex Comparators or the

Non-Comparators – all of which are third parties with a justifiable expectation of privacy to this very personal information. Even Plaintiff has recognized this expectation of privacy. In Plaintiff's Opposition to Defendant's Partial Motion to Dismiss (Doc. #40), Plaintiff explained her view of Christianity "does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it…." (Doc. #40 at PageID #657). Defendant seeks to seal this information to protect the privacy and reputation of its former and/or current employees and any other non-party.

Second, the Sixth Circuit in *Brown & Williamson* held that the information in question favored disclosure because the subject being litigated potentially involved the health of citizens with an interest in knowing the tar and nicotine content of cigarettes on the market. By contrast, the information in *Knoxville New-Sentinel* advanced no public interest that outweighed the competing interests of privacy of the non-parties. *Brown & Williamson* at 477-78 (*citing Nixon* at 598).

In the current case, there is no public interest in the private lives of former employees of Defendant. The press has demonstrated an interest in attempting to expose the Company for its moral stance. Plaintiff has sought interviews with the media and posted on social media about her dissatisfaction with the Company. A handful of other ex-employees and spouses of ex-employees have an interest in criticizing the Company in blogs and on social media. But the public at large has no interest in the moral character of the Company particularly at the expense of exposing the private lives of former employees who are not parties to this lawsuit. Furthermore, the Company's internal discussions about the private lives of its employees that impact their employment were never intended to be nor should they be made public. If these discussions are made public in the course of this lawsuit, the reputations of the non-parties may

6

be impacted unnecessarily in the eyes of their families, friends and employers. Thus, Defendant is adamantly making every effort to protect the information and ultimately, the reputation of its former employees.

When the confidentiality of certain records is recognized by law, then it is appropriate for a Court to seal them. In *Knoxville News-Sentinel*, the Sixth Circuit denied the press request to unseal financial records in part because of Congressional recognition of the records as confidential per 5 U.S.C §552 ("FOIA"). FOIA provides nine (9) exceptions for disclosure of documents from public files. 5 U.S.C. §552(b). In *Knoxville News-Sentinel*, the financial records that the press wanted unsealed were excepted from FOIA requests per 5 U.S.C. §552(b)(8). Of relevant importance to the present case is another exception to disclosure found in FOIA – "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6).

The deposition transcripts of the witnesses for the company as well as the documents in Sections 13-15 identified as personnel documents of Defendant's Response are personnel records of the Company. Specifically, they are e-mails, confidential severance agreements or other personnel records of the non-party Premarital Sex Comparators or Non-Comparators. Neither these records nor the identity of the non-parties would be subject to a FOIA request per the exception codified at 5 U.S.C. §552(b)(6). In other words, the EEOC would not disclose the information related to Plaintiff's alleged comparators. In order to avoid disclosure of the details of these employees' confidential personnel files, Defendant created charts including the Premarital Sex Comparators and the Non-Comparators. Plaintiff had ample opportunity to discover everything about these non-parties. Her counsel got written discovery in the form of personnel files for every single one of them, including e-mail communications among the

7

leadership team at Defendant about each of the disciplinary actions. Plaintiff's counsel also deposed seven (7) Company fact witnesses and three (3) Company designated witnesses pursuant to FRCP 30(b)(6). She had the opportunity to ask all of these witnesses about the information on the charts. In fact, one of Defendant's Rule 30(b)(6) witnesses was designated to testify about the personnel files of all the non-parties and one of the Rule 30(b)(6) witnesses was designated to testify about one of the Non-Comparators. This extensive discovery conducted by Plaintiff in this case has confirmed that the information provided in the charts by Defendant is correct. Disclosure of the personnel files at this stage in the litigation is completely unnecessary to the case.

While speculative concerns about damage to a defendant's business reputation are not always sufficient to seal records, sealing confidential business information is appropriate. In *Durbin v. C&L Tiling Inc.,* 2019 BL 356831 (W.D. Ky. Sept. 23, 2019)[2], the court applied the standard for sealing articulated by the Sixth Circuit in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 823 F.3d 299, 305 (6th Cir. 1983) and *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016) and held that for a party seeking to seal court records to meet its burden, it must show:

> (1) a compelling interest in sealing the records;
>
> (2) that the interests in sealing outweigh the public's right of access; and
>
> (3) that the proposed seal is narrowly-tailored.

*Id.* at *18. The *Durbin* court then concluded that financial statements, budgets, audit reports and email communications discussing the financial information would all be sealed because the defendant company treated the information as highly confidential and the company derived an

---

[2] Defendant has attached a copy of this unpublished decision as Exhibit 1.

independent economic value by maintaining the confidentiality of such information. *Id.* at *18-19.

If financial records are highly confidential, then personnel records of non-parties are certainly sealable, particularly when they relate to the most personal matters – that is, premarital sex, extramarital relationships and pornography. Defendant has a justifiable interest in keeping personnel matters, including documents about an employee's termination or disciplinary decision related to violation of a moral standard, sealed from the public. Public disclosure of this information would have a chilling effect on Defendant's employees who trust the Company to keep their personnel information private, particularly as it relates to areas of morality.

Another type of confidential business information is addressed in the deposition transcripts and some of the redacted documents (e.g. Section 13(a)) in the Response to Plaintiff's Motion to Seal. The depositions and some of the e-mails incidentally contain contact information of nationally-known personalities of the Company as well as executives of a highly visible media company. The Company seeks to seal this identifying information.

In *Knoxville News-Sentinel*, the Sixth Circuit found it compelling that the plaintiff in the case had disclosed information pursuant to a protective order that had been entered in the case. 723 F.2d at 478. The Court noted that the plaintiff's significant reliance on the protective order placed the plaintiff in a position that could only be reversed under extraordinary circumstances or the showing of a compelling need. *Id.*

Here, Defendant exposed its guts in reliance on the Amended Confidentiality Order. Plaintiff granted an interview with at least one local news station. At various points in this lawsuit, Plaintiff and others have used social media to attempt to hurt the Company and damage its credibility. One former employee's spouse has a blog dedicated to lawsuits involving

Defendant (including this case). Still, in the face of an active media presence surrounding this case and a handful of disgruntled former employees and spouses of ex-employees intent on destroying the Company's popularity, Defendant has opened up its personnel files and provided thousands of pages of irrelevant documents that in the hands of any of the aforementioned could destroy the reputation of former and current employees. Rather than refusing to provide the information on the basis of relevancy and proportionality per FRCP 26(b), Defendant provided reasonable responses in total reliance on the Amended Confidentiality Order that protects the most sensitive information that exists in the Company.

<strong><u>Conclusion</u></strong>

For the reasons set forth in Defendant's Motion to Seal and this Memorandum, Defendant requests the Court to seal its Response to Plaintiff's Motion to Seal and Response to Plaintiff's Statement of Additional Facts. Alternatively, Defendant asks the Court to file publicly the redacted versions of these two documents, which will be attached as exhibits to Plaintiff's Response. In the event that the Court denies this motion entirely, Defendant asks the Court to stay its order for 15 days so that Defendant may notify impacted non-parties as appropriate.

Respectfully submitted,

/s/Daniel Crowell
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that, on January 4, 2022, I filed *Memorandum in Support of Defendant's Motion to Seal Its Response to Plaintiff's Motion to Seal and Defendant's Response to Plaintiff's Statement of Additional Facts* via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*
