**EXHIBIT 3**

✚ Kestenbaum v. Globus, No. 516803/18, 2019 BL 100386, 2019 NY Misc Lexis 1136 (Sup. Ct. Mar. 15, 2019), Court Opinion

**Pagination**
* BL

**Majority Opinion** >

SUPREME COURT OF NEW YORK, KINGS COUNTY

LOUIS KESTENBAUM, JOEL KESTENBAUM AND FORTIS PROPERTY GROUP, Plaintiffs, - against - JULIE GLOBUS, Defendant. Index No. 516803/18

516803/18

March 15, 2019, Decided

THIS OPINION IS UNCORRECTED AND WILL NOT BE PUBLISHED IN THE PRINTED OFFICIAL REPORTS.

PRESENT: HON. WAVNY TOUSSAINT, Justice.

WAVNY TOUSSAINT

Upon the foregoing papers, plaintiffs Louis Kestenbaum, Joel Kestenbaum and Fortis Property Group move for an order, pursuant to Uniform Rules for Trial Courts (22 NYGRR) **§ 216.1** , sealing the pleadings in this case, sealing any subsequent amended pleading in this case and all exhibits annexed thereto, and sealing all discovery filed on the electronic docket. Non-party Eugene Volokh cross-moves to intervene in order to oppose plaintiffs' motion to seal. The plaintiff's motion is granted, to the extent set forth below; the motion of non-party Eugene Volokh is granted.

## Background

Plaintiffs, in this defamation action, allege that the defendant published, or caused to be published articles and blog posts that falsely accuse plaintiff, Louis Kestenbaum of acts which would be a crime. According to plaintiffs, defendant wilfully and maliciously published these statements/knowing they were false.

## Discussion

⊞ Kestenbaum v. Globus, No. 516803/18, 2019 BL 100386, 2019 NY Misc Lexis 1136 (Sup. Ct. Mar. 15, 2019), Court Opinion

The Court will initially address Eugene Volokh's cross motion to intervene. There is a "broad presumption that the public is entitled to access to judicial proceedings and court records" (*Mosallem v Berenson*, 76 AD3d 345 , 348 , 905 N.Y.S.2d 575 [1st Dept 2010], citing *Mancheski v Gabelli Group Capital Partners*, 39 AD3d 499 , 501 , 835 N.Y.S.2d 595 [2d Dept 2007]). The right of public access includes the right of the press to read and review court documents, unless those documents have been sealed pursuant to a statutory provision or by a properly issued sealing order (*see Maxim, Inc. v Feifer*, 145 AD3d 516 , 517 , 43 N.Y.S.3d 313 [1st Dept 2016]). In order to further this public right of access, courts allow the press to intervene in actions for the limited purposes of opposing sealing, and, given the limited scope of such intervention, courts do not require the press to meet the formal requirements of intervention contained in CPLR 1012 or 1013 (see *Mancheski*, 39 AD3d at 501 ).

Volokh, who identifies himself as a law professor and who, among other things, writes articles on" issue's that include internet libel litigation for the Reason Magazine website, asserts that he desires to write an article about this case. Volokh's interest in writing an article relating to this ease demonstrates a sufficient basis for standing to intervene herein, even though he does not write for a traditional news media outlet (*see Parson v Farley*, 352 F. Supp 3d 1141 , 1150 [ND Okla 2018] [finding that Volokh could intervene to oppose sealing in a libel action], *magistrates opinion accepted & affirmed* [2018 BL 454951], 2018 U.S. Dist. LEXIS 207363 , [2018 BL 454951], 2018 WL 6333562 [U] [ND Okla 2018]).

The court notes that plaintiffs have identified procedural defects with Volokh's papers, including his use of an attorney to file papers with the New York State Courts Electronic Filing (NYSCEF) system that purported to be submitted pro se, identifying his motion as a cross motion, and his use of an affirmation pursuant to CPLR 2106 rather than an affidavit. While Volokh, [*2] a law professor, perhaps should have known enough to be able to avoid these defects, nothing before the court suggests that the procedural failures were part of a fraud on the court or that they caused plaintiffs any real prejudice.

Additionally, an attorney admitted in New York has now appeared on Volokh's behalf. As Volokh has submitted a supporting affidavit to supplement the improper affirmation, and as plaintiffs have had plenty of time to respond to Volokh's motion despite its being labeled a cross motion, the court will disregard the procedural defects with Volokh's papers and deems them corrected nunc pro tunc (*see* CPLR 2001 , 2101 [f] ;*Matos v. Schwartz*, 104 AD3d 650 , 653 , 960 N.Y.S.2d 209 [2d Dept 2013]; *Hayden v Gordon*, 91 A.D.3d 819 , 820 , 937 N.Y.S.2d 299 [2d Dept 2012]; *Daramboukas v Samlidis*, 84 AD3d 719 , 721 , 922 N.Y.S.2d 207 [2d Dept 2011]; *Mancheski*, 39 AD3d at 501 ).

