IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:20-cv-00628 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| THE LAMPO GROUP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## **MEMORANDUM OPINON and ORDER**

Pending before the Court is Plaintiff's motion to seal her response (and supporting documents) in opposition to Defendant's motion for summary judgment (Doc. No. 73, "Plaintiff's Motion") and Defendant's motion to seal Defendant's response (and supporting documents) to Plaintiff's motion to seal (Doc. No. 80, "Defendant's Motion").

Plaintiff's Motion notes that Plaintiff "redacted names and identifying information of comparators in the deposition transcripts and exhibits as much as possible," but "Defendant refused to concede these measures addressed their concerns." (Doc. No. 73 at 1). Accordingly, Plaintiff states that "it is Defendant's burden to demonstrate compelling reasons why these documents must be kept under seal." (*Id.*). Defendant then responded (Doc. No. 82) to Plaintiff's Motion, arguing why the documents should be sealed, as well as providing unsealed copies and copies with proposed redactions of every document relied upon by Plaintiff in her opposition to Defendant's summary judgment motion. Defendant's Motion (Doc. No. 80) then requests to seal

that response (and accompanying documents), as well as Defendant's response to Plaintiff's statement of additional facts (Doc. No. 78).[1]

There is a strong presumption for court records to be open to the public, and thus, there is a heavy burden to show why any records should be sealed. *See, e.g., Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176-79 (6th Cir. 1983). "To meet this burden, the party seeking a seal must show (1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Durbin v. C&L Tiling Inc.*, No. 3:18-CV-334-RGJ, 2019 WL 4615409, at *14 (W.D. Ky. Sept. 23, 2019) (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co*., 834 F.3d 589, 593-94 (6th Cir. 2016)). Defendant argues there are three main reasons for sealing the documents: "(1) to protect the privacy interests of non-parties to this lawsuit; (2) to protect confidential business information; and (3) to keep libelous statements from public disclosure." (Doc. No. 82 at 2.). The Court finds compelling—for reasons that will be discussed below—only the first proffered basis: protecting the privacy interest of non-parties.[2] On the other hand, Defendant did not even address the third

---

[1] The Court here wishes to briefly comment on the naming convention used by Defendant in Doc. No. 82 and the attached exhibits. Defendant, for a reason the Court cannot comprehend, chose to name every uploaded document "Exhibit Redacted Exhibit." The use of a uniform and generic name made the Court's job in deciphering what each document was and which one of Plaintiff's documents it corresponded to exceedingly more difficult than it needed to be. In future filings, Defendant's counsel should undertake the effort to provide each filed exhibit with a name that conveys useful information about the document's content and serves to differentiate the document from other filed exhibits.

[2] As to the second reason, Defendant contends that "personnel records, particularly involving sensitive matters such as violations of a moral code of conduct, are confidential business records." (Doc. No. 82 at 4). The Court disagrees. Defendant's support for this notion comes from only one district court case (*Durbin.*, 2019 WL 4615409), which involved a business's financial records and sales strategies that the court found could cause harm to the business in question if disclosed to the public. *Id.* at *14-15. No such risk exists here.

With the third reason, Defendant argues that certain "libelous statements" should be sealed so as to avoid harm to non-parties, as well as to Defendant's business. (Doc. No. 82 at 6-8). Again, the Court (mostly) disagrees. As Defendant itself acknowledges, "the Sixth Circuit has not decided a motion to seal solely on the basis of libelous statements." (*Id.* at 5). Additionally, the Court notes that allegedly "libelous

factor (narrow tailoring in its argument), and this factor in fact cuts against Defendant because it did not narrowly tailor its requests. Rather, Defendant has requested to seal significant quantities of information and evidence that does not need to be sealed to retain the privacy interest of third parties.

The Sixth Circuit has noted that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). However, "[t]he public has a strong interest in obtaining the information contained in the court record [and] . . . in ascertaining what evidence and records the District Court [] relied upon in reaching [its] decisions." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983).

Here, Defendant bases its request(s) to seal primarily on the theory that the sealed documents contain identifying information about third parties that has "no discernable" value to the public. (Doc. No. 82 at 5). The Court agrees with this sentiment to an extent. The Court does not believe the public has any interest in the names, addresses, or contact information of any third parties, nor does the public have an interest in accessing other information that is unrelated to the case and could serve to identify or embarrass third parties. However, the Court does believe the public has a substantial interest in information that may be relevant in the Court's decision on Defendant's motion for summary judgment (Doc. No. 66), which includes much of the information

---

statements" are often common in litigation and privileged as such. *See White v. Nicholls*, 44 U.S. 266, 267 (1845) ("A party to an action may make any statements in the course of judicial proceedings he may reasonably deem necessary to his cause; and his privilege is not abridged by the fact that he may have maliciously stated them, if they can be reasonably deemed necessary to the case."). The Court acknowledges there is some overlap between Defendant's "libelous statements" argument and Defendant's "privacy interests of non-parties" argument, in that some documents may include allegedly libelous statements about non-parties, thus affecting their privacy interests. To the extent that such statements exist, the Court does find a compelling reason to seal those statements and has acted accordingly.

Defendant contends infringes on third party individuals' "expectation of privacy." (Doc. No. 82 at 9). This case raises issues of discrimination, and accordingly, in opposing Defendant's summary judgment motion, Plaintiff cites to evidence of other individuals who violated Defendant's "core values" but were not disciplined in the same manner as Plaintiff. (Doc. No. 74 at 1). The Court believes the public has a right to access the information relevant to the conduct underlying other alleged violations of the "core values," but not to the identifying information of the individuals involved.

Accordingly, the Court **GRANTS** both Plaintiff's Motion (Doc. No. 73) and Defendant's Motion (Doc. No. 80) **in part** and **DENIES** them **in part**. To the extent the Motions are granted, this is subject to Defendant filing a redacted version of the documents in question by August 31, 2022. The Court will file under seal a separate order providing the Court's precise identification of (i) those documents that may be sealed and (ii) the specific portions of the respective sealed documents that may be redacted in the (unsealed) redacted version. The Court notes for the record that the sealed order, which will be filed contemporaneously herewith, is hereby incorporated by reference in full into this order as essentially the sealed portion of what amounts to a single order that is otherwise unsealed.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE