# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | ) |
| Plaintiff, | ) Case No. 3:20-cv-00628 |
| v. | ) District Judge Richardson |
| THE LAMPO GROUP, LLC, | ) Magistrate Judge Frensley |
| Defendant. | ) Jury Demand |

## DEFENDANT'S MOTION FOR INSTRUCTIONS

Defendant, The Lampo Group, LLC, by and through the undersigned counsel, moves the Court to provide instructions regarding its Sealed Order dated August 18, 2022 (Doc. #90). In support of this motion, Defendant states the following:

1. The Court's Sealed Order directs Defendant to file redacted copies of certain documents that the parties filed in connection with summary judgment briefing.

2. Defendant will file redacted copies of most of the documents addressed in the Court's Sealed Order today.

3. In many of the documents, the Court ordered Defendant to redact "start/end date." Defendant redacted dates that indicated a start or end date such as dates on e-mails discussing a termination or dates that an offer letter was signed. Defendant raises this practice with the Court to ensure it is in compliance with the Sealed Order.

4. In some of the documents, the Court ordered Defendant to redact "department name." Some emails refer to the department by naming the individuals in the department rather than the specific department name. In other instances, the emails referenced a unique identifier that made it clear which department it was referencing. Defendant

redacted those individual names and unique identifiers. Defendant raises this practice with the Court to ensure it is in compliance with the Order.

5. Defendant has also contemporaneously filed a motion requesting an extension of time to file Doc. #76-20. (Doc. #92). Some of the information the Court ordered sealed in other documents is not included in the instructions for sealing Doc. #76-20. The Court's Memorandum Opinion and Order (Doc. #88) explains that the public has no "interest in accessing other information that is unrelated to the case and could serve to identify or embarrass third parties." Defendant requests an in-camera conference with the Court to provide information about the portions of Doc. #76-20 that are questionable and to get instruction from the Court on how to proceed. Defendant believes an in-camera conference is the most efficient way to proceed as it should take the least amount of the Court's time and avoid burdening the Court with yet another document filed under seal. Alternatively, Defendant can file a detailed list of the questionable portions of Doc. #76-20 under seal so that it can explain the inconsistencies while still protecting the identity of the third parties.

Respectfully submitted,

/s/Daniel Crowell
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
JACKSON LEWIS P.C.
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 565-1661
Fax: (615) 206-2244
leslie.sanders@jacksonlewis.com
daniel.crowell@jacksonlewis.com

*Attorneys for Defendant*

2

## CERTIFICATE OF SERVICE

I certify that, on August 31, 2022, I filed *Defendant's Motion for Instructions* via the Court's electronic filing system, which will automatically notify and send a copy of that filing to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights Law, PLLC

*Attorneys for Plaintiff*

        /s/Daniel Crowell
        Daniel Crowell (TN #31485)
        *Attorney for Defendant*