

1. Employee's Name: ▮▮▮▮ ▮▮▮▮ ▮▮▮▮   2. SSN REDACTED
   First                  Middle Initial    Last

3. Last Employed: From: ▮▮▮▮ to ▮▮▮▮   Occupation: ▮▮▮▮
                        (mm/dd/yy)        (mm/dd/yy)

4. Where was work performed?  **Brentwood, TN**

5. Reason for Separation:  ☐ Lack of Work   ☐ Discharge   ☒ Quit

   If lack of work, indicate if layoff is   ☐ Permanent   ☐ Temporary - Recall Date _____
                                                                                  (mm/dd/yy)

   If <u>temporary</u>, report any vacation pay that will be paid.   Week Ending Date _____   Amount $ _____
                                                                     (mm/dd/yy)

   If layoff is <u>indefinite</u> vacation pay should not be reported.

6. Employee received:   ☐ Wages in Lieu of Notice   ☐ Severance Pay

   In the amount of $ _____  for period from _____ to _____
                                             (mm/dd/yy)   (mm/dd/yy)

   If other than lack of work, explain the circumstances of this separation:

   Employee resigned effective ▮▮▮▮

Employer's Name:  **The Lampo Group, LLC**

| Address where additional information may be obtained: | Employer's Telephone Number: |
|---|---|
| **1749 Mallory Ln**<br>**Brentwood, TN 37027** | **(615) 371-8881** |
| | Employer's Email Address:<br>armando.lopez@daveramsey.com |

**Employer's Account Number:**  04637690   *Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)*

I certify that the above worker has been separated from work and the information furnished hereon is true and correct. **This report has been handed to or mailed to the worker.**

Signature of Official or Representative of the Employer who has first-hand knowledge of the separation

Title of Person Signing

Date Completed and Released to Employee

_____   **Exec.Director of Human Resources**   ▮▮▮▮
                                                                 (mm/dd/yy)

## NOTICE TO EMPLOYER
Within 24 hours of the time of separation, you are required by Rule 0800-09-01-.02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a time sensitive request for separation information for the same information please give complete information in your response.

## NOTICE TO EMPLOYEE
YOU MAY BE INSTRUCTED TO MAIL OR FAX THE SEPARATION NOTICE TO TENNESSEE CLAIMS OPERATIONS IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

LB-0489 (Rev. 06-15)                                                    RDA 0063

*[Exhibit stamp: Armando Lopez 9/30/2021 **Ex 23** R. Michelle Smith]*

CONFIDENTIAL                                                    DEFENDANT 0238

# GENERAL RELEASE AND VOLUNTARY EMPLOYMENT RESIGNATION

This General Release and Voluntary Employment Resignation ("Release"), dated as of ███████████, is between ███████████ ("Employee") and **The Lampo Group, LLC** ("Lampo").

## RECITALS

Employee and Lampo wish to end their employment relationship amicably, and to set forth their remaining obligations to one another. In order to provide for a smooth transition and to foreclose any potential claims or disputes existing or arising between the parties, Employee and Lampo have agreed to enter into this Release.

## AGREEMENT

In consideration of the foregoing recitals, the mutual agreements and undertakings of the parties set forth below, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby expressly acknowledged, Employee and Lampo agree as follows:

**1.      Separation Date**

Employee and Lampo hereby terminate their employment relationship effective ███████ ███████ ("Separation Date"). Employee acknowledges that she is not subject to an employment contract.

**2.      Severance Payment**

In return for this entire Agreement Lampo will pay Employee severance payment totaling ███████ (less applicable federal taxes, Medicare, FICA and other customary deductions). Payment of this sum shall be made in four equal payments on Lampo's established payroll dates beginning ███████, and ending on ███████.

Employee acknowledges that the severance payment constitutes good and valuable consideration for the promises, releases, waivers and assignments contained in this Release. Employee agrees that, without her signature on this Release, Lampo will not pay any sum as severance.

Employee acknowledges that she has received all wages and other payments that may have been or are due to Employee from Lampo through the date of execution of this Release.

Employee further acknowledges that the severance payment described in this paragraph includes payment for any accrued but unused vacation pay, sick pay or other pay to which Employee may claim an entitlement.

**CONFIDENTIAL**                                                    **DEFENDANT 0240**

**3.     Other Benefit and Compensation Plans**

Other than any claimed right to payment of wages or benefits as described in Section 2 of this Release, this Release does not affect any previously vested rights to funds or benefits under Lampo welfare or benefit plans.  All benefits and distributions under those plans will be paid according to the terms and conditions of those plans.

**4.     Release and Waiver**

As a material inducement to Lampo to enter into this Release and the severance payment discussed in paragraph 2 above, Employee, on behalf of herself and her heirs and assigns, does hereby **RELEASE, ACQUIT, AND FOREVER DISCHARGE** Lampo, its successors, present and former employees, agents, corporate officers, directors, corporate affiliates and all other persons, firms, corporations and any other entity or person ("the parties released"), of and from any and all liability of any kind and character, including attorney's fees, whatsoever arising from, growing out of, or in any way connected with her employment with Lampo or separation therefrom or the negligent or intentional acts, statements or omissions of the parties released at any time up to and including the date of execution of this Release.  This Release expressly extends to all claims based on the present and future effects of past acts of Lampo.  Employee declares that it is her intention to fully release Lampo and all of the parties released from any and all liability of any kind and character whatsoever arising from, growing out of, or in any way connected with her employment with Lampo or separation therefrom including, but not limited to, known and unknown claims, in negligence, contract or in tort, which arose at any time prior to the execution of this Release, under any Federal or State statute including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17; the Fair Labor Standards Act of 1938 as amended; the Equal Pay Act of 1963, as amended, 29 U.S.C. §§ 206(d); the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 - 1461; the Worker Adjustment and Retraining Notification Act, as amended, 29 U.S.C. § 2101 et seq.; the National Labor Relations Act, as amended, 29 U.S.C. §§ 151-169; Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 825 et seq. Americans with Disability Act of 1990, as amended, 42 U.S.C. §§ 12101 et. seq.; the Sarbanes-Oxley Act of 2002; the Uniform Service Employee Reinstatement and Reemployment Act; the Tennessee Human Rights Act; any federal or state false claims act and all applicable rules and regulations promulgated pursuant to or concerning any of the foregoing statutes, orders, laws, ordinances or regulations; except that this Release is not intended to cover any claim arising from computational or clerical errors in the calculation of the severance benefit provided to Employee, or retirement benefit to which Employee may be entitled from any plan or other benefits to which Employee may be entitled under any plan maintained by any of the released parties.

This Release shall be construed, interpreted and enforced in accordance with the laws of the State of Tennessee.  This Release shall not apply to any claims that are legally precluded from being released by this type of agreement.

This is a full and final release, without limitation, of all known, unknown, and suspected claims.  This complete release is intended to be for the benefit of the parties released.

**CONFIDENTIAL**

DEFENDANT 0241

## 5. Indemnification

Employee promises never to file or participate in a lawsuit, arbitration or other legal proceeding asserting any claims that are released pursuant to this Release, except to enforce rights created by this Release, as stated in paragraph 4, above. If the Employee breaches her promise and files or participates in a legal proceeding based on any such released claims, Employer's obligation to make the payments and benefits referred to in paragraph 2, above shall terminate immediately, and the Employee will (i) repay to Employer any money paid to her pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in defending against the claim; and (iii) pay all other damages awarded by a court of competent jurisdiction. Notwithstanding the foregoing, this Release shall not attempt to preclude any governmental action in regard to the claims released herein, although Employee also waives any right to recover from any Release in a civil suit brought by any governmental agency or any other individual on her behalf with respect to any claims released herein.

Employee further hereby agrees to indemnify and hold the parties released harmless from and against any and all loss, costs, damages, or expenses, including, without limitation, attorneys' fees, incurred by the parties released and arising out of any negligent or intentional breach of the Agreement by Employee or because any of the representations made herein by Employee were false when made. Employee also hereby assigns to the parties released all causes of actions her assigns may have arising from her employment or termination thereof.

