# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

CAITLIN O'CONNOR,          )

                       ) Case No. 3:20-cv-00628

       Plaintiff,       )

                       ) District Judge Richardson

v.                          )

                       ) Magistrate Judge Frensley

THE LAMPO GROUP, LLC,      )

                       ) Jury Demand

       Defendant.      )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL

Plaintiff filed a Motion to Seal (Doc. #73) her filings in opposition to Defendant's

Motion for Summary Judgment: Plaintiff's Opposition to Defendant's Motion for Summary

Judgment (Doc. #74), Plaintiff's Response to Defendant's Statement of Facts and Additional

Statement of Facts (Doc. #75) and numerous exhibits including deposition transcripts and

exhibits, expert reports and documents (Doc. #76) (collectively referred to as "Opposition to

SJ"). Pursuant to the Amended Confidentiality Order (Docs. #45-1, 46), Rule 5.2 of the Federal

Rules of Civil Procedure and Local Rule 5.03, Defendant files this Response to Plaintiff's

Motion to Seal ("Response") and requests the Court to keep certain documents under seal or in

the alternative, publicly file the redacted versions provided by Defendant that are filed as

Exhibits to this Response. Defendant has filed a Motion to Seal (Doc. #80) this Response.

Should the Court deny the Motion to Seal this Response, Defendant requests the Court to file the

redacted version of this Response filed herewith as Exhibit 82-1.

In *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 Fed. Appx. 202, 207 (6th Cir. 2016),

the Sixth Circuit required litigants seeking to seal documents to provide "compelling reasons to

seal the documents and demonstrate that the sealing is narrowly tailored to those reasons –

specifically, by 'analyz[ing] in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 207 (quoting *Shane Grp. Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. June 2016).

To provide the Court with the detailed analysis required in *Beauchamp*, this Response is divided into sections that correspond with the document that Defendant requests to be sealed in whole or in part ("Section")[1]. For efficiency, Defendant has included an overview of all of the legal authority in the "Legal Standards" portion of the brief so as to avoid lengthy repetition. If Defendant is providing a redacted version as an alternative to sealing the entire document, then the redacted version is referenced as an Exhibit within each section. For some of the redacted documents, Defendant has attached two versions: (1) a redacted version for public filing, and (2) a version that outlines our proposed redactions in redline to facilitate the Court's review.[2]

## Legal Standards

Defendant requests the Court to seal documents in this case, in whole or in part, for three basic reasons: (1) to protect the privacy interests of non-parties to this lawsuit; (2) to protect confidential business information; and (3) to keep libelous statements from public disclosure. At the outset, Defendant acknowledges that courts recognize a "strong presumption in favor of openness" as to court records and that its burden of overcoming the strong presumption is a heavy one. *Brown &Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1179 (6th Cir. 1983);

---

[1] Defendant did not the mark the following as "Confidential" or "Attorneys Eyes Only" during the course of discovery and does not request the Court to seal them: 1) Deposition of Caitlin O'Connor ("O'Connor Deposition"); 2) Deposition of Andrew Walker, Ph.D. ("Walker Deposition"); 3) Plaintiff's Designated Expert Report of Ellen T. Armour, Ph.D.; 4) Plaintiff's Designated Expert Report of Julie Ingersoll, Ph.D.; 5) Exhibit 9 to O'Connor Deposition.

[2] These versions, with proposed redactions outlined in redline, are intended to remain sealed because they are effectively completely unredacted.

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). As the Sixth Circuit noted in *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983), "[o]nly the most compelling reasons can justify non-disclosure of judicial records." Defendant is adamant that the most compelling reasons exist to seal the documents described in the Sections, as the subject matter is primarily personnel information of innocent third parties that relates to intimate details of their personal lives and there is no legitimate public need to access.

The Sixth Circuit recognizes that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 474 (6th Cir. 1983). In *Knoxville News-Sentinel*, the records in question were financial records of third parties who had a justifiable expectation of privacy. *Id. at 477.* The court concluded that releasing the personal financial records of third parties advanced no public interest that outweighed the competing interests of privacy of the non-parties. *Id.* at 477-478 (*citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

In *Shane Grp.*, the Sixth Circuit acknowledged that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Id.* at 308 (*quoting United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). The court went on to comment on its holding in *Knoxville News-Sentinel* favoring sealing of third-party financial information concluding that "the [third parties] themselves had done nothing to give rise to the suit." *Id.*

When the confidentiality of certain records is recognized by law, then it is appropriate for a court to seal them. In *Knoxville News-Sentinel*, the Sixth Circuit denied the press request to unseal the financial records of non-parties in part because of Congressional recognition of the records as confidential per 5 U.S.C. §552 ("FOIA"). FOIA provides nine (9) exceptions for disclosure of documents from public files. 5 U.S.C. §552(b). In *Knoxville News-Sentinel*, the

3

financial records that the press wanted unsealed were excepted from FOIA requests per 5 U.S.C. §552(b)(8). Of relevant importance to the present case is the exception in FOIA for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(6).

