# American Funds
## Retirement Plan Enrollment/Change

Please check one of the following: ☒ New plan enrollment ☐ Changes to existing account

## 1 Employee information

First name ___ MI ___ Last ___

REDACTED

Residence address (physical address required — no P.O. boxes) ___ City ___ State ___ ZIP ___

Mailing address (if different from residence address) ___ City ___ State ___ ZIP ___ USA

Date of birth (mm/dd/yyyy) ___ Date of hire (mm/dd/yyyy) ___ Country of citizenship ___

Marital status: ☒ Married ☐ Single

*Handwritten note: Acct. setup 4/15/08*

## 2 Employee contributions

Before completing this section, please check with your plan to determine the contribution options you have available.

☒ I authorize my employer to withhold from my wages each pay period:
  Pre-tax contributions of __0__ % OR $_____
  After-tax Roth contributions (as allowed by plan) of __4__ % OR $_____ cw

☐ I do **not** wish to make contributions to the plan at this time.

## 3 Investment selection

Before completing this section, please check with your plan to determine the investment options you have available.

Please invest my contributions as follows: (Only **whole** percentages will be accepted; must total 100%.)

| # | Fund name | Percentage | OR | Dollar amount |
|---|---|---|---|---|
| 1. | Growth Fund of America | 25 % | | $ |
| 2. | Investment Co of America | 25 % | | $ |
| 3. | New Perspective | 25 % | | $ |
| 4. | Capital Income Builder | ~~20~~ % | | $ |
| 5. | Capital World Growth & Income Fund | ~~10~~ % | | $ |
| 6. | American Balanced | 25 % | | $ |
| 7. | | % | | $ |
| 8.–20. | | % | | $ |
| | **Total** | **100%** | | $ |

1 of 2

Armando Lopez
9/30/2021
**Ex 35**
R. Michelle Smith

Case 3:20-cv-00628   Document 99-1   Filed 10/31/22   Page 1 of 9 PageID #: 5947
DEFENDANT 2208

# EXIT FORM

███████████,

Thank you for letting us know your intent to leave employment with The Lampo Group, LLC ("Ramsey Solutions") effective ████████. Before you go, we want to clarify some information to make sure your transition goes as smoothly as possible.

Please complete the information below for our records.

Mailing Address: ███████████████████████████

Email: ███████████████████████████
Phone: ███████████████████████████

We want to make sure you have read and understand the following:

You acknowledge, agree and confirm all provisions of the Ramsey Solutions Employment Policies and Procedures which apply to your work at Ramsey Solutions, including all those which pertain to the end of your employment.

Following the end of your employment, locked and/or fobbed access areas will no longer be accessible to you. If you require assistance or need to speak with a team member, please let the front desk know.

You understand that the following payment is for all hours worked and all monies owed.

| Pay for the following days worked Paycheck ███████ | ███████████ | $35,000.00 Gross |
|---|---|---|
| Pay for the following days worked Paycheck ███████ | ███████████ | $184.61 Gross |

Commissions on dollars collected through ███████ will be paid out on 04/15/2021.

There will be no benefit deductions taken out of your final paycheck. Your health insurance is terminated on ███████████.

I have read, understand and agree to the items set forth above.

Print Name: ███████████████████

Signature: ███████████████████



STATE OF TENNESSEE
DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
DIVISION OF EMPLOYMENT SECURITY

## SEPARATION NOTICE

1. Employee's Name: ▮▮▮ REDACTED ▮▮▮    2. SSN: REDACTED
   First    Middle Initial    Last
3. Last Employed: From: ▮▮▮ to ▮▮▮    Occupation ▮▮▮
   (mm/dd/yyyy)    (mm/dd/yyyy)
4. Where was work performed? Franklin, TN
5. Reason for Separation:  ☐ Lack of Work   ☒ Discharge   ☐ Quit

   If lack of work, indicate if layoff is: ☐ Permanent   ☐ Temporary - Recall Date _____ (mm/dd/yyyy)

   If **temporary**, report any vacation pay that will be paid.  Week Ending Date _____ (mm/dd/yyyy)  Amount $ _____

   If layoff is **indefinite** vacation pay should not be reported.

