IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, ) | |
| ) | |
| Plaintiff, ) | No. 3:20-cv-00628 |
| ) | |
| v. ) | Judge Eli J. Richardson |
| ) | |
| ) | |
| THE LAMPO GROUP, LLC a/k/a ) | Magistrate Judge Frensley |
| RAMSEY SOLUTIONS, ) | Jury Demand |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RENEWED MOTION FOR RECONSIDERATION ON THE COURT'S ORDER ON DEFENDANT'S PARTIAL MOTION TO DISMISS**

Plaintiff respectfully seeks renewed reconsideration of the Court's ruling under Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's claim of discrimination on the basis of religion Title VII and its denial of Plaintiff's Motion for reconsideration on the same. (ECF 54, 55, 61). In particular, since the Court's ruling on the motion to dismiss and denial of the motion for reconsideration, the Sixth Circuit has affirmatively stated that it is error for an employer to impose its religious beliefs on an employee. *Amos v. Lampo Grp.*, LLC, 2024 U.S. App. LEXIS 19821 at * 7-8 (6th Cir. Aug. 6, 2024). As such, the Plaintiff asks the court to reconsider its Order because Plaintiff's pleading did meet the federal notice pleading standards as set forth under Federal Rule of Civil Procedure 8, and as articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The grounds for a motion to reconsider are limited:

> [A] motion to reconsider generally must be based on one of the grounds available for motions to alter or amend judgment or upon a showing that the court clearly overlooked material facts or controlling law that were presented by the movant in its prior motion and that would result in a different disposition. [citing *Chad Youth Enhancement Center, Inc. v. Colony Nat'l Ins. Co.*, No. 3:09-0545, 2010 U.S. Dist.

LEXIS 53561, 2010 WL 2253538, at *1 (M.D. Tenn. June 1, 2010)]. The Court may grant a motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. Id. (*citing United States v. Tennessee Walking Horse Breeders' and Exhibitors' Ass'n.*, 263 F. Supp. 3d 679, 681 (M.D. Tenn. 2017)). As indicated above, a motion to reconsider may be based on these four grounds, or upon essentially a fifth or sixth ground: (5) that the court clearly overlooked material facts (or, in the case of an order on a Rule 12(b) motion, factual allegations from the complaint) that were presented by the movant in its prior motion and that would result in a different disposition; or (6) that the court clearly overlooked controlling law that was presented by the movant in its prior motion and that would result in a different disposition

*Norman v. Nissan N. Am.,* 2022 U.S. Dist. LEXIS 26921, *9-10 (M.D. Tenn. Feb. 15, 2022). Here, condition 1, 4 and/or 6 are applicable.

In her motion for reconsideration and opposition to motion to dismiss, Ms. O'Connor argued that the Court failed to fully appreciate the primary basis for her religion claim is that Ramsey Solutions imposes its religious beliefs on its employees as set forth in its policies which are clearly and unequivocally based on religion. (ECF 37, Am. Compl. ¶21). When Ms. O'Connor disagreed with Ramsey Solutions' imposition of religion, she was illegally terminated after notifying Ramsey Solutions she had gotten pregnant. (ECF 37, Am. Compl. ¶20). In its Order on Defendant's Motion to Dismiss, the Court's analysis started with the religious accommodation analysis (MTD Order, ECF 54 pp. 9-14) which necessarily presumed the Ramsey Solutions' religious based policy was a valid policy, which it is not, and discovery certainly proved this point. The Court's Order focused on Ms. O'Connor's religious beliefs and stated that her allegation that Defendant's religious policy was "religious motivation" is "not enough" and that "she has not proven facts to plausibly show that she was terminated based on *her* religious beliefs," and not merely that she was fired for violation of a policy prompted by Defendant's religious beliefs." (ECF 54 p. 16). In doing so, the Court drew on the *Pedreira* case in making its determination that Ms. O'Connor's beliefs "were not enough." (MTD Order, ECF 54 pp. 15-16) (*citing Pedreira v.*

*Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722 (6th Cir. 2009)). Likewise, in ruling on Plaintiff's Motion for Reconsideration, the Court stated that "nothing prohibits employers from having (enforceable) policies with religious motivations." (MR Order, ECF 61 p. 5). This is incorrect. In *Amos*, this same employer's beliefs were imposed on an employee, the Sixth Circuit reversed dismissal on a motion to dismiss holding that:

> At its core, the claim is that an employee's "lack of adherence to the religious beliefs promoted by the [employer] was the genesis of the discrimination." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1168 (9th Cir. 2007). In other words, the adverse employment actions "were taken because of a discriminatory motive based upon the employee's failure to hold or follow her employer's religious beliefs." *Owens v. City of New York Dep't of Educ.*, No. 21-2875, 2022 U.S. App. LEXIS 35393, 2022 WL 17844279, at *2 (2d Cir. Dec. 22, 2022); *see also Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 292 (3d Cir. 2009) ("Title VII seeks to protect employees not only from discrimination against them on the basis of their religious beliefs, but also from forced religious conformity."). Accordingly, the focus of the claim is on "the religious beliefs of the employer, and the fact that [the employee] does not share them"—not on the specific religious beliefs of the employee himself. *Shapolia v. Los Alamos Nat. Lab'y*, 992 F.2d 1033, 1038 (10th Cir. 1993).

