UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CAITLIN O'CONNOR, | Case No. 3:20-cv-00628 |
| Plaintiff, | District Judge Richardson |
| v. | Magistrate Judge Frensley |
| THE LAMPO GROUP, LLC, | Jury Demand |
| Defendant. | |

**DEFENDANT'S MOTION AND MEMORANDUM OF LAW FOR
LEAVE TO FILE AN ADDITIONAL SUMMARY JUDGMENT MOTION**

Defendant, The Lampo Group, LLC, pursuant to Rule 16 of the Federal Rules of Civil Procedure and Paragraph K of the Court's Initial Case Management Order (Doc. #12), moves the Court for leave to file an additional summary judgment motion with respect to Count V of Plaintiff's Third Amended Complaint.

### I. INTRODUCTION

The Court is familiar with this case, so we will only briefly recount the posture relevant to this motion.

The operative complaint in this case is Plaintiff's Third Amended Complaint. (Doc. #37). On September 30, 2021, the Court dismissed Count V of Plaintiff's Third Amended Complaint. (Doc. #55). Thereafter, the parties continued to litigate Plaintiff's six remaining counts.

Fact discovery closed on October 1, 2021. (Doc. #48), only one day after the Court dismissed Count V. Thus, the parties fully engaged in fact discovery on Count V. The dispositive motion deadline was November 19, 2021. *Id.*

On November 9, 2021, 10 days ahead of the dispositive motion deadline, Defendant moved for summary judgment with respect to Plaintiff's six remaining counts. (Doc. #66). That motion remains pending.

In the meantime, on June 12, 2025, the Court vacated its dismissal of Count V of Plaintiff's Third Amended Complaint and reinstated those claims—religious discrimination and retaliation in violation of the THRA and Title VII. (Doc. #105).

Regardless of whether Count V satisfies Rule 12(b)(6), Defendant believes that it is entitled to summary judgment with respect to Plaintiff's religious discrimination and retaliation claims. Had Count V been active when Defendant moved for summary judgment on November 9, 2021, we certainly would have included it in our motion.

Given that Defendant's original Motion for Summary Judgment remains pending and this case has not been set for trial, we believe that allowing Defendant to move for summary judgment with respect to Count V would serve the interests of the parties and judicial economy.

## II.     LEGAL STANDARD

The dispositive motion deadline in this case was November 19, 2021. It can only be extended for good cause and with the Court's consent. Fed. R. Civ. Pro. 16(b)(4).

"The 'good cause' requirement in Rule 16 is satisfied only where the movant shows 'that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment.'" *Slinger v. PendaForm Company*, No. 3:17-cv-00723, 2023 WL 3590667, at *3 (M.D. Tenn. May 22, 2023) (quoting *Ross v. Am. Red Cross*, 567 Fed. Appx. 296, 306 (6th Cir. 2014)).

Separately, Paragraph K of the Court's Initial Case Management Order requires Defendant to seek leave before filing a partial summary judgment motion by justifying it in terms of overall economy of time and expense for the parties,

### III. ARGUMENT

Defendant should be given leave to file an additional summary judgment motion with respect to Count V of Plaintiff's Third Amended Complaint. All relevant considerations support it.

#### A. Rule 16(b)(4)

Defendant's motion is supported by "good cause" under Rule 16(b)(4). It was impossible for Defendant to move for summary judgment with respect to Count V by the November 19, 2021, dispositive motion deadline because that count had already been dismissed. Had Count V been active at that time, we certainly would have included it. Defendant has diligently pursued dismissal of Count V throughout this case, we filed Defendant's original Motion for Summary Judgment 10 days ahead of the dispositive motion deadline, and we are filing this motion within 11 days of the Court's decision to reinstate Count V on June 12, 2025.

Plaintiff cannot claim any true prejudice, certainly none that should preclude leave. Defendant's original Motion for Summary Judgment remains pending and this case has not been set for trial. Plaintiff's only obligation would be responding to Defendant's summary judgment arguments related to Count V, the same obligation she would have had if Count V had been active when Defendant originally moved for summary judgment. Furthermore, there is no need to reopen discovery as the dismissal of Count V came just before the discovery deadline and after the parties had engaged in discovery of *all* the claims, including Count V.

### B. Paragraph K of the Initial Case Management Order

To the extent Paragraph K of the Court's Initial Case Management Order applies to this situation, allowing Defendant to move for summary judgment with respect to Count V will save the parties considerable time and expense. Count V differs from Plaintiff's other claims by directly attacking the legitimacy of Defendant's prohibition against premarital sex, as opposed to its mere application, and implicating important First Amendment principles. These are primarily questions of the law for the Court, better and more efficiently addressed at summary judgment than through trial, a motion for directed verdict, or a motion for judgment as a matter of law.

### IV. CONCLUSION

The Court should give Defendant leave to file an additional summary judgment motion with respect to Count V of Plaintiff's Third Amended Complaint. Our request is supported by good cause, and it will ultimately save the parties time and expense and further judicial economy. We will be prepared to file Defendant's additional summary judgment motion within 14 days of authorization.

Respectfully submitted,

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com

*Attorneys for Defendant*

## LOCAL RULE 7.01(a)(1) CERTIFICATE

I certify that, pursuant to Local Rule 7.01(a)(1), I emailed Heather Collins on June 22, 2025 to determine if Plaintiff would oppose this motion. I received Ms. Collins' out-of-office reply. I immediately emailed Erica Russell as instructed on the out-of-office reply and Ashley Walter (co-counsel). On June 23, 2025, I called Ms. Collins' office and spoke with Ms. Russell. I asked to speak to Ms. Walter who was unavailable. I asked Ms. Russell to give Ms. Walter a message to either call me or respond to the email and indicate whether she opposed this motion by the end of the day (June 23, 2025). As of the time of filing, Plaintiff's counsel has not responded to indicate whether she opposes this motion.

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN#18973)
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on June 23, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights, PLLC

*Attorneys for Plaintiff*

/s/Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*