UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | Case No. 3:20-cv-00628 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Frensley |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

**STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT V OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, The Lampo Group, LLC, files this Statement of Additional Undisputed Material Facts in Support of its Motion for Summary Judgment as to Count V of Plaintiff's Third Amended Complaint. (Doc. No. 108).

1. Plaintiff's sincerely held religious beliefs at issue in this case are described as follows:

"Plaintiff's sincerely held Christian belief is that Christianity is not meant to be punitive, hateful, vengeful, or judgmental. Accordingly, her Christian belief is that God gave a woman the ability to procreate, and that ability to procreate was not restricted by a contract, i.e., marriage or employment. Moreover, Plaintiff does not believe that her identification as a Christian gives her the right to judge and condemn other Christians or humans for how they choose to carry out their one dictate from Jesus, that is, to love one another. Her view of Christianity does not require her to invade or inquire or know the specifics of what other people do or do not do in their bedroom or when they do it, much less pass morality judgement on other people. Moreover, Plaintiff sincerely believes that she should be able to seek the support of her Christian community during her pregnancy without fear of termination from her employment."

(Doc. No. 111-1 at ¶ 11).

**RESPONSE:**

2. Apart from Plaintiff's expression of her sincerely held religious beliefs in her answer to Interrogatory No. 11 of Defendant's First Set of Interrogatories, she has no other facts to support her claim that Defendant terminated her employment based on religion. *Id.* at ¶ 15.

   **RESPONSE:**

3. Plaintiff's sincerely held religious beliefs did not require her to engage in premarital sex. (Doc. No. 111-2 at 260:11-19).

   **RESPONSE:**

4. Plaintiff's sincerely held religious beliefs neither encouraged nor discouraged her from engaging in premarital sex. (Doc. No. 111-2 at 261:18 – 262:7).

   **RESPONSE:**

5. Plaintiff does not "think that God cares what you're doing in your bedroom." *Id.* at 262:2-4.

   **RESPONSE:**

6. Plaintiff's sincerely held religious beliefs only regulate her conduct, not the conduct of Defendant. *See* Doc. No. 111-1 at ¶ 11.

   **RESPONSE:**

7. Defendant was not aware of Plaintiff's sincerely held religious beliefs regarding premarital sex before it terminated her employment. (Doc. No. 111-2 at 259:21 – 260:6).

2

**RESPONSE:**

8. Plaintiff never requested a religious accommodation from Defendant's prohibition against premarital sex. *Id.* at 248:8-11.

    **RESPONSE:**

9. Defendant is a private, closely held company. (Doc. No. 67-4 at ¶ 2).

    **RESPONSE:**

10. Defendant specializes in creating and delivering counseling programs for individuals and organizations. *Id.*

    **RESPONSE:**

11. Defendant is best known for providing biblically based financial counseling programs that help individuals get out of debt, manage their money well, and achieve financial success. *Id.* at ¶ 3.

    **RESPONSE:**

12. Defendant has a Righteous Living Core Value. *Id.* at ¶ 6.

    **RESPONSE:**

13. Defendant believes that premarital sex violates the Righteous Living Core Value. *Id.*

    **RESPONSE:**

14. Defendant's prohibition of premarital sex as a violation of the Righteous Living Core Value is a sincerely held religious belief. (Docs. No. 93-8 at 12:20 – 17:13; 111-2 at 262:8-18).

    **RESPONSE:**


15. Defendant is aware of eight employees since 2016, including Plaintiff, who have engaged in premarital sex. (Doc. No. 67-4 at ¶ 14). All eight have been terminated. *Id.*

    **RESPONSE:**


                                        Respectfully submitted,

                                        /s/Daniel Crowell
                                        Leslie Sanders (TN #18973)
                                        Daniel Crowell (TN #31485)
                                        Barton LLP
                                        611 Commerce Street
                                        Suite 2911
                                        Nashville, TN 37203
                                        Telephone: (615) 340-6790
                                        lsanders@bartonesq.com
                                        dcrowell@bartonesq.com

                                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on July 9, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights, PLLC

*Attorneys for Plaintiff*

                                              /s/Daniel Crowell
                                              Daniel Crowell (TN #31485)
                                              *Attorney for Defendant*