**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| CAITLIN O'CONNOR, | ) | |
| | ) | Case No. 3:20-cv-00628 |
| Plaintiff, | ) | |
| | ) | District Judge Richardson |
| v. | ) | |
| | ) | Magistrate Judge Frensley |
| | ) | |
| THE LAMPO GROUP, LLC, | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S ADDITIONAL STATEMENT OF MATERIAL FACTS

Defendant, The Lampo Group, LLC, ("Lampo"), pursuant to Local Rule 56.01(c), submits this response to Plaintiff's Statement of Additional Statement of Material Facts. (Doc. No. 114).

**Defendant's Response**

1. The HRC members and Ramsey have had very little, if any, training on Title VII or FMLA. (Lopez 30(b)(6) Dep. 73; Floyd Dep. 8; Simms Dep. 13-14; Ramsey Dep. 20).

   **RESPONSE: Undisputed for purposes of this motion only; immaterial.**

2. Ramsey Solutions is "held out to be Christian," meaning Ramsey Solutions holds itself out as a Christian company "from time to time," but has no practical application other than that its "image" is Christian, and its market "views" it as a biblically based company. (Finney Dep. 33-34; Lopez Dep. 48, Ex. 1 p. 0007; Floyd Dep. 38).

   **RESPONSE: Undisputed that Ramsey Solutions is "held out to be Christian," that its "image" is Christian, and that its market considers it to be a biblically based company. Disputed that it "has no practical application."**

3. Ramsey Solutions policy states "[s]hould a team member engage in behavior not consistent with traditional Judeo-Christian values or teaching, it would damage the image and the value of our goodwill and our brand;" meaning an employee cannot engage in behavior contrary

to evangelical "normative Christian beliefs" regardless of their religious beliefs. (Lopez Dep. 55, Ex. 1 p. 0007; Ramsey Dep. 11, 27).

**RESPONSE: Undisputed as to the clear, written language in Defendant's policy. (Lopez Dep. Ex. 1). Disputed as to Plaintiff's characterization that the values and teachings referenced in the policy constitute "evangelical 'normative Christian beliefs,'" as that is not referenced anywhere in the policy. This characterization is opinion evidence by Plaintiff that cannot be asserted as fact.**

4. Ramsey Solutions has adopted contemporary evangelical, complementarity beliefs that sex is only allowed within marriage, between one man and one woman and that the marital relationship is to "embody gender complementarity; the idea that men and women have different but complementary and co-equal roles in marriage and the household" and that men serve as "benevolent head[s]" and women as "caretakers." (Walker Dep. 29-31, Ex. 17 p. 1. *See* Armour Report, MSJ Opp. Ex. 1 p. 6).

**RESPONSE: Disputed and immaterial. The entirety of this alleged "fact" is Plaintiff's expert's opinion, which cannot be asserted as fact. *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 826 (M.D. Tenn. 2021) (holding that "if a statement if an assertion of something that is not a fact at all (but rather, say, an opinion or a legal principle), the statement is not properly included in a Rule 56.01 statement."). In addition, the citations do not support the asserted fact. Defendant's policy clearly states what values and teachings it has adopted.**

5. Complementarianism in the workplace, including the policing of sexual morality through moral codes of conduct "disproportionately impacts women." (Ingersoll Report, MSJ Ex. 2 p. 06).

**RESPONSE: Disputed and immaterial. The entirety of this alleged "fact" is Plaintiff's expert's opinion, which cannot be asserted as fact. *McLemore v. Gumucio*, 619 F. Supp. 3d 816, 826 (M.D. Tenn. 2021) (holding that "if a statement if an assertion of something that is not a fact at all (but rather, say, an opinion or a legal principle), the statement is not properly included in a Rule 56.01 statement."). In addition, the citations do not support the asserted fact. Defendant's policy clearly states what values and teachings it has adopted.**

6. Ramsey Solutions contends that the Bible prohibits sex outside of marriage, despite acknowledging that Christian denominations interpret the Bible and the issue of sex outside of marriage differently. (Lopez Dep. 56, 77-79, Ex. 2 p. 07, Ex. 12 p. 3; Floyd Dep. 35, 47-48; Galloway Dep. 15, 21; Seivertsen Dep. 21; Simms Dep. 25; Ramsey Dep. 14; Walker Dep. 14-15, Ex. 17 p. 9; Armour Report, MSJ Opp. Ex. 1 pp. 2, 4, 9; Ingersoll Report, MSJ Opp. Ex. 2 p. 01).

**RESPONSE: Disputed. The citations do not support the asserted fact. *See Smith v. Music City Homes, LLC*, No. 3:12-CV-0681, 2015 WL 752011, at \*2 FN1 (M.D. Tenn. Feb. 23, 2015). Plaintiff only cites to depositions of individuals, not corporate representatives. These individuals are not speaking on behalf of Defendant and thus cannot support an alleged fact about what Defendant does or does not believe.**

7. Employees are not required to sign a purity pledge, but they are expected to know what Righteous Living means. (Lopez Dep. 78-79, 91; Ramsey Dep. 23).