Nothing in plaintiffs' additional objections relating to Volokh's intervening warrant denying Volokh's cross motion. Accepting, for the sake of argument, plaintiffs' contention that Volokh might be a potential witness to an alleged republication of the libelous material, it is unclear to the court how his status as a witness would preclude him from making arguments about the appropriateness of a sealing order. Plaintiffs' assertion that many of Volokh's arguments improperly address the merits of the action is not persuasive, as the court is only considering his papers to the extent they are relevant to sealing. Moreover, Volokh's arguments that relate to the merits are presented not so much to represent the interests of defendant on the merits, but rather, to elucidate the issues relating to the case that he finds of public import and render it worth writing about.

Accordingly, Volokh's cross-motion is granted, to the extent that he is permitted to intervene, solely to oppose plaintiffs' sealing motion. The court will consider his papers and arguments in determining plaintiffs' motion to seal.

Turning to the merits of plaintiffs' sealing request, plaintiffs' right to sealing turns on whether they have demonstrated good cause warranting sealing under Uniform Rules for Trial Courts (22 NYCRR) § 216.1 . Since confidentiality is the exception, the court must make an independent determination of whether to seal court records in whole or in part for "good cause" (*Matter of Hofmann*, 284 AD2d 92 , 93-94 , 727 N.Y.S.2d 84 [1st Dept 2001]). This task involves weighing the interests of the public against the interests of the parties (see *Danco Lab., Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 A.D.2d 1 , 7 , 711 N.Y.S.2d 419 [1st Dept 2000]). The party seeking to seal documents must demonstrate compelling circumstances (see *Coopersmith v Gold*, 156 Misc 2d 594 , 606 , 594 N.Y.S.2d 521 [Sup Ct, Rockland County 1992]; see also *Mancheski*, 39 AD3d at 502 ). A finding of "good cause" presupposes that public access to the documents at issue will likely result in harm to a compelling interest of the movant (*cf. Press-Enterprise Co. v Superior Court of Cal.*, 464 U.S. 501 , 510 , 104 S. Ct. 819 , 78 L. Ed. 2d 629 [1984]), and that no alternative to sealing can adequately protect the threatened interest (see *Application of The Herald Co.*, 734 F2d 93 , 100 [2d Cir 1984]). However, since there is no absolute definition, good cause, in essence, "boils down to . . . the prudent exercise of the court's discretion" (**[*3]** *Coopersmith*, 156 Misc 2d at 606 ), and thus a case-by-case analysis is warranted ( see *Mancheski*, 39 AD3d at 502 ; see also *Matter of Twentieth Century Fox Film Corp.*, 190 AD2d 483 , 485-487 , 601 N.Y.S.2d 267 [1st Dept 1993]).

Here, in the amended complaint, plaintiffs allege that defendant Julie Globus libeled them by publishing articles or blogs about them on websites owned or controlled by her, that repeat false assertions about them which were contained in previously published or posted articles or blogs. Given the salacious nature of the alleged libel, and defendant's admission that the libelous material is false,[1] plaintiffs assert that they are entitled to the requested sealing order. Plaintiffs further assert that they are entitled to the requested sealing order as a means to prevent the further republication or spread of the false accusations on the internet. The court notes that, although the scope of the request in their notice of motion is quite broad, plaintiffs assert that they are really only seeking to seal the portions of the pleadings and papers before the court that contain or reference the libelous words.

In considering plaintiffs' arguments, and those of defendant and Volokh made in opposition, the court finds that plaintiffs have demonstrated good cause warranting the redaction of the references to the admittedly false assertions that were contained in internet blogs/articles defendant posted about plaintiffs. Unlike other libel actions, where the truth or falsity of the alleged libelous material is still in dispute (see *Bingham v Struve*, 184 AD2d 85 , 89-91 , 591 N.Y.S.2d 156 [1st Dept 1992]; *Visentin v Haldane Cent School Dist.*, 4 Misc 3d 918 , 782 N.Y.S.2d 517 [Sup Ct, Putnam County 2004]; *Parson*, 352 F. Supp 3d at 1153-1154 ; see *also Guttenberg v Emery*, 26 F Supp3d 88 [D.D.C. 2014]), defendant concedes the falsity of the libelous material, and has indicated that she will defend the matter on other grounds. Although courts emphasize that the potential for embarrassment or damage to the reputation of a party, on their own, there are insufficient to warrant a finding of good cause (see *Mosallem*, 76 AD3d at 351 ; *Liapakis v Sullivan*, 290 AD2d 393 , 394 , 736 N.Y.S.2d 675 [1st Dept 2002]; *In re Will of Benkert*, 288 A.D.2d 147 , 147 , 734 N.Y.S.2d 427 [1st Dept 2001]; *Matter of Hoffman*, 284 AD2d at 94-95 ). Courts are not required to allow "their files to serve as

reservoirs of libelous statements for press consumption" (*Nixon V Warner Communications, Inc.*, 435 U.S. 589 , 598 , 98 S. Ct. 1306 , 55 L. Ed. 2d 570 [1978]). Under these circumstances, where the libelous statements are admittedly false, where what was said arid the truth of the statements are not the central issues in this action, and where there is no compelling reason for the court to participate in the republication of the libel (*cf. Guttenberg*, 26 F Supp3d at 95 ), the court finds that plaintiffs' interest in keeping private the libelous statements involved herein outweighs the public's right to know the libelous assertions.