## 6. Review of Release; Effective Date

Employee acknowledges that:

(i)     she has been advised to consult an attorney prior to signing this Release.

(ii)     she has read and fully understands all of the provisions of this Release and she is knowingly and voluntarily agreeing to its terms;

(iii)     the payment and benefits provided pursuant to this Release, as described herein, constitute consideration for this Release, in that it is a payment and benefit to which Employee would not have been entitled had she not signed this Release; and

(iv)     this Release does not waive any claims that Employee may have which arise after the Separation Date.

## 7. Confidentiality of Agreement

Employee agrees that the terms and conditions of this Release shall be treated as confidential, and agrees not to disclose such terms and conditions to any third party. The preceding sentence shall not be applicable to disclosure or discussion with representatives of the Internal Revenue Service or the Social Security Administration, Employee's immediate family members or professionals from whom legal or financial advice is sought (provided they are instructed and agree to keep the information confidential), or as otherwise required by law.

**CONFIDENTIAL**                                    DEFENDANT 0242

Employee shall be responsible for any impermissible disclosure of the contents of this Release by any of the foregoing individuals as if that party had made the disclosure herself. If the Employee breaches her promise of confidentiality (or if any of the foregoing individuals impermissibly disclose the contents of this Release), the Employee will (i) repay to Lampo any money paid to her pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in enforcing this agreement; and (iii) pay all other damages awarded by a court of competent jurisdiction.

## 8. Non-Disparagement

Employee further agrees not to disparage the Company, its employees, agents, corporate officers or directors. If the Employee breaches her promise of non-disparagement, the Employee will (i) repay to the Company any money paid to her pursuant to this Release; (ii) pay for all costs incurred by the Company, including reasonable attorneys' fees, in enforcing this provision; and (iii) pay all other damages awarded by a court of competent jurisdiction.

## 9. Miscellaneous

The provisions of the Release are severable, and if any part of it is found to be unlawful or unenforceable, then such part will be deemed changed or deleted to the minimal extent necessary to make the entire Release lawful and enforceable. The other provisions of this Release shall remain fully valid and enforceable to the maximum extent consistent with applicable law.

Employee acknowledges and agrees (i) she is responsible for any tax liability that may result as a consequence of the receipt of the benefits described herein, and (ii) Lampo makes no representation of the taxability of these funds. The money paid under this Release does not come from a qualified retirement plan and therefore it may not be rolled into any other qualified plan or Individual Retirement Account.

Employee understands and agrees that this Release may not be used as evidence in any proceeding against the parties released except in a proceeding based solely upon a specific allegation that the parties released have breached this Release or in a proceeding in which either party presents testimony about matters covered by this Release. The parties released believe and assert that Employee has been treated in a fair and lawful manner, and it is agreed between the parties that nothing herein is intended or shall be construed as an admission of fault or liability by the parties released.

Employee understands and agrees that this Release is being executed by Lampo on behalf of itself, and its corporate affiliates and that all of the rights of Lampo under this Release and all of Employee's obligations and duties under this Release will inure to the benefit of and may be enforced by Lampo, or any of their affiliates or any of the parties released.

This Release sets forth the entire agreement between the parties and fully supersedes all prior written and oral agreements, understandings and representations between the parties. Employee represents, warrants and agrees that she does not rely and has not relied upon any

CONFIDENTIAL                                          DEFENDANT 0243

representation or statement made by any officer, director, agent or representative of Lampo, or any subsidiary or affiliate of Lampo with regard to the subject matter, background or effect of this Release, except as expressly set forth in this Release.

This Release is executed in duplicate originals and is effective and enforceable only after both parties have signed the Release and an original executed Release has been returned to Lampo. Employee acknowledges that she has read this Release, has understood it and knowingly and voluntarily desires to sign it.

**Accepted, Understood and Agreed**

**The Lampo Group, LLC**

Employee

By: _____

Date: _____

Title: _Exec Dir of HR_

Date: _____

**CONFIDENTIAL**

**DEFENDANT 0244**



## Ramsey Solutions - Offer of Employment

**Date:** ███████████
**Position:** ████████████████████
**Candidate:** ████████████████

████████

We're happy to extend to you an official offer to join our team in the full-time ████ ██████████████████████████████ position. Your compensation includes an annual salary of **$31,000 plus company profit sharing**. (Profit sharing will be activated after the *90 day probationary period*.)

We'd like to request a start date of ████████████████

Please sign and date below and email or fax to Elizabeth Judd
e: Elizabeth.judd@daveramsey.com  f: 615-515-9901

*[signature]*
**Rick Perry**
**Exec. Director of HR, Ramsey Solutions**                     **Date**

*[signature]* Rebecca Ward
**Rebecca Ward, VP of ELP Real Estate**                         **Date**

*[signature]* Jack Galloway CFO
**Jack Galloway, EVP of B2B**                                   **Date**

████████████████████                                           **Date**

*This offer letter is confidential and not intended for disclosure to third parties or other publication without the express, written approval of The Lampo Group, Inc .DBA Ramsey Solutions. Any unauthorized disclosure could result in offer revocation or termination of employment.*

*This offer and its acceptance do not create an employment contract. All offers and employment with The Lampo Group, Inc .DBA Ramsey Solutions are subject to all terms of our Policies and Procedures.*

**RICK PERRY** | EXECUTIVE DIRECTOR OF HR
1749 MALLORY LANE, BRENTWOOD, TN 37027
RICK.PERRY@DAVERAMSEY.COM | 615.371.8250 EXT. 5003 | DAVERAMSEY.COM

**CONFIDENTIAL**                                    **DEFENDANT 0248**

| From: | Jack Galloway |
|---|---|
| To: | Blake Thompson; Armando Lopez; Jennifer Sievertsen; Suzanne Simms; Daniel Ramsey |
| Subject: | FW: █████████ |
| Date: | Monday, ██████████████ 4:45:07 PM |
| Attachments: | image001.png |

Afternoon HR Comm,

We've got a developing situation on the ███ team.  Read from bottom up and share your thoughts before we take anymore steps.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

**From:** Rebecca Ward [mailto:Rebecca.Ward@daveramsey.com]
**Sent:** Monday, ████████████████ 4:34 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████████████
**Subject:** RE: ████████

Hi Jack,

████████ and I pulled ████████ aside today and confirmed she did have a guy spend the night Saturday night. While he's not her boyfriend it is someone she's had an "on again, off again" relationship with the past few months. She confirmed that he did sleep over in the context of a romantic relationship.

When I discussed this with her she was very surprised that we would care about her personal life to this level. She said she values her job and will certainly tell him he can't spend the night anymore if that's what this means. Obviously, we all know there is more to it than that. If you're ok with it, I would like to bring Rick Perry in to have the follow-up discussion with her. He is masterful at these type of conversations and I want to make sure she really understands what we're asking of her in order for her to keep her job. Is that what you would do as next steps?

As a side note, you should know we met with her last week regarding her work performance. We are in the process of doing her first write-up for performance. This just happened late last week so I hadn't officially filled you in yet.

Rebecca Ward
Vice President, ███ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Rebecca Ward
**Sent:** Monday, ██████████ 3:27 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████
**Subject:** RE: ████████

I meet with ████████ (████████ direct leader) at 3:30 today actually so I'll ask what she knows and then we will get with ████████.

Rebecca Ward
Vice President, ██ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Jack Galloway
**Sent:** Monday, ██████████ 1:50 PM
**To:** Heath Hartzog <heathh@daveramsey.com>; Rebecca Ward <Rebecca.Ward@daveramsey.com>
**Cc:** ████████████████
**Subject:** ████████

Hey Rebecca,
████████ called me yesterday with a situation he ran across over the weekend.  He and ████████ live in the same apartments.  Yesterday morning around 7:00 am, ████ boyfriend came out of her apartment in boxer shorts and a blanket to walk the dog.