In *Knoxville News-Sentinel*, the Sixth Circuit found it compelling that the plaintiff in the case had disclosed information pursuant to a protective order that had been entered in the case. *Id.* at 478. The Court noted that the plaintiff's significant reliance on the protective order placed the plaintiff in a position that could only be reversed under extraordinary circumstances or the showing of a compelling need. *Id.*

While speculative concerns about damage to a defendant's business reputation are not always sufficient to seal records, sealing confidential business information is appropriate. In *Durbin v. C&L Tiling Inc.,* 2019 BL 356831 (W.D. Ky. Sept. 23, 2019)[3], the court applied the standard for sealing articulated by the Sixth Circuit in *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan,* 823 F.3d 299, 305 (6th Cir. 1983) and *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 593-94 (6th Cir. 2016) and concluded that financial statements, budgets, audit reports and email communications discussing the financial information would all be sealed because the defendant company treated the information as highly confidential and the company derived an independent economic value by maintaining the confidentiality of such information. *Id.* at *18-19. It stands to reason that personnel records, particularly involving sensitive matters such as violations of a moral code of conduct, are confidential business records.

---

[3] Defendant will file copies of all unpublished cases cited in this brief separately so that they are not sealed.

Disclosure of personnel records of the Company would have a chilling effect on the current employees who have an expectation that their personnel records will remain confidential.

Courts have also recognized the need to seal information that is not otherwise public in order to protect a non-party's identity or identifying information when there is no discernable public value in maintaining the information in the record. *See Walsh v. Doner Int'l Ltd.*, 2020 BL 298130 (E.D. Mich. Aug. 07, 2020) (holding that while names of customers would not be redacted, birthdates of customers would be redacted).

Finally, courts recognize that they are not to be used as a roundabout way of airing private statements that could be considered libelous if made public. Citing *Nixon*, 435 U.S. 589, 598 (1978), the Sixth Circuit explained that there are important exceptions that limit the public's right of access to judicial records:

> [T]he right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common law right of inspection has bowed before the power of a court to insure that its records are not "used to gratify private spite or promote public scandal" through the publication of "the painful and sometimes disgusting details of a divorce case."
>
> Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Knoxville News-Sentinel* at 474 (citations omitted).

Although the Sixth Circuit has not decided a motion to seal solely on the basis of libelous statements, the Ninth Circuit has developed an extensive body of law that is instructive. In *Valley Broad. Co. v. U.S. Dist. Court for the Dist. Of Nev.*, 798 F.2d 1290 (9th Cir. 1986), the court reviewed the various standards for sealing documents that have been espoused by the U.S. Courts of Appeal. The court adhered to what it considered the majority approach that had been

5

adopted by the Seventh Circuit in *United States v. Edwards (In re Video-Indiana, Inc.)*, 672 F.2d 1289 (7th Cir. 1982) and described it as striking a balance that accommodates presumption of the public right to access and proper limitations on that right. *Id.* at 1294. The court held that "[c]ounseling against [public access to court records] would be the likelihood of an improper use, 'including publication of scandalous, libelous, pornographic, or trade secret materials; infringement of fair trial rights of the defendants or third persons; and residual privacy rights.'" *Id.* (quoting *United States v. Criden (In re National Broadcasting Co.)*, 648 F.2d 814, 830 (3d Cir. 1981)). Similarly in *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit found that a compelling reason to seal court documents exists "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify public spite, promote public scandal, circulate libelous statements, ore release trade secrets."

Other courts have addressed the same concern expressed by the Supreme Court in *Nixon* – that is, libelous material being stored in court records. In *Kestenbaum v. Globus,* 2019 BL 100386, *3 (NY Sup. Ct. Mar. 15, 2019), the New York Supreme Court, Kings County, sealed libelous statements holding that "where the libelous statements are admittedly false, where what was said arid the truth of the statements are not the central issues in this action, and where there is no compelling reason for the court to participate in the republication of the libel (citation omitted), the court finds that plaintiff's interest in keeping private the libelous statements involved herein outweighs the public's right to know the libelous assertions." In *Willie Nelson Music Co. v. Commissioner*, 85 T.C. 914, 926 (December 12, 1985), the U.S. Tax Court thoroughly analyzed the balance between the public's right to access records and rights of privacy and protection from statements that hurt a third party's reputation. The court specifically

compared *In re Smith*, 656 F.2d 1101 (5th Cir. 1981) to the case before it and held that in *Smith*, the inclusion of the name of a third party (Smith) in connection with a criminal bribery matter of which Smith was not accused hurt his reputation and caused him to lose financial opportunities. The court ordered sealed records related to Smith as he was not a party to the criminal case and therefore was not able to testify on his behalf to rebut libelous inuendo and statements made about him. *Willie Nelson Music Co.* at 926. By contrast, in *Willie Nelson Music Co.*, the party seeking to seal documents made no showing of reputational damage and had an opportunity to rebut the statements, which, on their face, were not obviously libelous.