6. Employee received: ☐ Wages in Lieu of Notice   ☐ Severance Pay

   In the amount of $ _____ for period from _____ to _____
                                        (mm/dd/yyyy)   (mm/dd/yyyy)

   If other than lack of work, explain the circumstances of this separation:

   [blank box]

Employer's Name: **The Lampo Group, LLC**

Address where additional information may be obtained:
1011 Reams Fleming Blvd
Franklin, TN 37064

Employer's Telephone Number: (615) 371-8881

Employer's Email Address: armando.lopez@ramseysolutions.com

Employer's Account Number: 04637690    Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)

I certify that the above worker has been separated from work and the information furnished hereon is true and correct. **This report has been handed to or mailed to the worker.**

Signature of Official or Representative of the Employer who has first-hand knowledge of the separation    Title of Person Signing: Sr. Exec. Director of HR    Date Completed and Released to Employee: ▮▮▮ (mm/dd/yyyy)

### NOTICE TO EMPLOYER
Within 24 hours of the time of separation, you are required by Rule 0800-09-01-.02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a time sensitive request for separation information for the same information please give complete information in your response.

### NOTICE TO EMPLOYEE
YOU MAY BE INSTRUCTED TO MAIL OR FAX THE SEPARATION NOTICE TO TENNESSEE CLAIMS OPERATIONS IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.

LB-0489 (Rev. 08-2020)    RDA 0063

**DEFENDANT 2257**



# STATE OF TENNESSEE
## DEPARTMENT OF LABOR AND WORKFORCE DEVELOPMENT
### DIVISION OF EMPLOYMENT SECURITY

## SEPARATION NOTICE

1. Employee's Name: ███████████████████████  2. SSN: **REDACTED**
   First          Middle Initial      Last

3. Last Employed: From: ██████ to ██████   Occupation: ██████████████████
   (mm/dd/yyyy)   (mm/dd/yyyy)

4. Where was work performed? Franklin, TN

5. Reason for Separation:  ☐ Lack of Work    ☒ Discharge    ☐ Quit

   If lack of work, indicate if layoff is:  ☐ Permanent    ☐ Temporary - Recall Date _____ (mm/dd/yyyy)

   If temporary, report any vacation pay that will be paid.  Week Ending Date _____ (mm/dd/yyyy)  Amount $ _____

   If layoff is indefinite vacation pay should not be reported.

6. Employee received:  ☐ Wages in Lieu of Notice    ☐ Severance Pay

   In the amount of $ _____ for period from _____ to _____
                                            (mm/dd/yyyy)    (mm/dd/yyyy)

   If other than lack of work, explain the circumstances of this separation:

   _____

Employer's Name: **The Lampo Group, LLC**

Address where additional information may be obtained:

1011 Reams Fleming Blvd
Franklin, TN 37064

Employer's Telephone Number: (615) 371-8881

Employer's Email Address: armando.lopez@ramseysolutions.com

**Employer's Account Number:** 04637690

Number shown on State Quarterly Wage Report (LB-0851) and Premium Report (LB-0456)

I certify that the above worker has been separated from work and the information furnished hereon is true and correct. **This report has been handed to or mailed to the worker.**

Signature of Official or Representative of the Employer who has first-hand knowledge of the separation: *[signature]*

Title of Person Signing: Sr. Exec. Director of HR

Date Completed and Released to Employee: ██████ (mm/dd/yyyy)

### NOTICE TO EMPLOYER
Within 24 hours of the time of separation, you are required by Rule 0800-09-01-.02 of the Tennessee Employment Security Law to provide the employee with this document, properly executed, giving the reasons for separation. If you subsequently receive a time sensitive request for separation information for the same information please give complete information in your response.

### NOTICE TO EMPLOYEE
**YOU MAY BE INSTRUCTED TO MAIL OR FAX THE SEPARATION NOTICE TO TENNESSEE CLAIMS OPERATIONS IF YOU FILE A CLAIM FOR UNEMPLOYMENT INSURANCE BENEFITS.**

**SEPARATION AGREEMENT**

I, ███████████, am entering into this Separation Agreement ("Agreement") with The Lampo Group, LLC ("Company") as of the Effective Date.

1. **Termination of Employment.** I understand that my employment with the Company ended or ███ ███ (the "Separation Date").

2. **Severance Benefits.** In exchange for timely signing and returning, not revoking, and complying with this Agreement, the Company will ███████████████████████████████████████████████████████████████████████████████████████ of the Revocation Period. But for this Agreement, I acknowledge that I would not be entitled to any of these Severance Benefits.