*Amos v. Lampo Grp., LLC*, 2024 U.S. App. LEXIS 19821, *6-7. The Sixth Circuit concluded Amos met his pleading burden by alleging facts that supported his claim that he did not share Lampo's religious convictions. *Id*. Similarly, here, Ms. O'Connor met her burden by alleging:

- Ms. O'Connor does not believe [not having] premarital sex is a requirement or fundamental tenant of her faith as a Christian. (ECF 37, Am. Compl. ¶24).

- Ms. O'Connor's sincerely held Christian beliefs do not prohibit her from engaging in sex outside of a marriage contract. (ECF 37, Am. Compl. ¶27).

- Ms. O'Connor's view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy

3

- without fear of recrimination, much less termination from her employment. To be sure, her church did not ex-communicate her in the cruel manner in which Ramsey did. (ECF 37, Am. Compl. ¶28).

- Ramsey has policies, and in particular its Core Values, which are considered consistent with "Judeo-Christian" values or teaching. (ECF 37, Am. Compl. ¶21). The Core Values incorporated into Ramsey's Mission Statement incorporates a "righteous living" policy or value which allegedly prohibits premarital sex. (ECF 37, Am. Compl. ¶22).

- O'Connor was terminated specially for violating the Religious Core Value prohibiting pre-marital sex. (ECF 37, Am. Compl. ¶17, 20).

Here, Ms. O'Connor's rejection of rigid religious Christian beliefs like those espoused by Ramsey Solutions, that people should not engage in pre-marital sex, are in fact a belief, as she pled and that Ramsey's religious beliefs imposed on her were not shared. (ECF 37, Am. Compl. ¶¶17, 22, 24, 27, 28). *See Amos v. Lampo Grp., LLC*, 2024 U.S. App. LEXIS 19821, *7 (error to dismiss religious discrimination claim when the district court shifted it analysis from defendant's beliefs to plaintiff's beliefs). Likewise, the Court determined that it was not "sufficient to support a claim of religious discrimination" to disagree with Defendant's policy based on Plaintiff's own interpretation of Christian values. (MR Order, ECF 61 pp. 12-13).

The Sixth Circuit also disagreed with this assessment concluding "the district court erred when it stated that 'it is not enough (or even relevant) that Plaintiff alleges a religious belief that conflicts with Lampo's corporate religious beliefs.'" *Amos v. Lampo Grp., LLC*, 2024 U.S. App. LEXIS 19821, *12. The Sixth Circuit rejected attempts to focus on the distinction between religious belief and conduct "influenced by religious belief." *Id*. *10. In doing so, the Sixth Circuit relied on *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 135 S. Ct. 2028, 2033, 192 L. Ed. 2d 35

(2015) by noting the "the Supreme Court has explicitly denied attempts to create a distinction between religious belief and conduct in the Title VII context." *Id*. *11. The same flawed reasoning between conduct and belief was used as a basis for dismissal here. (MR Order, ECF 61 pp 12-13).

The Court also dismissed the religious retaliation claims contending that she did not make an accommodation request for religious accommodation. (MTD Order, ECF 54 p. 19). As set forth above, per *Abercrombie*, Ms. O'Connor did make such a request for accommodation, which is protected activity. As such, that claim should likewise survive.

Wherefore, Plaintiff requests the Court reconsider its ruling on Defendant's motion to dismiss with respect to her Title VII and THRA claims of discrimination and retaliation on the basis of religion and deny the Motion with respect to these claims based on the reasoning set forth in *Amos*.

Wherefore, Plaintiff also requests that because the Court's ruling on Defendant's motion to dismiss was not issued until near the close of discovery, discovery was complete on this issue. Moreover, at this juncture the Court likewise has not ruled on Defendant's motion for summary judgment. Thus, it is Plaintiff's contention that discovery need not be re-opened, but rather the Parties be given 30 days to file any supplemental motions for summary judgment and 28 days to file any opposition on Plaintiff's claims related to religious discrimination.

Respectfully submitted,

s/ Heather Moore Collins
Heather Moore Collins BPR # 026099
Ashley Shoemaker Walter BPR #037651
HMC Civil Rights, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX

<div style="text-align: right">
heather@hmccivilrights.com  
ashley@hmccivilrights.com
</div>

*Attorneys for Plaintiff*

<div style="text-align: center">

**<u>CERTIFICATE OF SERVICE</u>**

</div>

I HEREBY certify that a copy of the foregoing has been served via the Court's CM/ECF system on August 12, 2024 to counsel of record:

Leslie Goff Sanders  
Daniel Crowell  
Barton LLP  
611 Commerce St  
Nashville, TN 37203  
lsanders@bartonesq.com  
dcrowell@bartonesq.com

<div style="margin-left: 50%">

<u>*/s Heather Collins*</u>  
Heather Moore Collins

</div>