**RESPONSE: Disputed. The citations do not support the asserted fact. *See Smith v. Music City Homes, LLC*, No. 3:12-CV-0681, 2015 WL 752011, at \*2 FN1 (M.D. Tenn. Feb. 23, 2015). Plaintiff's own citation states that Mr. Lopez "cover[s] righteous living in every interview I do…" There is no evidence supporting this alleged fact.**

8. According to Dave Ramsey, the whole organization accepts that premarital sex would be a violation, as this is a "normative" belief within the Christian community, and if an employee does not know what traditional Judeo-Christian values are, it is the employee's responsibility to ask before they sign the handbook. (Ramsey Dep. 12-13, 42).

**RESPONSE: Undisputed as to Mr. Ramsey's statement about the normative beliefs of the community. Disputed as to the employee's responsibility. The citations do not support the asserted fact. See Smith v. Music City Homes, LLC, No. 3:12-CV-0681, 2015 WL 752011, at \*2 FN1 (M.D. Tenn. Feb. 23, 2015). As Plaintiff knows Mr. Lopez "cover[s] righteous living in every interview I do…"**

9. Through her June 18, 2020 email, O'Connor requested an exception to "Righteous Living" with respect to pregnancy outside of marriage. (O'Connor Dep. 344).

3

**RESPONSE: Disputed. The citations do not support the asserted fact. See Smith v. Music City Homes, LLC, No. 3:12-CV-0681, 2015 WL 752011, at \*2 FN1 (M.D. Tenn. Feb. 23, 2015). The email does not contain any request for an exemption.**

10. Ramsey requires its employees to sign employment agreements that say they are going to live their life "in accordance with that value system," in other words, Ramsey Solutions' evangelical, normative Christian beliefs. (Ramsey Dep. 11, 24). Its Handbook states that the company is held out to be a Christian company adhering to "traditional Judeo-Christian values." (Ramsey Dep. 26, 28; Galloway 30(b)(6) Dep. Ex. 20(Doc. 67-6)). Employees are required to have the same Christian values as Dave Ramsey and Ramsey Solutions. (Ramsey Dep. 27). Ramsey Solutions requires its employees to agree to "Core Values" that include a "righteous living" core value based on Biblical principles. (Galloway Dep. 8, 11-12, 14; Ex. 20).

**RESPONSE: Disputed only with respect to the statement that "employees are required to have the same Christian values as Dave Ramsey and Ramsey Solutions." The citations do not support the asserted fact. See Smith v. Music City Homes, LLC, No. 3:12-CV-0681, 2015 WL 752011, at \*2 FN1 (M.D. Tenn. Feb. 23, 2015). Plaintiff's own citation states that employees are not required to be Christian. The remainder of this statement is undisputed.**

11. The normative Christian beliefs that Ramsey adheres to includes the belief that "having sex outside of marriage is not a righteous act." (Ramsey Dep. 13, 42; Galloway 14-16).

**RESPONSE: Undisputed for purposes of summary judgment.**

12. Ramsey's policies do not explicitly prohibit premarital sex, but it is part of the Righteous Living core value and the "whole organization" accepts that premarital sex would be a violation and an employee will be terminated for a violation. (Ramsey Dep. 12, 24, 41; Galloway Dep. 14-15; Lopez 30(b)(6) Dep. 17, 63-64).

**RESPONSE: Undisputed for purposes of summary judgment. Defendant interprets this to mean that Ramsey's policies in question are those in writing.**

4

13. The decision to terminate O'Connor was made within hours of her notification to Ramsey

    Solutions that she was pregnant and before any member of the Operating Board spoke to

    her. (Lopez Dep. 97-98, 100, Ex. 5 p. 0083; Sievertsen Dep. 43; Floyd Dep. 46).

**RESPONSE: Undisputed for purposes of summary judgment.**


14. A week after notifying Ramsey Solutions of her pregnancy, Simms and Lopez terminated

    O'Connor, informing her their morals did not align. (O'Connor Dep. 91-92, 94, 104, 257,

    267; Lopez Dep. 171; Ramsey Dep. 38).

**RESPONSE: Undisputed as to when and who terminated Plaintiff. Disputed as to the
characterization of the reason for Plaintiff's termination.**


Respectfully submitted,


/s/      Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
Daniel Crowell (TN #31485)
Barton LLP
611 Commerce Street
Suite 2911
Nashville, TN 37203
Telephone: (615) 340-6790
lsanders@bartonesq.com
dcrowell@bartonesq.com

*Attorneys for Defendant*

5

**CERTIFICATE OF SERVICE**

I certify that, on August 13, 2025, I filed the foregoing document via the Court's electronic filing system, which will automatically notify and send a copy to:

Heather Moore Collins
Ashley Shoemaker Walter
HMC Civil Rights, PLLC

*Attorneys for Plaintiff*

/s/   Leslie Goff Sanders
Leslie Goff Sanders (TN #18973)
*Attorney for Defendant*