Given, however, that the right of public access is of constitutional dimensions, any restrictions on the right of access must be narrowly tailored (*see Danco Lab.*, 274 AD2d at 6 ). *As* such, wholesale sealing of records may not be done where the protection of a litigant's private concerns can be achieved by way of redaction of the sensitive material from documents (see **[*4]** *Danco Lab.*, 274 AD2d at 5-10 ). Here, this balancing of interests can be achieved by redacting the false statements and other statements from which the false statements can be inferred from the publicly disclosed documents.[2]

Accordingly, plaintiffs' motion is granted to the extent that: (l) plaintiffs will be permitted to redact references to the libelous and admittedly false accusations contained in the pleadings and other papers filed with the court; (2) (a) plaintiffs, in order to obtain such redactions, must, on or before April 5, 2019, submit to the court, defendant, and the intervener Volokh (with respect to his own papers only) any proposed redactions relating to the offensive material contained in any of the pleadings, motion papers, opposition papers and other papers that have been filed with the court in this action; (b) defendant and Volokh shall have until April 26, 2019 to respond to the proposed redactions; and (c) the parties are directed the appear for conference before the court on May 8, 2019 at 2:30 PM, in Part 70, Room 438, to determine the redactions that will be allowed; (3) all the papers for which access has been restricted on the NYSCEF system shall remain restricted pending the determination of the allowed redactions; and (4) the un-redacted original papers, including any hard copies of such papers retained by the court, are sealed pending determination of the allowed redactions.

In addition, pursuant to **Uniform Rules for Trial Courts (22 NYCRR) § 202.5 (e)** (1)(i) **(iv)** and **§ 202.5 (e) (2)** , plaintiffs are further directed to redact all but the last four digits of the credit card account number identified in paragraph 18 of the complaint and paragraph 18 of the amended complaints

Finally, the court denies plaintiffs' request to "seal all discovery filed on the electronic docket." In New York, discovery material can only be electronically filed on NYSCEF if the parties enter into a stipulation authorizing the electronic filing of such materials (Uniform Rules for Trial Courts [22 NYCRR] **§§202.5-b [j]** , **202.5-bb [a] [1]** ). Plaintiffs thus can avoid the need for any sealing directive relating to discovery material by refusing to stipulate to allow the electronic filing of such material. Disclosure materials that are not filed with the court are not subject to the requirements of **Uniform Rules for Trial Courts (22 NYCRR) § 216.1** [*see Eusini v Pioneer Elecs. (USA), Inc.*, 29 AD3d 623 , 625-626 , 815 N.Y.S.2d 653 [2d Dept 2006]). If plaintiffs desire an order relating to the handling of discovery material, their remedy is to move for a protective order pursuant to **CPLR 3103 (a)** (see **Uniform Rules for Trial Courts [22 NYCRR] § 216.1 [b]** ).

This constitutes the decision and order of the court.

ENTER,

+ Kestenbaum v. Globus, No. 516803/18, 2019 BL 100386, 2019 NY Misc Lexis 1136 (Sup. Ct. Mar. 15, 2019), Court Opinion

/s/ Wavny Toussaint

J. S. C.

---

**fn 1**

In her opposition papers, defendant, while conceding the falsity of the alleged libelous material, asserts that she reasonably relied on previously published accounts in preparing her article. The court also notes that, since the time of oral argument of this motion, defendant has filed a summary judgment motion in which she contends that she is entitled to dismissal as plaintiffs commenced this action more than a year after the articles were first posted on the website or websites at issue.

**fn 2**

For example, with respect to the amended complaint, these objectives could be achieved by redacting references to the false accusations and certain references relevant to the false accusations contained in paragraphs 1, 32-39, 45-46, 52-53, 57, 61, and 74 of the amended complaint as well as the copies of articles/posts contained in exhibits A, B, C, and E that are appended thereto.

# General Information

| | |
|---|---|
| **Case Name** | Kestenbaum v. Globus |
| **Court** | New York Supreme Court |
| **Date Filed** | Fri Mar 15 00:00:00 EDT 2019 |
| **Judge(s)** | Toussaint |
| **Parties** | LOUIS KESTENBAUM, JOEL KESTENBAUM AND FORTIS PROPERTY GROUP, Plaintiffs, - against - JULIE GLOBUS, Defendant. Index No. 516803/18 |
| **Topic(s)** | Torts; Civil Procedure |