Please connect with ████ and get any context needed, then connect with ████████ and see if you can figure out what's going on there.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

CONFIDENTIAL                                    DEFENDANT 0911

| **From:** | Jack Galloway |
| **To:** | Armando Lopez; Blake Thompson; Jennifer Sievertsen; Suzanne Simms; Daniel Ramsey |
| **Subject:** | RE: ██████ |
| **Date:** | Monday, ████████ 5:06:12 PM |
| **Attachments:** | image003.png |
| | image004.png |
| | image005.png |

Rebecca just let me know that they have scheduled her first performance write up to happen this week as well.

**Jack Galloway | Executive Vice President**

Ramsey Solutions
1749 Mallory Lane | Brentwood TN 37027
615.371.8881 | daveramsey.com

---

**From:** Armando Lopez [mailto:armando.lopez@daveramsey.com]
**Sent:** Monday, ████████████ 5:05 PM
**To:** Jack Galloway <jack@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ████████

All,

As a reminder there has been a lot going on in ██████ life, you all may remember that we have ████ her in the past with groceries, counseling offered (not sure if she accepted) and car repairs.

Armando

**Armando Lopez** | Executive Director of Human Resources

**Ramsey Solutions**
1749 Mallory Lane, Brentwood, TN 37027
T: 615.515.3223, ext. 5045 | M: ████████████
www.daveramsey.com

Confidentiality Notice: This is a private communication. The information in this email and any attachments is confidential information intended only for the use of the person named as recipient. If you are not the named recipient, be advised that any unauthorized review, disclosure, reproduction, or dissemination of the contents of this message is strictly prohibited. If you have received this material in error, please delete this message and any attachments without storing it and notify the sender so that our address record can be corrected.

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ██████████████ at 4:45 PM
**To:** Blake Thompson <blaket@daveramsey.com>, Armando Lopez
<armando.lopez@daveramsey.com>, Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>,
Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** FW: ██████

Afternoon HR Comm,
We've got a developing situation on the ████ team.  Read from bottom up and share your
thoughts before we take anymore steps.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

**From:** Rebecca Ward [mailto:Rebecca.Ward@daveramsey.com]
**Sent:** Monday, ██████ 21, ████ 4:34 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████████████████
**Subject:** RE: ██████

Hi Jack,

████████ and I pulled ████████ aside today and confirmed she did have a guy spend
the night Saturday night. While he's not her boyfriend it is someone she's had an "on
again, off again" relationship with the past few months. She confirmed that he did
sleep over in the context of a romantic relationship.

When I discussed this with her she was very surprised that we would care about her
personal life to this level. She said she values her job and will certainly tell him he
can't spend the night anymore if that's what this means. Obviously, we all know there
is more to it than that. If you're ok with it, I would like to bring Rick Perry in to have the
follow-up discussion with her. He is masterful at these type of conversations and I
want to make sure she really understands what we're asking of her in order for her to
keep her job. Is that what you would do as next steps?

As a side note, you should know we met with her last week regarding her work
performance. We are in the process of doing her first write-up for performance. This
just happened late last week so I hadn't officially filled you in yet.

CONFIDENTIAL                                DEFENDANT 0913

Rebecca Ward
Vice President, ██ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Rebecca Ward
**Sent:** Monday, ██████ 21, ███ 3:27 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████
**Subject:** RE: ███████

I meet with ██████████ (██████████ direct leader) at 3:30 today actually so I'll ask what she knows and then we will get with █████.

Rebecca Ward
Vice President, ██ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Jack Galloway
**Sent:** Monday, ██████ 21, ███ 1:50 PM
**To:** Heath Hartzog <heathh@daveramsey.com>; Rebecca Ward <Rebecca.Ward@daveramsey.com>
**Cc:** ████████████████████████
**Subject:** ███████

Hey Rebecca,
████████ called me yesterday with a situation he ran across over the weekend.  He and ████ live in the same apartments.  Yesterday morning around 7:00 am, ████ ████ boyfriend came out of her apartment in boxer shorts and a blanket to walk the dog.

Please connect with ████ and get any context needed, then connect with ████████ and see if you can figure out what's going on there.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**CONFIDENTIAL**

**DEFENDANT 0915**

| From: | Jack Galloway |
|---|---|
| To: | Jennifer Sievertsen; Armando Lopez; Blake Thompson; Suzanne Simms; Daniel Ramsey |
| Subject: | RE: ███ |
| Date: | Monday, ███████ 21, ███ 5:13:27 PM |
| Attachments: | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

Agreed.

I'd love to have you involved as a lady on this one.  (Suz is out after today)  If I bring Rick up to speed and have him run point, do you have time to connect with Rebecca and then TL this week?

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

**From:** Jennifer Sievertsen
**Sent:** Monday, ███████ 21, ███ 5:09 PM
**To:** Jack Galloway <jack@daveramsey.com>; Armando Lopez <armando.lopez@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ███████

Argh. I hate this because here you've got a person that has a breach in their walk and it impacts things like their work, hence the write up for performance. But because we have a conversation with her on righteous living AND she has a work performance issue, if she doesn't make the turn (and her not getting why Rebecca and ██████ would even talk to her indicates she probably won't make the turn) – she could immaturely think it's because ████ said something. And it's not really. It's because she has an integrity breach that's running through multiple areas of her life ☹

The way this is playing out is yucky. How long ago did we " ████ her"? Isn't there a divorce and a child involved?

I think we may need to have a few of us sit down with Rebecca and ██████ and review the write up and the performance issues. It needs to be all one discussion I think and involve Rick if he's available.

Jen Sievertsen | Chief Marketing Officer
Ramsey Solutions

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ▓▓▓▓▓ 21, ▓▓▓ at 5:06 PM
**To:** Armando Lopez <armando.lopez@daveramsey.com>, Blake Thompson <blaket@daveramsey.com>, Jen Sievertsen <jennifer.sievertsen@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** RE: ▓▓▓▓▓▓

Rebecca just let me know that they have scheduled her first performance write up to happen this week as well.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**From:** Armando Lopez [mailto:armando.lopez@daveramsey.com]
**Sent:** Monday, ▓▓▓▓▓ 21, ▓▓▓ 5:05 PM
**To:** Jack Galloway <jack@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ▓▓▓▓▓▓

All,

As a reminder there has been a lot going on in ▓▓▓▓▓▓▓ life, you all may remember that we have ▓▓▓▓ her in the past with groceries, counseling offered (not sure if she accepted) and car repairs.

Armando

**Armando Lopez** | Executive Director of Human Resources
**Ramsey Solutions**
1749 Mallory Lane, Brentwood, TN 37027
T: 615.515.3223, ext. 5045 | M: 615.390.9368
www.daveramsey.com

Confidentiality Notice: This is a private communication. The information in this email and any attachments is confidential information intended only for the use of the person named as recipient. If you are not the named recipient, be advised that any unauthorized review, disclosure, reproduction, or dissemination of the contents of this message is strictly prohibited. If you have received this material in

**CONFIDENTIAL**                                                        **DEFENDANT 0917**

error, please delete this message and any attachments without storing it and notify the sender so that
our address record can be corrected.

---

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ████ 21, ████ at 4:45 PM
**To:** Blake Thompson <blaket@daveramsey.com>, Armando Lopez
<armando.lopez@daveramsey.com>, Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>,
Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** FW: ████

Afternoon HR Comm,
We've got a developing situation on the ████ team. Read from bottom up and share your
thoughts before we take anymore steps.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

**From:** Rebecca Ward [mailto:Rebecca.Ward@daveramsey.com]
**Sent:** Monday, ████ 21, ████ 4:34 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████████
**Subject:** RE: ████

Hi Jack,

████ and I pulled ████ aside today and confirmed she did have a guy spend
the night Saturday night. While he's not her boyfriend it is someone she's had an "on
again, off again" relationship with the past few months. She confirmed that he did
sleep over in the context of a romantic relationship.

When I discussed this with her she was very surprised that we would care about her
personal life to this level. She said she values her job and will certainly tell him he
can't spend the night anymore if that's what this means. Obviously, we all know there
is more to it than that. If you're ok with it, I would like to bring Rick Perry in to have the
follow-up discussion with her. He is masterful at these type of conversations and I
want to make sure she really understands what we're asking of her in order for her to
keep her job. Is that what you would do as next steps?