## Section 1. Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. #74)

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. #74) ("Opposition Brief") is replete with libelous mischaracterizations that have the potential to harm non-parties to this lawsuit, including former employees who engaged in premarital sex, extramarital sex or viewing pornography while employed by the Company. The non-parties will not have the opportunity to defend themselves. Defendant is not asking the Court to seal the Opposition Brief because it disagrees with it or even primarily because of its own reputation. Instead, sealing the Opposition Brief is the only way to protect non-parties from the harm that could result in libelous statements made public. The potential harm is not hypothetical. In fact, as recently as December 7, 2021, the Nashville Scene ran an article entitled "What 'Living Righteously' Means at Dave Ramsey's Company." In the article, the reporter apparently obtained a recording of a case management conference in this case in which Plaintiff's counsel characterized an email from Dave Ramsey as referring to an employee who confessed to having a sexual affair outside of marriage as a "poor guy." In reality, the e-mail, attached here as Exhibit 82-2 in redacted form, makes no reference to the employee as a "poor guy" or anything remotely

like that yet the Scene attributed the characterization by counsel as direct quotes from Dave Ramsey as if he sympathized with the male employee. Each libelous statement in the Opposition Brief is described in detail below for the Court's consideration.

In the event the Court does not seal the entire Opposition Brief, Defendant requests the Court to seal the portions that are redacted and filed herewith as Exhibit 82-3.[4] On page 1 and 5, the proposed redactions attribute "complementarity beliefs" to the Company as if Defendant has taken a position that men serve as "benevolent heads" and that "sex is only allowed within marriage between one man and one woman" and that women have a secondary status to men. The conclusion on page 1 and page 5 is that this "complementarianism" that the Opposition Brief accuses Defendant of adopting disproportionately impacts women. Defendant has expressed no view whatsoever with respect to its belief of "women." Moreover, the opinions of experts[5] should not be attributed to Defendant as fact. Finally, at least two of the key witnesses in this case, Jen Sievertsen and Suzanne Simms, are among the top leaders in the Company. Suggesting that the Company is sexist and attributing expert opinions as "facts" is libelous and completely unfounded and would unfairly harm the Company.

On page 7 of the Opposition Brief, two (2) statements are attributed to Dave Ramsey that are out of context and libelous. The quote related to "the same story of every male born in the last half century" is included to make it look like the Company downplays pornography offenses and that Mr. Ramsey made the statement because his deposition is cited for the quote. In reality, the quote is from an e-mail from another business leader (not Mr. Ramsey) explaining how males

---

[4] As with each proposed redacted document, Defendant has filed another copy (Ex. 82-4) with our proposed redactions outlined in redline to facilitate the Court's review.

[5] Defendant's own religious expert, Andrew Walker, testified that he had reviewed no policies of Ramsey in preparing his report on the issue of whether premarital sex is prohibited by the Bible.

in particular can become addicted to pornography and explaining to the employee that he will be terminated if it ever happens again at work or if he fails to get counseling for addiction. The next quote on page 7 attributed to Mr. Ramsey makes it appear that a woman who was raped and became pregnant might be terminated though he "doubts" it. This statement is libelous because it is taken out of context. Mr. Ramsey's answer was that the Company had never faced that issue so he doubted that would be the result, that terminating a woman who had been raped is not consistent with who the Company is, and that rape is not comparable to someone who chooses to have premarital sex. Deposition of Dave Ramsey at p. 45.

The redactions on page 8 of the Opposition Brief contain libelous statements and statements that unnecessarily infringe on a non-party's expectation of privacy. Plaintiff characterizes the testimony of the Company witnesses as saying that oral sex is ok and does not violate the Righteous Living Core Value. Plaintiff conveniently omits, however, the deposition testimony of Jack Galloway on September 30, 2021 when he was designated per FRCP 30(b)(6) to testify on behalf of the Company with respect to the Company's official position on whether oral sex violates Righteous Living. Mr. Galloway testified that "[w]e have never stated we do not prohibit sex – oral sex outside of marriage, or we have not made any determination, conclusion, statement as a company around oral sex being okay. We have determined that intercourse outside of marriage is immediately terminable." (30(b)(6) Deposition of Jack Galloway on September 30, 2021 ("Galloway – 30(b)(6)) at p. 23). Mr. Galloway went on to say "[a] person who engaged in oral sex may be terminated. We have not said that oral sex outside of marriage is okay or does not violate the righteous living core value. We have only said it does not mean immediate and automatic termination." Galloway – 30(b)(6) at p. 28. Plaintiff refers to oral sex as an "exception" to the prohibition against premarital and extramarital sex in the next paragraph

9

– this too should be redacted because it is a libelous statement that is untrue and could have a serious impact on the Company's image. The reference to "███████" and the "male employee" on page 8 make it clear to employees of the Company that Plaintiff is referring to ████ ████████ and employee ██████████ Employees are generally aware that ████████ and his wife were having marital issues in late ████ as ████████ made it known. The Company has gone to great lengths, however, to keep confidential the details of ████████ extramarital activities, the disciplinary action he received in ████ and his termination from employment in ████. Unsealing this information that is redacted will ensure that at least employees at the Company will know the details of ████████ Righteous Living violation. Defendant will not be responsible for disclosure of personnel information with such personal details.