3. **Release.** I release the Company, its related entities and affiliates, and all of their owners, directors, officers, employees, independent contractors, agents, and representatives (collectively the "Released Parties") from all claims of any kind whatsoever, whether known or unknown, that exist as of the date that I sign this Agreement.

   The foregoing release includes, without limitation, (i) all claims related to my employment with the Company, (ii) all claims under Title VII of the Civil Rights Act of 1964, (iii) all claims under 42 U.S.C. § 1981, (iv) all claims of age-related discrimination, harassment, and retaliation under the Age Discrimination in Employment Act of 1967 (ADEA) and the Older Workers Benefit Protection Act (OWBPA), (v) all claims under the Employee Retirement Income Security Act (ERISA), (vi) all claims under the Americans With Disabilities Act (ADA) and the Americans with Disabilities Act Amendments Act of 2008 (ADAAA), (vii) all claims under the Genetic Information Nondiscrimination Act (GINA), (viii) all claims under the Fair Credit Reporting Act (FCRA), (ix) all claims under the Family and Medical Leave Act (FMLA), (x) all claims under the Fair Labor Standards Act (FLSA), (xi) all claims under the Uniformed Services Employment and Reemployment Rights Act (USERRA), (xii) all claims under the Workers Adjustment and Retraining Notification Act (WARN), (xiii) all claims under Tennessee law, including, without limitation, the Tennessee Human Rights Act, Tennessee Disability Act, Tennessee Public Protection Act, and Tennessee Maternity Leave Act, and (xiv) all claims under any other applicable federal, state, or local laws, including claims to attorneys' fees and costs.

   Although I may file complaints with any government agencies, like the U.S. Equal Employment Opportunity Commission or Tennessee Human Rights Commission, I waive my right to recover any compensation or reinstatement in connection with any government complaints.

4. **Representations.** I represent the following: (i) I do not have any pending claims against any of the Released Parties, (ii) I have reported all work-related injuries to the Company, (iii) except for my final paycheck and the Severance Benefits provided in Section 2 of this Agreement, I have been paid by the Company for all work performed and the Company does not owe me any compensation or benefits of any kind whatsoever, (iv) I have not retained or improperly used or disclosed any documents or other information that I obtained in connection with my employment with the Company, and (v) I have reported to the Company, in writing, any actions by any of the Released Parties that, I believe, may be illegal.

5. **Return of Company Property.** I have returned all Company property that was ever in my possession, including, without limitation, all equipment, keys, login information to Company accounts, and any documents or other information that I obtained in connection with my employment with the Company.

6. **Cooperation.** From the Separation Date until I receive the last of the Severance Benefits, I will comply with reasonable requests from the Company for information or assistance regarding matters related to my employment with the Company.

7. **Confidentiality.** I will keep the existence and terms of this Agreement confidential and not disclose them to anyone except for my immediate family members, legal advisors, and financial advisors (collectively the "Employee Representatives"), but only if they first agree in writing to also keep the existence and terms of this Agreement confidential.

8. **Non-Disparagement.** I will ensure that neither I nor my Employee Representatives disparage the Released Parties, any family members of Dave Ramsey, or any of the Company's products, services, or

clients. This includes, but is not limited to, disparagement through in person, written, telephonic, digital, social media or other means.

9. **Restrictive Covenants.** I acknowledge that I remain bound by any restrictive covenants into which I entered with the Company during my employment, including, without limitation, confidentiality, non-competition, non-solicitation, and non-disparagement agreements set forth in my Employment Addendum dated as of January 24, 2012.

10. **Reemployment.** I will not seek employment with the Company or any of its related entities or affiliates.

11. **Material Breach.** I understand that, but for my agreement to and commitment to comply with Sections 3, 4, 5, 6, 7, 8, and 9 of this Agreement, the Company will not enter into it. Therefore, I agree that any breach of those Sections will constitute a material breach of this Agreement. Except for claims filed under the ADEA or OWBPA, in the event of a material breach of this Agreement, I will be required to repay all but Five-Hundred Dollars ($500.00) of the Severance Benefits in addition to any other damages, equitable relief, attorney's fees, and costs awarded by a court of competent jurisdiction.

12. **Indemnification:** I further agree to indemnify and hold the Released Parties harmless from and against any and all loss, costs, damages, or expenses, including, without limitation, attorneys' fees, incurred by the Released Parties and arising out of any breach of this Agreement or because any of the representations made by me were false when made.