**CONFIDENTIAL**                                                                      **DEFENDANT 0918**

As a side note, you should know we met with her last week regarding her work performance. We are in the process of doing her first write-up for performance. This just happened late last week so I hadn't officially filled you in yet.

Rebecca Ward

Vice President, ██ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Rebecca Ward
**Sent:** Monday, ██████ 21, ██ 3:27 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████
**Subject:** RE: ██████

I meet with ████████ (████████ direct leader) at 3:30 today actually so I'll ask what she knows and then we will get with ██████.

Rebecca Ward

Vice President, ██ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Jack Galloway
**Sent:** Monday, ██████ 21, ██ 1:50 PM
**To:** Heath Hartzog <heathh@daveramsey.com>; Rebecca Ward <Rebecca.Ward@daveramsey.com>
**Cc:** ████████████████████
**Subject:** ████████

Hey Rebecca,
██████ called me yesterday with a situation he ran across over the weekend. He and ██████ live in the same apartments. Yesterday morning around 7:00 am, ████ boyfriend came out of her apartment in boxer shorts and a blanket to walk the dog.

Please connect with ████ and get any context needed, then connect with ████████ and see if you can figure out what's going on there.

**Jack Galloway | Executive Vice President**

**CONFIDENTIAL**                                                      **DEFENDANT 0919**

Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**<u>CONFIDENTIAL</u>**

**DEFENDANT 0920**

| | |
|---|---|
| **From:** | Jennifer Sievertsen |
| **To:** | Jack Galloway; Armando Lopez; Blake Thompson; Suzanne Simms; Daniel Ramsey |
| **Subject:** | Re: ▮▮▮ |
| **Date:** | Monday, ▮▮▮ 21, ▮▮ 5:08:45 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

Argh. I hate this because here you've got a person that has a breach in their walk and it impacts things like their work, hence the write up for performance. But because we have a conversation with her on righteous living AND she has a work performance issue, if she doesn't make the turn (and her not getting why Rebecca and ▮▮▮ would even talk to her indicates she probably won't make the turn) – she could immaturely think it's because ▮▮▮ said something. And it's not really. It's because she has an integrity breach that's running through multiple areas of her life ☹

The way this is playing out is yucky. How long ago did we "▮▮▮ her"? Isn't there a divorce and a child involved?

I think we may need to have a few of us sit down with Rebecca and ▮▮▮ and review the write up and the performance issues. It needs to be all one discussion I think and involve Rick if he's available.

Jen Sievertsen | Chief Marketing Officer
Ramsey Solutions
1749 Mallory Lane, Brentwood, TN 37027
T: 888.227.3223

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ▮▮▮ 21, ▮▮ at 5:06 PM
**To:** Armando Lopez <armando.lopez@daveramsey.com>, Blake Thompson <blaket@daveramsey.com>, Jen Sievertsen <jennifer.sievertsen@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** RE: ▮▮▮

Rebecca just let me know that they have scheduled her first performance write up to happen this week as well.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**From:** Armando Lopez [mailto:armando.lopez@daveramsey.com]

**CONFIDENTIAL**                              **DEFENDANT 0921**

**Sent:** Monday, ████████ 21, ████ 5:05 PM
**To:** Jack Galloway <jack@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ████████

All,

As a reminder there has been a lot going on in ████████ life, you all may remember that we have ████ her in the past with groceries, counseling offered (not sure if she accepted) and car repairs.

Armando

**Armando Lopez** | Executive Director of Human Resources
**Ramsey Solutions**
1749 Mallory Lane, Brentwood, TN 37027
T: 615.515.3223, ext. 5045 | M: 615.390.9368
www.daveramsey.com

Confidentiality Notice: This is a private communication. The information in this email and any attachments is confidential information intended only for the use of the person named as recipient. If you are not the named recipient, be advised that any unauthorized review, disclosure, reproduction, or dissemination of the contents of this message is strictly prohibited. If you have received this material in error, please delete this message and any attachments without storing it and notify the sender so that our address record can be corrected.

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ████████ 21, ████ at 4:45 PM
**To:** Blake Thompson <blaket@daveramsey.com>, Armando Lopez <armando.lopez@daveramsey.com>, Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** FW: ████████

Afternoon HR Comm,
We've got a developing situation on the ████ team. Read from bottom up and share your thoughts before we take anymore steps.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**CONFIDENTIAL**                    DEFENDANT 0922

**From:** Rebecca Ward [mailto:Rebecca.Ward@daveramsey.com]
**Sent:** Monday, ███████ 21, ████ 4:34 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████████████████
**Subject:** RE: ████████

Hi Jack,

████████ and I pulled ████████ aside today and confirmed she did have a guy spend the night Saturday night. While he's not her boyfriend it is someone she's had an "on again, off again" relationship with the past few months. She confirmed that he did sleep over in the context of a romantic relationship.

When I discussed this with her she was very surprised that we would care about her personal life to this level. She said she values her job and will certainly tell him he can't spend the night anymore if that's what this means. Obviously, we all know there is more to it than that. If you're ok with it, I would like to bring Rick Perry in to have the follow-up discussion with her. He is masterful at these type of conversations and I want to make sure she really understands what we're asking of her in order for her to keep her job. Is that what you would do as next steps?

As a side note, you should know we met with her last week regarding her work performance. We are in the process of doing her first write-up for performance. This just happened late last week so I hadn't officially filled you in yet.

Rebecca Ward

Vice President, ████ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Rebecca Ward
**Sent:** Monday, ███████ 21, ████ 3:27 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ██████████████████████████████
**Subject:** RE: ████████

I meet with ████████████ (████████████ direct leader) at 3:30 today actually so I'll ask what she knows and then we will get with ████████.

**CONFIDENTIAL**                                    **DEFENDANT 0923**

Rebecca Ward

Vice President, ███ Real Estate Services

Ramsey Solutions

877-410-3283 ext. 5581

Rebecca.Ward@DaveRamsey.com

---

**From:** Jack Galloway
**Sent:** Monday, ███ 21, ███ 1:50 PM
**To:** Heath Hartzog <heathh@daveramsey.com>; Rebecca Ward <Rebecca.Ward@daveramsey.com>
**Cc:** ████████████████████████
**Subject:** ███████

Hey Rebecca,

████████ called me yesterday with a situation he ran across over the weekend. He and ████ live in the same apartments. Yesterday morning around 7:00 am, ████ boyfriend came out of her apartment in boxer shorts and a blanket to walk the dog.

Please connect with ████ and get any context needed, then connect with ████ and see if you can figure out what's going on there.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

CONFIDENTIAL                                    DEFENDANT 0924

| From: | Jennifer Sievertsen |
| To: | Jack Galloway; Armando Lopez; Blake Thompson; Suzanne Simms; Daniel Ramsey |
| Subject: | Re: ████ |
| Date: | Monday, ████ 21, ██ 5:18:16 PM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |

I'll make it work. Tomorrow I have something I cannot move from 3-5:30, but I can be flexible the rest of the day. I'll let Lindey know to make this a priority.


Jen Sievertsen | Chief Marketing Officer
Ramsey Solutions
1749 Mallory Lane, Brentwood, TN 37027
T: 888.227.3223

---

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ████████ 21, ████ at 5:13 PM
**To:** Jen Sievertsen <jennifer.sievertsen@daveramsey.com>, Armando Lopez <armando.lopez@daveramsey.com>, Blake Thompson <blaket@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** RE: ████

Agreed.

I'd love to have you involved as a lady on this one.  (Suz is out after today)  If I bring Rick up to speed and have him run point, do you have time to connect with Rebecca and then TL this week?