On page 12 of the Opposition Brief, there is a quote attributed to high-ranking officials at the Company in which they say there is no way for pregnant unwed employees to "redeem" themselves. Not a single employee cited made this quote. To suggest otherwise is libelous.

On page 12 there is reference to a pregnant employee who was terminated and her supervisor is identified as ████████ Because ████████ does not supervise a large number of employees – particularly those who were pregnant and no longer with the Company during their pregnancy – his identity makes it likely that employees will be able to identify the innocent non-party in question who was terminated from employment for engaging in premarital sex. Redacting the supervisor's name and the reference to the employee informing the Company of her pregnancy one week after she got married (i.e. the weekend) and shortly before terminated makes it far less likely that anyone will identify the non-party former employee.

The majority of page 14 and the first paragraph on page 15 recounts the story of ████████████████ ████████ ████████ went through a divorce around the same

time in question which was public. The Company has not disclosed that it terminated 

███████ for deceiving the Company in ██████ about his affairs. The co-worker referenced in this

section provided information about her affair with ████████ in complete confidence, at the

suggestion of her mental health counselor. Redacting this section will protect the privacy

interests of ████████ and the female employee. Also, attributing the quote about ████████

wife to Mr. Ramsey is misleading. Mr. Ramsey was having a private conversation and espousing

various theories – not name-calling. The statements, which are out of context, should not be

published for the sake of attacking Mr. Ramsey. Statements about ████████ spouse are

unrelated to this case, serve no public purpose and only hurt ████████

On page 19, there is reference to Plaintiff not being the ████████████ who she

contrasts with one male employee. There are only a handful of male ████████████

at the Company. Releasing the redacted information tells the public that the reference is to one of

three or four men and could be libelous.

On page 21, references to an affair between co-workers and the reference to a

███████ limit the possible employees referenced significantly. Few employees ████████

███████ and former and current employees of the Company would be able to pinpoint the co-

workers as those who █████████████ and ████████. This is an unnecessary

invasion of privacy.

**Section 2. Plaintiff's Response to Defendant's Statement of Facts and Additional Statement of Facts (Doc. #75)**

Plaintiff's Response to Defendant's Statement of Facts and Additional Statement of Facts

contains the same objectionable statements as discussed above in Section 1 of this brief and for

those reasons, Defendant requests the Court to file the redacted version provided as Exhibit 82-5.

To facilitate the Court's review, Defendant has also attached, as Exhibit 82-6.

11

**Section 3. Deposition of Armando Lopez on 6/29/21 ("Lopez Deposition #1")**

Defendant marked the Lopez Deposition #1 "Confidential" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Lopez Deposition #1 under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-7, with the red outlined version for the Court as Exhibit 82-8. The reasons for the redactions are:

| 7:14-16, 18 | The privacy of Mr. Lopez's personal address and phone number outweighs the public need for the information which is non-existent |
|---|---|
| 13: 16-17 14: 2-7 | Identifies personnel information about a non-party with an expectation that reasons for termination will remain confidential. No public need is served by disclosure. |
| 67:17-25; 68:1-4; 68:11 | Identifies personnel information about non-party who violated the Righteous Living Core Value. Public disclosure would violate privacy of the non-party and release confidential business information (personnel records) to the public unnecessarily. |
| 132 – 159 | Identifies non-party who violated Righteous Living Core Value and includes details of the situation. Public disclosure would violate privacy of the non-party, release confidential business information (personnel records) to the public unnecessarily and create potentially libelous public statements. |
| 160-161 | Identifies personnel information about non-parties who have an expectation of privacy. No public need is served by disclosure. |
| 163-170 | Identifies personnel information including personal, private matters about non-party who violated the Righteous Living Core Value. No public need is served by disclosure. |
| 177-179 | Identifies personnel information about a non-party who violated the Righteous Living Core Value. No public need is served by disclosure. |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

**Section 4. Deposition of Mark Floyd on 6/30/21 ("Floyd Deposition")**

Defendant marked the Floyd Deposition "Confidential" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Floyd Deposition under seal to protect the confidential information

disclosed in the deposition per the Amended Confidentiality Order. Alternatively, Defendant

asks the Court to publicly file the redacted version at Exhibit 82-9. The redlined version is

Exhibit 82-10 for the Court's review only. The reasons for the redactions are as follows:

| 6:11-12, 14 | The privacy of Mr. Floyd's personal address and phone number outweighs the public need for the information which is non-existent |
| --- | --- |
| 59-64 | Identifies personnel information of a non-party, male employee who was terminated for premarital sex; the non-party has a reasonable expectation of privacy to this personnel information of a very personal nature; the Company has a right to keep personnel records confidential |
| 74 | The only documents designated as "Attorney's Eyes Only" in this case were those related to ▮▮▮ The public could easily ascertain that anything marked "Attorneys Eyes Only" is related to ▮▮▮ |
| 75-79 | Identifies personnel information of a non-party who violated Righteous Living Core Value; the non-party has a reasonable expectation of privacy to this personnel information of a very personal nature; the Company has a right to keep personnel records confidential; there is no need for the public to have access to this information other than for gossip and scandal, particularly since the non-party did not engage in the same conduct as Plaintiff and was not similarly situated |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

## Section 5. Deposition of Jennifer Sievertsen on 7/20/21 ("Sievertsen Deposition")

Defendant marked the Sievertsen Deposition "Attorneys Eyes Only" per the Amended

Confidentiality Order because it included extensive testimony about personnel matters of non-

parties. Defendant requests the Court to keep the Sievertsen Deposition under seal to protect the

confidential information disclosed in the deposition per the Amended Confidentiality Order.

Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-11.

Defendant's red outlined version is attached as Exhibit 82-12. The reasons for the redactions on

each page and line are as follows:

| 6:14-15, 17 | The privacy of Ms. Sievertsen's personal address and phone number outweighs the public's need to have the information which is non-existent. |
| --- | --- |

13

| 15-16 | Identifies personal information about employees of the Company who had children out of wedlock which is private information with no value to the public in disclosure |
|---|---|
| 24-25 | Identifies multiple employees at the Company who engaged in extramarital affairs that did not involve sexual intercourse; this information is private and may or may not be known to the non-party's spouses; there is no value to the public in disclosing this highly sensitive and confidential personnel information |
| 28- 31, 52-53 | Identifies personnel matters and details about a non-party who violated Righteous Living Core Value |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

## Section 6. Deposition of Jack Galloway on 8/6/21 ("Galloway Deposition #1")

Defendant marked the Galloway Deposition #1 "Attorneys Eyes Only" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Galloway Deposition #1 under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-13. Defendant's red outlined version is attached as Exhibit 82-14. The reasons for the redactions are:

| 6:15-16 | The privacy of Ms. Galloway's personal address outweighs the public's need to have the information which is non-existent. |
|---|---|
| 30-33, 36-37 | Identifies personal details of a non-parties who engaged in extramarital sexual activity; discusses personnel action taken which constitutes confidential business information; non-parties have an expectation of privacy and there is no public interest in disclosing this information; |
| 44:23, 24 | Identifies name of an employee on the HR Committee's agenda which may be indicative of personnel matters that should not be publicly disclosed |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

## Section 7. Deposition of Suzanne Simms on 9/10/21 (" Simms Deposition #1)

Defendant marked portions of the Simms Deposition #1 "Attorneys Eyes Only" per the Amended Confidentiality Order because it included extensive testimony about personnel matters

of non-parties. The transcript of Simms Deposition #1 was divided into two (2) parts – the part that was not designated as "AEO" ("Part 1") and the part designated "AEO" ("Part 2"). Defendant requests the Court to keep the Simms Deposition #1 Part 2 under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Simms Deposition #1 Part 2 relates entirely to a non-party who engaged in extramarital sexual activities and was disciplined by the Company. The personal nature of the facts and the personnel information related to his employment and discipline should remain private as there is no reason for the public to have access to it other than gossip and scandal. As for Simms Deposition #1 Part 1, Defendant request the Court to keep it under seal to protect the confidential personnel information that is in the transcript. Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-15. Defendant's red outlined version is attached as Exhibit 82-16. The reasons for the redactions with reference to page and line are as follows:

| 6: 21, 23 | The public has no legitimate interest in Ms. Simms personal address or phone number; Ms. Simms has an obvious privacy interest in the information |
| 12: 23-24 | Identity of non-party who was terminated for engaging in premarital sex; this is private information of the non-party and confidential personnel records (that is, business information) of the Company |
| 47:20-25 | Identifies personnel information about a non-party |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

**Section 8. Deposition of Mike Finney ("Finney Deposition")**

Defendant marked the Finney Deposition "Attorneys Eyes Only" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Finney Deposition under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order.

Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-17.

Defendant's red outlined version is attached as Exhibit 82-18. The reasons for redactions are:

| 8:20-21, 23 | The public has no legitimate interest in Mr. Finney's personal address or phone number |
| 72-74 | Identifies personnel information about non-parties who engaged in viewing pornography; this is highly sensitive personnel information and there is no public interest in this information that outweighs the privacy concerns of the non-parties |
| 75-76 | Identifies personnel information about non-party who violated Righteous Living Core Value; this information involves details of non-party's sexual relations and should remain private; there is no public need for this confidential personnel information |
| 78-112 | Identifies personnel information about non-parties who violated Righteous Living Core Value; this information involves details of non-party's sexual relations and should remain private; there is no public need for this confidential personnel information |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

### Section 9. Rule 30(b)(6) Deposition of Armando Lopez on 9/30/21 ("Lopez Deposition #2")

Armando Lopez was the Company-designated witness to testify to personnel matters of employees who had engaged in Righteous Living violations, including Plaintiff. He was also designated to testify to personnel records of both Plaintiff and non-parties. Defendant marked the Lopez Deposition #2 "Attorneys Eyes Only" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Lopez Deposition #2 under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Alternatively, Defendant has filed a redacted version of Lopez Deposition #2 under seal as Exhibit 82-19 should the Court decide to publicly file it. The redlined version for the Court is Exhibit 82-20. The reasons are:

| 3-4 | Identifies personnel information about non-parties who violated the Righteous Living Core Value; this information involves details of non-parties' sexual relations or use of pornography and should remain private; there is no public need for this confidential personnel information |