13. **General Provisions**

    a. **Attorney's Fees.** Except for claims filed under the ADEA or OWBPA, if the Company or I file a lawsuit related to this Agreement and the Company prevails, the Company will be entitled to recover its reasonable attorney's fees and costs.

    b. **Binding.** This Agreement will be binding on my and the Company's successors.

    c. **Choice of Law & Forum.** This Agreement will be governed by Tennessee and federal laws. The Company and I must file any lawsuit related to this Agreement in a court of competent jurisdiction in or for Williamson County, Tennessee.

    d. **Severability.** The provisions of this Agreement are severable. If a court of competent jurisdiction determines that any provision of this Agreement is unenforceable, the court may modify that provision to the least extent necessary to render it enforceable.

    e. **Remedies.** I agree that in the event of any breach of this Agreement, the Company may seek all available remedies at law or equity, including injunctive relief. All remedies referenced in any Section of this Agreement are cumulative and not intended to limit the Company's right to seek any relief available. In addition, the Company may take any action it deems in its sole judgement to be appropriate and necessary to defend or protect its goodwill and reputation, including but in no way limited to, any truthful response to media outlets.

    f. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties and fully supersedes all prior written and oral agreements, understandings and representations between the parties regarding the subject matter hereof. I represent, warrant and agree that I have not relied upon any representation or statement made by any officer, director, agent or representative of the Company, or any subsidiary or affiliate of the Company with regard to this Agreement, except as expressly set forth in this Agreement.

14. **Review & Return.** I understand that I have up to twenty-one (21) calendar days from the latter of (i) the Separation Date or (ii) my receipt of the initial form of this Agreement (the "Review Period") to review it. I agree that any revisions to this Agreement, whether material or not, have not restarted the Review Period. I acknowledge that I have been advised to consult with an attorney prior to signing this Agreement, I have reviewed and fully understand this Agreement, and my decision to sign this Agreement is voluntary. If I sign this Agreement prior to the expiration of the Review Period, I acknowledge that I have done so voluntarily. Within three (3) calendar days of signing this Agreement, I will return it to Armando Lopez, Executive Director of Human Resources, The Lampo Group, LLC, 1011 Reams Fleming Blvd., Franklin, TN 37064.

**15. Revocation.** Within seven (7) calendar days of signing this Agreement (the "Revocation Period"), I understand that I may revoke my release of ADEA claims in Section 3. To be effective, my revocation must be received by Armando Lopez, Executive Director of Human Resources, The Lampo Group, LLC, 1011 Reams Fleming Blvd., Franklin, TN 37064, within three (3) calendar days of the expiration of the Revocation Period. If I timely revoke my release of ADEA claims in Section 3, I understand that the Severance Benefits provided in Section 2 will be reduced to Five Hundred Dollars ($500.00), less all necessary withholdings and deductions, and the rest of this Agreement will remain fully effective.

**16. Effective Date.** This Agreement will take effect on the date that I timely sign it below.

**AGREED TO AND ACCEPTED:**

**The Lampo Group, LLC**

By: ___[signature]___

Date: ___[redacted]___

Date: ___[redacted]___

# EXIT FORM

Thank you for letting us know your intent to leave employment with The Lampo Group, LLC ("Ramsey Solutions") effectiv[REDACTED] Before you go, we want to clarify some information to make sure your transition goes as smoothly as possible.

Please complete the information below for our records.

Mailing Address: [REDACTED]
Email: [REDACTED]
Phone: [REDACTED]

We want to make sure you have read and understand the following:

You acknowledge, agree and confirm all provisions of the Ramsey Solutions Employment Policies and Procedures which apply to your work at Ramsey Solutions, including all those which pertain to the end of your employment.

Following the end of your employment, locked and/or fobbed access areas will no longer be accessible to you. If you require assistance or need to speak with a team member, please let the front desk know.

You understand that the following payment is for all hours worked and all monies owed.

| Pay for the following days worked Paycheck | [REDACTED] | $35,000.00 Gross |
|---|---|---|
| Pay for the following days worked Paycheck | [REDACTED] | $184.61 Gross |

| Commissions on dollars collected through [REDACTED] will be paid out on 04/15/2021. |
|---|

There will be no benefit deductions taken out of your final paycheck. Your health insurance is terminated o[REDACTED]

I have read, understand and agree to the items set forth above.

Print Name: [REDACTED]

Signature: [REDACTED]

**DEFENDANT 2263**