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

---

**From:** Jennifer Sievertsen
**Sent:** Monday, ████████ 21, ████ 5:09 PM
**To:** Jack Galloway <jack@daveramsey.com>; Armando Lopez <armando.lopez@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ████

Argh. I hate this because here you've got a person that has a breach in their walk and it impacts

CONFIDENTIAL                                    DEFENDANT 0925

things like their work, hence the write up for performance. But because we have a conversation with her on righteous living AND she has a work performance issue, if she doesn't make the turn (and her not getting why Rebecca and ██████ would even talk to her indicates she probably won't make the turn) – she could immaturely think it's because ████ said something. And it's not really. It's because she has an integrity breach that's running through multiple areas of her life ☹

The way this is playing out is yucky. How long ago did we "████ her"? Isn't there a divorce and a child involved?

I think we may need to have a few of us sit down with Rebecca and ██████ and review the write up and the performance issues. It needs to be all one discussion I think and involve Rick if he's available.

Jen Sievertsen | Chief Marketing Officer
Ramsey Solutions
1749 Mallory Lane, Brentwood, TN 37027
T: 888.227.3223

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ██████ 21, ████ at 5:06 PM
**To:** Armando Lopez <armando.lopez@daveramsey.com>, Blake Thompson <blaket@daveramsey.com>, Jen Sievertsen <jennifer.sievertsen@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** RE: ██████

Rebecca just let me know that they have scheduled her first performance write up to happen this week as well.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

**From:** Armando Lopez [mailto:armando.lopez@daveramsey.com]
**Sent:** Monday, ██████ 21, ████ 5:05 PM
**To:** Jack Galloway <jack@daveramsey.com>; Blake Thompson <blaket@daveramsey.com>; Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>; Suzanne Simms <Suzannes@daveramsey.com>; Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** Re: ██████

All,

**CONFIDENTIAL**                                                    DEFENDANT 0926

As a reminder there has been a lot going on in ████ life, you all may remember that we have ████ her in the past with groceries, counseling offered (not sure if she accepted) and car repairs.

Armando

**Armando Lopez** | Executive Director of Human Resources

**Ramsey Solutions**

1749 Mallory Lane, Brentwood, TN 37027

T: 615.515.3223, ext. 5045 | M: 615.390.9368

www.daveramsey.com

Confidentiality Notice: This is a private communication. The information in this email and any attachments is confidential information intended only for the use of the person named as recipient. If you are not the named recipient, be advised that any unauthorized review, disclosure, reproduction, or dissemination of the contents of this message is strictly prohibited. If you have received this material in error, please delete this message and any attachments without storing it and notify the sender so that our address record can be corrected.

**From:** Jack Galloway <jack@daveramsey.com>
**Date:** Monday, ████ 21, ████ at 4:45 PM
**To:** Blake Thompson <blaket@daveramsey.com>, Armando Lopez <armando.lopez@daveramsey.com>, Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>, Suzanne Simms <Suzannes@daveramsey.com>, Daniel Ramsey <daniel.ramsey@daveramsey.com>
**Subject:** FW: ████

Afternoon HR Comm,

We've got a developing situation on the ████ team. Read from bottom up and share your thoughts before we take anymore steps.

**Jack Galloway | Executive Vice President**

Ramsey Solutions

1749 Mallory Lane | Brentwood TN 37027

615.371.8881 | daveramsey.com

**From:** Rebecca Ward [mailto:Rebecca.Ward@daveramsey.com]
**Sent:** Monday, ████ 21, ████ 4:34 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ████████████████████████
**Subject:** RE: ████

**CONFIDENTIAL**                                    **DEFENDANT 0927**

Hi Jack,

███████ and I pulled ██████ aside today and confirmed she did have a guy spend the night Saturday night. While he's not her boyfriend it is someone she's had an "on again, off again" relationship with the past few months. She confirmed that he did sleep over in the context of a romantic relationship.

When I discussed this with her she was very surprised that we would care about her personal life to this level. She said she values her job and will certainly tell him he can't spend the night anymore if that's what this means. Obviously, we all know there is more to it than that. If you're ok with it, I would like to bring Rick Perry in to have the follow-up discussion with her. He is masterful at these type of conversations and I want to make sure she really understands what we're asking of her in order for her to keep her job. Is that what you would do as next steps?

As a side note, you should know we met with her last week regarding her work performance. We are in the process of doing her first write-up for performance. This just happened late last week so I hadn't officially filled you in yet.

Rebecca Ward
Vice President, ███ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Rebecca Ward
**Sent:** Monday, ████████ 21, ████ 3:27 PM
**To:** Jack Galloway <jack@daveramsey.com>; Heath Hartzog <heathh@daveramsey.com>
**Cc:** ██████████████████████
**Subject:** RE: ████████

I meet with ████████████ (██████████ direct leader) at 3:30 today actually so I'll ask what she knows and then we will get with ████████.

Rebecca Ward
Vice President, ███ Real Estate Services

Ramsey Solutions
877-410-3283 ext. 5581
Rebecca.Ward@DaveRamsey.com

---

**From:** Jack Galloway

**CONFIDENTIAL**                    DEFENDANT 0928

**Sent:** Monday, ███████ 21, ████ 1:50 PM

**To:** Heath Hartzog <heathh@daveramsey.com>; Rebecca Ward <Rebecca.Ward@daveramsey.com>

**Cc:** ████████████████████████████

**Subject:** ████████

Hey Rebecca,

█████████ called me yesterday with a situation he ran across over the weekend.  He and █████████ live in the same apartments.  Yesterday morning around 7:00 am, ██████ █████████ boyfriend came out of her apartment in boxer shorts and a blanket to walk the dog.

Please connect with ██████ and get any context needed, then connect with ███████████ and see if you can figure out what's going on there.

**Jack Galloway | Executive Vice President**
Ramsey Solutions
1749 Mallory Lane | Brentwood  TN 37027
615.371.8881 | daveramsey.com

CONFIDENTIAL                    DEFENDANT 0929


## GENERAL RELEASE AND EMPLOYMENT RESIGNATION

This General Release and Employment Resignation ("Release"), dated as indicated in the signature block below, is between ▮▮▮▮▮▮▮▮▮▮ ("Employee") and The Lampo Group, LLC ("Lampo"). Employee and Lampo wish to terminate their employment relationship amicably, and to set forth their remaining obligations to one another. In order to provide for a smooth transition and to foreclose any potential claims or disputes existing or arising between the parties, Employee and Lampo have agreed to enter into this Release.

### AGREEMENT

In consideration of the foregoing, the mutual agreements and undertakings of the parties set forth below, and other good and valuable consideration, the receipt, adequacy and sufficiency of which are hereby expressly acknowledged, Employee and Lampo agree as follows:

1.     **Separation Date**:  Employee and Lampo hereby end their employment relationship effective ▮▮▮▮▮▮▮▮▮▮ ("Separation Date").  Employee acknowledges that she is not subject to an employment contract.

2.     **Final Paycheck and Severance:**  Employee will receive her regular pay, including any commissions earned though the Separation Date, less deductions, on Lampo's scheduled payroll dates. In addition to the foregoing and in return for this entire Agreement, Lampo will pay Employee severance of ▮▮▮▮▮▮▮▮▮▮ (less applicable federal taxes, Medicare, FICA and other customary deductions), which will be paid in equal amounts of ▮▮▮▮▮▮▮▮▮▮ on Lampo's twelve consecutive payroll dates following the execution of this Release.  In addition, Lampo will pay an additional sum of ▮▮▮▮▮▮▮▮▮▮ during the same consecutive twelve payout payroll dates of the foregoing severance to cover COBRA premiums.

Employee acknowledges that the severance payment constitutes good and valuable consideration for the promises, releases, waivers and assignments contained in this Release.  Employee agrees that, without her signature on this Release, Lampo will not pay any sum as severance.  Employee acknowledges that she has received all wages and other payments that may have been or are due to Employee from Lampo through the date of execution of this Release.  Employee further acknowledges that the severance payment and other payment described herein constitute the full and final financial obligation of Lampo to Employee.

3.     **Other Benefit and Compensation Plans:**  Other than any claimed right to payment of wages or benefits as described in Section 2 of this Release, this Release does not affect any previously vested rights to funds or benefits under Lampo welfare or benefit plans.  All benefits and distributions under those plans will be paid according to the terms and conditions of those plans.