16

| 8-9 | References to the "protective order" and the designated company-witness reveal that the proceeding and subsequent testimony relates to ███████ |
|---|---|
| 17-72 | Identifies personnel information about non-parties who violated the Righteous Living Core Value; this information involves details of non-parties' sexual relations or use of pornography and should remain private; there is no public need for this confidential personnel information |
| 77-84 | Identifies personnel information about non-parties who violated the Righteous Living Core Value; this information involves details of non-parties' sexual relations or use of pornography and should remain private; there is no public need for this confidential personnel information |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

## Section 10. Rule 30(b)(6) Deposition of Jack Galloway on 9/30/21 ("Galloway Deposition #2")

Jack Galloway was the Company-designated witness to testify regarding the Righteous Living Core Value. Defendant marked the Galloway Deposition #2 "Attorneys Eyes Only" per the Amended Confidentiality Order because it included extensive testimony about personnel matters of non-parties. Defendant requests the Court to keep the Galloway Deposition under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Alternatively, Defendant asks the Court to publicly file the redacted Exhibit 82-21. The redline version for the Court is Exhibit 82-22. The redactions are as follows:

| 24-25 | Identity of non-party who engaged in extramarital sexual relations including the private details and the personnel actions; a discussion among counsel regarding "attorneys eyes only" designations reveals that the information is about ███████ |
|---|---|
| 28-29 | References to the "protective order" and the designated company-witness reveal that the proceeding and subsequent testimony relates to ███████ |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

## Section 11. Rule 30(b)(6) Deposition of Suzanne Simms on 9/30/21 ("Simms Deposition #2")

Suzanne Simms was the Company-designated representative to provide testimony on ███████ Her entire Simms Deposition #2 should be sealed as it relates entirely to non-parties (primarily one in particular), their personnel information that constitutes confidential business records, and highly sensitive private matters of non-parties that if publicly filed would only be for the purpose of scandal and gossip. Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-23. The redline is Exhibit 82-24.

**Section 12. Deposition of Dave Ramsey on 11/12/21 ("Ramsey Deposition")**

Portions of the Ramsey Deposition were marked "Attorneys Eyes Only" per the Amended Confidentiality Order and now designates the entire transcript as Confidential. Defendant requests the Court to keep the Ramsey Deposition under seal to protect the confidential information disclosed in the deposition per the Amended Confidentiality Order. Mr. Ramsey testified to a number of personnel matters related to non-parties that have an expectation that the Company will keep their personnel matters confidential. Alternatively, Defendant asks the Court to publicly file the redacted version at Exhibit 82-25. Defendant's red outlined version is attached as Exhibit 82-26. The reasons for the redactions on each page are as follows:

| 6:9, 11, 13 | The public has no legitimate interest in Mr. Ramsey's private address. |
| 15 – 19 | Identifies non-party who engaged in extramarital sexual activities; relates to personnel records and actions related to the non-party including his disciplinary actions and ultimate termination from employment |
| 46, 51-52 | Identifies non-parties who engaged in premarital sex and were terminated as a result |
| 57 - 64 | Identifies non-parties and private information including their dishonesty toward the Company; there is no public interest in publicizing the information – instead, it will only potentially harm the non-parties. |
| 65 – 70 | Identifies non-parties, including employees who violated the Righteous Living Core Value; personnel information explaining disciplinary action for employee's violation is confidential business |

| | information; there is no public interest in this information other than scandal and gossip. |
|---|---|
| 71-73 | Identifies non-party employee and private details about their divorce; personnel information related to wages is included in this section; the non-party's right to keep these matters private outweighs the public's interest in scandalous gossip. |
| 74- 76:5 | Private documents re: non-parties that are libelous in nature if made public; the Company has maintained these records as confidential and they would only be disclosed to the public in the course of this lawsuit; the privacy interests, confidentiality of business records and libelous nature of the documents far outweigh the public's interest in the documents which is for no purpose other than scandal and gossip related to the non-party involved. |
| 76:11 -77 | Identifies employee who engaged in premarital sex and was terminated; in addition to the employee's name, the identification of his ▮▮▮▮▮▮▮▮ discloses his identity as there was only ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. |
| 78-79 | Identifies non-party employees and highly sensitive details of their extramarital relationship; if this information is disclosed to the public, it would harm the non-party who disclosed the information to the Company obviously expecting privacy; there is no public interest served in identifying the non-party employees or revealing details about their extramarital relationship. |
| Index | The Index should be redacted in its entirety so that the redacted sections of the transcript cannot be discovered. |

**Section 13. Exhibits from Defendant Witness Depositions:**

Plaintiff filed all deposition transcripts under seal without exhibits. The following deposition exhibits were filed under seal according to the Notice of Filing Documents in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Doc. #76) ("Notice"). Defendant requests the Court to seal the Exhibits, in whole or in part, as described below, particularly those that relate to employees who engaged in premarital sex, extramarital sexual activities or viewed pornography as the privacy of these non-parties should be protected.[6] The reference to the Exhibits are the same references used by Plaintiff in the Notice.