4.     **Employment Policies and Procedures:**  Employee understands and affirms that she has signed and is bound by the terms and conditions of her employment, including provisions related to work made for hire and confidentiality, as set forth in the Policies and Procedures, all of which are incorporated by reference.

5.     **Release and Waiver:**  As a material inducement for Lampo to enter into this Release and the severance payment discussed in Sec. 2 above, Employee, on behalf of herself and her heirs and assigns, does hereby **RELEASE, ACQUIT, AND FOREVER DISCHARGE** Lampo, its successors, present and former employees, agents, corporate officers, directors, corporate affiliates and all other persons, firms, corporations and any other entity or person ("the parties released"), of and from any and all liability of any kind and character, including attorney's fees, whatsoever arising from, growing out of, or in any way

**CONFIDENTIAL**                                    **DEFENDANT 0435**

connected with her employment with Lampo or separation therefrom or the negligent or intentional acts, statements or omissions of the parties released at any time up to and including the date of execution of this Release. This Release expressly extends to all claims based on the present and future effects of past acts of Lampo. Employee declares that it is her intention to fully release Lampo and all of the parties released from any and all liability of any kind and character whatsoever arising from, growing out of, or in any way connected with her employment with Lampo or separation therefrom including, but not limited to, known and unknown claims, in negligence, contract or in tort, which arose at any time prior to the execution of this Release, under any Federal or State statute including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17; the Fair Labor Standards Act of 1938 as amended; the Equal Pay Act of 1963, as amended, 29 U.S.C. §§ 206(d); the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 - 1461; the Worker Adjustment and Retraining Notification Act, as amended, 29 U.S.C. § 2101 et seq.; the National Labor Relations Act, as amended, 29 U.S.C. §§ 151-169; Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 825 et seq. Americans with Disability Act of 1990, as amended, 42 U.S.C. §§ 12101 et. seq.; the Sarbanes-Oxley Act of 2002; the Uniform Service Employee Reinstatement and Reemployment Act; the Age Discrimination in Employment Act of 1967, 42 U.S.C. §§ 621-634, as amended by the Older Workers Benefit Protection Act of 1990; the Tennessee Human Rights Act; any pregnancy discrimination or similar related state or federal laws; any federal or state false claims act and all applicable rules and regulations promulgated pursuant to or concerning any of the foregoing statutes, orders, laws, ordinances or regulations; except that this Release is not intended to cover any claim arising from computational or clerical errors in the calculation of the severance benefit provided to Employee, or retirement benefit to which Employee may be entitled from any plan or other benefits to which Employee may be entitled under any plan maintained by any of the released parties.

This Release shall be construed, interpreted and enforced in accordance with the laws of the State of Tennessee. This Release shall not apply to any claims that are legally precluded from being released by this type of agreement.

This is a full and final release, without limitation, of all known, unknown, and suspected claims. This complete release is intended to be for the benefit of the parties released.

**6.**     **Indemnification:** Employee promises never to file or participate in a lawsuit, arbitration or other legal proceeding asserting any claims that are released pursuant to this Release, except to enforce rights created by this Release. If the Employee breaches her promise and files or participates in a legal proceeding based on any such released claims, Employer's obligation to make the payments and benefits referred to in Sec. 2, shall terminate immediately, and the Employee will (i) repay to Employer any money paid to her pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in defending against the claim; and (iii) pay all other damages awarded by a court of competent jurisdiction. Notwithstanding the foregoing, this Release shall not attempt to preclude any governmental action in regard to the claims released herein, although Employee also waives any right to recover from any Release in a civil suit brought by any governmental agency or any other individual on her behalf with respect to any claims released herein.

Employee further hereby agrees to indemnify and hold the parties released harmless from and against any and all loss, costs, damages, or expenses, including, without limitation, attorneys' fees, incurred by the parties released and arising out of any negligent or intentional breach of the Release by Employee or because any of the representations made herein by Employee were false when made. Employee also hereby assigns to the parties released all causes of actions she or her assigns may have arising from her employment or termination thereof.

**CONFIDENTIAL**                    **DEFENDANT 0436**

7. **Review of Release; Effective Date:** Employee acknowledges that:

    (i)    she has been advised to consult an attorney prior to signing this Release.

    (ii)    she has read and fully understands all of the provisions of this Release and she is knowingly and voluntarily agreeing to its terms;

    (iii)    the payment and benefits provided pursuant to this Release, as described herein, constitute consideration for this Release, in that it is a payment and benefit to which Employee would not have been entitled had she not signed this Release; and

    (iv)    this Release does not waive any claims that Employee may have which arise after the Separation Date.

8. **Confidentiality of Release:** Employee agrees that the terms and conditions of this Release shall be treated as confidential, and agrees not to disclose such terms and conditions to any third party. The preceding sentence shall not be applicable to disclosure or discussion with representatives of the Internal Revenue Service or the Social Security Administration, Employee's immediate family members or professionals from whom legal or financial advice is sought (provided they are instructed and agree to keep the information confidential), or as otherwise required by law.

Employee shall be responsible for any impermissible disclosure of the contents of this Release by any of the foregoing individuals as if that party had made the disclosure herself. If the Employee breaches her promise of confidentiality (or if any of the foregoing individuals impermissibly disclose the contents of this Release), the Employee will (i) repay to Lampo any money paid to her pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in enforcing this Release; and (iii) pay all other damages awarded by a court of competent jurisdiction.

9. **Non-Disparagement:** Employee further agrees not to disparage Lampo, its employees, agents, corporate officers or directors. For the purposes of this Release, the term "disparage" means any false statement, derogatory statement, or statement casting a bad light, whether written or oral, including any posts on social media (i.e. facebook, twitter, Instagram or similar online outlet) regarding Dave Ramsey, his family, The Lampo Group, LLC, its affiliates, Lampo leadership, executives, officers, directors, employees, business practices, Lampo culture, products and services. If the Employee breaches her promise of non-disparagement, the Employee will (i) repay to Lampo any money paid to her pursuant to this Release; (ii) pay for all costs incurred by Lampo, including reasonable attorneys' fees, in enforcing this provision; and (iii) pay all other damages awarded by a court of competent jurisdiction.

10. **Remedies:** Employee agrees that in the event of any breach of this Agreement, Lampo may seek all available remedies at law or equity, including injunctive relief. All remedies referenced in any section of this Agreement are cumulative and not intended to limit Lampo's rights to seek any relief available. In addition, Lampo may take any action it deems in its sole judgement to be appropriate and necessary to defend or protect its goodwill and reputation, including but in no way limited to, any truthful response to media outlets.

11. **Miscellaneous:** The provisions of the Release are severable, and if any part of it is found to be unlawful or unenforceable, then such part will be deemed changed or deleted to the minimal extent necessary to make the entire Release lawful and enforceable. The other provisions of this Release shall remain fully valid and enforceable to the maximum extent consistent with applicable law.

**CONFIDENTIAL**        **DEFENDANT 0437**

Employee acknowledges and agrees (i) she is responsible for any tax liability that may result as a consequence of the receipt of the benefits described herein, and (ii) Lampo makes no representation of the taxability of these funds. The money paid under this Release does not come from a qualified retirement plan and therefore it may not be rolled into any other qualified plan or Individual Retirement Account.

Employee understands and agrees that this Release may not be used as evidence in any proceeding against the parties released except in a proceeding based solely upon a specific allegation that the parties released have breached this Release or in a proceeding in which either party presents testimony about matters covered by this Release. The parties released believe and assert that Employee has been treated in a fair and lawful manner, and it is agreed between the parties that nothing herein is intended or shall be construed as an admission of fault or liability by the parties released.

Employee understands and agrees that this Release is being executed by Lampo on behalf of itself, and its corporate affiliates and that all of the rights of Lampo under this Release and all of Employee's obligations and duties under this Release will inure to the benefit of and may be enforced by Lampo, or any of their affiliates or any of the parties released.