---

[6] Defendant notes that Plaintiff did not file all of the exhibits to the depositions nor did she file all of the personnel information re: the employees who violated the Righteous Living Core Value

**(a) Exhibits 5 – 7** – Defendant requests that the e-mail address for Dave Ramsey be sealed in this and every other document including the e-mail address. This e-mail address does not follow the same pattern as all other company email addresses and is intentionally used only for internal business at the Company to avoid disclosure of the address to the public. Defendant has filed redacted versions of these exhibits at Exhibits 82-27, 82-28, and 82-29, respectively. Since Defendant's redactions pertain only to Mr. Ramsey's e-mail address, we have not provided a red outlined version of these documents. Defendant notes that Plaintiff has also included redactions in these and other, subsequent exhibits. Defendant's redactions are in black with the word "REDACTED" in white. Plaintiff's redactions appear in black with no lettering.

**(b) Exhibit 14 –** Defendant requests that this personnel file of a non-party be sealed in its entirety as it is a confidential business record that relates to highly sensitive private matters.[7] The personnel file includes compensation information, a copy of the severance offer and exit form, severance agreement and email communications about the termination from the employee's employment. Should the Court decide to publicly file any portion of Exhibit 14, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor and references to █████████ and ██████ as all of these identifying factors make it likely that employees at Defendant will be able to recognize the identity of the male employee terminated for living with his girlfriend and presumably engaging in premarital sex. Defendant also requests that all references to Dave Ramsey's e-mail address be redacted.

---

by engaging in premarital sex, extramarital relationships or pornography. To the extent any such information is inadvertently filed elsewhere or in response, Defendant requests that all such information be sealed in the same manner as the documents specified in this Section 13.

[7] A number of personnel documents of non-parties are included in this list. To be efficient, Defendant designates them as personnel files or documents. All of them, like Exhibit 14, are confidential business records that relate to highly sensitive private matters.

**(c) Exhibit 18** - This is a personnel file of a non-party. The personnel file includes compensation information, a copy of the severance offer and exit form, severance agreement and email communications about the termination from the employee's employment. Should the Court decide to publicly file any portion of Exhibit 18, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor, start date, girlfriend's due date and timeline as all of these identifying factors make it likely that employees at Defendant will be able to recognize the identity of the male employee terminated for engaging in premarital sex while employed by Defendant. Defendant also requests that all references to Dave Ramsey's e-mail address be redacted.

**(d) Exhibits 21 and 22** – Defendant requests that the names, job titles and dates of hire and termination (except for years) be redacted to protect the identity of the employees with respect to the highly sensitive personnel information. Redacted versions are filed as Exhibits 82-30 and 82-31, respectively.

**(e) Exhibit 23** – This is a personnel file of a non-party. The personnel file includes compensation information, a copy of the severance offer and exit form, severance agreement and email communications about the termination from the employee's employment. Should the Court decide to publicly file any portion of Exhibit 23, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor, start date, and her neighbor's identity as all of these identifying factors make it likely that employees at Defendant will be able to recognize the identity of the female employee terminated for engaging in premarital sex.

**(f) Exhibit 24** – This is a personnel file of a non-party. The personnel file includes compensation information, a copy of the severance offer and exit form, severance

agreement and email communications about the termination from the employee's employment for engaging in premarital sex. Should the Court decide to publicly file any portion of Exhibit 24, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor, as well as the identity of the other employee referenced in the document that was terminated for premarital sex.

(g) **Exhibit 25 –** This is a personnel file of a non-party. The personnel file includes compensation information and a copy of the severance offer. Should the Court decide to publicly file any portion of Exhibit 25, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor, and dates of hire and termination as all of these identifying factors make it likely that employees at Defendant will be able to recognize the identity of the non-party.

(h) **Exhibit 27 –** This is a personnel file of a non-party. The personnel file includes private information such as the severance offer and exit form and emails regarding the male employee's termination from employment for engaging in premarital sex. Should the Court decide to publicly file any portion of Exhibit 27, Defendant requests the Court to redact any and all identifying factors including name, address, job title, supervisor and post-employment contract arrangements as all of these identifying factors make it likely that employees at Defendant will be able to recognize the identity of the non-party.

(i) **Exhibit 30 –** This is a personnel file of non-party. The information includes emails detailing the circumstances of this male employee's disciplinary actions for viewing pornography and ultimate termination from employment. To the extent the Court publishes any portion of this confidential personnel information, Defendant requests the Court to remove identifying factors including name, date of hire, supervisor and photo of the non-party.

(j) **Exhibit 31 –** This is a personnel file of a non-party. The information includes emails detailing the circumstances of this male employee's disciplinary actions for viewing pornography and ultimate termination from employment. To the extent the Court publishes any portion of this confidential personnel information, Defendant requests the Court to remove identifying factors including name, dates of hire/termination, supervisor and name of department. Defendant also requests that all references to Dave Ramsey's e-mail address be redacted.