This Release sets forth the entire agreement between the parties and fully supersedes all prior written and oral agreements, understandings and representations between the parties regarding the subject matter hereof. This Released does not waive or otherwise supersede any provisions of Lampo Employment Policies and Procedures surviving termination of employment, including confidentiality and work made for hire provisions. Employee represents, warrants and agrees that she does not rely and has not relied upon any representation or statement made by any officer, director, agent or representative of Lampo, or any subsidiary or affiliate of Lampo with regard to the subject matter, background or effect of this Release, except as expressly set forth in this Release.

This Release is executed in duplicate originals and is effective and enforceable only after both parties have signed the Release and an original executed Release has been returned to Lampo. Employee acknowledges that she has read this Release, has understood it and knowingly and voluntarily desires to sign it.

**Accepted, Understood and Agreed**

Date: _____

**The Lampo Group, LLC**

By: _____

Title: _____ $Exec \ Div \ of \ HR$ _____

Date: _____

**CONFIDENTIAL**                    **DEFENDANT 0438**

DocuSign Envelope ID: B14A5D29-7410-45E2-89C6-5F4F24A8BB9B

GL: 500-101
**Dept:** Creative
Req ID: REQ-232



### Ramsey Solutions - Offer of Employment

█████ 29, ██████

███

We're happy to extend to you an official offer to join our team in the full-time ████████ position.  Your compensation includes an annual salary of $80,000.00.  **One of our core values is "Share the Profits".  You will become eligible for profit sharing on your 1 year work anniversary.**

**Start Date:**
**Eligible Date:** ████████
**Paid on Date:** ████████



Armando Lopez
Executive Director, HR

████ 29, ██

Date

████████

████ 29, ██

Date

████

*This offer letter is confidential and not intended for disclosure to third parties or other publication without the express, written approval of The Lampo Group, LLC/DBA Ramsey Solutions. Any unauthorized disclosure could result in offer revocation or termination of employment.*

*This offer and its acceptance do not create an employment contract.  All offers and employment with The Lampo Group, LLC/DBA Ramsey Solutions are subject to all terms of our Policies and Procedures.*

**From:** ███████
**To:** Armando Lopez
**Subject:** FW: ███████
**Date:** Friday, ████ 4, ███ 3:18:52 PM

---

FYI. I will tell her that you will be contacting her.

---

**From:** Dave Ramsey <██████daveramsey.com>
**Date:** Friday, ████ 4, ███ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** █████████████████████████
**Subject:** Re: ███████

Surely this is not a shock to her???

Sent from my iPhone

On ██ 4, ███ at 3:20 PM, Jack Galloway <jack@daveramsey.com> wrote:

> Dave,
> Got a situation I need you in on. ██████████ is a ██████████ that
> reports to ████████████ and ██████. She's been here ten months.
> ██████ and ███ have been have some head tilts with her culturally with
> her not working well with ██████ not getting some basic things she's been
> asked to do, etc. Also part of the situation, she's been engaged but with no
> wedding date, no plans, etc. ████████ and ███ suspected she might be living
> with her fiancé. This week she came in and had gotten married over the
> break. And she finally told ███████ that she is 4 months pregnant. I know…
>
> Based on the conversations and decisions we made in ██████████ situation
> last year, we feel like the right thing to do is to let her go. She makes $80k.
> With ████████ we felt like the way to show grace while we make this tough
> decision is to be over the top generous to help her financially. We discussed
> a ████████ severance paid out monthly for six months. We would also pay to
> keep her on our insurance plan during the six months to get her through the
> delivery. As an fyi, we know she told several people on the team and
> they've been talked to.
>
> Do you agree with the decision to let her go today and with the severance
> amount?

&lt;image001.png&gt;

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

**CONFIDENTIAL**

**DEFENDANT 0903**

Just met with ███ she was not shocked. We talked about how we were excited for her and sad at the same time. She was visibly blown away by the generosity. She started crying.  It was as good as it could be. ███ is walking her out now. She said she knew this could be the outcome, but she is happy she is leaving on a positive note. She knew we cared for her and the baby and this new life she is starting.

Thanks

███

---

**From:** Dave Ramsey <██████████████████>
**Date:** Friday, █████ 4, ███ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** ████████████████████████████
**Subject:** Re: ████████

Surely this is not a shock to her???

Sent from my iPhone

On ██ 4, ███ at 3:20 PM, Jack Galloway <<u>jack@daveramsey.com</u>> wrote:

> Dave,
> Got a situation I need you in on. ████████ is a ██████████ that reports to ██████████ and █████. She's been here ten months. █████ and ██ have been have some head tilts with her culturally with her not working well with ███████ not getting some basic things she's been asked to do, etc.  Also part of the situation, she's been engaged but with no wedding date, no plans, etc. ██████ and ███ suspected she might be living with her fiancé.  This week she came in and had gotten married over the break.  And she finally told █████████ that she is 4 months pregnant.  I know…
>
> Based on the conversations and decisions we made in ██████████ situation last year, we feel like the right thing to do is to let her go.  She makes $80k. With ████████ we felt like the way to show grace while we make this tough decision is to be over the top generous to help her financially.  We discussed a ████████ severance paid out monthly for six months.  We would also pay to

keep her on our insurance plan during the six months to get her through the delivery. As an fyi, we know she told several people on the team and they've been talked to.

Do you agree with the decision to let her go today and with the severance amount?


&lt;image001.png&gt;

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

CONFIDENTIAL                    DEFENDANT 0905

Left her a voice mail.

Thanks for your time today

**Armando Lopez** | Executive Director of Human Resources
**Ramsey Solutions**
1749 Mallory Lane, Brentwood, TN 37027
T: 615.515.3223, ext. 5045 | M: ████████
www.daveramsey.com

Confidentiality Notice: This is a private communication. The information in this email and any attachments is confidential information intended only for the use of the person named as recipient. If you are not the named recipient, be advised that any unauthorized review, disclosure, reproduction, or dissemination of the contents of this message is strictly prohibited. If you have received this material in error, please delete this message and any attachments without storing it and notify the sender so that our address record can be corrected.

**From:** ████████████████
**Date:** Friday, ████ 4, ████ at 3:18 PM
**To:** Armando Lopez <armando.lopez@daveramsey.com>
**Subject:** FW: ████████

FYI. I will tell her that you will be contacting her.

**From:** Dave Ramsey <████ daveramsey.com>
**Date:** Friday, ████ 4, ████ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** ██████████████████
**Subject:** Re: ████

Surely this is not a shock to her???

Sent from my iPhone

On ██ 4, ████ at 3:20 PM, Jack Galloway <jack@daveramsey.com> wrote:

**CONFIDENTIAL**                    **DEFENDANT 0906**



Dave,

Got a situation I need you in on. ██████████ is a ████████ that reports to ████████████ and ████. She's been here ten months. ██████ and ████ have been have some head tilts with her culturally with her not working well with ████████ not getting some basic things she's been asked to do, etc. Also part of the situation, she's been engaged but with no wedding date, no plans, etc. ████████ and ████ suspected she might be living with her fiancé. This week she came in and had gotten married over the break. And she finally told ████████ that she is 4 months pregnant. I know…

Based on the conversations and decisions we made in ████████ situation last year, we feel like the right thing to do is to let her go. She makes $80k. With ████████ we felt like the way to show grace while we make this tough decision is to be over the top generous to help her financially. We discussed a ████████ severance paid out monthly for six months. We would also pay to keep her on our insurance plan during the six months to get her through the delivery. As an fyi, we know she told several people on the team and they've been talked to.

Do you agree with the decision to let her go today and with the severance amount?

<image001.png>

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

CONFIDENTIAL                DEFENDANT 0907

| | |
|---|---|
| **From:** | Jack Galloway |
| **To:** | ████████; Dave Ramsey; Committee - HR |
| **Subject:** | RE: ██████ |
| **Date:** | Friday, ████ 4, ████ 3:46:44 PM |

FYI Dave, I'm not including this in my HR Comm notes. I'll update Exec Comm Monday.