(k) **Exhibit 34 --** Defendant requests that this personnel information of a non-party be sealed in its entirety as it is a confidential business record that relates to highly sensitive private matters, namely the non-party's viewing of pornography at work. The information includes emails detailing the circumstances of this male employee's disciplinary actions. To the extent the Court publishes any portion of this confidential personnel information, Defendant requests the Court to remove identifying factors including name, dates, supervisor and name of department.

(l) **Exhibit 35 –** Defendant requests that this personnel file of a non-party be sealed in its entirety as it is a confidential business record that relates to highly sensitive private matters including compensation and disciplinary actions, disciplinary actions, job duties that are unique to this employee and held in confidence and separation documents. To the extent the Court publishes any portion of this personnel file, Defendant requests the Court to remove identifying factors including name, position, dates, spouse's name and all other information that identifies the non-party. This individual was one of only a few nationally-known personalities at the Company. His personnel information has no benefit to the public, but disclosure of it could harm the non-party and Defendant who has a business interest in keeping this information about its personalities confidential and out of the hands of competitors.

23

**(m) Exhibits 36 – 43** - Exhibits 36 through 43 consist of e-mails related to █████ ████ that should remain sealed. ██████████ was one of Defendant's █████████████. Prior to the termination of his employment in █████████, █████████ was the ████████████ ██████████████████████████████████. These e-mails delve deep into ████ █████████ private life, including, without limitation, discussions of marital problems, allegations of extramarital conduct by his wife and others, allegations of child abuse by his wife, information about his children, his own protected health information, his children's protected health information, Defendant's extensive efforts to determine fact from fiction, and Defendant's deliberations over how to proceed. All of the information in these exhibits is extremely sensitive, including information disclosed by one of █████████ sexual partners at the behest of her mental health counselor. Given █████████ position with Defendant, however we redact these exhibits, it will still be obvious that they are referring to him. There is no way to partially redact these exhibits and maintain the privacy of █████████ and his family, none of whom are parties to or even tangentially involved in this case.

Publicly filing this information is further unwarranted because █████████ is clearly not similarly situated to Plaintiff. They have nothing in common. Vastly different positions, different reporting structures, different tenures with Defendant, different disciplinary decisionmakers, and different misconduct. These documents are only at issue because Plaintiff has pursued extensive discovery regarding █████████ even going so far as obtaining an affidavit from █████████ █████████ who maintains an extensive blog regarding this and every lawsuit involving Defendant and regularly discusses Defendant on social media. And Plaintiff's discovery regarding █████████ has easily dwarfed all other discovery in this case, including discovery related to Plaintiff herself and the eight premarital sex comparators, two other extramarital sex

24

comparators, and three pornography comparators. This case quickly became more about ████ than Plaintiff. Publicly filing this information will result in tremendous harm to ████ and his family, with no discernable benefit conferred to the public except providing fodder for those intent on smearing Defendant and ████ These e-mails should be sealed at least until such time as the Court determines that ████ is relevant.

Defendant has filed a redacted version of these e-mails as Exhibit 82-32, with a red outlined version as Exhibit 82-33. Even with these extensive redactions, it is obvious that these documents refer to private information regarding ████ and his family.

**Section 14. Document with Bates No. "Defendant 2636"**

There is no discernable reason for Plaintiff to have filed this document at all. It has nothing to do with her case. However, it is similar to Exhibits 36-43 and should remain sealed for the same reasons and because it serves no public purpose other than scandalous sound bites.

**Section 15. Document with Bates No. "Defendant 2661-2263"**

These documents are identical to Exhibit 41. *See* Section 13(m).

**Section 16. Defendant's Response to Plaintiff's Additional Statement of Facts (Doc. #78)**

Defendant's Response to Plaintiff's Additional Statement of Facts contains the same objectionable statements as discussed above in Section 1 of this brief and for those reasons, Defendant requests the Court to file the redacted version provided as Exhibit 82-34. Defendant has attached a red outlined version as Exhibit 82-35.

Case 3:20-cv-00628   Document 94-11   Filed 09/01/22   Page 25 of 26 PageID #: 5936

Respectfully submitted,

/s/Leslie Sanders
Leslie Sanders (TN #18973)
Daniel Crowell (TN #31485)
WEBB SANDERS PLLC
611 Commerce Street
Suite 3102
Nashville, TN 37203
Telephone: (615) 915-3300
Fax: (866) 277-5494
lsanders@webbsanderslaw.com
dcrowell@webbsanderslaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on January 4, 2022, I filed *Defendant's Response to Plaintiff's Motion to Seal* via the Court's electronic filing system as a sealed document and sent an unredacted copy of it to the following via e-mail:

Heather Moore Collins
Anne Bennett Hunter
Ashley Shoemaker Walter
Collins & Hunter PLLC
heather@collinshunter.com
anne@collinshunter.com
ashley@collinshunter.com

*Attorneys for Plaintiff*

/s/Daniel Crowell
Daniel Crowell (TN #31485)
*Attorney for Defendant*

26