## Jack Galloway
### Executive Vice President
### Ramsey Solutions
### www.daveramsey.com

**From:** ██████████
**Sent:** Friday, █████ 4, ████ 3:45 PM
**To:** Dave Ramsey <████████ daveramsey.com>; Committee - HR <HRCommittee@daveramsey.com>
**Subject:** Re: ████████

Just met with ████ she was not shocked. We talked about how we were excited for her and sad at the same time. She was visibly blown away by the generosity. She started crying. It was as good as it could be. ████ is walking her out now. She said she knew this could be the outcome, but she is happy she is leaving on a positive note. She knew we cared for her and the baby and this new life she is starting.

Thanks

████

**From:** Dave Ramsey <████████ daveramsey.com>
**Date:** Friday, █████ 4, ████ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** ████████████████████████████████
**Subject:** Re: ████████

Surely this is not a shock to her???

Sent from my iPhone

On ███ 4, ████ at 3:20 PM, Jack Galloway <jack@daveramsey.com> wrote:

> Dave,
> Got a situation I need you in on. ████████ is a ████████ that

**CONFIDENTIAL**

**DEFENDANT 0908**

reports to ████████████ and ██████. She's been here ten months. ██████ and ████ have been have some head tilts with her culturally with her not working well with ██████ not getting some basic things she's been asked to do, etc. Also part of the situation, she's been engaged but with no wedding date, no plans, etc. ██████ and ████ suspected she might be living with her fiancé. This week she came in and had gotten married over the break. And she finally told ██████ that she is 4 months pregnant. I know…

Based on the conversations and decisions we made in ██████ situation last year, we feel like the right thing to do is to let her go. She makes $80k. With ██████ we felt like the way to show grace while we make this tough decision is to be over the top generous to help her financially. We discussed a ██████ severance paid out monthly for six months. We would also pay to keep her on our insurance plan during the six months to get her through the delivery. As an fyi, we know she told several people on the team and they've been talked to.

Do you agree with the decision to let her go today and with the severance amount?



<image001.png>

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

CONFIDENTIAL

DEFENDANT 0909

**From:** ██████████

**To:** Ty Hall

**Cc:** Jennifer Sievertsen

**Subject:** HR Comm tomorrow

**Date:** Thursday, ████ 3, ██ 11:52:08 AM

Hey TY, I need to be added to HR comm tomorrow for 15 minutes to discuss a team member issue,
██████████

**CONFIDENTIAL**

**DEFENDANT 1281**

| | |
|---|---|
| **From:** | <span style="color:blue">Jack Galloway</span> |
| **To:** | ██████; <span style="color:blue">Dave Ramsey</span>; <span style="color:blue">Committee - HR</span> |
| **Subject:** | RE: ██████ |
| **Date:** | Friday, ████ 4, ██ 3:46:44 PM |

FYI Dave, I'm not including this in my HR Comm notes. I'll update Exec Comm Monday.

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

---

**From:** ██████
**Sent:** Friday, ████ 4, ██ 3:45 PM
**To:** Dave Ramsey <██████daveramsey.com>; Committee - HR <HRCommittee@daveramsey.com>
**Subject:** Re: ██████

Just met with ████ she was not shocked. We talked about how we were excited for her and sad at the same time. She was visibly blown away by the generosity. She started crying. It was as good as it could be. ████ is walking her out now. She said she knew this could be the outcome, but she is happy she is leaving on a positive note. She knew we cared for her and the baby and this new life she is starting.

Thanks

████

---

**From:** Dave Ramsey <██████daveramsey.com>
**Date:** Friday, ████ 4, ██ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** ██████████████████
**Subject:** Re: ██████

Surely this is not a shock to her???

Sent from my iPhone

On ██ 4, ██ at 3:20 PM, Jack Galloway <jack@daveramsey.com> wrote:

> Dave,
> Got a situation I need you in on. ██████ is a ██████ that

reports to ████████████ and ████. She's been here ten months. ████ and ████ have been have some head tilts with her culturally with her not working well with ████ not getting some basic things she's been asked to do, etc. Also part of the situation, she's been engaged but with no wedding date, no plans, etc. ████ and ████ suspected she might be living with her fiancé. This week she came in and had gotten married over the break. And she finally told ████ that she is 4 months pregnant. I know…

Based on the conversations and decisions we made in ████ situation last year, we feel like the right thing to do is to let her go. She makes $80k. With ████ we felt like the way to show grace while we make this tough decision is to be over the top generous to help her financially. We discussed a ████ severance paid out monthly for six months. We would also pay to keep her on our insurance plan during the six months to get her through the delivery. As an fyi, we know she told several people on the team and they've been talked to.

Do you agree with the decision to let her go today and with the severance amount?



<image001.png>

Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

CONFIDENTIAL                                          DEFENDANT 1283

| | |
|---|---|
| **From:** | Ty Hall |
| **To:** | ██████████ |
| **Cc:** | Jennifer Sievertsen |
| **Subject:** | Re: HR Comm tomorrow |
| **Date:** | Thursday, ████ 3, ████ 12:22:53 PM |

On it.

**From:** █████████████████████████████████

**Date:** Thursday, ██████ 3, ████ at 11:52 AM

**To:** Ty Hall <ty.hall@daveramsey.com>

**Cc:** Jennifer Sievertsen <jennifer.sievertsen@daveramsey.com>

**Subject:** HR Comm tomorrow

Hey TY, I need to be added to HR comm tomorrow for 15 minutes to discuss a team member issue, ████████████

**CONFIDENTIAL**

**DEFENDANT 1284**

Just met with ▮▮▮ she was not shocked. We talked about how we were excited for her and sad at the same time. She was visibly blown away by the generosity. She started crying. It was as good as it could be. ▮▮▮ is walking her out now. She said she knew this could be the outcome, but she is happy she is leaving on a positive note. She knew we cared for her and the baby and this new life she is starting.

Thanks

▮▮▮

**From:** Dave Ramsey <▮▮▮daveramsey.com>
**Date:** Friday, ▮▮▮ 4, ▮▮▮ at 2:41 PM
**To:** Jack Galloway <jack@daveramsey.com>
**Cc:** ▮▮▮▮▮▮▮▮▮▮
**Subject:** Re: ▮▮▮

Surely this is not a shock to her???

Sent from my iPhone

On ▮▮ 4, ▮▮▮ at 3:20 PM, Jack Galloway <jack@daveramsey.com> wrote:

> Dave,
> Got a situation I need you in on. ▮▮▮ is a ▮▮▮ that reports to ▮▮▮ and ▮▮▮. She's been here ten months. ▮▮▮ and ▮▮ have been have some head tilts with her culturally with her not working well with ▮▮▮ not getting some basic things she's been asked to do, etc. Also part of the situation, she's been engaged but with no wedding date, no plans, etc. ▮▮▮ and ▮▮ suspected she might be living with her fiancé. This week she came in and had gotten married over the break. And she finally told ▮▮▮ that she is 4 months pregnant. I know…
>
> Based on the conversations and decisions we made in ▮▮▮ situation last year, we feel like the right thing to do is to let her go. She makes $80k. With ▮▮▮ we felt like the way to show grace while we make this tough decision is to be over the top generous to help her financially. We discussed a ▮▮▮ severance paid out monthly for six months. We would also pay to

**CONFIDENTIAL**                                                **DEFENDANT 1285**

keep her on our insurance plan during the six months to get her through the delivery. As an fyi, we know she told several people on the team and they've been talked to.

Do you agree with the decision to let her go today and with the severance amount?



Jack Galloway
Executive Vice President
Ramsey Solutions
www.daveramsey.com

**CONFIDENTIAL**

**DEFENDANT 1286**

| | |
|---|---|
| **From:** | Jennifer Sievertsen |
| **To:** | Ty Hall |
| **Subject:** | HRC topic |
| **Date:** | Thursday, █████ 3, ████ 11:21:07 AM |

Hey Ty,

I need to add an item to our meeting tomorrow. ██████████ And ████ needs to join. It's high priority :(

Thanks!

Sent from my iPhone

**<u>CONFIDENTIAL</u>**

**DEFENDANT 1287**